UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

| | |
|---|---|
| MACOMB COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MASSEY ENERGY COMPANY, DON L. BLANKENSHIP, BAXTER F. PHILLIPS, JR., ERIC B. TOLBERT, RICHARD M. GABRYS, LADY BARBARA THOMAS JUDGE, DAN R. MOORE, JAMES B. CRAWFORD, ROBERT H. FOGLESONG and STANLEY C. SUBOLESKI,<br><br>Defendants. | No. 5:10-cv-00689<br><br>Hon. Irene C. Berger |
| FIREFIGHTERS' RETIREMENT SYSTEM OF LOUISIANA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MASSEY ENERGY COMPANY, DON L. BLANKENSHIP; BAXTER F. PHILLIPS, JR.; ERIC B. TOLBERT, DAN R. MOORE; E. GORDON GEE; RICHARD M. GABRYS; JAMES B. CRAWFORD; ROBERT H. FOGLESONG; STANLEY C. SUBOLESKI; LADY BARBARA THOMAS JUDGE; and J. CHRISTOPHER ADKINS;<br><br>Defendants, | No. 5:10-cv-00776<br><br>Hon. Irene C. Berger |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
COMMONWEALTH OF MASSACHUSETTS PENSION RESERVES
INVESTMENT TRUST FOR CONSOLIDATION, APPOINTMENT
<u>AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL</u>**

The Commonwealth of Massachusetts Pension Reserves Investment Trust ("Massachusetts" or "PRIT") respectfully submits this Memorandum of Law pursuant to Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of its Motion for the entry of an order: (1) consolidating the above-captioned, related cases; (2) appointing Massachusetts as Lead Plaintiff for a Class of purchasers of Massey Energy Company ("Massey" or the "Company") securities from February 1, 2008 to May 16, 2010, inclusive (the "Class Period"); (3) approving Massachusetts' selection of the law firms of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel and James F. Humphreys & Associates L.C. ("James F. Humphreys & Associates") as Liaison Counsel; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Presently pending before the Court are two securities class actions (collectively, the "Action") brought on behalf of purchasers of the securities of Massey. The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), *see* 15 U.S.C. §§ 78j(b) and 78t(a), and Securities Exchange Commission ("SEC") Rule 10b-5, *see* 17 C.F.R. § 240.10b-5.

In accordance with the Exchange Act, as amended by the PSLRA, 15 U.S.C. § 78u-4, and for the reasons set forth below, Massachusetts respectfully moves this Court for an Order appointing it Lead Plaintiff on behalf of purchasers Massey securities during the Class Period who incurred damages as a result of the Defendants' alleged violations of the federal securities laws. Massachusetts suffered losses of approximately $4.9 million under the first-in-first-out ("FIFO") loss calculation methodology and $3.8 million under the last-in-first-out ("LIFO") loss calculation methodology in connection with its purchases of Massey stock. *See* Certification &

Loss Analysis, attached as Exhibits A-B of the accompanying Declaration of Alan I. Ellman ("Ellman Decl."). To Massachusetts' knowledge, these losses exceed those of any other movant in this Action. Thus, under the PSLRA, Massachusetts is presumptively the "most adequate plaintiff" and should be appointed lead plaintiff because it has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Massachusetts also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of the putative Class and it will fairly and adequately represent the interests of the Class.

In addition, Massachusetts is a sophisticated institutional investor who stands in the shoes of all other Class members and is ready and able to spearhead this litigation in the best interests of the Class. Indeed, the PSLRA's legislative history shows that Massachusetts is precisely the type of sophisticated institutional investor whose participation in securities class actions the PSLRA was meant to foster. In short, Massachusetts is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Massachusetts is represented by Labaton Sucharow, which is seeking appointment as Lead Counsel, and James F. Humphreys & Associates, which is seeking appointment as Liaison Counsel. These firms are eminently qualified to prosecute securities fraud claims such as the ones asserted in the Action.

## **FACTUAL BACKGROUND**[1]

Massey is one of the largest coal producers in the United States and the largest coal company in Central Appalachia, its primary region of operation, in terms of tons produced and

---

[1] The facts are drawn from the allegations in *Firefighters' Retirement System of Louisiana v. Massey Energy Co.*, No. 5:10-cv-0776.

total coal reserves.  The Company operates 56 mines—including 42 underground mines and 14 surface mines—in West Virginia, Kentucky, and Virginia.[2]

The complaint alleges that during the Class Period,[3] Massey claimed to be one of the safest mine operators in the industry, regularly touting its safety achievements and telling investors that safety was its number one priority.  Safety at Massey's mines, however, was repeatedly sacrificed so that aggressive production goals could be met, and Massey had received numerous undisclosed citations arising from serious uncorrected safety and other regulatory violations.

On April 5, 2010, an explosion at the Upper Big Branch ("UBB") mine in Montcoal, West Virginia, revealed the falsity of Massey's repeated representations about the safety of its mining operations when 29 miners lost their lives in the deadliest U.S. mine accident in nearly 40 years.  In the days following the tragedy, hundreds of incidents of uncorrected safety violations at Massey's mines came to light.  The price of Massey common stock fell following the explosion and has continued to fall due to the subsequent revelations of Massey's safety violations.

On April 30, 2010, it was disclosed that the Federal Bureau of Investigation was investigating Massey for bribery of state and federal mine inspectors.  As a result of this news,

---

[2] Massey maintains its operational headquarters in this District.

[3] For the purposes of this Motion, Massachusetts adopts the longest class period alleged in these actions.  When faced with multiple varying class periods, numerous courts have held that the class period spanning the longer time frame should be used for the purpose of calculating the largest financial interest under the PSLRA's lead plaintiff framework.  *See*, *e.g.*, *In re Elan Corp. Sec. Litig.*, 1:08-cv-08761-KH, 2009 WL 1321167, at *1 (S.D.N.Y. May 11, 2009) ("I find that it is appropriate to use that more inclusive period for present [lead plaintiff appointment] purposes."); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2006) (same); *see also Miller v. Dyadic Int'l, Inc.*, No. 07-8094, 2008 WL 2465286, at * (S.D. Fla. Apr. 18, 2008) ("The Court agrees with the reasoning of the court in *In re Doral*, that the longest, most inclusive class period is appropriate at this stage of the litigation because 'it encompasses more potential class members.  Narrowing the class period is more appropriate at a later stage of the litigation, with participation from the Defendant.'") (quoting *Doral*, 414 F. Supp. 2d at 402).  In the event Massachusetts is appointed Lead Plaintiff, it will reconcile the different class periods upon filing an amended complaint.

3

Massey stock fell $4.53 per share, or 11 percent.  On May 14, 2010, federal prosecutors from the U.S. Attorney's Office for the Southern District of West Virginia confirmed that Justice Department officials are investigating possible "willful criminal activity" by Massey subsidiary Performance Coal and its "directors, officers, and agents" for alleged violations of federal mine safety regulations at UBB between 2007 and 2010.  As a result of this news, Massey stock fell from $37.00 on May 14, 2010 to a new low of $33.29, or 10 percent, on May 17, 2010.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Two related securities class actions have been filed in this Court against Massey and several other defendants.  Rule 42(a) of the Federal Rules of Civil Procedure allows the Court to consolidate actions that involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *In re Royal Ahold N.V. Securities and ERISA Litig.,* 219 F.R.D. 343, 348 (D.Md. 2003) ("[c]onsolidation is often appropriate in a case of multiple securities fraud actions that are based on the same public statements and reports."); *see also*, 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA recommends courts to make the decision regarding the appointment of lead plaintiffs for the consolidated action "[a]s soon as practicable after [the consolidation] decision is rendered").

These actions present substantially similar factual and legal issues and arise out of the same alleged scheme by defendants and allege violations of the federal securities laws.  Each action has been filed pursuant to Sections 10(b) and 20(a) of the Exchange Act, names Massey and its senior officers as defendants, and arises from the same underlying facts and circumstances.  Because these actions are based on the same facts and involve the same subject matter, discovery obtained in this lawsuit will undoubtedly be relevant to all others. Consolidation of the actions is therefore appropriate under Rule 42(a) and the PSLRA as

common questions of law and fact predominate (Fed. R. Civ. P. 42(a); 15 U.S.C. § 78u-4(a)(3)(B)(ii)) and these actions should be consolidated.

## II. MASSACHUSETTS SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA sets forth a procedure for selecting lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(l) and (3)(B). Specifically, Section 2lD(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, provides that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
>
> (I)  of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 US.C. § 78u-4(a)(3)(A)(i).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the court is to consider any motion made by class members and appoint as lead plaintiff the movant that the court determines to be most capable of adequately representing the interests of the class. Specifically, the PSLRA provides that the court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating this motion, the court shall be guided by a presumption that the "most adequate plaintiff" is the person or group of persons who: (a) filed a complaint or made a motion to serve as lead plaintiff; (b) has the largest financial interest in the relief sought by the class; and (c) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Saratoga Advantage Trust v. ICG, Inc.*, 2:08-cv-11, 2009 WL 777865, at * 2 (S.D.W.V. Mar. 20, 2009); *Royal Ahold*, 219 F.R.D. at 348.  This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Royal Ahold*, 219 F.R.D. at 348.

### B. The PSRLA Mandates That Massachusetts Should Be Appointed Lead Plaintiff

As discussed below, Massachusetts is presumptively the most adequate plaintiff because it has satisfied all of the PSLRA's procedural requirements, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements.

#### 1. Massachusetts Satisfies the PSLRA's Procedural Requirements

Massachusetts filed this Motion to serve as lead plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the Action caused notice regarding the pending nature of this case to be published on *Business Wire*, a widely circulated, national, business-oriented news service, on April 29, 2010.  *See* Ellman Decl. Ex. C.  Thus, as permitted by the PSLRA, any person who is a member of the proposed Class may apply to be appointed as lead plaintiff by the Court within sixty (60) days after publication of the notice, *i.e.*, on or before June 28, 2010.  Massachusetts has filed its motion within the required time frame.

6

### 2. Massachusetts Possesses the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with the largest financial interest in the relief sought by the class, so long as the movant meets the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Saratoga Advantage*, 2009 WL 777865, at *2.

Massachusetts suffered substantial losses of $4,855,184 calculated using the FIFO method of accounting for purchases and sales, and $3,835,358 calculated using the LIFO method of accounting for purchases. *See* Loss Analysis, Ellman Decl. Ex. B. Massachusetts is presently unaware of any other movant with a larger financial interest in the outcome of this litigation. Consequently, Massachusetts is entitled to the legal presumption that it is the most adequate plaintiff, given that it also satisfies Rule 23's typicality and adequacy requirements.

### 3. Massachusetts Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to the largest financial interest requirement, the PSLRA also requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I)(cc). With respect to the claims of the class representative, Rule 23(a) requires that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) such claims are typical of those of the class; and (d) the representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). However, "[a] wide-ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for . . . consideration of a motion for class certification." *In re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 566 (D. Md. 2001) (citing *In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998)). In this regard, typicality and adequacy of representation "are the only provisions relevant to a determination of lead

plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *accord Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *Royal Ahold*, 219 F.R.D. at 350.

### (a) Massachusetts Fulfills the Typicality Requirement

The typicality requirement of Rule 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class . . . ." Fed. R. Civ. P. 23(a)(3); *see also Royal Ahold*, 219 F.R.D. at 350 ("typicality is satisfied if the movant's claim arises from the same course of events . . . and relies on similar legal theories"). In other words, typicality is demonstrated where the movant's claims "arise from the same conduct from which the other class members' claims and injuries arise . . . ." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002); *see also In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d. Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993). As one court noted, "[t]he premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Complete identi[fication] between the claims constituting each individual action is not required." *Chisholm v. TranSouth Fin. Corp.*, 184 F.R.D. 556, 563-64 (E.D. Va. 1999) (quotations omitted).

The typicality requirement is plainly satisfied in this case, where Massachusetts seeks the same relief and advances the same legal theories as other class members. Massachusetts, as did all members of the Class, acquired Massey securities at prices artificially inflated by Defendants' misrepresentations and omissions and were damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3). *See Royal Ahold*, 219 F.R.D. at 350.

### (b) Massachusetts Fulfills the Adequacy Requirement

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members [d]o not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (citation omitted); *see also Royal Ahold*, 219 F.R.D. at 350.

Massachusetts is an adequate representative for the Class. There is no antagonism between Massachusetts' interests and those of the Class. Indeed, the interests of Massachusetts and absent Class member investors are squarely aligned. Moreover, Massachusetts has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted its choice to the Court for approval, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Furthermore, Massachusetts suffered substantial losses due to Defendants' alleged fraud, and therefore has a sufficient interest in the outcome of the case to ensure vigorous prosecution of this Action. Accordingly, Massachusetts satisfies the adequacy requirement.

### 4. Massachusetts Is the Prototypical Lead Plaintiff Envisioned By the PSLRA

In addition to satisfying the requirements of Rule 23, Massachusetts is precisely the type of large, sophisticated institutional investor—the prototypical lead plaintiff—envisioned by the framers of the PSLRA. As noted by Congress in the Statement of Managers, the PSLRA was enacted "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small

amounts at stake." H.R. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733.

Massachusetts is the largest public retirement system in the Commonwealth of Massachusetts, with approximately $44 billion in assets under management. The PRIT Fund is a pooled investment fund established to invest the assets of the Massachusetts State Teachers' and Employees' Retirement Systems, and the assets of county, authority, district, and municipal retirement systems that choose to invest in the fund. Massachusetts Pension Reserves Investment Management Board is charged with the general supervision of the PRIT Fund.

Massachusetts is a sophisticated institutional investor with vast resources sufficient to adequately litigate this action and supervise class counsel. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff). Moreover, Massachusetts experience protecting the interests of shareholders in other securities class actions and understands the fiduciary duties of a lead plaintiff. *See* Certification, Ellman Decl. Ex. A. Thus, as demonstrated above, Massachusetts is the prototypical lead plaintiff under the PSLRA.

### III. THE COURT SHOULD APPROVE MASSACHUSETTS' SELECTION OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices." *Cendant*, 264 F.3d at 274.

Massachusetts has selected Labaton Sucharow to serve as Lead Counsel. Labaton Sucharow has had a leading role in numerous important actions on behalf of defrauded investors. Labaton Sucharow is lead counsel in *In re Countrywide Financial Corp. Securities Litigation*,

07-cv-5295 (C.D. Cal.), which resulted in a settlement in principle of $624 million, the largest subprime-related securities class action settlement achieved to date. Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time. *See* Labaton Sucharow Firm Resume, Ellman Decl. Ex. D; *see also In re Waste Mgmt., Inc. Sec. Litig.,* 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"). Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group, HealthSouth, Bear Stearns, Fannie Mae, Satyam, and others. In *In re Monster Worldwide, Inc. Sec. Litig.*, No. 07-cv-2237 (S.D.N.Y. filed Mar. 15, 2007), Judge Jed Rakoff appointed Labaton Sucharow as lead counsel, stating that "the Labaton firm is very well known to . . . courts for the excellence of its representation." (*Id.,* Hrg. Tr. 24:25-25:1, June 14, 2007).

Proposed Liaison Counsel, James F. Humphreys & Associates, has been providing diverse legal services to its clients for over twenty-five years. James F. Humphreys & Associates has litigated numerous cases in the federal courts of West Virginia, including *In Re Tobacco Litigation*, 218 W.Va. 301, 624 S.E.2d 738 (2005), and *Norfolk & Western Railway Co. v. Ayers*, 538 U.S. 135 (2003). Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## **CONCLUSION**

For the foregoing reasons, Massachusetts respectfully requests that the Court: (1) consolidate the above-captioned, related cases; (2) appoint Massachusetts as Lead Plaintiff; (3) approve Massachusetts' selection of Labaton Sucharow as Lead Counsel and James F.

11

Humphreys & Associates as Liaison Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated: June 28, 2010               Respectfully submitted,

                                               */s/ Samuel D. Elswick*

Samuel D. Elswick
James A. McKowen
JAMES F. HUMPHREYS &
    ASSOCIATES L.C.
United Center, Suite 800
500 Virginia Street, East
Charleston, West Virginia 25301
Telephone:  (304) 347-5050
Facsimile: (304) 347-5055
selswick@jfhumphreys.com
jmckowen@jfhumphreys.com

*Proposed Liaison Counsel for the Class*


Christopher J. Keller
Eric J. Belfi
Alan I. Ellman
Stefanie J. Sundel
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
aellman@labaton.com
ssundel@labaton.com

*Counsel for Massachusetts and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

- **Jonathan L. Anderson**
  jlanderson@jacksonkelly.com

- **John F. Dascoli**
  johnfdascoli@hotmail.com, Pamdc519@aol.com

- **A. L. Emch**
  aemch@jacksonkelly.com, sra@jacksonkelly.com, jcrawford@jacksonkelly.com

- **Thomas V. Flaherty**
  tflaherty@fsblaw.com, cmontague@fsblaw.com

- **Tammy R. Harvey**
  tharvey@fsblaw.com, cmontague@fsblaw.com

- **Dennis J. Herman**
  DennisH@rgrdlaw.com

- **Darren J. Robbins**
  e_file_d@csgrr.com

- **Christopher M. Wood**
  CWood@rgrdlaw.com

- **Ronald S. Rolfe**
  rrolfe@cravath.com, managing_attorneys_office@cravath.com, sthompson@cravath.com

I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

**Michael J. Vanoverbeke**
**Thomas C. Michaud**
VANOVERBEKE MICHAUD & TIMMONY
79 Alfred Street
Detroit, MI 48201

**Laurie L. Largent**
ROBBINS GELLER RUDMAN & DOWD
Suite 2600
100 Pine Street
San Francisco, CA 94111

**David C. Walton**
ROBBINS GELLER RUDMAN & DOWD
Suite 1900
655 West Broadway
San Diego, CA 92101

**J. Burton LeBlanc**
**Mazin Sbaiti**
BARON & BUDD
Suite 1100
312 Oak Lawn Avenue
Dallas, TX 75219

**Julie A. North**
CRAVATH SWAINE & MOORE
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

        /s/ Samuel D. Elswick

Samuel D. Elswick, Bar ID # 9271
**JAMES F. HUMPHREYS &**
    **ASSOCIATES L.C.**
United Center, Suite 800
500 Virginia Street, East
Charleston, West Virginia 25301
Telephone: (304) 347-5050
Facsimile: (304) 347-5055
selswick@jfhumphreys.com