UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | |
|---|---|
| MACOMB COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> MASSEY ENERGY COMPANY, et al., <br><br> Defendants. | No. 5:10-cv-00689-ICB <br><br> <u>CLASS ACTION</u> <br><br> The Honorable Irene C. Berger |
| FIREFIGHTERS' RETIREMENT SYSTEM OF LOUISIANA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> MASSEY ENERGY COMPANY, et al., <br><br> Defendants. | No. 5:10-cv-00776 <br><br> <u>CLASS ACTION</u> |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO CONSOLIDATE RELATED ACTIONS, TO APPOINT DAVID WAGNER AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF COUNSEL

531099_1

## TABLE OF CONTENTS

**Page**

I. STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT..............1

II. STATEMENT OF FACTS ................................................................................................2

III. A STATEMENT OF THE QUESTIONS PRESENTED .....................................................3

IV. ARGUMENT......................................................................................................................3

    A. The Related Actions Should Be Consolidated..........................................................3

    B. Wagner Should Be Appointed Lead Plaintiff ...........................................................4

        1. Wagner Has Timely Moved for Appointment as Lead Plaintiff..................5

        2. Wagner Has the Requisite Financial Interest in the Relief Sought by the Class..................................................................................................5

        3. Wagner Otherwise Satisfies Rule 23 ............................................................6

V. WAGNER'S SELECTION OF LEAD AND LIAISON COUNSEL SHOULD BE APPROVED ........................................................................................................................8

VI. CONCLUSION...................................................................................................................8

Proposed lead plaintiff David Wagner ("Wagner"), respectfully submits this Memorandum of Law in support of his motion for: (1) consolidation of the two related securities class actions filed against Massey Energy Company ("Massey" or the "Company"); (2) appointment of Wagner as lead plaintiff in the consolidated action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (3) approval of his selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel and John F. Dascoli, PLLC ("Dascoli") as Liaison Counsel pursuant to the PSLRA.

I. STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT

Two actions were filed in this Court on behalf of persons who purchased or otherwise acquired Massey securities between February 1, 2008 and May 16, 2010 (the "Class Period"): (1) *Macomb County Employees' Retirement System v. Massey Energy Co.*, No. 5:10-cv-00689 (filed April 29, 2010) ("*Macomb* Action"); and (2) *Firefighters' Retirement System of Louisiana v. Massey Energy Co.*, No. 5:10-cv-00776 (filed May 28, 2010) (the "Related Actions").[1] The Related Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. *See* 15 U.S.C.

---

[1] The *Macomb* Action stated a class period of October 28, 2009 to April 21, 2010, inclusive. The differing class periods are not a barrier to consolidation. *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003) ("Differences in class periods . . . do not necessarily defeat consolidation, so long as the essential claims and facts alleged in each case are similar. In light of these principles, consolidation is appropriate here, where all plaintiffs base their losses on the same overstatements and inflation of profits alleged to have been made by Royal Ahold. Any differences in class period length or damages do not detract from the fact that all the actions involve common factual questions and allegations.").

§78u-4(a)(3)(B)(ii).  Consolidation is proper under Rule 42(a) because the cases both arise from the same facts and assert the same claims.  *Royal Ahold*, 219 F.R.D. at 348.

Following consolidation, under the PSLRA, the Court is to then appoint as lead plaintiff the "person or group of persons" with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Here, Wagner should be appointed as lead plaintiff because he: (1) timely filed his motion; (2) has the largest financial interest in this litigation of any proposed lead plaintiff of which he is aware; and (3) will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Wagner's selection of Robbins Geller as lead counsel and Dascoli as liaison counsel should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Robbins Geller has extensive experience in the prosecution of securities class actions and will more than adequately represent the interests of all class members as lead counsel.  *See, e.g.*, *In re Krispy Kreme Doughnuts, Sec. Litig.*, No. 1:04CV00416, 2004 U.S. Dist. LEXIS 26282 (M.D.N.C. Oct. 6, 2004) (appointing Robbins Geller lawyers as lead counsel); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 307 (S.D. Ohio 2005) ("the Court finds that [Robbins Geller] will represent deftly the class's interests").

## II.     STATEMENT OF FACTS[2]

Massey produces, processes, and sells bituminous coal extracted from 56 mines in West Virginia, Kentucky and Virginia, and claims to be the largest coal company in Central Appalachia. The action charges Massey and certain of its officers and directors with violations of the Exchange Act.  During the Class Period, Massey claimed to be one of the safest mine operators in the industry, regularly touting its safety achievements and telling investors that safety was its number one priority.

---

[2]     This Statement of Facts is taken from the complaint in the *Macomb* Action.

In fact, safety at Massey's mines was repeatedly sacrificed so that aggressive production goals could be met, and Massey had received numerous undisclosed citations arising from serious uncorrected safety and other regulatory violations.

Then, on April 5, 2010, there was an explosion at the Upper Big Branch mine near Montcoal, West Virginia. Following the tragedy, hundreds of incidents of uncorrected safety violations at Massey's operations came to light. The price of Massey common stock plunged following the explosion and subsequent revelations regarding Massey's safety violations. On April 21, 2010, eight Massey mines were the target of surprise inspections by federal mine safety officials. Then, after the market closed, Massey announced its first quarter earnings and told investors that it would take up to $150 million in charges in the second quarter to account for the potential costs and liabilities associated with the Upper Big Branch tragedy. On these events, and despite the fact that the Company's first quarter earnings had purportedly beat the Street by $0.11 per share, Massey's stock fell to as low as $41.30 per share on April 22, 2010 before closing at $42.93 per share.

### III.  A STATEMENT OF THE QUESTIONS PRESENTED

1. Should the Related Actions be consolidated under Rule 42(a) of the Federal Rules of Civil Procedure?

1. Should Wagner be appointed Lead Plaintiff?

2. Should Wagner's selection of Lead and Liaison Counsel be approved?

### IV.  ARGUMENT

#### A.  The Related Actions Should Be Consolidated

Under Rule 42(a) of the Federal Rules of Civil Procedure, a court can consolidate actions if they involve a "common question of law or fact." *See Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). In exercising its discretion in such regard, the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common

factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit. *See id.* Consolidation is often appropriate in the case of multiple securities fraud actions that are based on the same public statements and reports. *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000).

The Related Actions pending before this Court present virtually identical factual and legal issues, alleging substantially the same violations of the Exchange Act against similar defendants. Because these Related Actions are based on the same facts and subject matter, relevant discovery will pertain to all lawsuits. Thus, consolidation is appropriate here.

### B. Wagner Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for appointing a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published on *Business Wire* on April 29, 2010. *See* Motion, Ex. B.[3] Within 60 days after publication of the notice, any person who is a member of the proposed class may apply to the court to be appointed as lead plaintiff,

---

[3] The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'" *Greebel v. FTP Software*, 939 F. Supp. 57, 62 (D. Mass. 1996); *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 11, 1997).

Unless otherwise noted, all emphasis is added and citations are omitted.

- 4 -

whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 1. Wagner Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for appointment as lead plaintiff in this matter must do so by June 28, 2010. 15 U.S.C. §78u-4(a)(3)(A)(II). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Wagner hereby moves this Court in a timely manner to be appointed lead plaintiff on behalf of all members of the class.

### 2. Wagner Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Wagner suffered a loss of $166,315.47 based on purchases of 73,000 shares at a cost of over $2,885,304.24. Motion, Ex. D. Accordingly, upon information and

- 5 -
531099_1

belief, Wagner has the largest financial interest in the outcome of this litigation. 15 U.S.C. §78u-4(a)(3)(B).

### 3. Wagner Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264-65 (3d Cir. 2001). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of

- 6 -

conduct that gave rise to the claims of the absent [class] members.'"). The court should consider whether movant's circumstances "'are markedly different or . . . the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of other class members will perforce be based.'" *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

Wagner satisfies the typicality requirement of Rule 23 because, just like all other class members, he: (1) purchased Massey securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, Wagner's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The PSLRA directs the court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Cree*, 219 F.R.D. at 372.

Here, Wagner is an adequate representative of the class because his interest in aggressively pursuing the claims against defendants are clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the market. There is no antagonism between Wagner's interests and those of the other members of the class. In addition, as demonstrated below, Wagner's proposed lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Wagner *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

## V. WAGNER'S SELECTION OF LEAD AND LIAISON COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Wagner, as the presumptively most adequate plaintiff, has selected Robbins Geller to serve as lead counsel and Dascoli to serve as liaison counsel, subject to this Court's approval. They possess extensive experience litigating securities class actions and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Robbins Geller has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). *See also* Motion, Exs. E and F.

## VI. CONCLUSION

For the foregoing reasons, Wagner respectfully requests the Court consolidate the two Related Actions, appoint him as Lead Plaintiff in the consolidated action pursuant to 15 U.S.C. §78u-4(a)(3)(B), and approve his selection of Robbins Geller as Lead Counsel and Dascoli as Liaison Counsel.

DATED: June 28, 2010

Respectfully submitted,

JOHN F. DASCOLI, PLLC
JOHN F. DASCOLI (SBID #6303)

s/ JOHN F. DASCOLI
JOHN F. DASCOLI

2442 Kanawha Boulevard, East
Charleston, WV 25311
Telephone: 340/720-8684
304/342-3651 (fax)

[Proposed] Liaison Counsel

- 9 -

        ROBBINS GELLER RUDMAN & DOWD LLP
        DARREN J. ROBBINS
        TRICIA L. MCCORMICK
        LAURIE L. LARGENT
        655 West Broadway, Suite 1900
        San Diego, CA 92101
        Telephone: 619/231-1058
        619/231-7423 (fax)

        ROBBINS GELLER RUDMAN & DOWD LLP
        DENNIS J. HERMAN
        CHRISTOPHER M. WOOD
        100 Pine Street, Suite 2600
        San Francisco, CA 94111
        Telephone: 415/288-4545
        415/288-4534 (fax)

        [Proposed] Lead Counsel for Plaintiffs

        VANOVERBEKE MICHAUD &
          TIMMONY, P.C.
        MICHAEL J. VANOVERBEKE
        THOMAS C. MICHAUD
        79 Alfred Street
        Detroit, MI 48201
        Telephone: 313/578-1200
        313/578-1201 (fax)

        Additional Counsel for Plaintiff

531099_1

CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice Lists, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice Lists, and to:

| | |
|---|---|
| Burton LeBlanc | Christopher J. Keller |
| Mazin Sbaiti | Eric J. Belfi |
| Baron & Budd, P.C. | Alan I. Ellman |
| 3102 Oak Lawn Avenue, Suite 1100 | Labaton Sucharow LLP |
| Dallas, TX  75219-4281 | 140 Broadway, 34th Floor |
| | New York, NY  10005 |

Michael J. VanOverbeke
Thomas C. Michaud
VanOverbeke Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI  48210

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 28, 2010.

                                                    s/ JOHN F. DASCOLI
                                                    JOHN F. DASCOLI (SBID #6303)

                                                    JOHN F. DASCOLI, PLLC
                                                    2442 Kanawha Boulevard, East
                                                    Charleston, WV  25311
                                                    Telephone: 340/720-8684
                                                    304/342-3651 (fax)

                                                    E-mail:  johnfdascoli@hotmail.com

# Mailing Information for a Case 5:10-cv-00689

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jonathan L. Anderson**
  jlanderson@jacksonkelly.com

- **John F. Dascoli**
  johnfdascoli@hotmail.com,Pamdc519@aol.com

- **A. L. Emch**
  aemch@jacksonkelly.com,sra@jacksonkelly.com,jcrawford@jacksonkelly.com

- **Thomas V. Flaherty**
  tflaherty@fsblaw.com,cmontague@fsblaw.com

- **Tammy R. Harvey**
  tharvey@fsblaw.com,cmontague@fsblaw.com

- **Dennis J. Herman**
  DennisH@rgrdlaw.com

- **Darren J. Robbins**
  e_file_d@csgrr.com

- **Christopher M. Wood**
  CWood@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Laurie L. Largent
ROBBINS GELLER RUDMAN & DOWD
Suite 2600
100 Pine Street
San Francisco, CA 94111

Thomas C. Michaud
VANOVERBEKE MICHAUD & TIMMONY
79 Alfred Street
Detroit, MI 48201

Michael J. Vanoverbeke
VANOVERBEKE MICHAUD & TIMMONY
79 Alfred Street
Detroit, MI 48201

David C. Walton
ROBBINS GELLER RUDMAN & DOWD
Suite 1900
655 West Broadway
San Diego, CA 92101
```

# Mailing Information for a Case 5:10-cv-00776

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jonathan L. Anderson**
  jlanderson@jacksonkelly.com

- **Samuel D. Elswick**
  selswick@jfhumphreys.com

- **A. L. Emch**
  aemch@jacksonkelly.com,sra@jacksonkelly.com,jcrawford@jacksonkelly.com

- **Thomas V. Flaherty**
  tflaherty@fsblaw.com,cmontague@fsblaw.com

- **Tammy R. Harvey**
  tharvey@fsblaw.com,cmontague@fsblaw.com

- **James A. McKowen**
  Jmckowen@jfhumphreys.com,Dhoffman@jfhumphreys.com,Dmilhoan@jfhumphreys.com,Cs1jam@aol.com

- **Ronald S. Rolfe**
  rrolfe@cravath.com,managing_attorneys_office@cravath.com,sthompson@cravath.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Eric J. Belfi
LABATON SUCHAROW
140 Broadway
New York, NY 10005

Alan I. Ellman
LABATON SUCHAROW
140 Broadway
New York, NY 10005

Christopher J. Keller
LABATON SUCHAROW
140 Broadway
New York, NY 10005

J. Burton LeBlanc
BARON & BUDD
Suite 1100
312 Oak Lawn Avenue
Dallas, TX 75219

Julie A. North
CRAVATH SWAINE & MOORE
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
```

**Mazin Sbaiti**
BARON & BUDD
Suite 1100
312 Oak Lawn Avenue
Dallas, TX 75219

**Stefanie J. Sundel**
LABATON SUCHAROW
140 Broadway
New York, NY 10005