# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

MACOMB COUNTY EMPLOYEES'
RETIREMENT SYSTEM,

    Plaintiff,

v.            CIVIL ACTION NO. 5:10-cv-00689

MASSEY ENERGY COMPANY, et al.,

    Defendants.

AND

FIREFIGHTERS' RETIREMENT SYSTEM
OF LOUISIANA,

    Plaintiff,

v.            CIVIL ACTION NO. 5:10-cv-00776

MASSEY ENERGY COMPANY, et al.,

    Defendants.

## ORDER

  Pursuant to the Stipulation for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel filed by Commonwealth of Massachusetts Pension Reserves Investment Trust ("Massachusetts PRIT") and David Wagner, and the response by the named plaintiffs to the Stipulation, the pleadings and submissions on record, and good cause appearing,

  **IT IS HEREBY ORDERED**:

1. The Court hereby **ADOPTS** the *Stipulation ... for Consolidation, Appointment of Lead Plaintiff, and Approval of Selection of Lead Counsel* filed on December 17, 2010, in the above captioned cases. The above-captioned actions are consolidated for all purposes pursuant to Rule 42 of the Federal Rules of Civil Procedure (the "Consolidated Action").

2. Civil Action No. 5:10-cv-00689 shall be designated as the lead case. The Clerk shall file all pleadings in the lead case and note such filings on the consolidated docket.

3. An original of this Order (the "Order") shall be filed by the Clerk in the lead case as well as in Civil Action No. 5:10-cv-00776.

4. The Clerk shall send a copy of this Order to all counsel of record in the consolidated Action, and to any unrepresented party.

5. This Order shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court, and is consolidated with the Consolidated Action.

6. Every pleading in the Consolidated Action shall have the following caption:

| | |
|---|---|
| IN RE MASSEY ENERGY CO.<br>SECURITIES LITIGATION | Civil Action No.  5:10-cv-00689 |

7. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that may properly be consolidated as part of the Consolidated Action.

8. When a case that arises out of the same subject matter as the Consolidated Action is hereinafter filed in this Court or transferred from another court, the clerk of this Court shall:

    A. file a copy of this Order in the separate file for such action;

      B.    transmit electronically a copy of this Order to the attorneys for the parties in the newly-filed or transferred case; and

      C.    make the appropriate entry in the Master Docket for the Consolidated Action.

9. Each new case that arises out of the subject matter of the Consolidated Action shall be consolidated with the Consolidated Action. This Order shall apply thereto, unless a party objects to consolidation (as provided for herein), or to any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party by filing an application for relief, and this Court deems it appropriate to grant such application. Nothing in the forgoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequent-filed or transferred related action.

10. Massachusetts PRIT shall be appointed Lead Plaintiff in the Consolidated Action pursuant to § 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B);

11. Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP are hereby approved as Co-Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

12. Co-Lead Counsel shall have the authority to speak for all Plaintiffs and Class members in all matters regarding the Consolidated Action, including, but not limited to, pretrial proceedings, motion practice, trial, and settlement. Co-Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Co-Lead Counsel shall have the following responsibilities:

      A.    to brief and argue motions;

      B.    to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

      C.      to direct and coordinate the examination of witnesses in depositions;

      D.      to act as spokesperson at pretrial conferences;

      E.      to call and chair meetings of Plaintiffs' counsel as appropriate or necessary from time to time;

      F.      to initiate and conduct any settlement negotiations with Defendants' counsel;

      G.      to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required, in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

      H.      to consult with and employ experts;

      I.      to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to appropriately distribute any Plaintiffs' attorneys' fees that may be awarded by the Court; and

      J.      to perform such other duties as may be expressly authorized by further order of this Court.

13. James F. Humphreys & Associates L.C. is hereby approved as Liaison Counsel for the Class.

14. In light of the foregoing, Movant David Wagner's *Motion to Consolidate Related Actions, to Appoint David Wagner as Lead Plaintiff and for Approval of Selection of Counsel* (Document No. 17 in Civil Action No. 5:10-cv-00689 and Document No. 19 in Civil Action No. 5:10-cv-00776) and *Motion to Strike Improper New Arguments in Reply Brief, or, in the Alternative, for Leave to File Surreply* (Document No. 41 in Civil Action No. 5:10-cv-00689 and Document No. 29 in Civil Action No. 5:10-cv-00776) are **WITHDRAWN**. The Court **DIRECTS** the Clerk to list Movant Wagner as a named plaintiff in the Consolidated Action.

15.     Pursuant to the adopted Stipulation, the *Motion of Commonwealth of Massachusetts Pension Reserve Investment Trust for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel* (Document No. 14 in Civil Action No. 5:10-cv-00689 and Document No. 11 in Civil Action No. 5:10-cv-00776) is hereby **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     January 10, 2011

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA