**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

In re MASSEY ENERGY CO.
SECURITIES LITIGATION,

Civil Action No. 5:10-cv-00689
Judge Irene C. Berger

## THE UNITED STATES OF AMERICA'S COMBINED MOTIONS  TO  INTERVENE AND  TO  STAY  DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the United States ("Government") moves this Court for an order granting the United States permission to intervene in the above Civil Action for the limited and sole purpose of seeking an order to stay discovery until the completion of criminal proceedings arising from the same facts which gave rise to the above Civil Action.  Additionally, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the inherent power of this Court, the United States moves this Court for an order staying all discovery in this Civil Action until the completion of its ongoing criminal investigation and all directly related criminal proceedings that arise from that investigation.

## PRELIMINARY STATEMENT

The Government seeks to intervene in this action because it has a direct and substantial interest in the subject matter of this action.  This action is a civil proceeding which involves several issues which relate to an ongoing federal criminal investigation involving the explosion and disaster which occurred at the Upper Big Branch Mine and to a criminal proceeding pending in the United States District Court for the Southern District of West Virginia entitled "United States of America v. Hughie Elbert Stover," Criminal Action No. 5:11-CR-00038. (the "Criminal Action").  To avoid prejudice to its ongoing criminal investigation and any directly-related criminal prosecutions, the

Government seeks a stay of discovery in this action until its criminal investigation and any directly-related criminal proceedings are resolved.

Severe prejudice to the Government's criminal investigation is imminent unless the Court takes immediate action.  Plaintiffs in this civil action are seeking documents which are likely to be intimately involved in the Criminal Action, and other discovery activities in this civil action are likely to affect the progress of the criminal investigation and the Criminal Action.  Further, because of the near substantial overlap between the subject matter of this civil action and the criminal investigation, it is virtually inevitable that any discovery sought in this case will interfere with the Government's investigation.  Rather than require that the Government seek separate and multiple stays of discovery in this case to ensure that it will not be prejudiced, the Government respectfully requests a stay of all discovery until the criminal investigation is completed and any directly-related criminal proceedings are resolved.

## FACTUAL BACKGROUND

### A.    Pending Civil Action

This civil action was instituted on April 29, 2010, alleging violations of Federal Securities Laws by Massey Energy Company, its officers, and its board members arising out of alleged false statements relating to Massey Energy Company's safety record.  The Complaint alleges that the false statements were substantially brought to light based on the Upper Big Branch Mine Disaster.  Essentially, plaintiffs claim that false representations, concealment, and fraudulent statements by Massey Energy Company concerning its safety record lead to a diminution in the value and price of the company's stock causing investors to experience substantial financial losses.  See Complaint.

2

On January 10, 2011, this Court consolidated various pending civil actions into this Consolidated Action.  See Order entered January 10, 2011.

Plaintiffs have requested that the court partially lift the discovery stay which exists in the case by virtue of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3).  Specifically, plaintiffs are seeking documents which have been produced during the ongoing criminal investigation and during other related investigations:

> (a)     Massey shall produce all documents concerning the safety of all Massey mines that it has produced to, will produce to, and/or have been seized by the Federal Bureau of Investigation, United States Department of Justice, United States Attorney for the Southern District of West Virginia, U.S. Mine Safety & Health Administration, the West Virginia Office of Miners' Health, Safety & Training Team, the West Virginia Governor's Independent Investigation Team, and any other regulatory, governmental, or investigative agencies located in the United States that are investigating the safety of Massey's mines....

See Proposed Order attached to Motion Of Lead Plaintiff Commonwealth Of Massachusetts Pension Reserves Investment Trust And Plaintiff David Wagner For Partial Lift Of The PSLRA Discovery Stay at p. 1 ("Motion").

This motion to partially lift the stay under the PSLRA, if granted, would directly strike at the very heart of the ongoing criminal investigation being conducted by various agencies of the federal government because it seeks the very documents produced during the criminal investigation as well as documents produced during grand jury proceedings.  The production of these documents at this stage would impair and hinder the United States' ongoing investigation and its prosecution in the Criminal Action.  The request of the plaintiffs is sufficiently broad to encompass documents and materials submitted to the grand jury which are protected by Fed.R.Crim.P. 6.

3

**B.     Criminal Investigations and Proceedings**

On February 28, 2011, an indictment involving two counts, one count for false statements to federal agents, and one count for concealment of documents in federal investigations was unsealed and filed against Hughie Elbert Stover, an employee of Performance Coal Company, a subsidiary of Massey Energy Company, in connection with the United States' ongoing criminal investigation into the events surrounding the Upper Big Branch Mine Disaster.  Mr. Stover is set to be arraigned on March 15, 2011, in this Court.  At the time of the arraignment, it is anticipated that a trial date will be set in the Criminal Action within the next 60-70 days pursuant to the Speedy Trial Act.  The United States anticipates that witnesses likely to be deposed in the civil action may also be witnesses in the Criminal Action and that many of the documents subject to discovery in the civil action may be placed in evidence in the Criminal Action.

**C.     Other Federal Investigative Agencies Have Already Agreed
         Not To Disclose Investigative Materials And to Stay Proceedings
         Pending The Outcome Of The United States' Ongoing Criminal
         Investigation And The Criminal Action**

The Department of Labor ("DOL") and the Mine Safety and Health Administration ("MSHA") have already agreed to not release transcripts or conduct public hearings into the Upper Big Branch Mine Disaster due to the ongoing criminal investigation and the Criminal Action.  The United States Attorney for the Southern District of West Virginia, R. Booth Goodwin II, requested on January 14, 2011, that DOL and MSHA not release the transcripts of witness interviews nor conduct public hearings into the Upper Big Branch Mine Disaster because those actions could hinder the ongoing criminal investigation and any potential prosecution.  As acknowledged in plaintiff's Memorandum Of Law In Support Of The Motion Of Lead Plaintiff Commonwealth Of

Massachusetts Pension Reserves Investment Trust And Plaintiff David Wagner For Partial Lift Of The PSLRA Discovery Stay ("Plaintiffs' Memorandum"), DOL and MSHA agreed to comply with that request.  Plaintiffs' Memorandum at pp. 5-6.  Thus, the sensitive nature of the ongoing criminal investigation and the Criminal Action has been acknowledged by other federal agencies and they have deferred further investigative activities to avoid endangering the ongoing criminal investigation and the Criminal Action.

## ARGUMENT

### A.     The Government Should Be Permitted to Intervene in This Action

#### 1.     General Rule

As a general matter, courts have consistently permitted the United States to intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding or a criminal proceeding involving substantially similar issues, which is anticipated or already underway, and that involves common questions of law or fact.  See, e.g., SEC v. Chestman, 861 F.2d 49, 50 (2nd Cir. 1988); United States v. Mellon Bank, N.A., 545 F.2d 869 (3rd Cir. 1976);  SEC v. Mutuals.com, Inc., 2004 WL 1629929 (N.D. Tex. July 20, 2004); Bridgeport Harbour Place I, LLC v. Ganim, 269 F.Supp2d. 6, 7-8 (D. Conn. 2002); SEC v. Doody, 186 F. Supp. 2d 379 (S.D.N.Y. 2002); Rosenthal v. Giuliani, 2001 WL 121944 (S.D.N.Y. Feb. 9, 2001); Bureerong v. Uvawas, 167 F.R.D. 83 (C.D. Ca. 1996); SEC v. Mersky, 1994 WL 22305 (E.D. Pa. Jan. 25, 1994);  SEC v. Downe, 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993).  See also Ashworth v. Albers Medical, Inc., 229 F.R.D. 527, 529 (S.D.W.Va. 2005) ("Courts that have addressed a motion to intervene for the limited purpose of seeking a stay in a civil action filed on behalf of the United States have

allowed intervention where the civil action shares the same common questions of fact as a parallel criminal proceeding.").

Under Fed.R.Civ.P. 24, any person may intervene as of right in an action when the "applicant claims an interest relating to the . . . transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  Fed.R.Civ.P. 24(a)(2).   In addition, intervention may be permitted under Fed.R.Civ.P. 24 "when the person's claim or defense and the main action have a question of law or fact in common."  Fed.R.Civ.P. 24(b)(2).   Intervention in this action by the Government is appropriate under both provisions.

### 2.    Intervention As of Right

In civil actions involving participants in a criminal investigation or prosecution, the Government may intervene as of right to vindicate or protect a compelling government interest such as protecting the integrity of ongoing federal criminal proceedings.   The Supreme Court has long recognized that "[T]he power to stay proceedings is incidental is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936).  This is particularly true in situations where district courts have stayed civil proceedings pending the outcome of related criminal investigations and prosecutions.  As the Supreme Court has stated, "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution..." United States v. Krodel, 397 U.S. 1, 12n.27 (1970).

6

In applying Fed.R.Civ.P. 24(a), courts have recognized that the Government has a compelling interest in intervening "in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." See SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988); accord Philip Morris Inc. v. Heinrich, 1996 WL 363156, at *18 (S.D.N.Y. Jun. 28, 1996). See also In re Kopf, 169 A.D.2d 428, 564 N.Y.S.2d 149, 150 (1st Dep't 1991) ("the government has a unique interest in protecting the integrity of ongoing Grand Jury proceedings [which] constitutes the compelling public interest required for intervention as of right").

The Government seeks to intervene in this civil action to protect the integrity of its ongoing criminal investigation and prosecution in the Criminal Action, which have been brought in the public interest, from potentially damaging discovery because the integrity of the criminal investigation and criminal prosecution cannot be protected adequately by the named parties in this civil litigation. See Ashworth, 229 F.R.D. at 532 ("The United States' interest in an unimpeded criminal investigation favors a stay."); Kopf, 564 N.Y.S.2d at 150. Therefore, the Government should be granted leave to intervene in this action as of right under Fed.R.Civ.P. 24(a)(2).

### 3.     Permissive Intervention

The Government's application also satisfies the standard for permissive intervention under Fed.R.Civ.P. 24(b)(2), which requires only that the Government's "claim . . . and the main action have a question of law or fact in common." As a general rule, courts "have allowed the government to intervene in civil actions — especially when the government wishes to do so for the limited purpose of moving to stay discovery." Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007 (E.D.N.Y. 1992). Indeed, "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which

is . . . already underway, that involves common questions of law or fact." Downe, 1993 WL 22126, at *11; see also First Merchants Ents., Inc. v. Shannon, 1989 WL 25214, at *3 (S.D.N.Y. Mar. 16, 1989) (allowing United States Attorney to intervene in civil action).

The Government's criminal investigation and the allegations in this Civil Action involve the same subject matter and both seek to answer the same essential question, i.e., whether there was improper conduct regarding matters at the Upper Big Branch Mine. Accordingly, the Court can rely on Fed.R.Civ.P. 24(b)(2) as an alternative basis upon which to grant the Government's application. See Ashworth, 229 F.R.D. at 530 ("Because the intervention is permissible, the court declines to reach the additional contention that the intervention is required."); Downe, 1993 WL 22126, at *11 (granting permissive intervention where criminal investigation and civil action involved common questions of law and fact); First Merchants, 1989 WL 25214, at *2 (granting permissive intervention because "ongoing criminal investigation would be prejudiced were certain civil discovery concerning the same facts and circumstances to proceed").

**B.     Discovery Should Be Stayed Pending Resolution of the Criminal Proceedings**

Courts have the inherent power to stay an action or discovery in the interests of justice. United States v. Kordel, 397 U.S. 1 (1970). This authority includes the power to "stay civil proceedings, postpone civil discovery or impose protective orders and conditions when the interests of justice seem to require such action." SEC v. Dresser Industries, Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1998)(en banc). Thus, courts routinely grant applications by government entities to stay parallel civil proceedings, or discovery in those proceedings, to protect a pending criminal prosecution or investigation. See, e.g., SEC v. Doody, 186 F. Supp. 2d 379 (S.D.N.Y. 2002) (staying discovery in civil action pending resolution of criminal action); Downe, 1993 WL 22126, at *14 (staying civil

8

action pending criminal investigation); <u>Board of Governors of Fed. Reserve Sys. v. Pharaon</u>, 140 F.R.D. 634, 641 (S.D.N.Y. 1991) (same); <u>SEC v. Control Metals Corp.</u>, 57 F.R.D. 56, 58 (S.D.N.Y. 1972) (same); <u>United States v. One 1964 Cadillac Coupe DeVille</u>, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions, [the] government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter"); <u>In re Marceca</u>, 131 B.R. 774, 778 (Bankr. S.D.N.Y. 1991) ("courts will stay a civil proceeding when the criminal investigation has ripened into an indictment") (quoting <u>In re Par Pharmaceutical, Inc. Securities Litig.</u>, 133 F.R.D. 12, 13 (S.D.N.Y. 1990)); <u>In re Ahead By A Length, Inc.</u>, 78 B.R. 708, 711-13 (Bankr. S.D.N.Y. 1987).  As this Court has emphasized, "The United States' interest in an unimpeded criminal investigation favors a stay."  <u>Ashworth</u>, 229 F.R.D. at 532.

The general need for a stay of parallel civil proceedings arises from the fundamental differences between civil and criminal proceedings, and the compelling public interest in facilitating enforcement of the criminal laws.  As the Fifth Circuit has explained:

> The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first.  Administrative policy gives priority to the public interest in law enforcement.  This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

<u>Campbell v. Eastland</u>, 307 F.2d 478, 487 (5th Cir. 1962), <u>cert. denied</u>, 371 U.S. 955 (1963); <u>see also</u> <u>In re Ivan F. Boesky Sec. Litig.</u>, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the <u>public interest</u> in the criminal case is entitled to precedence over the civil litigant") (emphasis in original).

In determining whether to stay a civil action (or discovery in that action) pending resolution of a criminal action, courts consider several factors, including avoiding the risk of inconsistent

adjudications, application of proof, and potential waste of judicial resources:

> (1) the interest of the plaintiffs in proceeding expeditiously with
> [the] litigation or any particular aspect of it, and the potential
> prejudice to plaintiffs of a delay, (2) the burden which any
> particular aspect of the proceedings may impose on defendants;
> (3) the convenience of the court in the management of its
> cases, and the efficient use of judicial resources; (4) the interests
> of persons not parties to the civil litigation; and (5) the interest of
> the public in the pending civil and criminal litigation.

Ashworth v. Albers Medical, Inc., 229 F.R.D. at 530, citing Keating v. OTS, 45 F.3d 322, 325 (9th

Cir. 1995).  In addition, courts have examined such factors as how the civil and criminal proceedings

are related and the involvement of substantially similar issues.  Ashworth, 229 F.R.D. at 530.

### C.    The Relevant Factors Weigh In Favor Of Staying Further Discovery

#### 1.    Relatedness

The nexus between the partial lifting of the stay requested by the plaintiffs in this civil action

and the ongoing criminal investigation and criminal prosecution in the Criminal Action by the

Government is quite clear.  Plaintiffs are specifically seeking the results of that investigation by

seeking to have the stay pursuant to the PSLRA partially lifted to require the production of

documents and materials specifically presented to the FBI, the United States Attorney for the

Southern district of West Virginia, the United States Department of Justice, MSHA, and "any other

regulatory, governmental, or investigative agencies located in the United States that are investigating

the safety of Massey's mines."  Plaintiffs' Proposed Order at p. 1.  Such a broad lifting of the stay

under the PSLRA would obviously include the production of documents during the government's

ongoing criminal investigation, prosecution in the Criminal Action, and the related grand jury

proceedings in the Criminal Action.  Furthermore, plaintiffs admit in their Plaintiffs' Memorandum

that this civil action and the Government's criminal investigation have a nexus when they freely admit that a "substantial overlap exists between the factual allegations underlying all of these investigations and actions and this Action."  Plaintiffs' Memorandum at p. 4.

   **2.**  **Plaintiffs' Interest**

  While the plaintiffs want to discover evidence to support their allegations in their Complaint, their interest will not be prejudiced by the stay sought by the Government.  The PSLRA contains an automatic stay of discovery in the Civil Action during the pendency of any motion to dismiss.  15 U.S.C. § 78u-4(b)(3).  A stay under the PSLRA is currently in place which stays all discovery, and the plaintiffs' motion seeks to partially lift that stay.   While an exception under that statutory provision exists for particularized evidence necessary to preserve evidence or to prevent undue prejudice, the plaintiffs' request to partially lift that stay goes beyond that statutory exception.  Here, plaintiffs are seeking the results of the Government's criminal investigation by requiring the defendants to produce materials submitted during the Government's criminal investigation.  Many of these materials may have protection pursuant to Fed.R.Crim.P. 6(e), and the disclosure of other materials would compromise the Government's ongoing criminal investigation and prosecution in the Criminal Action by potentially revealing the Government's strategy and potential witnesses at a stage not available under the Federal Rules of Criminal Procedure.

  The plaintiffs would suffer no prejudice by the Court's deciding to continue the stay already in place by 15 U.S.C. § 78u-4(b)(3).  In fact, the plaintiffs could benefit from the ultimate resolution of the Criminal Action and the ongoing Government criminal investigation.  The outcome of the prosecution Criminal Action and the Government's ongoing criminal investigation could provide resolution of various issues that would favor the plaintiffs in this civil action.  Under the facts of this

11

case and at this stage of the proceedings under the PSLRA, plaintiffs would not be prejudiced by a stay of discovery pending the resolution of the Criminal Action and the government's ongoing criminal investigation.  Ashworth, 229 F.R.D. at 531.

### 3.   The Defendants' Interests

The granting of a stay of discovery in this Civil Action would not prejudice the defendants. The stay of discovery requested by the Government would merely be a continuation of the stay already in place pursuant to 15 U.S.C. § 78u-4(b)(3).

### 4.   The Government's Interest

One of the principal concerns articulated by the courts regarding premature civil discovery is the danger that criminal defendants may abuse the mechanisms of civil discovery to circumvent the limitations on discovery in criminal prosecutions.  See Ashworth, 229 F.R.D. at 532.  Courts have emphasized repeatedly that such abuse of the civil discovery process should not be permitted. See also Chestman, 861 F.2d at 50 (affirming stay and recognizing governmental interest in "prevent[ing] discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter").  In this case, if the stay is partially lifted, the Government's strategy in the Criminal Action could be prematurely revealed and could impair the Government's prosecution in the Criminal Action and its ongoing criminal investigation.  As pointed out by Judge Copenhaver in Ashworth, "The United States' interest in an unimpeded criminal investigation favors a stay."  Ashworth, 229 F.R.D. at 532.

Moreover, allowing full discovery to proceed subsequently in this civil action while the Criminal Action is pending and the Government's criminal investigation is ongoing presents a potential plethora of problems.  In the federal context, the scope of criminal discovery stands in stark

contrast to that of civil discovery. Civil discovery is broad. See Fed.R.Civ.P. 26. Criminal discovery, however, is strictly limited. See Fed.R.Crim.P. 16. In particular, Fed.R.Crim.P. Rule 16(a)(2) precludes discovery of "reports, memoranda or other internal government documents [and] statements made by government witnesses or prospective government witnesses, except as provided in 18 U.S.C. § 3500." In turn, 18 U.S.C. § 3500 (the Jencks Act) provides that in criminal cases, the statements of Government witnesses shall not be "the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Absent "exceptional circumstances" — and a court order — a criminal defendant may not conduct depositions in a criminal case. See Fed.R.Crim.P. 15(a). A defendant's obligation to provide discovery to the Government is similarly limited. See Fed.R.Crim.P. 16(b).

Criminal discovery is narrow for compelling reasons, namely, that (i) broad disclosure of the details of the prosecution's case could result, inter alia, in perjury and manufactured evidence; (ii) revelation of the identity of prospective Government witnesses may create opportunities for intimidation of those witnesses and subornation of perjury; and (iii) criminal defendants may unfairly surprise the prosecution at trial with information gained through discovery, while relying on the privilege against self-incrimination to shield against any attempt by the Government to obtain relevant evidence from the defendants themselves. See Campbell v. Eastland, 307 F.2d at 487 n.12; Nakash v. U.S. Department of Justice, 708 F. Supp. 1354, 1365-66 (S.D.N.Y. 1988); Kelley, 77 F.R.D. at 381. See also United States v. Percevault, 490 F.2d 126, 131 (2d Cir. 1974) ("[f]ear of intimidation of witnesses and concern over efforts to suborn perjury were not flights of fantasy by those who drafted Rule 16").

Here, allowing the partial lifting of the stay under the PSLRA and allowing subsequent

discovery, namely, depositions, the issuance of broad requests for production of documents, and issuance of interrogatories, which, if permitted to proceed and continue, would likely prejudice the Government's prosecution and would most certainly not be permitted in criminal proceedings. If this Court would allow full discovery in this civil action, the Government's prosecution would be threatened in several ways.  First, as noted above, further discovery would negate the limited scope of discovery permitted by the Federal Rules of Criminal Procedure.  Factual matters central to the Government's criminal investigation would be developed prematurely, to the detriment of the prosecution.

Second, discovery in this action may undermine the effectiveness of Government witnesses in any criminal trial.  For example, deposing the witnesses who are cooperating with the Government and subjecting them to searching cross-examination at depositions could create additional impeachment material and immaterial inconsistencies that could be employed against the witnesses at any future trial.  If permitted to depose these witnesses, the defendants in this action would no doubt seek to discredit them.

Third, disclosure of the substance of potential testimony in the criminal trial would facilitate efforts by Mr. Stover, the criminal defendant, to tailor his defenses to the Government's proof.  For example, Mr. Stover, armed with deposition testimony and other testimonial discovery could coordinate his defense in an attempt to explain away the Government's proof.  These concerns would also apply to any other potential defendant.

Fourth, such discovery would subject potential witnesses to the risk of intimidation or subornation of perjury.  Even a perceived threat of such intimidation would have a powerful chilling effect on the Government's case.  See Downe, 1993 WL 22126 at *13 ("where a party or witness in

a civil case is cooperating with a grand jury investigation relating to the subject matter of the civil suit, there is a compelling reason to stay discovery of the civil case pending resolution of the criminal investigation"). In addition, a stay of discovery in this civil action is the proper course to protect the integrity of any grand jury proceedings incident to the Government's criminal investigation. <u>See</u> <u>Integrated Generics v. Bowen</u>, 678 F.Supp. 1004, 1009 (E.D.N.Y. 1988) ("most prudent course to take in the instant case is to stay this civil proceeding pending the outcome of the grand jury investigation").

In summary, ordering a stay of all discovery in this civil action would be the best course to protect the Government's interest in the prosecution of its Criminal Action and to protect the integrity of its ongoing criminal investigation. The consideration of this factor–the Government's interest–would favor a stay. <u>Ashworth</u>, 229 F.R.D. at 532.

### 5.     The Court's Interests

Judicial economy and the efficient resolution of civil disputes typically support applications by the Government for a stay of parallel civil proceedings. Often, common issues of law and fact are resolved in the criminal proceeding, narrowing the issues in dispute in a civil action. <u>See</u> <u>United States v. Mellon Bank, N.A.</u>, 545 F.2d 869, 873 (3d Cir. 1976) ("resolution of the criminal case may moot, clarify, or otherwise affect various contentions in the civil case"); <u>Brock v. Tolkow</u>, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) ("resolution of the criminal case might reduce the scope of discovery in the civil case and otherwise simplify the issues"). Moreover, "due to the overlapping issues in the criminal and civil trials, the criminal justice system will help safeguard the evidence, and any resulting incarceration could only serve to insure the availability of all the parties." <u>Volmar</u>, 152 F.R.D. at 40. Finally, "resolution of the criminal case may increase the possibility of settlement

in the civil case due to the high standard of proof required in a criminal prosecution."  <u>Plumbers Fund</u>, 886 F. Supp. at 1140.

Since the resolution of the Criminal Action may serve to reduce potential discovery in this civil action, the considerations of judicial economy would favor the Government's request for a stay of discovery pending the resolution of the Criminal Action and the completion of the Government's criminal investigation.  <u>Ashworth</u>, 229 F.R.D. at 532.  Accordingly, the interests of judicial economy are best served by a stay of discovery in this civil action.

### 6.     The Public's Interest

The public interest in effective law enforcement and the efficient use of judicial resources also weighs in favor of staying further discovery.  As one district court has observed:

> There is an unnamed party in every lawsuit — the public.  Public resources are squandered if judicial proceedings are allowed to proliferate beyond reasonable bounds.  The public's right to a 'just, speedy, inexpensive determination of every action' . . . is infringed, if a court allows a case . . . to preempt more than its reasonable share of the Court's time.

<u>United States v. Reaves</u>, 636 F. Supp. 1575, 1578 (E.D. Ky. 1986) (citations omitted).

The overriding public interest in enforcement of the criminal laws weighs heavily in favor of a stay.  Here, Hughie Elbert Stover has been indicted in the Criminal Action on charges similar to the allegations being asserted in plaintiffs' Complaint.  The public's interest in unraveling his scheme and actions favors the Government's request for a stay.  <u>Ashworth</u>, 229 F.R.D. at 532.  Mr. Stover's indictment does not culminate or end the criminal investigation into matters at the Upper Big Branch Mine.  Therefore, the public has an important interest in having the criminal investigation and any related proceedings resolved with minimal interference from this Civil Action.

16

See Volmar, 152 F.R.D. at 40 ("The public certainly has an interest in the preservation of the integrity of competitive markets. However, the pending criminal prosecution serves to advance those same interests."); Plumbers Fund, 886 F. Supp. at 1140 ("Because of the overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interests at stake here."). While the public has an interest in the resolution of civil claims, "that interest pales in comparison to the public interest as a whole in unraveling the criminal...scheme and punishing those responsible for that scheme." Ashworth, 229 F.R.D. at 532.

### 7.    Overall Lack of Prejudice To The Parties

In this case, there is no danger of prejudice to the parties. This application seeks merely a stay of discovery and does not ask the plaintiffs to abandon their civil claims. Granting the Government's motion will only postpone the plaintiffs' ability to resolve their case, not cause the plaintiffs to forfeit their claims. And if the Court grants the requested stay, the plaintiffs would, of course, always be free to petition the Court to have the stay lifted if, in the future, the plaintiffs believed there were unique circumstances or facts that justified such relief. Finally, resolution of the criminal proceeding will likely narrow the issues to be litigated in the civil case, thereby reducing the cost of the civil litigation. See Ashworth, 229 F.R.D. at 531-33; Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 8-9 (D. Conn. 2002).

In addition, a stay of depositions, as well as interrogatories, requests for admission and any other testimonial forms of discovery will prevent exposure of potential Government witnesses and the attendant risks discussed above. As the Second Circuit has recognized, a civil plaintiff is not prejudiced by a stay because the plaintiff will have ample opportunity for discovery after the stay is lifted:

17

> Defendant has failed to show any prejudice to him . . . arising out of the government's intervention.  The only result of the intervention has been the staying of discovery, an order the district court could have entered <u>sua</u> <u>sponte</u>.  Moreover, so far as preparation for the trial in the civil action is concerned, appropriate opportunities for discovery can be allowed when the stay is lifted.  Chestman's defense of the civil case is thus not affected.

<u>Chestman</u>, 861 F.2d at 50.

In sum, as all factors weigh in favor of a stay of discovery in this case, the Government requests that discovery be stayed in this case until its investigation and any directly-related criminal proceedings are completed.  <u>See</u> <u>Ashworth,</u> 229 F.R.D. at 532-33.  <u>See</u> <u>also</u> <u>Brock v. Tolkow</u>, 109 F.R.D. 116 (E.D.N.Y. 1985); <u>Bureerong v. Uvawas</u>, 167 F.R.D. 83 (C.D. Ca. 1996); <u>Bridgeport Harbour Place I, LLC v. Ganim</u>, 269 F. Supp. 2d 6 (D. Conn. 2002); <u>Benevolence International Foundation, Inc., v. Ashcroft</u>, 200 F. Supp. 2d 935 (N.D. Ill., 2002); <u>SEC v. Mutuals.com. Inc.</u>, 2004 WL 1629929 (N.D. Texas 2004).

18

D.        **Conclusion**

For all the reasons stated above, the United States respectfully asks this Court, in the sound exercise of its discretion, to enter an order staying all discovery in this civil action until after the conclusion of the proceedings in the Criminal Action and that may arise from the Government's criminal investigation.  The Government further requests such other and further relief that the Court deems appropriate in this civil action to protect the Government's criminal investigation and prosecution of the Criminal Action.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
P.O. Box 1713
Charleston, WV  25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

In re MASSEY ENERGY CO.
SECURITIES LITIGATION,

Civil Action No. 5:10-cv-00689
Judge Irene C. Berger

**CERTIFICATE OF SERVICE FOR
THE UNITED STATES OF AMERICA'S COMBINED
MOTIONS TO INTERVENE AND TO STAY DISCOVERY
AND MEMORANDUM OF LAW IN SUPPORT**

I, Fred B. Westfall, Jr., Assistant United States Attorney for the Southern District of West Virginia, hereby certify that on March 3, 2011, I electronically filed the foregoing **THE UNITED STATES OF AMERICA'S COMBINED MOTIONS TO INTERVENE AND TO STAY DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

Joel H. Bernstein
David J. Goldsmith
Ira A. Schocet
Alan I. Ellman
Christopher J. Keller
Eric J. Belfi
Stefanie J. Sundel
Labaton Sucharow LLP
140 Broadway
New York, NY 10005

Jack Reise
Paul Jeffrey Geller
Christopher M. Wood
David C. Walton
Laurie L. Largent
Robbins Geller Rudman & Dowd LLP
Suite 500
120 East Palmetto Park Road
Boca Raton, FL 33432

Dennis J. Herman
Robbins Geller Rudman & Dowd
Post Montgomery Center
Suite 1800
One Montgomery Street
San Francisco, CA 94104

James A. McKowen
Samnuel D. Elswick
James Humphreys & Associates
Suite 800 United Center
500 Virginia Street East
Charleston, WV 25301

Darren J. Robbins
Tricia L. McCormick
Lerach Coughlin Stoia Geller Rudman & Robbins
Suite 1900
655 West Broadway
San Diego, CA 92101

John F. Dascoli
2442 Kanawha Boulevard east
Charleston, WV 25311

J. Burton LeBlanc
Mazin Sbaiti
Baron & Budd
312 Oak Lawn Avenue
Suite 1100
Dalals, TX 75219

Jonathan L. Anderson
A. L. Emch
Jackson Kelly
P. O. Box 553
Charleston, WV 25322-0553

Stuart W. Gold
Julie A. North
Ronald S. Rolfe
Cravath Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Thomas V. Flaherty
Tammy R. Harvey
Flaherty Sensabaugh & Bonasso
P. O. Box 3843
Charleston, WV 25338-3843

Bradley J. Pyles
Pyles & Turner
P. O. Box 596
Logan, WV 25601

Richard A. Speirs
Robert S. Schachter
Stephen L. Browdsky
Zwerling Schachter & Zwerling
32nd Floor
41 Madison Avenue
New York, NY 10010

I, Fred B. Westfall, Jr., Assistant United States Attorney for the Southern District of West Virginia, also hereby certify that on March 3, 2011, I served the foregoing **THE UNITED STATES OF AMERICA'S COMBINED MOTIONS TO INTERVENE AND TO STAY DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT** on the following non-CM/ECF participants by United States mail, postage prepaid:

Michael J. Vanoverbeke
Thomas C. Michaud
Vanoverbeke Michaud & Timmony
79 Alfred Street
Detroit, MI 48201

**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
P.O. Box 1713
Charleston, WV  25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov
