UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

| | |
|---|---|
| IN RE MASSEY ENERGY CO.<br>SECURITIES LITIGATION | CIVIL ACTION NO. 5:10-cv-00689 |

**DON L. BLANKENSHIP, BAXTER F. PHILLIPS, JR.,
ERIC B. TOLBERT AND J.CHRISTOPHER ADKINS'
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendants Don L. Blankenship, Baxter Phillips, Jr., H. Eric B. Tolbert, and J. Christopher Adkins (collectively, the "Officer Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Consolidated Amended Complaint filed by Lead Plaintiff Commonwealth of Massachusetts Pension Reserves Investment Trust and Plaintiff David Wagner (together, "Plaintiffs").

## I.  INTRODUCTION:

The Officer Defendants adopt and incorporate by reference herein the statement of facts and arguments set forth in the joint motion to dismiss and memorandum of law in support thereof ("joint motion/memorandum") filed on behalf of Defendants James B. Crawford, Robert H. Foglesong, Richard M. Gabrys, E. Gordon Gee, Lady Barbara Thomas Judge, Dan R. Moore, and Stanley C. Subloeski (collectively, "Outside Director Defendants") and Defendant Massey Energy Company ("Massey") and write separately to underscore certain arguments raised in said joint motion/memorandum and to discuss their application to the Officer Defendants.

For the reasons set forth below and in the Outside Director Defendants' and Massey's joint motion, the Consolidated Amended Complaint ("CAC" or "Complaint") should be dismissed in its entirety because Plaintiffs have failed to state an actionable claim under Section 10(b), Rule 10b-5 and/or Section 20(a) of the Securities Exchange Act.

## II.  PRELIMINARY STATEMENT:

As all too frequently happens, the tragedy of the April 5, 2010 explosion at Massey's Upper Big Branch mine ("UBB") was greeted by a flurry of purported securities class actions. Less than one month after the explosion, the first of two security actions was filed in West

Virginia.[1] By Order dated January 10, 2011, this Court consolidated the two actions and, on March 11, 2011, Plaintiffs filed a Consolidated Amended Class Action Complaint ("Complaint") in which Plaintiffs' allege that they incurred losses as a result of Massey "artificially inflating its stock" by making material misstatements and omissions regarding its safety history and its commitment to safety. As a result of these alleged "material misstatements and omissions," Plaintiffs assert two causes of action: (1) a claim under Section 10(b) of the Securities Exchange Act of 1934 ("the Act") and Rule 10b-5 of the Securities and Exchange Commission; and (2) a claim under Section 20(a) of the Act. However, plaintiffs have failed to adequately plead either of these causes of action.

As is so often the case after a publicly-traded company has incurred a loss, shareholders, through their attorneys, rush to file a securities fraud claim but cannot adequately support such a claim. To state a claim for securities fraud under Section 10(b) and Rule 10b-5, a plaintiff must plead that each of the defendants (1) made a false statement or omission of a material fact (2) with scienter (3) upon which plaintiff justifiably relied (4) that proximately caused plaintiff's damages. *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 613 (4th Cir. 1999); *Hillson Partners Ltd. P'ship v. Adage, Inc.*, 42 F. 3d 204, 208 (4th Cir. 1994). Further, both Rule 9(b) of the *Federal Rules of Civil Procedure* and the Private Securities Litigation Reform Act of 1995 ("PSLRA") require a plaintiff to plead the circumstances constituting securities fraud with particularity. *Id.* Plaintiffs simply fail to do this.

Instead, they simply repeat over and over, *for 165 pages*, a litany of unsubstantiated "facts" and conclusory statements and offer nothing in support except circular reasoning. Thus, much like the class action complaint dismissed in *Teachers' Ret. Sys. v. Hunter*, 477 F.3d 162

---

[1] On April 29, 2010, Macomb County Employees' Retirement System, et al. v. Massey Energy Co., et al., Case No. 5:10-cv-00689 was filed. Thereafter, on May 28, Firefighters' Retirement System of Louisiana et al. v. Massey Energy Co., et al, Case No. 5:10-cv-00776 was filed.

*(4th Cir. 2007),* the "impressive length" of Plaintiff's' Complaint does not "portend similarly impressive substance."[2] And, because Plaintiffs have failed to adequately allege a claim under Section 10(b) and Rule 10b-5, they have likewise failed to adequately allege a Section 20(a) claim. *Id.* (a §20(a) claim is dependent upon the existence of a valid §10(b) and Rule 10b-5 claim.

As the Fourth Circuit has recognized, in passing the PSLRA, Congress increased the particularity requirements for pleading securities fraud to limit opportunistic plaintiffs from filing abusive and meritless securities fraud claims. *See Phillips, 190 F.3d at 620* (the PSLRA was intended to stem perceived abuses in the filing of securities class action lawsuits); *In re Manugistics Group, Inc. Sec. Litig. No. Civ. S 98-1881, 1999 LEXIS 22524 (D. Md. 1999)*("In enacting the PSLRA, Congress clearly intended to cut back the ease with which shareholders, through federal class actions suits, could hold corporations and their officers at legal sword point, with resultant settlements netting millions for plaintiffs' lawyers, but pennies for their clients. The means Congress chose to achieve that goal was to tighten up pleading and practice in such suits . . . above and beyond the . . . specific allegations of fraud required to be pleaded under Rule 9"); *Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 116 (2nd Cir. 1982)*(The purpose of Rule 9(b) is to prevent plaintiffs from using conclusory allegations "to set off on a long and expensive discovery process in the hope of uncovering some sort of wrongdoing or of obtaining a substantial settlement"); *In re Ford Motor Co. Securities Litigation, 184 F. Supp. 2d 626 (E.D. Mich. 2001)*( "the PSLRA [Reform Act] was adopted with the purpose of creating uniform

---

[2] In *Teachers' Ret. Sys. v. Hunter, 477 F.3d 162 (4th Cir. 2007),* the Fourth Circuit affirmed the dismissal of a 168 page complaint that was void of any substantive facts to support a claim under §10b or Rule 10b-5. There, the plaintiffs claimed that the defendant publicly traded company made misleading statements about its business transactions with six companies over a period of approximately four years until a former officer sued the company. Relying on Rule 12(b)(6) of the *Federal Rules of Civil Procedure* and the PSLRA, the district court held that the complaint failed to allege facts sufficient to support plaintiffs' claims that the defendant company's statements were misleading, that such statements were made with the requisite scienter, or that plaintiffs' alleged losses were caused by the alleged misrepresentations and omissions.

pleading standards in securities fraud actions and to reduce frivolous suits. ***The statute constructively established a presumption of correct management.*** It attempted to rid courts of cases arising from market fluctuation, while preserving the anti-fraud function of the Securities Exchange act of 1934")(*emphasis added*).

As set forth herein and in the Director Defendants' and Massey's joint motion, Plaintiffs have failed to even minimally meet these requirements. As such, this case presents a paradigm example of a strike suit for which the PSLRA was expressly adopted to prevent.

### III. STATEMENT OF FACTS:

The Officer Defendants adopt and incorporate by reference the "Statement of Facts" set forth in the Outside Director Defendants' and Massey's joint motion/memorandum.

### IV. ARGUMENT:

#### A. COUNT I SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

The Officer Defendants adopt and incorporate by reference the arguments set forth in the Outside Director Defendants' and Massey's joint motion/memorandum. In addition to such arguments, the Officer Defendants proffer the following:

In determining whether a claim should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts must consider all factual allegations to be true. *United States v. Mississippi, 380 U.S. 128, 85 S.Ct. 808 (1965); Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997).* Courts, however, need not similarly credit "bald assertions," "legal conclusions," unsupported conclusions" and "unwarranted inferences." *Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991); See also, John D. Ashcroft, former Attorney General v. Iqbal, 129 S.Ct. 1937; 173 L.Ed.2d 868 (2009)*(threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to survive

4

a motion to dismiss for failure to state a claim); *Kuslor Masonry, Inc. v. Travelers Cas. and Sur. Co. of Am.,* 2009 U.S. Dist. LEXIS 117297 (N.D. W.Va. 2009)(pleadings that offer "nothing more than . . . labels and conclusions or a formulaic recitation of the elements of a cause of action" cannot survive a motion to dismiss.)

Furthermore, courts are generally required, when ruling on a motion to dismiss under Rule 12(b)(6), to take into account any set of facts that *could be proved* consistent with the allegations set forth in the complaint, even though such facts have not been alleged. *See e.g., Neitze v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989)*. However, courts are not so required in a securities fraud case. The Private Securities Litigation Reform Act of 1995 ("PSLRA") modifies this scheme (1) by requiring a plaintiff *to plead facts* to state a claim and (2) by authorizing the court to assume that the plaintiff has indeed stated *all* of the facts upon which he bases his allegation of a misrepresentation or omission." *Teachers' Ret. Sys. of Louisiana v. Hunter, 477 F.3d 162 (4th Cir. 2007), citing 15 U.S.C. §78u-4(b)(1) (emphasis in original).* The PSLRA also "requires a plaintiff to plead sufficient facts to raise a *strong inference* of scienter." *Id. (emphasis in original). See also, The Albert Fadem Trust v. American Electric Power Co., 334 F.Supp.2d 985, 1006 (S.D. Ohio 2004), citing, Campbell v. Lexmark Intern. Inc., 234 F.Supp.2d 680, 683 (E.D. Ky. 2002)*("though the new scienter pleading standard under the PSLRA remains somewhat nebulous, *this much is clear: more - much more - is required of plaintiff in order to survive a motion to dismiss*...While under 12(b)(6) all inferences must be drawn in favor of plaintiffs' favor, inferences of scienter do not survive if they are merely reasonable") (*emphasis added).*

As set forth herein, to state a claim for securities fraud under Section 10(b) and Rule 10b-5, a plaintiff must plead with particularity that each of the defendants (1) made a false statement or omission of a material fact (2) with scienter (3) upon which plaintiff justifiably relied (4) that proximately caused plaintiff's damages. *See Phillips v. LCI Int'l, Inc., 190 F.3d 609, 613 (4th Cir. 1999); Hillson Partners Ltd. P'ship v. Adage, Inc., 42 F. 3d 204, 208 (4th Cir. 1994).* Plaintiffs have failed to adequately plead *any* of these elements. Instead, Plaintiffs dedicate the majority of their 165 page Complaint to repeating over and over Massey's alleged "falsification of NFDL rates," "light duty work policy," and "early warning notification system," and to making the most of sensationalistic headlines. Perhaps they do so hoping this Court will overlook the fact that they have failed to plead with any particularity how these "facts", even if assumed to be true, are material so as to give rise to a securities fraud claim under Section 10(b) or Rule 10b-5. *Id.*

Further, even if Plaintiffs could show that the alleged misrepresentations or omissions set forth in the Complaint were material, their securities fraud claim must still fail because they fail to plead with particularity **what** each individual Defendant knew and **when** each individual Defendant knew it. Plaintiffs are required to do so in order to support a "strong inference of scienter"[3] on behalf of each individual Defendant. *See e.g., Payne v. DeLuca, 433 F. Supp. 2d 547, 563 (W.D. Pa. 2006) citing, DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)*

---

[3] The PSLRA imposes "[e]xacting pleading requirements" with respect to scienter. *Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007) at 313.* It requires that plaintiffs allege "with particularity facts giving rise to a strong inference that" each of the Defendants acted with scienter. *Id. at 314* (quoting *15 U.S.C. § 78u-4*(b)(2)). A "strong inference" is one that is "more than merely 'reasonable' or 'permissible' - it must be cogent and compelling, thus strong in light of other explanations." *Id. at 324; see also Last Atlantis Capital LLC, et al. v. AGS Specialist Partners, et al., 533 F. Supp 2d 828, 830 (2008).* As the Supreme Court explained, "[i]n determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences." *Tellabs, 551 U.S. at 323.* Thus, "[a] plaintiff alleging fraud in a § 10(b) action . . . must plead facts rendering an inference of scienter *at least as likely as* any plausible opposing inference." *Id. at 328* (emphasis in original).

("[T]he facts giving rise to a strong inference of scienter must be alleged with particularity, meaning that plaintiffs must plead 'the who, what, where, when, and how: the first paragraph of any newspaper story.'"); *See also, Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007)*(scienter must be defendant specific); *Matrix Capital Mgmt. Fund, LP v. Bearing Point, Inc. 576 F.3d 172 (4th Cir. 2009); Ottman v. Hangar Orthopedic Group, Inc., 549 F.3d 338 (4th Cir. 2003).* Instead, Plaintiffs rely on sweeping generalizations of what "Massey" or, collectively, what the "Individual Defendants" did or did not do or what they knew or should have known.[4] (*Complaint, ¶¶134-140).*

Scienter means the "intention 'to deceive, manipulate, or defraud.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. at 313 quoting Ernst & Ernst v. Hochfelder, 425 U.S. 185, 194 & n.12 (1976); See also Ottman v. Hangar Orthopedic Group, Inc., 549 F.3d 338 (4th Cir. 2003).* To establish scienter as to each defendant, a plaintiff must adequately plead either "intentional misconduct" or "severe recklessness." *Ottman v. Hangar Orthopedic Group, Inc., 549 F.3d 338 (4th Cir. 2003).* Plaintiffs plead neither for *any* of the individual Defendants.

In addition to not adequately pleading the "what" or the "when," Plaintiffs have likewise failed to adequately plead the "why," i.e., the motive to defraud on behalf of any of the individual Defendants. "In order to demonstrate motive, a plaintiff must show 'concrete benefits that could be realized by one or more of the false statements and wrongful nondisclosures

---

[4] In addition to relying on sweeping generalizations that is generally recognized as being insufficient to adequately plead scienter on behalf of individual defendants, as required under the PSLRA, Plaintiffs also rely extensively on "confidential informants." However, the purported confidential witness statements suffer from numerous defects that provide no basis for an inference of scienter. *See e.g., Higginbotham v. Baxter Int'l., 495 F.3d 753, 757 (7th Cir. 2007)*("it is hard to see how information from anonymous sources could be deemed compelling or how we could take into account of plausible opposing inferences. Perhaps these confidential sources haves axes to grind. Perhaps they are lying . Perhaps they do not even exist.). Recognizing that "anonymity conceals information that is essential to the sort of comparative evaluation required by *Tellabs,* the Seventh Circuit concluded that "allegations from 'confidential witnesses' must be 'discounted' and "[u]sually that discount will be steep." *Makor Issues & Rights v. Tellabs, Inc., 513 F.3d 702, 704 (7th Cir. 2008).*

7

alleged." *Phillips, 190 F.3d at 621, citing Shields v. Citytrust Bankcorp., Inc., 25 F.3d 1124, 1130 (2nd Cir. 1994).* "Merely alleging facts that lead to a 'strained and tenuous inference' of motive is insufficient to satisfy the pleading requirement." *Phillips, 190 F.3d at 621, citing Zeid v. Kimberly, 973 F.Supp. 910, 918 (N.D. Cal. 1997).*

Nevertheless, what Plaintiffs could not do *directly* as to any of the Defendants, they attempt to do *indirectly* as to Defendants Blankenship and Adkins. Specifically, Plaintiffs attempt to attribute a motive to Defendants Don Blankenship and J. Christopher Adkins by alleging that they "benefited from the fraud" because their "incentive bonus award compensation was driven in part by false NFDL rates." *See CAC, ¶¶ 324-327.* However, in so doing, Plaintiffs ignore the well-settled rule that the desire to receive higher bonuses or compensation does not support a finding of a *"strong inference of scienter."* As the Court in *Melder v. Morris, 27 F.3d 1097, 1102 (5th Cir. 1994),* explained, accepting allegations that a corporate officer wanted to maintain or increase his compensation as proof of scienter "would effectively eliminate the state of mind requirement as to all corporate officers and defendants." *See also, Phillips, supra,* ("allowing plaintiffs to prove a motive to defraud by simply alleging a corporate defendant's desire to retain his position with its attendant salary, or realize gains on company stock, would force the directors of virtually every company to defend securities fraud actions") *citing, Acito v. IMCERA Group, Inc. 47 F.3d 47, 54 (2nd Cir. 1995).* Clearly, Plaintiffs' attempt to use Defendants Blankenship's and Adkins' respective "incentive bonus award compensation" packages as a motive to satisfy the scienter requirement of the PSLRA is a "strained and tenuous inference" at best and must, therefore, be rejected.

8

### B. COUNT II MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

The Officer Defendants adopt and incorporate by reference the arguments set forth in the Outside Director Defendants' and Massey's joint motion/memorandum.

### V. CONCLUSION:

For the forgoing reasons and the reasons set forth in the Outside Director Defendants' and Massey's joint motion/memorandum, the Officer Defendants respectfully request that this Court Dismiss this action, with prejudice.

DON L. BLANKENSHIP, BAXTER F. PHILLIPS, JR.<br>
ERIC B. TOLBERT, and J. CHRISTOPHER ADKINS<br>
By Counsel

_____

_____
Thomas V. Flaherty (WV Bar #1213)
Tammy R. Harvey (WV Bar #6904)
Flaherty Sensabaugh Bonasso PLLC
P. O. Box 3843
Charleston, WV   25338-3843

9

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2011, I electronically filed the foregoing document with the Clerk of the Court using the EM/ECF system which will send notification of such filing to the following CM/ECF participants:

- **Jonathan L. Anderson**
  jlanderson@jacksonkelly.com

- **Stephen L. Brodsky**
  sbrodsky@zsz.com

- **John F. Dascoli**
  johnfdascoli@hotmail.com, Pamdc519@aol.com

- **Samuel D. Elswick**
  selswick@jfhumphreys.com, rbell@jfhumphreys.com

- **A. L. Emch**
  aemch@jacksonkelly.com, sra@jacksonkelly.com, jcrawford@jacksonkelly.com

- **Paul Jeffrey Geller**
  pgeller@rgrdlaw.com

- **Stuart W. Gold**
  sgold@cravath.com

- **Dennis J. Herman**
  dennish@rgrdlaw.com

- **Laurie L. Largent**
  LLargent@rgrdlaw.com, triciam@rgrdlaw.com

- **J. Burton LeBlanc**
  bleblanc@baronbudd.com

- **James A. McKowen**
  Jmckowen@jfhumphreys.com, Dhoffman@jfhumphreys.com, Dmilhoan@jfhumphreys.com

- **Julie A. North**
  jnorth@cravath.com

- **Bradley J. Pyles**
  brad.pyles@cphtlogan.com, bjpyles@suddenlink.net

- **Jack Reise**
  jreise@rgrdlaw.com, pgeller@rgrdlaw.com

- **Darren J. Robbins**
  e_file_d@csgrr.com

- **Ronald S. Rolfe**
  rrolfe@cravath.com, managing_attorneys_office@cravath.com, sthompson@cravath.com

- **Mazin Sbaiti**
  msbaiti@baronbudd.com

- **Robert S. Schachter**
  rschachter@zsz.com

- **David C. Walton**
  davew@rgrdlaw.com

- **Christopher M. Wood**
  CWood@rgrdlaw.com

- **Joel H. Bernstein**
  jbernstein@labaton.com

I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

**Michael J. Vanoverbeke**
**Thomas C. Michaud**
VANOVERBEKE MICHAUD & TIMMONY
79 Alfred Street
Detroit, MI 48201

_____
Thomas V. Flaherty (WV Bar #1213)
Flaherty Sensabaugh Bonasso PLLC
P. O. Box 3843
Charleston, WV 25338-3843

11