UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

| | | |
|---|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | ) ) ) | Civil Action No. 5:10-cv-00689 |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | The Honorable Irene C. Berger |
| ALL ACTIONS | ) ) ) | Jury Trial Demanded |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO STRIKE EXHIBITS B-H TO THE DECLARATION OF
JULIE A. NORTH IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION .................................................................................................................1

ARGUMENT ........................................................................................................................2

I.   Matters That Can Be Considered on a Motion to Dismiss ......................................................2

II.  Defendants' Attempt to Introduce Evidence at the Pleading Stage Is
     Improper and Such "Evidence" Should Not Be Considered...................................................5

     1.   Raw Data From the DRS in the Challenged Exhibits Is Extraneous to the
          Complaint and Not Integral to Any of Plaintiffs' Allegations.......................................7

     2.   The Challenged Exhibits Raise Disputed Facts and Are Submitted to
          Support a Fact-Based Defense ........................................................................8

     3.   Defendants' Request for Judicial Notice is Unsupported.............................................10

III. The Record Before the Court Is Not Sufficient to Enter  Summary Judgment
     on the Viability of the Truth on the Market Defense ..............................................................11

CONCLUSION.....................................................................................................................13

# **TABLE OF AUTHORITIES**

## **CASES**

Page(s)

*In re Apple Computer Securities Litigation*,
   886 F.2d 1109 (9th Cir. 1989)...................................................................2

*Brown v. Cabell County Board of Education*,
   No. 09-0279, 2009 WL 1470471 (S.D. W.Va. May 22, 2009)................................10

*CACI International v. St. Paul Fire & Marine Insurance Co.*,
   566 F.3d 150 (4th Cir. 2009)...............................................................3, 7

*Camastro v. City of Wheeling*,
   49 F. Supp. 2d 500 (N.D. W.Va. 1998) ......................................................4

*In re Century Business Services Security Litigation*,
   No. 99-CV-02200, 2002 WL 32254513 (N.D. Ohio June 27, 2002) ........................3

*E.I. du Pont de Nemours & Co. v. Kolon Industries*,
   637 F.3d 435 (4th Cir. 2011)...............................................................12

*In re FirstEnergy Corp. Securities Litigation*,
   316 F. Supp. 2d 581 (N.D. Ohio 2004) ....................................................7

*Gay v. Wall*,
   761 F.2d 175 (4th Cir. 1985)...............................................................12

*In re Greene*,
   No. 06-33611-KRH,  2007 WL 1309047 (Bkrtcy E.D. Va. May 3, 2007).............11

*Guerra v. Teradyne Inc.*,
   No. 01-11789-NG, 2004 WL 1467069 (D. Mass. Jan. 16, 2004).........................9, 10

*Hall v. Commonwealth of Virginia*,
   385 F.3d 421 (4th Cir. 2004)............................................................. 10-11

*Hennessy v. Penril Datacomm Networks*,
   69 F.3d 1344 (7th Cir. 1995)...............................................................4

*Hirata Corp. v. J.B. Oxford & Co.*,
   193 F.R.D. 589 (S.D. Ind. 2000)...........................................................3

*Jeffress v. Reno*,
   989 F.2d 493 (4th Cir. 1993)...............................................................10

*Kusler Masonry, Inc. v. Travelers Casualty & Surety Company of America*,
   No. 09-CV-82, 2009 WL 5067453 (N.D. W.Va. Dec. 16, 2009)...............................7

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001)..................................................................................... 3-4

*Moore v. Wells Fargo Bank, N.A.*,
    597 F. Supp. 2d 612 (E.D. Va. 2009) ...........................................................................9

*Muffley v. Massey Energy Co.*,
    No. 08-cv-00073, 2008 WL 4103881 (S.D. W.Va. Aug. 29, 2008) ...........................11

*In re Network Equipment Technology, Inc. Litigation*,
    762 F. Supp. 1359 (N.D. Cal. 1991) .............................................................................4

*Provenz v. Miller*,
    102 F.3d 1478 (9th Cir. 1996)......................................................................................12

*Raab v. General Physics Corp.*,
    4 F.3d 286 (4th Cir. 1993) .............................................................................................2

*In re Royal Ahold N.V. Securities & ERISA Litigation*,
    351 F. Supp. 2d 334 (D. Md. 2004) ...............................................................................3

*Secretary of State for Defense v. Trimble Navigation Ltd.*,
    484 F.3d 700 (4th Cir. 2007)..........................................................................................3

*Smith v. EVB*,
    No. 09-CV-554, 2010 WL 2653655 (E.D. Va. June 30, 2010) ......................................2

*In re Stellent, Inc., Securities Litigation*,
    326 F. Supp. 2d 970 (D. Minn. 2004) ..........................................................................12

*U.S. v. Bonds*,
    12 F.3d 540 (6th Cir. 1993)......................................................................................7, 10

*U.S. v. Foreman*,
    369 F.3d 776 (4th Cir. 2004)..........................................................................................3

*U.S. v. Husein*,
    478 F.3d 318 (6th Cir. 2007)..................................................................................6-7, 10

*Western Refining Yorktown, Inc. v. BP Corp. North America*,
    618 F. Supp. 2d 513 (E.D. Va. 2009).............................................................................9

*Winchester Homes, Inc. v. Osmose Wood Preserving, Inc.*,
    37 F.3d 1053 (4th Cir. 1994).......................................................................................11

## STATUTES

Fed. R. Civ. P. 12(d) ...........................................................................................................3, 12

## INTRODUCTION

Lead Plaintiff Commonwealth of Massachusetts Pension Reserves Investment Trust ("Massachusetts PRIT") and Plaintiff David Wagner, on behalf of the Class (collectively, "Plaintiffs"), respectfully submit this memorandum pursuant to Rules 12(d) and 12(f) of the Federal Rules of Civil Procedure in support of Plaintiffs' motion to strike Exhibits B, C, D, E, F, G, and H to the Declaration of Julie A. North (collectively, the "Challenged Exhibits").  The Challenged Exhibits were proffered in support of the motion to dismiss filed by Defendants Massey Energy Company ("Massey" or the "Company") and Director Defendants Dan R. Moore, E. Gordon Gee, Richard M. Gabrys, James B. Crawford, Robert H. Foglesong, Stanley C. Suboleski, and Lady Barbara Thomas Judge ("Massey Brief"); and were adopted in the motion to dismiss filed by Defendants Don L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert, and J. Christopher Adkins ("Officer Defendants' Brief," together with the Massey Brief, "Motions to Dismiss").[1]

Plaintiffs object to judicial notice of the Challenged Exhibits because they are not referenced in or annexed to Plaintiffs' Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"),[2] and taking judicial notice of them for the purpose that Defendants advocate is improper.  One of the prerequisites for judicial notice of a fact is indisputability.  Here, however, Defendants' Motions to Dismiss make numerous contested factual assertions as to the significance and meaning of the contents of the Challenged Exhibits, all in support of an affirmative defense—"truth on the market."

In particular, Defendants seek to have this Court assume that a sufficient number of investors in Massey stock, with enough holdings to have affected the price of those securities: (1)

---

[1] *See* Massey Br. at 1, 8; Officer Defendants' Br. at 1, 9.

[2] Citations to "¶ ___" herein refer to paragraphs of the Complaint.

could have easily aggregated and manipulated the raw data in the Challenged Exhibits, taken from a database available through the website of the U.S. Mine Safety and Health Administration ("MSHA"); and (2) such investors actually went on MSHA's website and performed those calculations during the Class Period such that the statistical information alleged in the Complaint entered the market for Massey securities with enough "intensity" and "credibility" to counter Defendants' misrepresentations. *See In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1116 (9th Cir. 1989) (to establish truth on the market defense, "material information which insiders fail to disclose must be transmitted to the public with a degree of intensity and credibility sufficient to effectively counter-balance any misleading impression created by the insiders' one-sided representations.") (cited by *Raab v. Gen. Physics Corp.*, 4 F.3d 286, 289 (4th Cir. 1993)). Such factual challenges to the Complaint, which can only be resolved after discovery, including of experts, and a full evidentiary record, have no bearing on the legal sufficiency of allegations under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").

For these and other reasons discussed below, Plaintiffs respectfully request that this Court strike the Challenged Exhibits.[3]

## <u>ARGUMENT</u>

### I.     Matters That Can Be Considered on a Motion to Dismiss

"Normally, a court may not consider documents submitted outside the complaint in ruling on a motion to dismiss, unless the court converts the motion into one for summary judgment." *Smith v. EVB*, No. 3:09-CV-554, 2010 WL 2653655, at *1 (E.D. Va. June 30, 2010) (citing *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006)). Indeed, a Rule 12(b)(6) motion ***must*** be treated as a motion for summary judgment under Federal Rule of Civil

---

[3] As set forth in Plaintiffs' Motion to Strike, Plaintiffs have respectfully requested that this Memorandum in Support of Plaintiffs' Motion to Strike be heard in conjunction with Plaintiffs' Opposition to the Motions to Dismiss ("Plaintiffs' Opposition"), filed concurrently herewith.

Procedure 56(c) where "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). Thus, while the Fourth Circuit has held that certain documents attached to a defendant's motion to dismiss may be considered on that motion, *see*, *e.g.*, *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007), that exception is limited to circumstances (unlike here) in which: (1) the plaintiff "selectively quot[es] documents in the complaint without providing their full context;" and (2) the defendant presents the documents in "their entirety." *CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 156 (4th Cir. 2009) ("*CACI Int'l*").[4] This is because, "importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334, 349 (D. Md. 2004) (citing *Edwards v. City of Goldsboro*, 178 F. 3d 231, 243 (4th Cir. 1999). In short, courts need to be "diligent in policing the line between those documents included as part of the pleadings and those that constitute evidence [which] while presumably admissible and relevant at trial, nonetheless are not properly considered on a motion to dismiss." *Hirata Corp. v. J.B. Oxford & Co.*, 193 F.R.D. 589, 593 (S.D. Ind. 2000).

This principle is consistent with Federal Rule of Evidence 201 ("Rule 201"), which permits a court to take judicial notice of only facts that are "not subject to reasonable dispute" and that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It is thus axiomatic that a document fails to meet the tenets of Rule 201 necessary for judicial notice where a fact is in dispute, *see U.S. v. Foreman*, 369 F.3d 776, 786 n.9 (4th Cir. 2004) (citing Rule 201), as is the case here. *See also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial

---

[4] *See also In re Century Bus. Servs. Sec. Litig.*, No. 1:99-CV-02200, 2002 WL 32254513 at *23 (N.D. Ohio June 27, 2002) (refusing to consider Form S-4 since it was neither quoted nor referenced in complaint nor integral to any statement made in complaint).

notice of 'matters of public record,' such as the existence of a waiver of extradition, without converting a motion to dismiss into a motion for summary judgment.  But a court may not take judicial notice of a fact that is 'subject to reasonable dispute,' such as whether the waiver was voluntarily and knowingly made") (internal citations omitted); *In re Network Equip. Tech., Inc. Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991) ("Court[s] should not use judicial notice to generate an evidentiary record and then weigh evidence—which plaintiffs have not had the opportunity to challenge—to dismiss plaintiffs complaint.").

     For example, in *Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344 (7th Cir. 1995), the Seventh Circuit held that, on the issue of the size of a defendant company for purposes of assessing punitive damages, it would be improper to take judicial notice of a company's Form 10-K report stating that it had 398 employees.  The reason was that the report covered the entire company, including parts not involved in the suit, and, as such, "there was considerable argument over the significance of the 10-K form."  The court concluded that, "the fact in question here was not capable of accurate and ready determination by resort to the 10-K," and thus not subject to judicial notice.  *Id.* at 1354-55.[5]

     Therefore, a critical factor in determining whether the raw data in the Challenged Exhibits can be judicially noticed is the purpose for which it is submitted.

---

[5] *See also Camastro v. City of Wheeling*, 49 F. Supp. 2d 500, 502 (N.D. W.Va. 1998) ("[t]he purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief.  It is not a procedure for resolving a contest about the facts or merits of the case.  The court considering such a motion must limit its review to the four corners of the complaint to determine if the plaintiff has stated a claim under the applicable law.") (internal citations omitted).

## II.     Defendants' Attempt to Introduce Evidence at the Pleading
##          Stage Is Improper and Such "Evidence" Should Not Be Considered

Defendants contend the Complaint fails to allege facts supporting elements of Plaintiffs'

securities fraud claims.  But in so doing, they improperly substitute their own factual claims to

counter Plaintiffs' particularized allegations and statistics.  Massey Br. at 8-9.

Defendants proffer the Challenged Exhibits to dispute the Complaint's allegations that

they made false and/or misleading statements about Massey's worse than national industry

average safety record and pattern of regulatory non-compliance during the Class Period.  Massey

Br. at 8.  Defendants argue that a "complete and detailed account of Massey's safety and

compliance record was available to the market (and Plaintiffs) … in an online database," and

thus Plaintiffs' allegations are not actionable.  *Id.*  The database referred to in the Motions to

Dismiss and relied upon in the Challenged Exhibits is the Mine Data Retrieval System ("DRS")

available through MSHA's website.  *Id.*  The following table provides a summary description of

the Challenged Exhibits from the DRS:

| <u>Challenged Exhibit</u> | <u>Exhibit Description</u> |
|---|---|
| Exhibit B | Screen-shot of the DRS home page. |
| Exhibit C | Screen-shot of a "Report Selection Page" from the DRS. |
| Exhibit D | Screen-shot of a DRS "instruction page" to generate a "History of Previous Violations report." |
| Exhibit E | Printout of a purported "History of Previous Violations report" for the Upper Big Branch mine ("UBB"), generated from the DRS for the period from 4/28/09-7/27/10. |

| **Challenged Exhibit** | **Exhibit Description** |
|---|---|
| Exhibit F | Printout of a purported "Mine Citations, Orders, and Safeguards report" for UBB, generated from the DRS for the period from 2/1/08-7/27/10. |
| Exhibit G | Printout of a purported "Mine Overview report" for UBB, generated from the DRS. |
| Exhibit H | Printout of a purported "Mine Accidents report" for UBB, generated from the DRS for the period from 2/1/08-7/27/10. |

Defendants contend that these select pages concerning UBB appearing on the MSHA website alone sufficiently establish that the market for Massey securities knew the Company systemically disregarded basic mine safety practices and violated safety regulations at a worse than national industry average rate.  On that basis, they seek judicial notice of the import and significance of the Challenged Exhibits' contents.  Plaintiffs dispute that the raw data in the DRS was accessed by a sufficient number of investors and aggregated and analyzed by those investors such that the contents were properly understood in a manner consistent with Plaintiffs' allegations of what was concealed from the market.

Of significance, Defendants do not submit the Challenged Exhibits to establish the existence of the DRS, which Plaintiffs do not deny, but, rather, the significance of their contents, which Plaintiffs do dispute, as discussed below.  The Court should thus strike the Challenged Exhibits and deny any request for judicial notice.  *See U.S. v. Husein*, 478 F.3d 318, 337 (6th Cir. 2007) ("Even if we were to assume that the parties do not dispute the existence of the relevant

driver's license records on "westlaw.com"—by no means a safe assumption—certainly 'there is considerable dispute over the significance of [their] contents.'") (citations omitted).[6]

### 1.   Raw Data From the DRS in the Challenged Exhibits Is Extraneous to the Complaint and Not Integral to Any of Plaintiffs' Allegations

First, Defendants do not challenge the statistical comparisons in the Complaint, or contend that the statistics were presented out of context such that the Court requires a complete exhibit to make them accurate. *See CACI Int'l*, 566 F.3d at 156. Second, Plaintiffs' allegations do not mention or in any way rely on the raw data from the DRS in the Challenged Exhibits. The safety statistics detailed in ¶¶ 124-30 were expressly compiled from thousands of data entries extracted from MSHA's "Open Government Data Sets"—which was created after the Class Period—not from the DRS. ¶ 121. Accordingly, the Challenged Exhibits may not be considered based on a claim that they were referred to in the Complaint. *Id.*; *Kusler Masonry, Inc. v. Travelers Cas. & Sur. Co. of America*, No. 2:09-CV-82, 2009 WL 5067453, at *4 (N.D. W. Va. Dec. 16, 2009) ("Therefore, to the extent that [defendants'] Motion to Dismiss is based upon the Release, an exhibit attached to [defendants'] Answer [but not relied on by the complaint], … the Court must either convert the motion [to one for summary judgment] or exclude [the] exhibit[].").

Further, the raw data in the Challenged Exhibits is not integral to any of the Complaint's allegations. Whatever the Challenged Exhibits intend to convey does not equate to—nor does it even purport to replicate—the nationwide and Company-wide comparative, normalized statistics

---

[6]   *See also U.S. v. Bonds*, 12 F.3d 540, 553 (6th Cir. 1993) (declining to take judicial notice of a National Research Committee Report where "there [was] considerable dispute over the significance of its contents"); *In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 592 (N.D. Ohio 2004) ("When considering public documents in the context of a motion to dismiss, however, the Court may not accept the document to decide facts that are in dispute.").

in the Complaint.  ¶¶ 124-30.  The safety statistics detailed in the Complaint provide normalized[7] safety statistics relating to all of Massey's Large underground and surface mines,[8] as measured by Significant and Substantial ("S&S") regulatory violations and Elevated Enforcement Actions ("EEAs"),[9] and as compared to all such Large coal producing mines across the nation.[10]  The Challenged Exhibits, on the other hand, contain only certain raw data relating to UBB.  Anyone seeking to determine the safety record of Massey compared to other mining companies (which is the crux of the Complaint's statistical allegations) would need to access data for all of the Company's mines and for all similar mines nation-wide, and then perform a complex analysis as was done for the Complaint.  As such, the completeness and utility of Defendants' "evidence" is at issue.

### 2. The Challenged Exhibits Raise Disputed Facts and Are Submitted to Support a Fact-Based Defense

The only possible reason Defendants attach the Challenged Exhibits to the North Declaration is to challenge Plaintiffs' allegation that "the raw data [on MSHA's website] does not lend itself to easy interpretation or analysis to provide the statistical comparisons alleged," ¶ 121, and to further challenge related allegations that the market for Massey stock was, in fact, unaware of the information reflected in those statistical comparisons.  *See* ¶¶ 124-30, 204, 211,

---

[7] That is, ¶¶ 124-30 describe "the national average of [EEAs] per 1,000 inspection hours" and the "percent of S&S violations," not simply the raw number of EEAs or raw number of S&S violations that Massey received.

[8] The term "Large" mines refers to mines at which there are at least 100 employees.  This definition matches the classification used by MSHA to compare the safety performance of like mines.  ¶ 120 n.29.

[9] An S&S violation is one that is "reasonably likely to result in a reasonably serious injury or illness under the unique circumstance contributed to by the violations."  ¶ 111 (citing MSHA Fact Sheet 95-4).  MSHA inspectors determine whether a violation is S&S or not.  *Id.*  EEAs are prompted by violations of Sections 104(b), 104(d), and 107(a) of the Federal Mine Safety and Health Act of 1977.  When MSHA issues an EEA, sections of a mine are shut down entirely and production is stopped.  ¶ 114.

[10] For instance, Massey's Large coal mines performed worse than the national industry average of Large underground and surface coal mines in 2008 and 2009 as measured by percent of S&S violations and in terms of EEAs.  ¶¶ 123-130.

8

213, 215, 221, 229, 234, 240, 242, 248, 255, 258, 261, 264, 269, 272, 275, 284, 293, 297.  But the Challenged Exhibits, by themselves, cannot resolve those issues.

First, Plaintiffs contend that accessing the requisite data from either of MSHA's databases—particularly the outmoded, less "user friendly" DRS available during the Class Period,[11] and the source of the Challenged Exhibits—would be extremely complex and time-consuming.  To demonstrate this point, and to describe the type of evidence Plaintiffs would present on this issue to a trier of fact, Plaintiffs submit the expert Declaration of Professor R. Larry Grayson Ph.D., annexed as Exhibit B to the Bernstein Decl., filed concurrently herewith in support of Plaintiffs' Opposition.

Second, there is no basis to conclude that any significant number of investors or market analysts even accessed MSHA's website, which is not intended or otherwise advertised as a source of investment information or advice, let alone performed the necessary calculations after the raw data was purportedly retrieved.  The Court should thus strike the Challenged Exhibits because they will not assist in resolving the instant motions, and are relevant only (if at all) to Defendants' fact-based defense.[12]

The decision in *Guerra v. Teradyne Inc.*, No. 01-11789-NG, 2004 WL 1467069 (D. Mass. Jan. 16, 2004) is instructive.  In *Guerra*, the defendants sought judicial notice of a stock index to establish that certain stock price declines alleged to be the result of corrective

---

[11]  *See* Exhibit A annexed to the Declaration of Joel H. Bernstein ("Bernstein Decl."), MSHA Sept. 9, 2010 Press Release (OGDS designed after the Class Period to make information available in a "more user friendly fashion" than DRS); *see also* Plaintiffs' Opposition, Part I.B.1.

[12]  *See Moore v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 612, 616 (E.D. Va. 2009) ("Court rejects Defendant's invitation to 'take judicial notice' of the declining housing market in order to make a factual finding … as 'Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a complaint's factual allegations.'") (quotations omitted); *W. Refining Yorktown, Inc. v. BP Corp. N. America*, 618 F. Supp. 2d 513, 528 n. 18 (E.D. Va. 2009) ("unlike the Agreement that was clearly relied upon in the Complaint and was therefore properly attached to Defendants' motion to dismiss, the records relating to Western Refining are not relied upon in the Complaint.  Accordingly, the Court declines to consider such documents as they are directly pertinent to a **defense** to the Complaint, not the claims set forth therein.") (emphasis in original).

disclosures of fraud were instead attributable to macroeconomic conditions consistent with industry declines.  The court recognized that "in certain circumstances it may be appropriate for a court to take judicial notice of a stock index."  The court in *Guerra* further noted that "if the Complaint states a claim of fraud, [the defendant] might seek to defend itself by arguing that its stock decline was consistent with the industry, making the stock index relevant."  The court concluded that "[a]t the present stage of this case, however, such a fact-based defense is not relevant …. The motion to strike, therefore, is allowed."  *Id.* at *3.

Accordingly, given that the significance and meaning of the raw data in the Challenged Exhibits is subject to considerable dispute, the Court should strike and not take judicial notice of those exhibits.[13]

### 3.    Defendants' Request for Judicial Notice is Unsupported

Defendants failed to make a proper motion seeking judicial notice here.  They instead provide a single sentence in a footnote.  Massey Br. at 8 n.4.  They rely solely on *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004), for the proposition that the Court can take judicial notice of "statistics" from a government website—and say nothing more.  *Hall* lends no support for Defendants' informal request here.

In *Hall*, the court took judicial notice of a government statistic that provided a readily ascertainable item of information, the relevance of which to the motion at hand could not be disputed by the parties.[14]  Here, there remains considerable argument as to the significance of the

---

[13]  *See Brown v. Cabell Cnty. Bd. of Ed.*, No. 3:09-0279, 2009 WL 1470471, at *2 (S.D. W. Va. May 22, 2009) (declining to take judicial notice because "[a]ll of the evidence presented … is subject to reasonable dispute"); *Jeffress v. Reno*, 989 F.2d 493, at *1 (4th Cir. 1993) ("To the extent that Jeffress requests this Court to take judicial notice of court documents, we grant the motions for judicial notice; however, we decline to adopt the factual assertions [based upon those documents] proffered by Jeffress."); *see also U.S. v. Husein*, 478 F.3d at 337; *U.S. v. Bonds*, 12 F.3d at 553.

[14]  At issue in *Hall* was whether, under Section 2 of the Voting Rights Act of 1965, minority plaintiffs, who were not sufficiently numerous to form a voting majority in any single-member district in Virginia, could nevertheless claim that a legislative redistricting plan denied minority voters an equal opportunity to elect candidates

contents of Challenged Exhibits that Defendants proffer[15]—raw data about regulatory violations

at UBB alone—disaggregated, not normalized, and without any basis for comparison.[16]

## III.   The Record Before the Court Is Not Sufficient to Enter Summary Judgment on the Viability of the Truth on the Market Defense

Federal Rule of Civil Procedure 12(d) is unequivocal:  "If, on a motion under Rule

12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion

must be treated as one for summary judgment under Rule 56."  *See also Winchester Homes v.*

*Osmose Wood Preserving*, 37 F.3d 1053, 1054 (4th Cir. 1994) ("some of the facts of this case

considered by the district court revolve around materials outside the pleadings in the district

court …. And, although many of them are subject to judicial notice, the defendants' motion to

dismiss should have been converted to a motion for summary judgment, pursuant to Fed. R. Civ.

P. 12(b)") (citing *Wilson-Cook Med., Inc. v. Wilson*, 942 F.2d 247, 251 (4th Cir. 1991)).

"Conversion of a motion to dismiss for failure to state a claim upon which relief can be

granted into one for summary judgment is not appropriate where the parties have not had an

---

of their choice.  The complaint in *Hall* provided only the total population statistics for the relevant congressional districts, without the voting-age population statistics necessary to inform the underlying dispute.  Because voting-age population statistics were necessary to resolve the threshold statutory issue, and because such statistics were readily available on the official redistricting website of the Virginia Division of Legislative Services, the *Hall* court took judicial notice of the voting-age population information in reviewing dismissal of the complaint under Rule 12(b)(6).

[15] *See In re Greene*, Bkrtcy. No. 06–33611–KRH, 2007 WL 1309047, at *7 n.11 (Bkrtcy. E.D. Va. May 3, 2007) (looking to "context" of submission before determining whether documents were judicially noticeable); *Muffley v. Massey Energy Co.*, No. 2:08-cv-00073, 2008 WL 4103881, at *4 (S.D. W.Va. Aug. 29, 2008) (considering context when determining whether judicial notice was appropriate).

[16] One of the two tables in Challenged Exhibit G provides national rates of fatality and NFDL against which UBB data (not Company-wide data) may be compared.  With regard to NFDL rates, however, Exhibit G provides even less information (as it applies only to UBB) than was disclosed by Massey during the Class Period, and which the Plaintiffs allege was materially insufficient to not render misleading Massey's statements as to its safety and compliance record.  The other national comparator provided in Exhibit G refers to "Mine Type Fatal Incident Rates."  Again, all that is provided are the rates for UBB, when anyone seeking an understanding as to Massey's comparative safety, before the Explosion, would need to access that information as to all of Massey's mines.  Moreover, as explained in the accompanying Declaration of Professor Grayson, there is no definition for "Mine Type," and therefore it is unknown whether the figures depict a fatality comparison of Massey's Large underground mines, or just underground longwall mines, or some other comparator group of mines against the national fatality rate, further complicating the necessary calculations.

opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 438 (4th Cir. 2011); *see also* Fed. R. Civ. P. 12(d) (where Rule 12 motion is converted to one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion"); *Gay v. Wall*, 761 F.2d 175, 178 (4th Cir. 1985) ("Because Gay was not afforded an opportunity for reasonable discovery, the district court's treatment of the motion to dismiss as a motion for summary judgment was an abuse of discretion."). Here, the truth on the market defense raises complex factual issues that cannot be resolved without further discovery. Plaintiffs' Opposition at I.B.1; *see*, *e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1492-93 (9th Cir. 1996) (truth on the market defense requires an "intensively fact-specific" inquiry that is not susceptible to resolution on the pleadings); *In re Stellent, Inc, Sec. Litig.*, 326 F. Supp. 2d 970, 985-86 (D. Minn. 2004) (establishing truth on the market "is a notoriously difficult burden to carry short of trial"). Accordingly, conversion of the motion to one for summary judgment so as to decide the issue on the present record before the Court would be improper. Instead, the Challenged Exhibits, which can ***only*** be considered if the motion is decided under Rule 56, should be stricken.

Even if the Court were to convert any or all of the motions to dismiss into motions for summary judgment and permit discovery so as to consider the Challenged Exhibits, this case should still not be dismissed on the evidence before the Court. The Challenged Exhibits at most raise issues of disputed fact that are material to the truth on the market defense. Plaintiffs' Opposition at Part I.B.1. The Challenged Exhibits do not, as a matter of law, immunize Defendants from their misconduct. If Defendants ultimately attempt to rely upon DRS data at the summary judgment or trial stages, Plaintiffs will submit evidence, including expert testimony such as that contained in Professor Grayson's Declaration, which will demonstrate the existence

12

of disputed issues of fact that are material to the determination of the truth on the market defense.[17]   These disputes go well beyond the simplistic, formulaic approach in Defendants' Motions to Dismiss, which assumes that the only issue for determination is whether the DRS data was available to the market.   In addition to demonstrating that the information alleged to have been concealed was not credibly communicated to the market (as in Professor Grayson's Declaration), Plaintiffs will seek discovery necessary to prove their allegations that the DRS data was incomplete, and therefore insufficient to advise investors of the truth even if the such data had been communicated to, and appropriately aggregated and configured by, the market. *See* ¶¶ 19-25, 159-72 (alleging that, throughout the Class Period, Massey used deceptive and unlawful tactics to stymie MSHA's safety inspectors to prevent the full extent of dangerous conditions and regulatory violations at Massey mines from being discovered).   Hence, whether considered now or in the future, the DRS data on its own will not suffice to establish the truth on the market defense.   The Challenged Exhibits should therefore not be prematurely considered at this juncture, and this Motion to Strike should be granted.

## **<u>CONCLUSION</u>**

For all of the foregoing reasons, the Challenged Exhibits should be stricken from the record.

---

[17]   Were the Court to notify the parties of its intent to treat Defendants' Rule 12(b)(6) motion as one for summary judgment, Plaintiffs would immediately file a motion under Fed. R. Civ. P. 12(d) and 56(d) to defer ruling on the motion pending discovery of facts essential to Plaintiffs' opposition to that motion.

DATED:  June 9, 2011

   _/s/ Joel H. Bernstein_____
JOEL H. BERNSTEIN


**ROBBINS GELLER RUDMAN**
  **& DOWD LLP**
PAUL J. GELLER
JACK REISE
DENNIS J. HERMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  (561) 750-3000
Facsimile: (561) 750-3364

*Counsel for Plaintiff David Wagner*
*and Co-Lead Counsel for the Class*

**LABATON SUCHAROW LLP**
JOEL H. BERNSTEIN
CHRISTOPHER J. KELLER
IRA A. SCHOCHET
STEFANIE J. SUNDEL
FELICIA Y. MANN
140 Broadway
New York, NY  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Lead Plaintiff Commonwealth of*
*Massachusetts Pension Reserves Investment*
*Trust and Co-Lead Counsel for the Class*


**JOHN F. DASCOLI, PLLC**
JOHN F. DASCOLI (SBID #6303)
2442 Kanawha Boulevard, East
Charleston, WV  25311
Telephone: (304) 720-8684
Facsimile: (304) 342-3651

*Attorneys for Plaintiffs*

**JAMES F. HUMPHREYS**
  **& ASSOCIATES L.C.**
SAMUEL D. ELSWICK
JAMES A. MCKOWEN
United Center, Suite 800
500 Virginia Street East
Charleston, WV  25301
Telephone: (304) 347-5050
Facsimile: (304) 347-5055

*Liaison Counsel for Lead Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

- **Jonathan L. Anderson**
  jlanderson@jacksonkelly.com

- **Stephen L. Brodsky**
  sbrodsky@zsz.com

- **John F. Dascoli**
  johnfdascoli@hotmail.com, Pamdc519@aol.com

- **Samuel D. Elswick**
  selswick@jfhumphreys.com, rbell@jfhumphreys.com

- **A. L. Emch**
  aemch@jacksonkelly.com, sra@jacksonkelly.com, jcrawford@jacksonkelly.com

- **Thomas V. Flaherty**
  tflaherty@fsblaw.com, cmontague@fsblaw.com

- **Paul Jeffrey Geller**
  pgeller@rgrdlaw.com

- **Stuart W. Gold**
  sgold@cravath.com

- **Tammy R. Harvey**
  tharvey@fsblaw.com, cmontague@fsblaw.com

- **Dennis J. Herman**
  DennisH@rgrdlaw.com

- **Laurie L. Largent**
  LLargent@rgrdlaw.com, triciam@rgrdlaw.com

- **J. Burton LeBlanc**
  bleblanc@baronbudd.com

- **James A. McKowen**
  Jmckowen@jfhumphreys.com, Dhoffman@jfhumphreys.com, Dmilhoan@jfhumphreys.com

- **Julie A. North**
  jnorth@cravath.com

- **Bradley J. Pyles**
  brad.pyles@cphtlogan.com, bjpyles@suddenlink.net

- **Jack Reise**
  jreise@rgrdlaw.com, pgeller@rgrdlaw.com

- **Darren J. Robbins**
  e_file_d@csgrr.com

- **Ronald S. Rolfe**
  rrolfe@cravath.com, managing_attorneys_office@cravath.com,
  sthompson@cravath.com

- **Mazin Sbaiti**
  msbaiti@baronbudd.com

- **Robert S. Schachter**
  rschachter@zsz.com

- **David C. Walton**
  davew@rgrdlaw.com

- **Christopher M. Wood**
  CWood@rgrdlaw.com

DATED:  June 9, 2011                   */s/ Joel H. Bernstein*
                                       JOEL H. BERNSTEIN
                                       **LABATON SUCHAROW LLP**
                                       140 Broadway
                                       New York, New York  10005
                                       Telephone: (212) 907-0700
                                       Facsimile: (212) 818-0477
                                       jbernstein@labaton.com