UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | |
|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 5:10-cv-00689-ICB <br><br> CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS. | ) ) ) ) ) | The Honorable Irene C. Berger |

**REQUEST FOR JUDICIAL NOTICE IN FURTHER SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

In moving to dismiss this action, Defendants Massey Energy Company ("Massey" or the "Company"), James B. Crawford, E. Gordon Gee, Robert H. Foglesong, Richard M. Gabrys, Lady Barbara Thomas Judge, Dan R. Moore, Stanley C. Suboleski, Don L. Blankenship ("Blankenship"), Baxter F. Phillips, Jr., Eric B. Tolbert, and J. Christopher Adkins (collectively, "Defendants") argued that Plaintiffs[1] have failed to identify an actionable misstatement or omission because the market was otherwise accurately informed about Massey's safety record by the Mine Data Retrieval System available through the website of the United States Mine Safety and Health Administration ("MSHA"). See Dkt. No. 97 at 2, 7-10. Specifically, Defendants argued in their motions to dismiss filed on April 25, 2011:

> Plaintiffs' allegations that Defendants' failure to disclose the extent and nature of Massey's regulatory violations are likewise not actionable. A complete and detailed account of Massey's safety and compliance record was available to the market (and Plaintiffs) throughout the entire Class period through MSHA, Massey's federal regulator. MSHA records each and every violation of federal mine safety regulations in an online database, which is publicly accessible through MSHA's website. See www.msha.gov. Through this website, the market (and Plaintiffs) can obtain – and could have obtained throughout the Class Period – statistics and information regarding "accidents", "inspections" and violations", for each of Massey's mines, by mine or mine operator, using the website's Mine Data Retrieval System.

Dkt. No. 97 at 8 (internal footnote omitted).[2] Then, Defendants vigorously disputed Plaintiffs' position that the information available through MSHA's website "does not lend itself to easy interpretation or analysis," Dkt. No. 97 at 8-9, contending as follows:

> Massey was covered and traded by highly-skilled market professionals at some of the most sophisticated brokerage firms in the world (CAC ¶

---

[1] "Plaintiffs" refers collectively to Lead Plaintiff Commonwealth of Massachusetts Pension Reserves Investment Trust and Plaintiff David Wagner.

[2] Defendant Blankenship adopted and incorporated by reference this and other arguments asserted by Massey in his motion to dismiss. Dkt. No. 95 at 1.

> 378(e)), who, like Plaintiffs, had access to public data about Massey's regulatory violations. That Plaintiffs themselves find the data difficult to interpret is of no consequence, and ironically, Plaintiffs, or perhaps their lawyers, apparently are now able to make sense of the public data for the purposes of their Complaint. If they can make sense of it now, they could have made sense of it throughout the Class Period as well.

*Id*. at 9.

Plaintiffs substantively responded to Defendants' arguments on this point in their opposition to the motions to dismiss. *See* Dkt. No. 103 at 10-15. Since Plaintiffs' opposition was filed on June 9, 2011, Plaintiffs were able to obtain from a public source a copy of the transcript of Defendant Blankenship's deposition taken on May 12, 2011 in the derivative action relating to Massey in the Delaware Court of Chancery, styled *In re: Massey Energy Co. Derivative and Class Action Litigation*, No. 5430-VCS ("Delaware Derivative Action"). In his deposition, Blankenship testified under oath that even he, as Massey's CEO from November 2000 until December 2010, "couldn't find out on the MSHA web site how many violations you actually had outstanding, how many had been appealed or anything. So the MSHA website was a disaster." Blankenship Dep. at 116:13-18, attached hereto in its entirety as **Exhibit A**.[3] Because Defendant Blankenship's testimony in the Delaware Derivative Action directly contradicts his, Massey's, and the other Defendants' "truth on the market" argument in favor of dismissal of this action with respect to the usefulness of the MSHA website and its ability to fully inform the market of Massey's true safety record, Plaintiffs respectfully request that the Court take judicial notice of Defendant Blankenship's testimony in that adversarial proceeding.[4]

---

[3] While the copy of the transcript that Plaintiffs were able to obtain had some redactions in it, there were no redactions in the entirety of the relevant line of questioning.

[4] Additionally, the doctrine of judicial estoppel should preclude Defendants from asserting this contradictory position in this case. *See Watkins v. Wells Fargo Bank*, No. 3:10-1004, 2011 WL 777895, at *13 (S.D. W.Va. Feb. 28, 2011) ("Judicial estoppel precludes a party

A. **The Court Should Take Judicial Notice of Defendant Blankenship's Prior Testimony**

The Federal Rules of Evidence permit the court to take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Courts may take judicial notice at a party's request or *sua sponte*. If, however, a party requests a court to take judicial notice, and provides the necessary information, then the court is required to do so." *Serian v. Penguin Grp. (USA), Inc.*, No. 1:08-cv-74, 2009 WL 2225412, at *5 (N.D. W.Va. July 23, 2009) (internal citations omitted). Importantly, "[j]udicial notice may be taken at any stage of the proceeding. The Supreme Court of the United States has noted that courts may take judicial notice of items in the public record, even when considering a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Id*. (internal citations and quotations omitted).

It is well-settled that federal courts take judicial notice of proceedings in other courts of record. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (internal quotations and citations omitted); *Mack v. Leibert*, No. 7:10-2372-DCN-BM, 2010 WL 5644807, at *1 n.1 (D.S.C. Oct. 22, 2010) ("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the

---

from adopting a position that is inconsistent with a stance taken in prior litigation. The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process.") (citation omitted).

federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations omitted).

Here, Plaintiffs seek judicial notice of Defendant Blankenship's sworn testimony taken and filed in connection with the Delaware Derivative Action. Plaintiffs do not seek judicial notice of Blankenship's testimony for purposes of establishing the truth thereof, but rather of the fact that Blankenship, under oath, described the information available on MSHA's web site in starkly different terms (which he believed to be true) than in his, and the other Defendants' arguments to the Court on the pending motions to dismiss. Accordingly, judicial notice of Blankenship's deposition transcript, which directly confronts one of the central arguments advanced by Defendants in their motions to dismiss this action, is proper. *See Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, No. 6:07-cv-222-Orl-35KRS, 2008 WL 4826115, at \*1-\*2 (M.D. Fla. Nov. 3, 2008) (providing notice of intent to take judicial notice of, *inter alia*, deposition transcript in separate litigation where "sworn statements or testimony, or other documents available in public records [] bear upon the present motions" before the Court.").

DATED: June 27, 2011

       /s/ *Joel H. Bernstein*
JOEL H. BERNSTEIN

**LABATON SUCHAROW LLP**
JOEL H. BERNSTEIN
CHRISTOPHER J. KELLER
IRA A. SCHOCHET
STEFANIE J. SUNDEL
FELICIA Y. MANN
140 Broadway, 34th Floor
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)

*Counsel for Lead Plaintiff Commonwealth of Massachusetts Pension Reserves Investment Trust and Co-Lead Counsel for the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
PAUL J. GELLER
JACK REISE
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

**ROBBINS GELLER RUDMAN & DOWD LLP**
DENNIS J. HERMAN
CHRISTOPHER M. WOOD
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94101
Telephone: 415/288-4545
415/288-4534 (fax)

*Attorneys for Plaintiff David Wagner and Co-Lead Counsel for the Class*

**JAMES F. HUMPHREYS & ASSOCIATES L.C.**
SAMUEL D. ELSWICK
JAMES A. MCKOWEN

United Center, Suite 800
500 Virginia Street East
Charleston, WV 25301
Telephone: 304/347-5050
304/347-5055 (fax)

*Liaison Counsel for Lead Plaintiff
Commonwealth of Massachusetts
Pension Reserves Investment Trust and the Class*


**JOHN F. DASCOLI, PLLC**
JOHN F. DASCOLI (SBID #6303)
2442 Kanawha Boulevard, East
Charleston, WV 25311
Telephone: 304/720-8684
304/342-3651 (fax)

*Local Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

- **Jonathan L. Anderson**
  jlanderson@jacksonkelly.com

- **Stephen L. Brodsky**
  sbrodsky@zsz.com

- **John F. Dascoli**
  johnfdascoli@hotmail.com, Pamdc519@aol.com

- **Samuel D. Elswick**
  selswick@jfhumphreys.com, rbell@jfhumphreys.com

- **A. L. Emch**
  aemch@jacksonkelly.com, sra@jacksonkelly.com, jcrawford@jacksonkelly.com

- **Thomas V. Flaherty**
  tflaherty@fsblaw.com, cmontague@fsblaw.com

- **Paul Jeffrey Geller**
  pgeller@rgrdlaw.com

- **Stuart W. Gold**
  sgold@cravath.com

- **Tammy R. Harvey**
  tharvey@fsblaw.com, cmontague@fsblaw.com

- **Dennis J. Herman**
  DennisH@rgrdlaw.com

- **Laurie L. Largent**
  LLargent@rgrdlaw.com, triciam@rgrdlaw.com

- **J. Burton LeBlanc**
  bleblanc@baronbudd.com

- **James A. McKowen**
  Jmckowen@jfhumphreys.com, Dhoffman@jfhumphreys.com, Dmilhoan@jfhumphreys.com

- **Julie A. North**
  jnorth@cravath.com

- **Bradley J. Pyles**
  brad.pyles@cphtlogan.com, bjpyles@suddenlink.net

- **Jack Reise**
  jreise@rgrdlaw.com, pgeller@rgrdlaw.com

- **Darren J. Robbins**
  e_file_d@csgrr.com

- **Ronald S. Rolfe**
  rrolfe@cravath.com, managing_attorneys_office@cravath.com, sthompson@cravath.com

- **Mazin Sbaiti**
  msbaiti@baronbudd.com

- **Robert S. Schachter**
  rschachter@zsz.com

- **David C. Walton**
  davew@rgrdlaw.com

- **Christopher M. Wood**
  CWood@rgrdlaw.com

DATED:  June 27, 2011            /s/ Joel H. Bernstein
                                 JOEL H. BERNSTEIN
                                 **LABATON SUCHAROW LLP**
                                 140 Broadway
                                 New York, New York  10005
                                 Telephone: (212) 907-0700
                                 Facsimile: (212) 818-0477
                                 jbernstein@labaton.com