UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

IN RE MASSEY ENERGY CO.  CIVIL ACTION NO. 5:10-cv-00689
SECURITIES LITIGATION

**REPLY MEMORANDUM OF DON L. BLANKENSHIP, BAXTER F. PHILLIPS, JR.,
ERIC B. TOLBERT AND J.CHRISTOPHER ADKINS'
IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Don L. Blankenship, Baxter Phillips, Jr., H. Eric B. Tolbert, and J. Christopher Adkins (collectively, the "Former Officer Defendants"), by counsel, respectfully submit this Reply Memorandum in Support of their Motion to Dismiss the Consolidated Amended Complaint ("Complaint") filed by Lead Plaintiff Commonwealth of Massachusetts Pension Reserves Investment Trust and Plaintiff David Wagner (together, "Plaintiffs").

## I. PRELIMINARY STATEMENT:

The Former Officer Defendants adopt and incorporate by reference herein the preliminary statement and arguments set forth in the Reply Memorandum of the Former Outside Director Defendants[1] and Alpha Appalachia Holdings, Inc. in Support of Defendants' Joint Motion to Dismiss and write separately to underscore certain arguments raised in the Reply Memorandum and to discuss their application to the Former Officer Defendants.

## II. ARGUMENT:

### PLAINTIFFS HAVE TO STATE A CLAIM FOR SECURITIES FRAUD UNDER SECTION 10(b) AND RULE 10b-5

As in their Complaint, Plaintiffs continue to throw many accusations up against the wall in their Memorandum in Response to Defendants' Motions to Dismiss in the hopes that some will stick. However, the PSLRA does not allow for such scattershot accusations. Each of the Defendants is entitled to know the particular details about the purported fraud claims made against him or her. If the Plaintiffs fail to plead any element of a securities fraud claim against each and every defendant, the claim must be dismissed as to each defendant for whom the Plaintiffs' allegations fail to comply. *See e.g., Phillips v. LCI Int'l, Inc.,* 190 F.3d 609 (4th Cir. 1999); *Teachers' Ret. Sys. v. Hunter,* 477 F.3d 162 (4th Cir. 2007).

---

[1] The Former Outside Director Defendants are James B. Crawford, Robert H. Foglesong, Richard M. Gabrys, E. Gordon Gee, Lady Barbara Thomas Judge, Dan R. Moore and Stanley C. Suboleski.

1

In the instant case, as set forth in the Former Outside Directors' Reply Memorandum, Plaintiffs' Complaint fails as a matter of law for four independent reasons:

(1) The alleged misleading statements made by Massey about its safety and compliance record, even if presumed to be true, lack the requisite specificity to perpetrate a fraud on the market in light of the fact that accurate information about Massey's safety and compliance record was available to the market throughout the Class Period;[2]

(2) Plaintiffs have failed to plead scienter adequately;

(3) Plaintiffs have failed to plead facts that would entitle them to a presumption of reliance; and

(4) Plaintiffs have failed to state a coherent theory of loss causation.

The Former Officer Defendants adopt and incorporate the arguments set forth in the Former Outside Directors' Reply Memorandum as to each of the four independent reasons why Plaintiffs' Complaint must fail as a matter of law.  The Former Officer Defendants write separately to show that, in addition to failing to adequately plead scienter of the Former Outside Directors, Plaintiffs have also failed to adequately plead scienter of the Former Officer Defendants in order to satisfy the pleading requirements of the PSLRA.

Plaintiffs can satisfy the scienter requirement only by pleading intentional misconduct or recklessness by the Former Officer Defendants. *Ottmann v. Hanger Orthopedic Group, Inc.*, 353

---

[2]Further, no one can seriously assert that, at any time, either prior to or during the Class Period, Massey's safety and compliance record was not subject to intense and, whether justifiably so or not, mostly negative, public scrutiny. This, as the Delaware Court of Chancery recently pointed out, was due in large part because "[Don] Blankenship was Massey's public face and he regularly sought (or was found by) the public spotlight." *In re Massey Energy Co.,* C.A. No. 5430, slip op. at 9 (Del.Ch. May 31, 2011)(Exhibit A to the Declaration of Julie A. North, executed July 18, 2011 and attached as Exhibit A to the Former Outside Directors' Reply Memorandum). The Delaware Court of Chancery further recognized Blankenship's "demonization by the media and elected officials as a result of his defiant public profile." *Id.* at 26.

F.3d 338, 344 (4th Cir. 2003). "Recklessness" in this context is "in essence, a slightly lesser species of intentional misconduct." *Id.* (citation omitted). Thus, recklessness encompasses:

> An act so highly unreasonable and *such an extreme departure from the standard of ordinary care* as to present a danger of misleading the plaintiff to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it.

*Id.* at 343 (*emphasis added*) citing, *Phillips v. LCI Int'l, Inc.,* 190 F.3d 609, 621 (4th Cir. 1999).

The Fourth Circuit applies a case-by-case, totality of the circumstances approach to the question of whether a complaint gives rise to a strong inference of scienter for a particular defendant. *Id.* at 345. Courts must "examine all the allegations in each case to determine whether they collectively establish a strong inference of scienter." *Id.* If the allegations pleaded tend to establish, "at most a pattern of negligent conduct . . . rather than the reckless or intentional conduct required to support liability," the claim must be dismissed. *Id.* at 352-53. However, even when looking at the "totality of the circumstances," Plaintiffs have failed to adequately plead scienter.

Although the Complaint points out a myriad of alleged examples of Massey "placing production over safety,"[3] and, in conclusory fashion, alleges that the Former Officer Defendants therefore knew that Massey's public statements to the contrary were false, the Complaint is

---

[3] The majority of these "examples" are based on statements given by "confidential informants" and Stanley "Goose" Stanley, a plaintiff in an action currently pending against Massey in the Circuit Court of Boone County, West Virginia, Stanley Stewart and Mindi Stewart v. Massey Energy Co., et al., Civil Action No. 11-C-48. However, even assuming these statements are reliable and true, they do not adequately allege that any of the Former Officer Defendants were engaged in or aware of the alleged "deceptive tactics used to hoodwink MSHA inspectors and underreport NFDL rates" at some Massey mines so as to support an inference of scienter on behalf of the Outside Officer Defendants that they knew or were reckless in not knowing that statements made by Massey during the Class Period regarding Massey's safety and compliance record were allegedly false when made. *Complaint, ¶¶28, 141-172; Pl. Opp. pp. 31, 32.*

absolutely devoid of any facts indicating that any of the Former Officer Defendants had any involvement in, or knew about, or were reckless in not knowing about, the alleged misconduct at some of Massey's mines. Specifically, Plaintiffs allege that "Massey used deceptive tactics to hoodwink MSHA inspectors and underreport NFDL rates." *Complaint, ¶¶28, 141-172.* The "deceptive tactics" being that "some Massey mines" employed an early warning notification system ("ENS") to alert miners when inspectors were on the premises and lost-time paperwork not being filled out on behalf of some miners who were injured on the job.

The Complaint contains no facts indicating that any of the Former Officer Defendants was a participant in the alleged misconduct or "deceptive tactics." Therefore, to adequately plead scienter in order to survive a motion to dismiss, plaintiffs must sufficiently allege facts that support a strong inference that the Former Officer Defendants knew, or were reckless in not knowing, about the alleged deceptive tactics. Plaintiffs have failed to do this. Instead, they attempt to rely on the fact that the Former Officer Defendants were "Massey's highest ranking officers directly involved with safety issues during the Class Period" and had access to alleged adverse non-public information. *Pl. Opp. P. 28.* These facts alone, however, are insufficient to establish scienter. *See e.g., Arnlund v. Deloitte & Touche LLP,* 199 F.Supp.2d 461 (E.D. Va. 2002)("without doubt, merely pleading access to the company's personnel (even highly placed executives) and records does not adequately allege scienter . . . because, otherwise, 'every corporate executive who participates in the day-to-day management of his company would be exposed to liability for security fraud'.") (*internal citations omitted)*; *In re Peritus Software Servs, Inc. Securities Litig.,* 52 F.Supp.2d 211 (D.Mass. 1999)(allegations that defendants held executive and managerial positions and had access to the alleged adverse non-public information

4

insufficient to raise strong inference that defendants had knowingly or recklessly caused the company to issue statements that were false or omitted material information).

To get around this obvious deficiency, Plaintiffs resort to innuendo and sweeping generalizations. They argue that the Complaint sets forth a fraud "so massive and persuasive" throughout Massey, that an inference of scienter can be drawn. *Pl. Opp. p. 32.* The allegations set forth in the Complaint do not bear this out. For example, alleging that Don Blankenship received daily or evenly hourly production reports from a "red phone" is a far cry from adequately alleging that Massey placed production over safety. *Id. at 28.* Alleging that some or all of the Former Officer Defendants "tracked lost-time incident reports," is a far cry from adequately alleging that they knew miners were allegedly being forced at some Massey mines into returning to work while injured and not filling out lost-time reports.[4] *Id.* Even elevating Hughie Stover from Don Blankenship's "sometimes driver and body guard" to Don Blankenship's "confidant," is a far cry from adequately alleging that Blankenship or any of the Former Officer Defendants were aware of the alleged early notification system at some Massey mines. *Id. at 7.* Simply put, when viewing the "totality of the circumstances," alleged in the Complaint, Plaintiffs' allegations are conclusory, not compelling and insufficient to adequately plead scienter on behalf of the Former Officer Defendants.

### III. CONCLUSION:

For the forgoing reasons, the reasons set forth in the Former Outside Director Defendants' and Alpha Appalachia Holdings, Inc. Reply Memorandum, the Memorandums of

---

[4] Plaintiffs argue that "Massey's Management, including Blankenship, even encouraged miners to work 'light duty' so that they would not fill out lost-time paperwork."*Pl. Opp. at 8.* Plaintiffs make this argument even though they acknowledge, albeit grudgingly, in their Complaint that Don Blankenship *only* testified during the May 20, 2010 hearing, that he was aware of Massey's policy of making light duty work available to any injured worker who may *choose* to work in order to receive full compensation instead of the 60% of his pay. *Complaint, ¶146* (*emphasis added*).

Law in Support of the Former Outside Directors and the Former Officer Defendants respective Motions to Dismiss, the Former Officer Defendants respectfully request that this Court Dismiss the Plaintiffs' Consolidated Amended Complaint,[5] with prejudice.

                              DON L. BLANKENSHIP, BAXTER F. PHILLIPS, JR.
                              ERIC B. TOLBERT, and J. CHRISTOPHER ADKINS
                              By Counsel

*/s/ J. D. Flaherty*

_____

*/s/ T. R. Harvey*

_____
Thomas V. Flaherty (WV Bar #1213)
Tammy R. Harvey (WV Bar #6904)
Flaherty Sensabaugh Bonasso PLLC
P. O. Box 3843
Charleston, WV  25338-3843

---

[5] As a general rule, a district court should deny a motion to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001), *cert denied,* 513 U.S. 216 (2001); *See also Szaller v. American Nat'l Red Cross*, 293 F.3d 148, 153 n. 2 (4th Cir. 2002); *GE Inv. Private Placement Partners II v. Parker,* 247 F.3d 543 (4th Cir. 2001); *New Beckley Mining Corp. v. International Union, United Mine Workers*, 18 F.3d 1161, 1164 (4th Cir. 1994). In the instant case, amendment would be futile. Plaintiffs' proposed amendments do not cure the deficiencies in the Complaint as identified by the Defendants in their Respective Motions to Dismiss and Supporting Memorandums of Law.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2011, I electronically filed the foregoing document with the Clerk of the Court using the EM/ECF system which will send notification of such filing to the following CM/ECF participants:

- **Jonathan L. Anderson**
  jlanderson@jacksonkelly.com

- **Stephen L. Brodsky**
  sbrodsky@zsz.com

- **John F. Dascoli**
  johnfdascoli@hotmail.com, Pamdc519@aol.com

- **Samuel D. Elswick**
  selswick@jfhumphreys.com, rbell@jfhumphreys.com

- **A. L. Emch**
  aemch@jacksonkelly.com, sra@jacksonkelly.com, jcrawford@jacksonkelly.com

- **Paul Jeffrey Geller**
  pgeller@rgrdlaw.com

- **Stuart W. Gold**
  sgold@cravath.com

- **Dennis J. Herman**
  dennish@rgrdlaw.com

- **Laurie L. Largent**
  LLargent@rgrdlaw.com, triciam@rgrdlaw.com

- **J. Burton LeBlanc**
  bleblanc@baronbudd.com

- **James A. McKowen**
  Jmckowen@jfhumphreys.com, Dhoffman@jfhumphreys.com, Dmilhoan@jfhumphreys.com

- **Julie A. North**
  jnorth@cravath.com

- **Bradley J. Pyles**
  brad.pyles@cphtlogan.com, bjpyles@suddenlink.net

- **Jack Reise**
  jreise@rgrdlaw.com, pgeller@rgrdlaw.com

- **Darren J. Robbins**
  e_file_d@csgrr.com

- **Ronald S. Rolfe**
  rrolfe@cravath.com, managing_attorneys_office@cravath.com, sthompson@cravath.com

- **Mazin Sbaiti**
  msbaiti@baronbudd.com

- **Robert S. Schachter**
  rschachter@zsz.com

- **David C. Walton**
  davew@rgrdlaw.com

- **Christopher M. Wood**
  CWood@rgrdlaw.com

- **Joel H. Bernstein**
  jbernstein@labaton.com

I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

**Michael J. Vanoverbeke**
**Thomas C. Michaud**
VANOVERBEKE MICHAUD & TIMMONY
79 Alfred Street
Detroit, MI  48201

*/s/ Thomas V. Flaherty*
_____
Thomas V. Flaherty (WV Bar #1213)
Flaherty Sensabaugh Bonasso PLLC

8

P. O. Box 3843
Charleston, WV  25338-3843

9