IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

In re MASSEY ENERGY CO.
SECURITIES LITIGATION

CIVIL ACTION NO. 5:10-cv-00689

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS'
REQUEST FOR JUDICIAL NOTICE IN FURTHER SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFFS'
SUPPLEMENTAL PROFFER OF ADDITIONAL ALLEGATIONS SUPPORTING
PLAINTIFFS' REQUEST FOR LEAVE TO REPLEAD THE CONSOLIDATED
AMENDED COMPLAINT, IF NECESSARY**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ........................................................................ 1

ARGUMENT ..................................................................................................... 3

I.   PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND SUPPLEMENTAL
PROFFER SHOULD BE DISREGARDED........................................................ 3

II.  PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED. ..............4

III. DEFENDANTS ARE NOT ESTOPPED BY DEFENDANT BLANKENSHIP'S
TESTIMONY. ................................................................................................ 5

IV.  PLAINTIFFS' SUPPLEMENTAL PROFFER IS IMPROPER AND DOES NOT
WARRANT AMENDMENT. ...........................................................................7

CONCLUSION................................................................................................... 9

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Armsey v. Medshares Mgmt Servs., Inc., 184 F.R.D. 569 (W.D. Va. 1998) ...................................5

Cole v. Appalachian Power Co., 903 F. Supp. 975 (S.D. W.Va. 1995) ...........................................5

Hendricks v. Stepp, C/A No. 3:08-3299-CMC-PJG, 2009 WL 2224524 (D.S.C. July 22, 2009) ......................................................................................................................................5

In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357 (3d Cir. 1993) ...........................................8

Latham v. Matthews, 662 F. Supp. 2d 441 (D.S.C. 2009) ..............................................................4

Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176 (4th Cir. 2009) ....................................................4

Preiser v. Newkirk, 422 U.S. 395 .....................................................................................................7

Torres v. O'Quinn, 612 F.3d 237 (4th Cir. 2010) ........................................................................3, 7

Watkins v. Wells Fargo Bank, C.A. No. 3:10-cv-1004, 2011 WL 777895 (S.D. W. Va. Feb. 28, 2011) ...................................................................................................................6, 7

**Statutes & Rules**

Fed. R. Evid. 201(b)........................................................................................................................4

LR Civ. P. 7.1(a)..............................................................................................................................3

LR Civ. P. 7.1(c)..............................................................................................................................3

**Other Authorities**

Restatement (Third) of Agency §§ 3.06, 3.11 (2006)......................................................................6

Defendants James B. Crawford, Robert H. Foglesong, Richard M. Gabrys, E. Gordon Gee, Lady Barbara Thomas Judge, Dan R. Moore, Stanley C. Suboleski (collectively, the "Former Outside Director Defendants"), Don L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert, J. Christopher Adkins (collectively, the "Former Officer Defendants") and Defendant Alpha Appalachia Holdings, Inc., formerly known as Massey Energy Company ("Massey" or the "Company", and, together with the Former Outside Director Defendants and the Former Officer Defendants, the "Defendants"), by counsel, respectfully submit this Memorandum of Law in Response to Plaintiffs' Request for Judicial Notice in Further Support of Plaintiffs' Opposition to Defendants' Motions To Dismiss, dated June 27, 2011 (the "Request for Judicial Notice" or "Pl. Br.") and Plaintiffs' Supplemental Proffer of Additional Allegations Supporting Plaintiffs' Request for Leave to Replead the Consolidated Amended Complaint, If Necessary, dated July 13, 2011 (the "Supplemental Proffer" or "Sup. Prof.") filed by Lead Plaintiff Commonwealth of Massachusetts Pension Reserves Investment Trust and Plaintiff David Wagner (together, the "Plaintiffs").

## PRELIMINARY STATEMENT

Plaintiffs' Request for Judicial Notice and Supplemental Proffer are, respectively, Plaintiffs' third and fourth substantive submissions to this Court effectively in opposition to Defendants' Joint Motion to Dismiss the Complaint (the "Motion to Dismiss" or "Defs. Br."). On June 27, 2011, Plaintiffs filed a request that this Court take judicial notice of the testimony given by Defendant Don L. Blankenship in a May 12, 2011 deposition in the highly publicized litigation arising out of the merger of Massey and Alpha.  Defendant Blankenship's deposition testimony is not properly subject to judicial notice since the purported "facts" cited therein are not free of reasonable dispute, and thus, his testimony should not be considered during briefing on Defendants' Motion to Dismiss.  Moreover, the purported "facts" in the cited testimony

concern the status of appeals of Massey's violations, facts which are not relevant to the issues on this motion.

Furthermore, Plaintiffs should have raised Defendant Blankenship's testimony on June 9, 2011, when Plaintiffs filed their Opposition to Defendants' Motions to Dismiss and their Motion to Strike, at which time Defendant Blankenship's deposition had been unsealed and was, therefore, publicly available.[1]  (See Exhibit A to the Declaration of Jonathan L. Anderson, executed on July 18, 2011 ("Anderson Decl.").)  Having had ample opportunity to respond to the Motion to Dismiss, Plaintiffs should not be permitted to further supplement their responses by raising for the first time, as briefing on the Motion to Dismiss draws to a close, deposition testimony that was available when Plaintiffs first responded to the Motion to Dismiss.

Even if Plaintiffs had raised Defendant Blankenship's prior testimony in a timely fashion, Defendants would not be "preclude[d]", as Plaintiffs contend, from arguing that Massey's compliance record was publicly available throughout the Class Period on the website of the United States Mine Safety and Health Administration ("MSHA").  (Pl. Br. at 3 n.4.)  As a threshold matter, none of the Defendants other than Defendant Blankenship is bound by the views expressed by him in his May 12, 2011 deposition.  At that time, Defendant Blankenship was no longer a director or officer of Massey.  Furthermore, the view expressed by Defendant Blankenship in his deposition is not "contradictory" to the position taken by Defendants in this action.

---

[1] On June 9, 2011, Plaintiffs filed three documents with this Court addressing the arguments raised in Defendants' Motion to Dismiss:  (i) a Memorandum of Law in Opposition to Defendants' Motions to Dismiss; (ii) a Memorandum in Support of Plaintiff Motion to Strike Exhibits B–H to the Declaration of Julie A. North in Support of Defendants' Motions to Dismiss (the "Motion to Strike" or "MTS"); and (iii) a declaration of purported expert Professor R. Larry Grayson.  In none of these submissions did Plaintiffs mention the testimony of Defendant Blankenship though his testimony had been publicly available at the time each was filed.

Likewise, Plaintiffs' Supplemental Proffer is merely an improper distraction. Plaintiffs seek a determination of whether the Court would grant Plaintiffs' future motion to amend should the Court grant Defendants' Motions to Dismiss.  Plaintiffs are thus asking the Court to render an advisory opinion, which the Court has no authority to do.  See Torres v. O'Quinn, 612 F.3d 237, 259 (4th Cir. 2010).  Plaintiffs' Supplemental Proffer is also untimely. Plaintiffs' attempt to raise for the first time the depositions of Defendants Phillips (taken on May 10-11, 2011) and Inman (taken on May 12, 2011), and exhibits used at those depositions, should be disregarded since these depositions were also publicly available at the time Plaintiffs first responded to Defendants' Motion to Dismiss.

Moreover, Plaintiffs' "additional allegations" arising from MSHA's June 29, 2011 presentation do not warrant amendment of the Complaint.  The presentation does not change the fact fatal to Plaintiffs' securities fraud claims that Massey's compliance record was publicly available throughout the Class Period, and therefore, amendment would be futile.  (See Defendants' Reply Memorandum in Support of Defendants' Joint Motion to Dismiss ("Reply Memorandum") at 20, n.16.).)

## ARGUMENT

### I.  PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND SUPPLEMENTAL PROFFER SHOULD BE DISREGARDED.

Plaintiffs' serial briefing on the Motion to Dismiss is improper and should be disregarded.  Plaintiffs have effectively evaded the (already extended) page limitation for their opposition to the Motion to Dismiss (see LR Civ. P. 7.1(a) (explaining that a party may only exceed the 20-page limitation for supporting memorandum will be denied absent a showing of good cause) and the prohibition on the filing of surreplies without leave of court (see LR Civ. P. 7.1(c)).  Plaintiffs have already had sufficient opportunity to oppose the Motion to Dismiss.

Their apparent inability to present their arguments in the brief allotted to them under the rules does not establish good cause to file three other briefs.

## II.   PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED.

Defendant Blankenship's deposition testimony is not the proper subject of judicial notice.  In considering a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of facts not relied on in or integral to the Complaint if the judicially noticed fact "is not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned".  Fed. R. Evid. 201(b); see also Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).  Defendant Blankenship's testimony is relevant only to the extent Plaintiffs offer it to refute that Massey's safety and compliance record was available to the market throughout the Class Period.  Consideration of deposition testimony for such purpose is not proper in deciding a motion to dismiss.  See Latham v. Matthews, 662 F. Supp. 2d 441, 466 (D.S.C. 2009) (refusing to take judicial notice of deposition testimony, among other documents, because "the court is without authority to consider these documents for purposes of a 12(b)(6) motion to dismiss" since "they are not publicly available documents that are offered solely for the purpose of showing that the alleged information was publicly available").  Moreover, the purported "facts" in the cited Blankenship testimony are not relevant to the issues on this motion.  The status of appeals of violations does not bear on whether the market had adequate information on Massey's allegedly poor safety compliance record—appeals by Massey would only result in the number of violations outstanding remaining static or decreasing.  Fewer violations outstanding only hurts the Plaintiffs' position.  Thus, the court should not consider Defendant Blankenship's deposition testimony at this stage of the proceeding.

4

Even if Defendant Blankenship's testimony was properly the subject of judicial notice during briefing on Defendants' Motion to Dismiss, Plaintiffs' request should be denied because Defendant Blankenship's deposition testimony was publicly available and could have been raised in Plaintiffs' Opposition Brief, filed on June 9, 2011. (Anderson Decl. Ex. A.)  In addition, Plaintiffs could have sought judicial notice of Defendant Blankenship's testimony in any of their 80 pages of briefing completed before their Request for Judicial Notice, but failed to do so.  Plaintiffs' failure to raise the testimony when they had the opportunity to do so should preclude them from raising or relying on that testimony now.  See Hendricks v. Stepp, C/A No. 3:08-3299-CMC-PJG, 2009 WL 2224524, at *1 (D.S.C. July 22, 2009) (explaining that a court should not consider "new legal theories and related factual allegations . . . raised for the first time" in a sur-reply brief in opposition to a motion to dismiss).

## III. DEFENDANTS ARE NOT ESTOPPED BY DEFENDANT BLANKENSHIP'S TESTIMONY.

Even if Plaintiffs had raised Defendant Blankenship's prior testimony in a timely fashion, Defendants would not be estopped, as Plaintiffs contend, from arguing that Massey's safety and compliance record was publicly available throughout the Class Period on MSHA's website (Pl. Br. at 3 n.3) because Defendant Blankenship, no longer an officer or director of Massey at the time of his deposition, did not have the authority to bind any other Defendant at the time he made the allegedly inconsistent statements.  Additionally, Defendants' position in this action is not inconsistent with Defendant Blankenship's prior testimony.

First, a former director or officer does not have authority to bind his or her former corporation.  See Cole v. Appalachian Power Co., 903 F. Supp. 975, 978 (S.D. W. Va. 1995) (explaining that the "statements of former employees cannot be considered an admission against the employer" because they lack the "ability to bind an organization"); see also Armsey v.

5

Medshares Mgmt Servs., Inc., 184 F.R.D. 569, 574 (W.D. Va. 1998) (finding that "former employees may no longer bind their corporate employer by their current statements, acts or omissions" that do not occur "during the course of their employment".); see also Restatement (Third) of Agency §§ 3.06, 3.11 (2006) (explaining that an agent's actual authority to bind its principal is terminated upon revocation by the principal or renunciation by the agent, and the agent's apparent authority ends when "it is no longer reasonable" for a third party to believe the agent "continues to act with actual authority").

Defendant Blankenship resigned from Massey effective December 31, 2010 (CAC ¶ 41), and thus, the statements he made three months later do not bind Massey or the other Individual Defendants.

Second, the view expressed by Defendant Blankenship in his May 12, 2011 testimony is not inconsistent with the position taken by Defendants in this action, nor was it made in bad faith to mislead the Court, and thus, estoppel is not appropriate. See Watkins v. Wells Fargo Bank, C.A. No. 3:10-cv-1004, 2011 WL 777895, at *13 (S.D. W. Va. Feb. 28, 2011) (explaining that the party seeking estoppel must prove that "the party sought to be estopped [is] seeking to adopt a position that is inconsistent with a stance taken in prior litigation" and did so to "intentionally mis[lead] the court to gain an unfair advantage").

In support of their Motion to Dismiss, Defendants have argued that Massey's safety and compliance record was publicly available throughout the Class Period because each citation and violation incurred by Massey was published in a searchable database on MSHA's publicly accessible website. (Defs. Br. at 7-8.)  In his May 12, 2011 deposition, Defendant Blankenship testified that he "couldn't find out on the MSHA website how many violations [Massey] actually had outstanding, how many had been appealed or anything". (Pl Br. Ex. A, at 116:13-17.)  Defendants, however, have never taken the position that Massey's website could be

6

used to determine the number of violations "outstanding" or subject to appeal, or that such information is necessary to understand Massey's safety and compliance record.  Indeed, according to Plaintiffs' own allegations, it is not.  Defendant Blankenship did not testify that he could not determine from MSHA's website the number of violations issued, but rather, that it was difficult to determine the status of violations that had been issued (for example, whether they had not yet been paid and/or were subject to appeal).  Plaintiffs allege that Massey's alleged "culture of non-compliance" is "establish[ed]" by the number and severity of violations incurred by Massey throughout the Class Period—irrespective of how many violations are outstanding or subject to appeal.  (CAC ¶ 121.)  As such, the view expressed by Defendant Blankenship is not inconsistent with the arguments raised by Defendants in Support of their Motion to Dismiss the Complaint.[2]

## IV.   PLAINTIFFS' SUPPLEMENTAL PROFFER IS IMPROPER AND DOES NOT WARRANT AMENDMENT.

As a threshold matter, Plaintiffs' request for a determination of whether the Court would grant Plaintiffs' future motion to amend should the Court grant Defendants' Motions to Dismiss is improper.  Plaintiffs are asking the Court to render an uconstitutional advisory opinion, and thus, Plaintiffs' request should be denied.  See Torres v. O'Quinn, 612 F.3d 237, 259 (4th Cir. 2010) ("'[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" (quoting Preiser v. Newkirk, 422 U.S. 395, 401(1975)).

Moreover, the "additional allegations" of Plaintiffs' Supplemental Proffer (see Bernstein Decl. Ex. C; Supplemental Proffer at 4-8) do not warrant amendment of the

---

[2] In Watkins, the only case Plaintiffs cite in support of this argument, the defendant argued that the plaintiff was judicially estopped from raising her claims, and the court rejected that argument.  See Watkins, 2011 WL 777895, at *13.

Complaint.  First, most of Plaintiffs' "additional allegations" were derived from sources that were publicly available at the time Plaintiffs drafted their opposition brief (See Anderson Decl. Ex. A), thus Plaintiffs should not be permitted to raise new allegations based on those sources. Second, amendment would be futile because none of the purportedly newly discovered information is of consequence to Plaintiffs' securities fraud claims and none cures the fact that Massey's safety and compliance record was available throughout the Class Period.

Plaintiffs' attempt to raise for the first time the depositions of Defendants Phillips (taken on May 10-11, 2011) and Inman (taken on May 12, 2011), and exhibits used at those depositions, should be disregarded because these depositions were publicly available at the time Plaintiffs first responded to Defendants' Motion to Dismiss and should have been raised therein. Moreover, the additional allegations arising from such testimony and exhibits are irrelevant to Plaintiffs' prima facie case.  For example, that the Board received industry comparisons during certain safety updates does not establish an actionable misstatement or omission because Massey was not required to disclose such comparisons to the market.  See In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 375 (3d Cir. 1993) ("The federal securities laws do not ordain that the issuer of a security compare itself in myriad ways to its competitors . . . .").  Likewise, that Admiral Inman purportedly viewed Defendant Blankenship's management style as autocratic has no bearing on whether Plaintiffs can prove an actionable misstatement or omission or any other element of their securities fraud claims.

Nor can the new allegations derived from MSHA's June 29, 2011 presentation save Plaintiffs' deficient claims. First, Plaintiffs offer no proof, nor does MSHA, that the Former Director Defendants directed and/or had knowledge that Massey purportedly kept two different sets of examination records at UBB, and thus, such information does not establish scienter. Moreover, the presentation does not change the fact fatal to Plaintiffs' securities fraud claims

8

that Massey's compliance record was publicly available throughout the Class Period.  (See

Defendants' Reply Memorandum at 20, n.16.) Accordingly, Plaintiffs' Supplemental Proffer

should be disregarded.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court

deny Plaintiffs' Request For Judicial Notice In Further Support of Plaintiffs' Opposition to

Defendants' Motions To Dismiss and disregard Plaintiffs' Supplemental Proffer.

July 18, 2011

Respectfully submitted,

/s/ Jonathan L. Anderson

Ronald S. Rolfe, Esq.
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

A.L. Emch, Esq. (WVSB #1125)
Jonathan L. Anderson, Esq. (WVSB #9628)
JACKSON KELLY PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, WV 25322
(304) 340-1000

Stuart W. Gold, Esq.
Julie A. North, Esq.
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000
*Counsel for Defendants Alpha Appalachia
Holdings, Inc., James B. Crawford, Robert H.
Foglesong, Richard M. Gabrys, E. Gordon
Gee, Lady Barbara Thomas Judge, Dan R.
Moore and Stanley C. Suboleski.*

/s/ Ricklin Brown

Brian Glasser (WVSB #6597)
Ricklin Brown (WVSB #500)
Christopher S. Morris (WVSB #8004)
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301

9

(304) 345-6555 telephone
(304) 342-1110 facsimile

Mitchell A. Lowenthal (Pro Hac Vice)
Boaz S. Morag (Pro Hac Vice)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
(212) 225 2894 telephone
(212) 225 3999 facsimile
*Counsel for Defendants Alpha Appalachia
Holdings, Inc.*

Thomas V. Flaherty (WV Bar #1213)
Tammy R. Harvey (WV Bar #6904)
FLAHERTY SENSABAUGH BONASSO
PLLC
P. O. Box 3843
Charleston, WV 25338-3843
(304) 345 0200 telephone
(304) 345 0260 facsimile
*Counsel for Defendants Don L. Blankenship,
Baxter F. Phillips, Jr., Eric B. Tolbert and J.
Christopher Adkins*

10

## CERTIFICATE OF SERVICE

I, Jonathan L. Anderson, hereby certify that on July 18, 2011, I electronically filed the foregoing *Defendants' Memorandum of Law in Responses to Plaintiffs' Request for Judicial Notice In Further Support of Plaintiffs' Opposition to Defendants' Motions to Dismiss and Plaintiffs' Supplemental Proffer of Additional Allegations Supporting Plaintiffs' Request for Leave to Replead the Consolidated Amended Complaint, If Necessary* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

A. L. Emch     aemch@jacksonkelly.com, jcrawford@jacksonkelly.com, sra@jacksonkelly.com

Alan I. Ellman     aellman@labaton.com

Boaz S. Morag     bmorag@cgsh.com

Bradley J. Pyles     brad.pyles@cphtlogan.com, bjpyles@suddenlink.net

Brian A. Glasser     bglasser@baileyglasser.com, lsadler@baileyglasser.com, mchapman@baileyglasser.com, mdennis@baileyglasser.com, pwilson@baileyglasser.com, tchandler@baileyglasser.com, ttanner@baileyglasser.com, vlynch@baileyglasser.com

Christopher J. Keller     ckeller@labaton.com

Christopher M. Wood     CWood@rgrdlaw.com

Christopher S. Morris     cmorris@baileyglasser.com, lsadler@baileyglasser.com, mdennis@baileyglasser.com, pwilson@baileyglasser.com, tchandler@baileyglasser.com

Darren J. Robbins     e_file_sd@rgrdlaw.com

David C. Walton     davew@rgrdlaw.com

David J. Goldsmith     dgoldsmith@labaton.com, electroniccasefiling@labaton.com

Dennis J. Herman     DennisH@rgrdlaw.com

Eric J. Belfi     ebelfi@labaton.com

Felicia Y. Mann     fmann@labaton.com

Fred B. Westfall , Jr     fred.westfall@usdoj.gov, usawvs.ecfcivil@usdoj.gov

Ira A. Schochet     ischochet@labaton.com, electroniccasefiling@labaton.com

J. Burton LeBlanc     bleblanc@baronbudd.com

Jack Reise     jreise@rgrdlaw.com, e_file_fl@rgrdlaw.com

James A. McKowen     Jmckowen@jfhumphreys.com, Cs1jam@aol.com,
Dhoffman@jfhumphreys.com, Dmilhoan@jfhumphreys.com

Joel H. Bernstein     jbernstein@labaton.com, electroniccasefiling@labaton.com,
fmann@labaton.com

John F. Dascoli     johnfdascoli@hotmail.com, Pamdc519@aol.com

Jonathan L. Anderson     jlanderson@jacksonkelly.com

Julie A. North     jnorth@cravath.com

Laurie L. Largent     LLargent@rgrdlaw.com, triciam@rgrdlaw.com

Mazin Sbaiti     msbaiti@baronbudd.com

Mitchell A. Lowenthal     mlowenthal@cgsh.com

Paul Jeffrey Geller     pgeller@rgrdlaw.com, e_file_fl@rgrdlaw.com

Ricklin Brown     rbrown@baileyglasser.com, jmarks@baileyglasser.com,
mchapman@baileyglasser.com, mdennis@baileyglasser.com

Robert S. Schachter     rschachter@zsz.com

Ronald S. Rolfe     rrolfe@cravath.com, jsneider@cravath.com,
managing_attorneys_office@cravath.com, sthompson@cravath.com

Samuel D. Elswick     selswick@jfhumphreys.com, electroniccasefiling@labaton.com,
rbell@jfhumphreys.com, sauer@labaton.com

Stefanie J. Sundel     ssundel@labaton.com, electroniccasefiling@labaton.com,
sauer@labaton.com

Stephen L. Brodsky     sbrodsky@zsz.com

Stuart W. Gold     sgold@cravath.com

Tammy R. Harvey     tharvey@fsblaw.com, cmontague@fsblaw.com

Thomas V. Flaherty     tflaherty@fsblaw.com, cmontague@fsblaw.com


            /s/ Jonathan L. Anderson
            Jonathan L. Anderson (WVSB #9628)