IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | CIVIL ACTION NO. 5:10-cv-00689 |

**DECLARATION OF JONATHAN L. ANDERSON
IN FURTHER SUPPORT OF CERTAIN MASSEY DEFENDANTS' RESPONSE TO
PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN FURTHER SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND
PLAINTIFFS' SUPPLEMENTAL PROFFER OF ADDITIONAL ALLEGATIONS
SUPPORTING PLAINTIFFS' REQUEST FOR LEAVE TO REPLEAD THE
CONSOLIDATED AMENDED COMPLAINT, IF NECESSARY**

I, Jonathan L. Anderson, declare as follows:

1. I am an attorney and member of the firm Jackson Kelly PLLC, attorneys for Defendants James B. Crawford, Robert H. Foglesong, Richard M. Gabrys, E. Gordon Gee, Lady Barbara Thomas Judge, Dan R. Moore and Stanley C. Suboleski, and Defendant Alpha Appalachia Holdings, Inc. I am a member of the bar of the state of West Virginia.

2. I submit this Declaration in further support of the response of certain Massey Defendants to Plaintiffs' Request for Judicial Notice in Further Support of Plaintiffs' Opposition to Defendants' Motions to Dismiss and Plaintiffs' Supplemental Proffer of Additional Allegations Supporting Plaintiffs' Request for Leave to Replead the Consolidated Amended Complaint, If Necessary.

3. Attached hereto as Exhibit A is a true and correct copy of an Order in <u>In re California State Teachers' Retirement System, et al. v. Don L. Blankenship, et al.</u>, Case No. 10-C-715, dated June 8, 2011.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 18, 2011.

_____
Jonathan L. Anderson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CALIFORNIA STATE TEACHERS'
RETIREMENT SYSTEM;
AMALGAMATED BANK, AS TRUSTEE
FOR THE LONGVIEW COLLECTIVE
INVESTMENT FUNDS; and MANVILLE
PERSONAL INJURY SETTLEMENT
TRUST; derivatively on behalf of
MASSEY ENERGY COMPANY;

    Plaintiffs,

v.

DON L. BLANKENSHIP; BAXTER F.
PHILLIPS, JR; DAN R. MOORE;
E. GORDON GEE; RICHARD M. GABRYS;
JAMES B. CRAWFORD; BOBBY R. INMAN;
ROBERT H. FOGLESONG;
STANLEY C. SUBOLESKI; J. CHRISTOPHER
ADKINS; JEFFREY M. JAROSINSKI;
M. SHANE HARVEY; and MARK A. CLEMENS;

    Defendants,

MASSEY ENERGY COMPANY,
a Delaware Corporation,

    Defendant,

and

NATIONAL PUBLIC RADIO, INC.,
CHARLESTON GAZETTE d/b/a
THE DAILY GAZETTE CO.,

    Intervenors.

Civil Action No. 10-C-715
(Hon. Charles E. Charles King)



## ORDER

On June 1, 2011, came the Plaintiffs, by counsel Andrew A. MacQueen and came

Defendants Dan R. Moore, E. Gordon Gee, Richard M. Gabrys, James B. Crawford, Bobby R. Inman, Robert H. Fogelsong, Stanley C. Suboleski, and Massey Energy Co. (collectively "Massey Board Defendants") by counsel A.L. Emch and Ryan Voelker of the law firm of Jackson Kelly, and came Defendants Don L. Blankenship, Baxter F. Phillips, Jr., J. Christopher Adkins, Jeffrey M. Jarosinski, M. Shane Harvey, and Mark A. Clemens (collectively "Massey Manager Defendants"), by counsel Danielle Waltz of the law firm of Flaherty, Sensabaugh & Bonasso, and came Intervenors NPR and Charleston Gazette d/b/a Daily Gazette Company by counsel Rudolph L. DiTrapano, Sean P. McGinley, and Robert M. Bastress III of the law firm of DiTrapano Barrett & DiPiero, PLLC for a hearing on the pending (1) Motion to Intervene for Limited Purposes (filed by the Intervenors on May 31, 2011), and (2) Joint Motion of Plaintiffs and Defendants to Seal the Record and Intervenors Opposition thereto.

After careful consideration of the briefs and arguments of the parties, and review of the documents sought to be sealed, for the reasons stated below, the Court **ORDERS** the Motion to Seal be **GRANTED, IN PART** as to personal information, such as addresses, phone numbers and social security numbers and that such information be redacted from the record, but the Motion to Seal is **DENIED, IN PART** and in all other respects and the Clerk is directed make the entire Court file and record (with the exception of the redacted personal information) available for public inspection, review and copying immediately.

Initially, Court notes that Plaintiffs and Defendants all indicated there was no objection to the Intervenors' Motion to Intervene for Limited Purposes.[1] Accordingly, the Court **ORDERED** that

---

[1] The "limited purposes" of the intervention by NPR and the *Charleston Gazette* was to oppose the Motion to Seal.

2

the Motion to Intervene for Limited Purposes be **GRANTED**.

Turning to the Motion to Seal, counsel for Massey Board Defendants, along with counsel for the Massey Manager Defendants, stated they did not oppose the unsealing of approximately 5,300-5,400 pages of documents that were in the file. Counsel for Plaintiffs indicated they had no opposition to unsealing the records, and had made the Motion to Seal only because they believed such a motion was required pursuant to a protective order previously agreed to in order to facilitate discovery.

Defendants objected to the disclosure of records in the Court file to the extent deposition transcripts identified personal data, such as home addresses, phone numbers and social security numbers. All parties agreed that such information should be redacted from the Court file, and the Court **ORDERED** that personal information, such as home addresses, phone numbers and social security numbers be redacted from the documents in the Court file. The parties agreed counsel for Massey Board Defendants would be responsible for expeditiously reviewing the records and redacting personal identifying information such as social security numbers, personal phone numbers, personal addresses.[2] It is the Court's understanding that such redactions have been done as of the entry of this Order.

Defendants opposed unsealing five exhibits consisting of approximately 119 pages. Counsel for Massey Board Defendants described the exhibits it wished to remain sealed in the following

---

[2] Pursuant to this Order, any such redactions that are beyond the narrow scope of such private, personal information must be unredacted and placed in the Court file for public inspection, review and copying.

3

generic fashion: (1) Chris Adkins's deposition,[3] (2) Arch Coal's power point presentation to Massey, (3) strategic plan #1 (described as Exhibit 10), (4) strategic plan #2 (imbedded in Ex. E to Humphries's declaration), and (5) an Audit Committee's Report to the Massey Board. The Court has only reviewed the documents that were actually in the Court's file and filed in this Court, and it appears that certain of these documents may have been filed only at the West Virginia Supreme Court, and not this Court. Such documents filed elsewhere have not been reviewed.

## FINDINGS AND CONCLUSIONS

After careful consideration of the briefs and arguments of the parties, and *in camera* review of the documents sought to be sealed, the Court hereby makes the following findings of fact and conclusions of law with respect to the five documents in issue:

1. There is a strong presumption of a right of access to court records, both as a matter of federal and state constitutional law, caselaw and policy, rooted in the idea that transparency preserves the integrity of, and the Public's confidence in, the judicial system.

2. In West Virginia, both the Constitution (Article III, Section 17) and statutes (W. Va. Code § 51-4-2) provide presumptive right of the Public to access court records. *See State ex rel. Garden State Newspapers, Inc. v. Hoke*, 205 W. Va. 611, 616, 520 S.E.2d 186, 191 (W. Va. 1999); *Daily Gazette Co. v. Committee on Legal Ethics of the W. Va. State Bar*, 174 W. Va. 359, 364, 326 S.E.2d 705, 710 (W. Va. 1984) *State ex rel. Herald Mail Co. v. Hamilton*, 165 W.Va. 103, 267 S.E.2d 544, 547-49 (W. Va. 1980).

3. As held in *Syllabus* Points 4 and 5 of *State ex rel. Garden State Newspapers, Inc., supra*:

---

[3] To be clear, while it was counsel for the Massey Board Defendants, Mr. Emch, who made the objection to the Adkins deposition, he indicated at the hearing he was doing so on behalf of Mr. Adkins's counsel.

4

> "4. The open courts provision of Article III, Section 17 of the Constitution of West Virginia guarantees a qualified constitutional right on the part of the public to attend civil court proceedings.
>
> 5. "Unless a statute provides for confidentiality, court records shall be open to public inspection." Syllabus Point 2, in part, *Richardson v. Town of Kimball*, 176 W. Va. 24, 340 S.E.2d 582 (1986)."

*Id.*

4. There is a clear First Amendment constitutional right of access to court records that has been extended to a variety of records. *See, e.g., Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249 (4th Cir. 1988) (finding a First Amendment right of access to documents filed in a civil case in connection with a motion for summary judgment), and *In re Washington Post Co.*, 807 F.2d 383 (4th Cir. 1986) (finding a First Amendment right of access to documents filed in connection with plea and sentencing hearings in criminal cases).

5. The party seeking closure of court records has the burden of presenting *specific reasons* to justify a sealing order, and the right of access cannot be overcome merely by a conclusory assertion. *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), quoting *Press Enterprise Co. v. Superior Court*, 478 U.S. 1, 15 (1986).

6. Regardless of whether the right of access arises from state law, the First Amendment or the common law, the right of access "may be abrogated only in unusual circumstances." *Stone*, 855 F.2d at 182.

7. A" [F]irst [A]mendment right of access can be denied only by proof of a 'compelling government interest' and proof that the denial is 'narrowly tailored to serve that interest.'" *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989) (citing *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606-07 (1982)); *see also Stone v. Univ. of Maryland Med. Syst.*

*Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (same); *Press Enterprise Co. v. Superior Court* 464 U.S. 501, 510 (1984) (same).

8. A common law right of access to court records was recognized by the U.S. Supreme Court in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978).

9. Records are presumed to be open to the public, and the party seeking to overcome that presumption bears the heavy burden of showing that a significant interest justifies concealing the records from public view. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

10. The Court finds and concludes there has been little to no showing of a factual or legal basis to keep the contested documents sealed from public view. The only basis offered at all by counsel for Defendants at the hearing on June 1, 2011 was the conclusory assertion that some of the information could be useful to competitors, or that it may be protected under the West Virginia Trade Secrets Act..

11. The Court concludes there is no legal or factual basis to seal the deposition of Chris Adkins deposition. The Defendants argument in this regard was simply that Mr. Adkins wants the deposition to be sealed because the deposition, or some portion of it was agreed top be confidential. Without more, that rationale is not a basis to seal the record.

12. With respect to the remaining contested documents – Massey's strategic plans and audit records – the Court has considered those records that were filed in this Court, and sees no legal or factual basis to seal those records. Massey has now been purchased by and/or merged with Alpha Natural Resources and no longer exists and therefore its separate interests and its concern for keeping information about its business strategies from its competitors has expired.

6

      The Court concludes there can be no harm to Massey from competitors viewing these documents because Massey does not have competitors once it ceased to exist on June 1, 2011.

13.    The Court also finds significant the fact that considerable substance of Massey's Strategic Planning and discussion by its Board members of that strategy was made public in the recent Memorandum Opinion of the Delaware Court of Chancery in *In re Massey Energy Company Derivative and Class Action Litigation* (Delaware C.A. No. 5430-VCS, May 31, 2011) at 19 -33, 66.[4]

---

[4]    In particular, the Delaware Chancery Court's May 31, 2011 Memorandum Opinion order contains the following discussion of the substance of Massey's Strategic Planning and Board meetings:

> "The Board met on January 14 for a presentation by Perella Weinberg, and determined that the synergies that could be achieved through a combination with Alpha exceeded those that were possible or likely with Arch. At the time of the meeting, Perella Weinberg advised the Board that as of January 12, 2011, the Alpha bid represented an implied purchase price of $74.70 and that Arch's bid was valued at $74.99. The Board once again also considered Massey's stand-alone prospects and whether they were more favorable than the third-party offers. Perella Weinberg opined on the basis of a discounted cash flow analysis that both the Alpha and Arch bids materially exceeded the $68 per share price that represented, in its view, the upper reach of what [Massey] could achieve" as a stand-alone entity. Thus, Perella Weinberg concluded that Phillips view that Massey's stock price could reach somewhere between $71 and $97 per share *by 2013* was overly optimistic and was dependent on the market giving Massey the same multiple applied to competitors who did not have the cloud caused by the Upper Big Branch Disaster over them. In addition to Perella Weinberg's advice, the Board took into account that Massey had in the past rarely ever reached or exceeded its own projections. Moreover, given the scrutiny that the company was facing in the wake of the Upper Big Branch Disaster and the challenge of changing regulatory and market perceptions of the company's competence and integrity, the Board saw the attainment of the top range of values Phillips suggested were available under a stand-alone option as difficult and doubtful, even with the departure of Blankenship. Thus, the Board concluded that a strategic transaction was the better route, and advised Perella Weinberg to instruct both Arch and Alpha to submit their best and final bids by January 24,

7

14. Any weighing of the considerations in favor of Massey's request that the contested documents remain sealed is made even more lopsided in favor of disclosure because of the United States Supreme Court's recent decision that a company does not have a personal right to privacy. *FCC v. AT&T, Inc.*, 562 U.S. ___, 131 S.Ct. 1177 (2011).

15. The possibility that the release of part of the court containing information that may harm a company's reputation is not a basis for sealing documents. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179-80 (6th Cir. 1983); *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982).

16. The Court concludes that, given the paramount and important State Constitutional, Federal Constitutional, and common law rights the Public and the Press have to open access to the courts and court records, the interests of the Public and the Press in open access to the court records at issue in this case far outweighs any *de minimis* interests of the now-defunct Massey Energy Co. and its former agents keeping the documents confidential. Defendants fail to offer a sufficient factual or legal justification for keeping the documents sealed as required by *Syllabus* Point 5 of *State ex rel. Garden State Newspapers, Inc.*

17. Based on all of the foregoing, the Court **ORDERS** that all of the contested documents in the Court's file in this civil action number, as well as, all of the other records in the same file, **ARE NOT TO BE SEALED, BUT ARE TO BE RELEASED AND OPEN FOR PUBLIC INSPECTION, REVIEW AND COPYING IMMEDIATELY**, with the limited exception of the deposition redactions of personal, private information such as social security numbers,

2011."

*Id.* at 29 - 30 (Footnotes omitted; italics in original).

personal phone numbers, and personal addresses.

The Court notes the objection and exception of the party or parties aggrieved by this Order.

The Clerk is hereby **DIRECTED** to send a certified copy of this Order to all counsel of record.

ENTERED: This __8TH__ day of June, 2011.

_Charles E. King_
Hon. Charles E. King, Jr., Judge

9