IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

In re MASSEY ENERGY CO.           )
SECURITIES LITIGATION             )        Civil Action No. 5:10-0689

## MEMORANDUM OPINION AND ORDER

This securities litigation was initiated in the wake of the April 5, 2010, explosion at Massey's Upper Big Branch [UBB] mine in which twenty-nine coal miners died. Pending are the Plaintiffs' February 16, 2011, Motion for Partial Lift of PSLRA [Private Securities Litigation Reform Act] Discovery Stay (Document No. 76.) and the United States' March 3, 2011, Motion to Intervene and to Stay Discovery to prevent interference with its investigations and prosecution (Document No. 79.).[1] Respecting the United States' Motion to Stay Discovery, Plaintiffs and the United States have reached an agreement and have submitted a Proposed Order Granting Plaintiffs' Motion to Partially Lift the PSLRA Discovery Stay and the United States' Motion to Stay Discovery except as provided in the Proposed Order. (Document No. 92-1.)[2] The District Court has referred these Motions to the

---

[1] Macomb County Employees' Retirement System initiated this action on April 29, 2010, as a securities class action on behalf of purchasers of Massey Energy Company securities from October 28, 2009, to April 21, 2010, against Massey Energy Company and certain of its officers and directors. (Document No. 1, ¶ 1.) By Order filed on January 10, 2011, the District Court consolidated actions, designated the above caption and appointed Commonwealth of Massachusetts Pension Reserve Investment Trust as Lead Plaintiff. (Document No. 55.) Pursuant to the District Court's Orders (Document No. 72 and 121.), Plaintiffs filed a Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws on March 11, 2011, alleging a Class Period from February 1, 2008, to July 27, 2010 (Document No. 83.); Defendants filed Motions to Dismiss and Memoranda in Support on April 25, 2011 (Document Nos. 94 - 97.); Plaintiffs filed a Memorandum in Opposition to Defendants' Motions to Dismiss on June 9, 2011 (Document No. 103.); and Defendants filed Replies on July 18, 2011 (Document Nos 123 and 124.)

[2] On March 3, 2011, the United States filed a Combined Motion to Intervene and to Stay Discovery and Memorandum of Law in Support. (Document No. 79.) Plaintiffs responded urging that the United States' Motion should be partially denied. (Document No. 90, p. 19.) In Reply, the United States submitted the Proposed Order indicating the agreement of the United States and

undersigned for disposition (Document Nos. 82 and 89.) Having examined the Motions and the parties' Responses, Replies and Objections, the undersigned has determined that Plaintiffs' Motion for Partial Lift of PSLRA Discovery Stay (Document No. 76.) should be granted and the Proposed Order Granting Plaintiffs' Motion to Partially Lift the PLSRA Discovery Stay (Document No. 92-1.) should be entered.

## BACKGROUND

In requesting a partial lift of the PSLRA discovery stay, Plaintiffs state that they "seek the production of a particular, well-defined universe of documents, namely, those documents that Defendants have produced, or will produce, in the numerous pending governmental investigations – both criminal and civil – and private litigations that are closely related to the allegations underlying this Action." (Document No. 77, p. 3.) Plaintiffs assert that "the limited relief requested herein is necessary to ensure that Plaintiffs are not prejudiced by being the only party, amid the multitude of others similarly situated, excluded from access to relevant sources of evidence regarding the circumstances that gave rise to this Action; and, the issuance of preservation subpoenas will ensure that critical evidence is not lost or destroyed prior to commencement of discovery in this Action." (Id., p. 5.) Plaintiffs identify federal criminal and State administrative investigations, a Delaware derivative action and contempt and injunction proceedings in West Virginia State Courts alleging that Massey has produced documents in those actions. (Id., pp. 6 - 9.) Citing 15 U.S.C. § 78u-4(b)(3)(B) as providing the standard underlying their Motion, *i.e.*, "that

---

Plaintiffs respecting the United States' Motion to Stay Discovery. (Document No. 92.) On April 20, 2011, the individual Defendants and Massey Energy Company filed their Joint Objection to the United States' and Plaintiffs' Proposed Order asserting that their "agreement does not affect the discovery stay mandated by the Private Securities Litigation and Reform Act of 1995 ('PSLRA').". (Document No. 93.)

2

particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party" (Id., p. 9.), Plaintiffs assert that their request is sufficiently particularized because they "are requesting discovery relating to an identifiable universe of documents – *i.e.*, those documents already produced, or about to be produced, by Massey in the several government investigations and private actions described above, none of which were, or are, subject to the PSLRA discovery stay." (Id., pp. 10 - 11.) Plaintiffs further assert that the burden upon Defendants of producing the requested documents is "close to nil" because Defendants have already compiled the documents and produced them in the other matters (Id., pp. 11 - 12.) whereas (1) Plaintiffs will experience undue prejudice as this securities class action is stalled while the other investigations and actions proceed essentially on the basis of documents relevant to this action (Id., p. 13.) and (2) lifting the statutory stay of discovery will not be contrary to the purpose of the statute to discourage frivolous securities litigation because "[t]he investigations by numerous government departments, all relating to allegations in the Complaint, offer assurance that Plaintiffs' allegations are not frivolous." (Id., p. 14.) Finally, Plaintiffs contend that the stay of discovery should be lifted to allow their issuance of preservation subpoenas because, as the investigations and other actions proceeded and Massey with its complicated corporate structure merged with Alpha Natural Resources as it did on June 1, 2011, the likelihood existed that documents relevant to this action might be unknowingly or intentionally destroyed. (Id., p. 14 - 18.) Plaintiffs submit the Declaration of Joel H. Bernstein in support of their Motion. (Document No. 78.) Mr. Bernstein attaches as Exhibits to his Declaration copies of press releases, articles and Court Orders. Mr. Berstein also attaches a copy of a document entitled "Schedule A" listing the documents which the Plaintiffs are requesting that Massey produce (Exhibit

3

15.)[3] and categories of documents which Plaintiffs request to be identified in document preservation subpoenas (Exhibit 19.).

On March 7, 2011, Don L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert and J. Christopher Adkins and Massey Energy Company and the Outside Director Defendants filed Memoranda of Law in opposition to Plaintiffs' Motion for Partial Lift of the PSLRA Stay. (Document Nos. 80 and 81.)[4] Defendants contend that Plaintiffs have not demonstrated their proposed discovery is particularized and necessary to preserve evidence or prevent undue prejudice. (Document No. 80, p. 8.) Defendants state that "there has been no conclusion by any court, government agency, or any other investigating authority whatsoever that Massey Energy or any of the directors or officers named in this action committed fraud or any other actionable wrong. In fact Massey Energy is not being investigated by the SEC at all or by any of the government agencies identified by Plaintiffs for securities fraud." (Id.) Citing In re Fannie Mae Securities Litigation, 362 F.Supp.2d 37, 39 (D.D.C. 2005), and In re American Funds Securities Litigation, 493 F.Supp.2d 1103, 1107 (C.D.Cal. 2007), Defendants assert that Plaintiffs' discovery request is not particularized

---

[3] Exhibit 15 indicates that Plaintiffs are requesting the production of "[a]ll Documents concerning the safety of all Massey mines, including surface and underground mines, that You have produced to, will produce to, and/or have been seized by [Federal and State agencies and investigation teams and other identified litigation], including, but not limited to documents concerning [specified mining equipment, maintenance and safety and MSHA citations].

[4] Defendants make substantially the same arguments in opposition to Plaintiffs' Motion to Lift the Discovery Stay in their Memoranda. The undersigned notes that Defendants do not oppose Plaintiffs' request to issue preservation subpoenas to Massey subsidiaries listed in Plaintiffs' Exhibit 17 attached to their Memorandum in Support of their Motion for the categories of documents specified in Exhibit 19 as long as responses will not be required until the District Court has ruled upon Defendants' Motions to Dismiss. Document No. 80, p. 6 at fn. 4 and Document No. 81, p. 20.) Defendants assert, however, that such subpoenas should not be issued to third parties or Alpha Natural Resources because there is no indication that they are in possession of documents relevant to this matter.

because the requirement that document requests be particularized did not apply as documents were produced in conjunction with criminal and administrative investigations and other litigation and "Plaintiff make no effort to specify exactly what types of documents they seek in making the request or to show how the documents relate to their claims." (Id., p. 12.) Next, Defendants contend that Plaintiffs claim that documents will be destroyed is speculative and in any event the documents which they request are in the hands of the investigating government agencies and therefore their assertion that the stay of discovery should be lifted to preserve evidence is without merit. (Id., pp. 13 - 15.) Defendants further argue that Plaintiffs have failed to demonstrate that exceptional circumstances exist requiring the lifting of the stay of discovery for particularized discovery to preserve evidence or prevent undue prejudice. Citing In re WorldCom Securities Litigation, 234 F.Supp.2d 301 (S.D.N.Y. 2002), and In re Royal Ahold N.V. Securities and ERISA Litigation, 220 F.R.D. 246 (D.Md. 2004), and relying upon the Court's decision in Sisk v. Guidant Corporation, 2007 WL 1035090 (S.D.Ind.), Defendants urge that Courts generally have found circumstances such as settlement negotiations and settlements with third parties, bankruptcy proceedings and divestitures of assets to Plaintiffs' disadvantage while motions to dismiss are pending exceptional and therefore reasons for lifting the stay of discovery. (Id., p. 16 - 19.) Defendants assert that none of these circumstances exist in this matter and therefore Plaintiff cannot be found to experience undue prejudice if the stay of discovery is not lifted. (Id., pp. 20 - 22.) Finally, Defendants contend that Congress did not indicate that the burden upon Defendants in producing the requested documents if the stay of discovery is lifted is relevant and Plaintiffs' assertion that its claims are not frivolous is not be a basis for disregarding the intention of Congress in requiring a stay of discovery while motions to dismiss are pending.

5

On April 1, 2011, Plaintiffs filed a Reply Memorandum in Support of their Motion for Partial Lift of the PSLRA Discovery Stay and in Opposition to the United States' Combined Motion to Intervene and to Stay Discovery. (Document No. 90.) Plaintiffs state that they are only requesting that the stay of discovery be lifted to allow the production "of internal documents that the Company has already disclosed to other litigants." (Id., p. 5.) They are not requesting the production of the Government's work product or documents produced to investigators or prosecutors. (Id., pp. 5 - 6.) Plaintiffs assert that in view of the charges now pending in United States v. Stover, Criminal No. 5:11-0038, that Mr. Stover, allegedly the head of security of Performance Coal Company, Inc., a Massey subsidiary which operated the UBB mine, ordered the destruction of documents, the lifting of the stay of discovery is necessary to the preservation of evidence.[5] (Id., pp. 6 - 7.) Plaintiffs further assert that documents may be destroyed as Alpha Natural Resources acquires Massey (Id., pp. 7, 15 - 17.) and they are at a disadvantage by operation of the stay of discovery while others proceed in other matters who are not subject to it as they are "unable to pursue sources of evidence before they grow cold, or to coordinate discovery efforts in a manner that is fair to litigants in all proceedings, and works the least amount of inconvenience to witnesses and third parties in possession of relevant evidence." (Id., pp. 7 - 8.) Plaintiffs contend that the allegations and claims

---

[5] Mr. Stover was initially charged by two-count Indictment filed on February 25, 2011, with making false statements to federal investigators in January, 2011, about his enforcement of the company policy respecting the giving of advance notice of the presence of MSHA inspectors at the UBB mine site in violation of 18 U.S.C. § 1001 (Count One) and directing a person to destroy documents pertaining to security and indicating the presence of MSHA inspectors at the UBB mine site knowing that the FBI and MSHA were conducting investigations in violation of 18 U.S.C. §§ 1519 and 2(b) (Count Two.). By a three-count Superseding Indictment filed on May 17, 2011, Mr. Stover is charged with making false statements to federal investigators in November, 2010 (Count One), and in January, 2011(Count Two), and directing the destruction of documents (Count Three). Trial is scheduled to commence on October 24, 2011.

contained in their Complaint are "sufficient . . . to meet the PSLRA's pleading hurdles" and they are not requesting that the stay of discovery be lifted in order that they may obtain information to substantiate them. Thus, Plaintiffs argue, Congressional concerns and intent in requiring the stay of discovery while motions to dismiss are pending to discourage frivolous securities litigation are satisfied. (Id., pp. 10 - 11.) Plaintiffs assert that they have met the standard for lifting the stay of discovery as set forth in 15 U.S.C. § 78u-4(b)(3)(B). They reiterate that Courts have often found requests for documents produced to others including government investigators particularized. (Id., p. 12.) They also contend that due to the "near substantial overlap" between their claims and the subject of the government investigations, the documents which they are requesting are relevant to this matter and Defendants will not be burdened by their production. (Id., pp. 12 - 14.) Finally, Plaintiffs contend that they will be unduly prejudiced if the stay of discovery is not lifted citing Court decisions finding that plaintiffs in securities litigation experience undue prejudice when by virtue of the stay of discovery they do not have documents which have been produced in other matters. (Id., p. 17.) Plaintiffs further assert that because of the delay as a consequence of the stay, while others not subject to the stay are developing their cases, "sources of additional evidence relevant to this action will be lost or their value depreciated before they can be used here." (Id., p. 18.) Plaintiffs also claim that they need access to the requested documents to respond to the defenses which Defendants have raised in their Motions to Dismiss. (Id.) Plaintiffs further contend that discovery should be allowed because it is evident from the Stover prosecution that there was an attempt to destroy evidence unlike in Guidant where there was only speculation that evidence might be destroyed. (Id., p. 19.)

## DISCUSSION

15 U.S.C. § 78u-4(b)(3)(B) and (C) provide as follows:

(B) Stay of discovery

In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss unless the court finds upon motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

(C) Preservation of evidence
   (I) In general

During the pendency of any stay of discovery pursuant to this paragraph, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data) and tangible objects that are in the custody or control of such persons and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

(ii) Sanction for willful violation

A party aggrieved by a willful failure of an opposing party to comply with clause (I) may apply to the court for an award of appropriate sanctions.

Legislative history underlying the enactment of Section 78u-4(b)(3)(B) is instructive in applying the standard for lifting the stay of discovery. Senate Report No. 104 - 98 at pp. 12 - 13, states the findings and conclusions of the Committee on Banking, Housing and Urban Affairs respecting the stay of discovery as follows:

[P]laintiffs sometimes file frivolous lawsuits in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint. Accordingly, the Committee has determined that discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint. Courts should stay all discovery pending a ruling on a motion to dismiss a securities class action, except in the exceptional circumstance where particularized discovery is necessary to preserve evidence or to prevent undue prejudice to a party. The Committee recognizes, for example, that a motion to dismiss may remain pending

>  for a period of time, and that a terminal illness of an important witness may necessitate the deposition of the witness prior to ruling on the motion to dismiss.

Congress clearly anticipated that in securities litigation, a stay of discovery will remain in effect while motions to dismiss are pending unless an exceptional circumstance requires particularized discovery to preserve evidence or prevent undue prejudice.

### 1. Particularized Discovery.

Plaintiffs request the lifting of the stay of discovery in order that they can have Defendants' production of all documents relating to the safety of Massey mines which they have produced in government investigations and other proceedings. In order to make a particularized discovery request, "the party seeking discovery under the exception must adequately specify the target of the requested discovery and the types of information needed to relieve that burden." In re Fannie Mae Securities Litigation, 362 F.Supp.2d 37, 38 (D.D.C. 2005), quoting In re Lernout & Hauspie Securities Litigation, 214 F.Supp.2d 100, 108 (D.Mass. 2002) As District Judge Blake did in In re Royal Ahold N.V. Securities and ERISA Litigation, 220 F.R.D. 246, 250 (D.Md. 2004), the undersigned also considers "the nature of the underlying litigation."

In their 170 page Consolidated Amended Complaint (Document No. 83.) charging violations of Sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5, Plaintiffs allege in great detail that between February 1, 2008, and July 27, 2010, Massey misrepresented that safety in its coal mining operations was its top priority and withheld and manipulated information indicating the contrary; Plaintiffs presumptively relied upon Massey's misrepresentations as purchasers of Massey's stock; and Plaintiffs suffered loss as the value of Massey's stock plummeted as the misrepresentations and fraud were revealed. Plaintiff's discovery requests seeking the production of documents pertaining to the safety of Massey mines which have been provided to the referenced

government agencies and other parties are specific and fully consistent with the allegations and claims set forth in their Consolidated Amended Complaint. The undersigned therefore finds that Plaintiffs' discovery requests are sufficiently particularized. See In re WorldCom, Inc. Securities Litigation, 234 F.Supp.2d 301, 306 (S.D.N.Y. 2002); In re Delphi Corporation, 2007 WL 518626, *4-5 (E.D. Mich.).

### 2. **Preservation of Evidence.**

Plaintiffs contend that they should be entitled to proceed with discovery because there is some possibility that the documents which they seek will be destroyed intentionally as Massey's operations are under investigation and it is evident from the allegations in the prosecution in United States v. Stover that an attempt may have been made to destroy documents pertaining to safety or unintentionally as Alpha Natural Resources acquires Massey and takes over its coal mining operations. Courts have required something more than mere speculation that documents may be lost or destroyed in considering whether the stay of discovery should be lifted for their preservation. Sarantakis v. Gruttaduaria, 2002 WL 1803750 at *2 (N.D.Ill.)("A party alleging that discovery is 'necessary to preserve evidence' must present more than mere 'generalizations of fading memories and allegations of possible loss or destruction.'" quoting In re Fluor Corp. Securities Litigation, 1999 WL 817206 (C.D.Cal.)). Plaintiffs must demonstrate that the documents are in "immediate and/or probable peril." Sarantakis at *3. In In re Royal Ahold N.V. Securities and ERISA Litigation, 220 F.R.D. 246, 251 (D.Md. 2004), District Judge Blake found that "a wide-ranging corporate reorganization" which included the divesting of key subsidiaries which were involved in the alleged fraud "add urgency to the discovery timetable, and discovery of the previously produced documents, which are likely to comprise the most critical evidence in the case, could help the plaintiffs identify

10

other specific materials that may be at risk of loss. Faced with a shifting corporate landscape and concerns about evidentiary loss that are by no means 'wholly speculative' <u>CFS-Related Sec. Fraud Litig.</u>, 179 F.Supp.2d 1260, 1265 (N,D.Okl. 2001), the plaintiffs are not required to rely on the assurances of counsel that relevant evidence will be preserved. The PSLRA permits them to seek discovery to aid their efforts to preserve the evidence themselves."

It is not evident now, almost a year and a half since the UBB tragedy, that there is any ongoing effort to destroy documents which may be relevant to this matter. It can be assumed that the documents were secured as investigations of State and Federal agencies commenced. Additionally, the named Defendants were notified of the allegations in this matter soon after the tragedy and are obligated under 15 U.S.C. § 78u-4(b)(3)(C) to retain all documents which may be relevant to this matter. The Court does not therefore find that Plaintiffs have demonstrated that the documents which they request are in "immediate and/or probable peril" of intentional destruction. The Court does, however, find that Alpha Natural Resource's acquisition of Massey constitutes an extraordinary circumstance which might result in the inadvertent destruction of documents to the extent that Massey, which is no longer in operation, may have warehoused relevant documents leaving them unattended and subject to loss or destruction over time or transferred them to Alpha Natural Resources, not a party to this matter and therefore having no obligation to retain documents under 15 U.S.C. § 78u-4(b)(3)(C), as mining operations changed hands where they might be discarded as having no bearing upon Alpha's operations or subject to any document retention policy which Alpha may have in place. The Court therefore concludes that the statutory stay of discovery under 15 U.S.C. § 78u-4(b)(3)(B) should be lifted to permit the particularized discovery which Plaintiffs request including the issuance of preservation subpoenas. The Court will further authorize

the issuance of preservation subpoenas to Alpha Natural Resources to the extent that Alpha might have come into possession of documents as it acquired Massey.

    **C.**    **Undue Prejudice.**

Courts define "undue prejudice" as "improper or unfair treatment rising to a level somewhat less than irreparable harm." In re CFS-Related Securities Fraud Litigation, 179 F.Supp.2d 1260, 1265 (N.D.Okl. 2001). Courts have lifted the 15 U.S.C. § 78u-4(b)(3)(B) discovery stay to prevent undue prejudice when a defendant in a securities action, which is stayed because the defendant filed a motion to dismiss, is also involved in criminal, civil and administrative investigations and actions which are proceeding unabated with the possibility that settlements might occur and/or fines and penalties might be imposed. In re LaBranche Securities Litigation, 333 F.Supp.2d 178, 183 - 184 (S.D.N.Y. 2004); In re Worldcom Securities Litigation, 234 F.Supp.2d at 305; In re Royal Ahold N.V. Securities and ERISA Litigation, 220 F.R.D. at 251 - 252. It appears that Courts view these circumstances as unfair and allow the lifting of the statutory discovery stay to prevent undue prejudice to the securities litigation plaintiffs resulting from their not having the information which parties in other proceedings have so that they can develop their litigation strategy and weigh their options. These are precisely the circumstances in this matter. Defendants have filed a motion to dismiss which automatically stayed this matter under 15 U.S.C. § 78u-4(b)(3)(B) while at the same time criminal, civil and administrative investigations and actions have proceeded. The Court finds that, in addition to Alpha Natural Resources' acquisition of Masseys assets since Plaintiffs filed their Motion, these constitute extraordinary circumstances which present a substantial risk of undue prejudice to Plaintiffs and concludes that the stay of discovery should be lifted to allow the particularized discovery which Plaintiffs have requested.

It is therefore hereby **ORDERED** that Plaintiffs' Motion for Partial Lift of PSLRA Discovery Stay (Document No. 76.) is **GRANTED** and the United States' Motion to Intervene and Stay Discovery (Document No. 79.) is **GRANTED** except as provided in the Proposed Order submitted by Plaintiffs and the United States which will be entered and filed herewith. The statutory stay of discovery under 15 U.S.C. § 78u-4(b)(3)(B) is lifted to permit the particularized discovery which Plaintiffs have requested except as provided in the Proposed Order. Plaintiffs request to issue preservation subpoenas is hereby authorized. The Court is cognizant that Alpha Natural Resources has acquired the assets and operations of Massey and authorizes the issuance of preservation subpoenas to Alpha Natural Resources in order to protect documents which may be relevant to this matter as they may have been transferred to Alpha as it acquired Massey.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: September 28, 2011.

R. Clarke VanDervort
United States Magistrate Judge