**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

In re MASSEY ENERGY CO.      )
SECURITIES LITIGATION,      )
                               )      **Civil Action No. 5:10-cv-00689-ICB**
                               )

**STIPULATION AND ORDER GOVERNING THE PRODUCTION,
EXCHANGE AND FILING OF CONFIDENTIAL MATERIAL**

     **IT IS HEREBY ORDERED**, pursuant to Local Rule 26.4, upon agreement of the parties and good cause having been shown, that the following procedures shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and other written, recorded, graphic, or electronic matter or information produced, filed with or submitted to the Court and/or given or exchanged by and among the parties in the above-captioned action ("Discovery Material"), including Discovery Material produced by non-parties to this action (the "Litigation").

     1.     All Discovery Material designated as "Confidential" or "Highly Confidential," or information derived therefrom, shall be used solely for purposes of this Litigation, including any appeal and retrial, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.

     2.     When submitting documents to the Court in connection with the Litigation, any party may designate as "Confidential" pursuant to this Stipulation and Order any material or testimony and information contained therein that its attorneys, after reviewing such material, believe in good faith to contain non-public, confidential, proprietary or commercially sensitive information that requires the protections provided in this Stipulation and Order ("Confidential

Discovery Material"), such that good cause exists for the filing and maintenance of such documents and information under seal.

       3.     For purposes of this Stipulation and Order, Discovery Material which may be designated as "Confidential Discovery Material" includes, but is not limited to, materials containing or constituting:

       (a)     non-public financial information about employee compensation;

       (b)     tax data;

       (c)     confidential or proprietary technical or scientific information;

       (d)     confidential or proprietary know-how;

       (e)     personal financial information;

       (f)     customer and supplier information;

       (g)     marketing strategies and information;

       (h)     strategic business information, including without limitation business plans, cost information or logistical information; or

       (i)     information of a non-party that the producing party is bound by a separate confidentiality agreement or court order to maintain in confidence.

Any party may also apply upon short notice and for good cause shown, for an order supplementing the foregoing categories of Confidential Discovery Material or to establish that particular Discovery Material is or is not Confidential Discovery Material.

       4.     When Confidential Discovery Material contains trade secrets or business information that the producing party and its attorneys in good faith reasonably believe the disclosure of which would be likely to harm the competitive position of the producing party or

2

would otherwise be injurious to the producing party, the producing party may designate such material as "Highly Confidential" ("Highly Confidential Discovery Material").

5.      For purposes of this Stipulation and Order, information which may be designated as "Highly Confidential Discovery Material" includes, but is not limited to, materials containing or constituting:

(a)      proprietary data, or business, financial, or commercial information, the unrestricted disclosure of which the producing party in good faith believes is likely to result in competitive disadvantage, or that affords the producing party an actual or potential economic advantage over others;

(b)      any information, document, or thing that qualifies as a trade secret under applicable state or federal law;

(c)      nonpublic information relating to products and services in development, business and marketing plans, or business and marketing plans in development;

(d)      personnel information or assessments of company management or potential management;

(e)      information relating to strategic transactions or other business combinations; or

(f)      customer or investor lists and customer or investor account information.

Any party may also apply upon short notice and for good cause shown, for an order supplementing the foregoing categories of Highly Confidential Discovery Material or to establish that particular Discovery Material is or is not Highly Confidential Discovery Material. The designation by any party or nonparty of any Discovery Material as "Confidential" or "Highly Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party or a supervised designee and that there is a

3

good faith basis for such designation. The protections of this Stipulation and Order do not apply to Discovery Material both produced in any other litigation or proceeding and not protected from public disclosure in any such litigation or proceeding, or discovery material as to which a court has removed any prior protection from public disclosure, regardless of whether the document at issue otherwise falls within either of the above definitions of "Confidential" or "Highly Confidential."

6.     The designation of Discovery Material as "Confidential" or "Highly Confidential" Discovery Material for purposes of this Stipulation and Order shall be made in the following manner by any party (or any non-party participating in the Litigation):

(a)     In the case of electronic or paper documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Discovery Material.

(b)     In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential or Highly Confidential Discovery Material shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within ten (10) business days after the receipt of the official transcript of such proceeding, provided that all testimony, exhibits and transcripts of depositions or other testimony shall be treated as "Highly Confidential" before such ten (10) day period has expired. In both of the foregoing instances, the designating party shall direct the certified court reporter that the appropriate confidentiality legend be

4

affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential or Highly Confidential Discovery Material. All portions of deposition transcripts not designated "Confidential" or "Highly Confidential" as provided in Subparagraph 6(b)(i) or (ii) herein shall be deemed not confidential. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

(c)    The inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential" in accordance with Paragraphs 6(a) and (b) herein does not constitute a waiver of such claim and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material will be subject to the protections of this Stipulation and Order from the time it is designated "Confidential" or "Highly Confidential." Upon receipt of such a supplemental designation, any receiving party that disclosed the Discovery Material prior to its designation as "Confidential" or "Highly Confidential" shall exercise its reasonable best efforts to ensure (i) the return or destruction of such Discovery Material, (ii) that any paper or electronic documents derived from any such Discovery Material, which paper and electronic documents may be retained by the receiving party, is treated as if the Discovery Material had originally been designated "Confidential" or "Highly Confidential," (iii) that such Discovery Material, and any information derived therefrom, is used only for the purposes described in Paragraph 1 of this Stipulation and Order, and (iv) that such Discovery Material is not further disclosed except in accordance with the terms of

this Stipulation and Order. If materials are redesignated "Confidential" or "Highly Confidential," any receiving party shall exercise its reasonable best efforts to return to the producing party, or destroy all copies of, inappropriately designated materials (other than record file and work product documents, which thereafter shall be treated as if the subsequent designation had been made). The parties shall exercise their reasonable best efforts to cooperate to protect later-designated materials that previously have been filed with the Court.

(d)     The receiving party shall exercise best efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the receiving party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the producing party.

(e)     No person shall be subject to any penalty or sanction for any otherwise appropriate use of any Discovery Materials before they have been properly designated as "Confidential" or "Highly Confidential" pursuant to this Order.

7.     Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part, by a non-producing party, only to the following persons:

(a)     outside- or, subject to Paragraph 9 hereof, officers of or inside-counsel who represent parties that have appeared in this Litigation, and regular or temporary employees and service vendors of such counsel (including outside copying and

6

litigation support services) assisting in the conduct of the Litigation for use in accordance with this Stipulation and Order;

(b) subject to Paragraph 9 hereof, experts or consultants assisting counsel for parties that have appeared in the Litigation;

(c) witnesses or deponents and their counsel, during the course of and, to the extent necessary, in preparation for depositions or testimony in the Litigation;

(d) the Court and its employees pursuant to Paragraphs 12 and 13 of this Stipulation and Order;

(e) certified court reporters employed in connection with the Litigation;

(f) the parties in this Litigation and the directors, officers and employees of the parties who are assisting counsel in this Litigation or who appear as witnesses or deponents, but only to the extent reasonably necessary for such directors, officers and employees of the parties to assist counsel in the prosecution or defense of this litigation;

(g) any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document, or any other person who otherwise is shown to have properly received previously a copy of the document, the receipt of which is not in violation of this Stipulation and Order or any obligation of confidentiality; and

(h) any other person only upon order of the Court or upon stipulation of the party that designated the Discovery Material designated "Confidential."

8.     Discovery Material designated "Highly Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part, by a non-producing party, only to the following persons:

(a)     outside- or, subject to Paragraph 9 hereof, officers of or inside-counsel who represent parties that have appeared in this Litigation, and regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Stipulation and Order;

(b)     subject to Paragraph 9 hereof, experts or consultants assisting counsel for parties that have appeared in the Litigation;

(c)     deposition or trial witnesses during the course of that witness' deposition or testimony in this Litigation; however, for those witnesses other than those who authored, received, or are employees, officers or directors of the party that produced the Discovery Material designated "Highly Confidential", or were employees, officers or directors of such party at the time the Discovery Material at issue was created or sent, the non-producing party shall consult with counsel for the designating party in advance of providing Discovery Material designated "Highly Confidential" to such a witness, and, if after such consultation the non-producing party still intends to provide that Discovery Material to such a witness, the non-producing party shall, at the request of the designating party, seek the written agreement of the witness to an undertaking in the form attached as Exhibit A (described in paragraph 9 below), although refusal of the witness to sign the

8

undertaking shall not preclude the non-producing party from providing the Discovery Material to such a witness;

(d)     the Court and its employees pursuant to Paragraphs 12 and 13 of this Stipulation and Order;

(e)     certified court reporters employed in connection with the Litigation;

(f)     any person indicated on the face of a document to be the author, addressee, or a copy recipient of a document, or any other person who otherwise is shown to have properly received previously a copy of a document, the receipt of which is not in violation of this Stipulation and Order or any obligation of confidentiality; and

(g)     any other person only upon order of the Court or upon stipulation of the party that designated the Discovery Material designated "Highly Confidential."

9.     Confidential or Highly Confidential Discovery Material may be provided to persons listed in Paragraphs 7(b) and 8(b) above, and officers and inside counsel pursuant to Paragraphs 7(a) or 8(a) above, to the extent necessary for such expert, consultant, officer or inside counsel to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this Litigation, provided that (i) such expert, consultant or officer is not otherwise currently an employee of, or advising or a consultant to, any party to or any person known or reasonably believed to be a competitor of any party to the Litigation and (ii) such expert, consultant, officer or inside counsel is using said Confidential or Highly Confidential Discovery Material solely in connection with this Litigation; and further provided that such expert, consultant, officer or inside counsel signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order and agreeing not to disclose or use any Confidential or Highly Confidential Discovery Material

in a manner or for purposes other than those permitted hereunder, including after the conclusion of this Litigation.

10.     Counsel for the party showing or disclosing Confidential or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to Paragraph 9 shall be responsible for obtaining such signed undertaking, and retaining the original, executed copy thereof, provided that non-party witnesses to whom Confidential Discovery Material is first disclosed at deposition or trial need not be required to sign a copy of Exhibit A in order to be bound by the terms hereof. When serving subpoenas on non-parties to the Litigation, a copy of this Stipulation and Order (including Exhibit A) shall be included with the subpoena, and the subpoena shall expressly incorporate by reference the terms of this Stipulation and Order.

11.     No Discovery Material shall be redacted on the basis that it is Highly Confidential or Confidential.

12.     All "Confidential" and "Highly Confidential" Discovery Materials filed with the Court must be filed under seal in compliance with the provisions of Local Rule 26.4(b).

13.     All documents of any nature filed with the Court, including but not limited to letters and briefs, that disclose information from a document that would otherwise need to be filed under seal pursuant to this Stipulation and Order, shall be filed under seal in compliance with the provisions of Local Rule 26.4(b).

14.     During the pendency of the Litigation, any party to the Litigation who objects to the designation of any Discovery Material or testimony as "Confidential" or "Highly Confidential" may, after making a good faith effort to resolve any such objection, file an application with the Court to challenge the designation of such Discovery Material as "Confidential" or "Highly Confidential." While such an application is pending, the Discovery

10

Material or testimony in question shall continue to be treated as "Confidential" or "Highly Confidential."

15. Entering into, agreeing to and/or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

(a) operate as an admission by the receiving party that any particular Confidential or Highly Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

(b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Discovery Material;

(c) prejudice in any way the rights of any party to object to the production of any document requested on relevancy or any other valid grounds, except for confidentiality. Moreover, nothing herein shall constitute a waiver of the right to object to the authenticity or admissibility into evidence of any document subject to this Stipulation and Order;

(d) prejudice in any way the rights of a party to obtain a determination by the Court whether any Discovery Material is, should, or should not continue to be subject to the terms of this Stipulation and Order;

(e) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

11

(f)     prevent the parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material without further Order of the Court.

16.     This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own Confidential or Highly Confidential Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or the information designated as "Confidential" or "Highly Confidential" obtained lawfully by such party independently of the discovery proceedings in this Litigation.

17.     If documents or other information subject to a claim of attorney-client privilege, attorney work product or any other ground upon which production of such information may be withheld from any party is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or any other ground for withholding production to which the producing party or other producing person would otherwise be entitled. If a claim of inadvertent production is made pursuant to this Paragraph with respect to documents or information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made (including all copies thereof) and no use shall be made of such documents or other information for any purpose, except that the receiving party may retain one copy of the inadvertently produced material solely for the purpose of litigating the producing party's claim of privilege, work product or other protection from production. The party(ies) returning such material may then move the Court for an order compelling production of this material, but the motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production or the substance (as

12

opposed to the type or nature) of the material; nor shall such motion include or otherwise disclose, as an attachment or exhibit or otherwise, the material (or any portion thereof) which is the subject of such motion. If the non-producing party obtains an order compelling production of the documents, the producing party agrees to promptly make the witness at whose deposition the document was originally offered available for further deposition solely with respect to such document. If the witness is not under the producing party's control, the producing party agrees to cooperate with the non-producing party in securing a further deposition appearance by the witness.

18.     In the event additional parties join or are joined in this action, the newly joined party(ies) shall not have access to Confidential or Highly Confidential Discovery Material until its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation and Order.

19.     The provisions of this Stipulation and Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom, subject to the rules of any appellate court which may override this Stipulation and Order in any or all respects. Within forty-five (45) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential or Highly Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals and other review, each person having received Confidential or Highly Confidential Discovery Material shall, upon the request of the producing party, designating party or non-party, either return such material and all copies thereof to counsel for the party that produced such material or destroy all such Confidential or Highly Confidential Discovery Material and provide certification of such

13

destruction to the designating party or non-party. Outside counsel for the parties shall be entitled to retain court papers, correspondence, pleadings, deposition transcripts, trial transcripts and attorney work product (which include within them references to Confidential or Highly Confidential Discovery Material) provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the party that designated the Confidential or Highly Confidential Discovery Material. All Discovery Materials returned to the parties or their counsel by the Court and all Discovery Material in the possession of outside copying and litigation support services likewise shall be disposed of in accordance with this Paragraph.

20.    In the event that any Confidential or Highly Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential or Highly Confidential Discovery Material shall retain its status as Confidential or Highly Confidential Discovery Material through such use except: (i) to the extent ordered otherwise by the Court, or (ii) to the extent such Discovery Material becomes part of the public record in the Litigation. Counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings. If the parties cannot agree on an approach, the matter shall be presented to the Court for disposition.

21.    If any person receiving documents covered by this Stipulation and Order (the "Receiver") is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Discovery Material which was produced or designated as "Confidential" or "Highly Confidential" by someone other than the Receiver, the Receiver shall: (i) give written notice by hand, overnight delivery, facsimile transmission or

14

email promptly, and in no event later than seven (7) business days after receipt of such subpoena or document demand, to those who produced or designated the material "Confidential" or "Highly Confidential" and, except as ordered otherwise by a court of competent jurisdiction, (ii) refrain from producing any Discovery Material that has been designated "Confidential" or "Highly Confidential" in response to such a subpoena or document demand until the earlier of (x) receipt of written notice from the producing party that such party does not object to production of the designated Discovery Material or (y) resolution of any objection asserted by the producing party either by agreement or by order of the court with jurisdiction over the objection of the producing party. The burden of opposing the enforcement of the subpoena shall fall solely upon the party who produced or designated the Confidential or Highly Confidential Discovery Material. Notwithstanding the foregoing, unless the party who produced or designated the Confidential or Highly Confidential Discovery Material submits a timely objection seeking an order that the subpoena not be complied with, and serves such objection upon the Receiver by hand delivery prior to production pursuant to the subpoena, the Receiver shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Receiver with any order directing production pursuant to the subpoena of any Confidential or Highly Confidential Discovery Material shall not constitute a violation of this Stipulation and Order. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge or appeal any order directing production of Confidential or Highly Confidential Discovery Material covered by this Stipulation and Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court. The parties acknowledge that Lead Plaintiff Commonwealth of Massachusetts Pension Reserves Investment Trust is subject to

the Massachusetts Public Records Law (Mass. Gen. Laws ch. 66 §§ 1 et seq.); the parties' respective rights with respect to all requests for public release of documents under that statute shall be governed in the same manner as provided herein for subpoenaed documents or document demands.

22.     This Stipulation and Order applies to all Discovery Material produced in this Litigation, whether produced before or after the entry of this Stipulation and Order and whether produced by a party or non-party to the Litigation. This Stipulation and Order may be enforced by any party or non-party to the Litigation by application to the Court.

23.     Any proceeding asserting a violation of this Stipulation and Order shall be brought exclusively in the Court, and each of the parties hereto irrevocably submits itself to the personal jurisdiction of the Court with respect to any dispute arising out of or relating to this Stipulation and Order.

24.     This Stipulation and Order may be changed only by further agreement of all parties in writing or by order of the Court, and is without prejudice to the rights of any party to seek modification of this Stipulation and Order by application to the Court on notice to the other parties hereto.

25.     Nothing in this Stipulation and Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

_____

Ricklin Brown (WVSB #500)
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia 25301
(304) 414-3641

Mitchell A. Lowenthal
Boaz S. Morag
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York NY 10006
(212) 225-2000

*Attorneys for Defendant Massey Energy Company
(now known as Alpha Appalachia Holdings, Inc.)*

A.L. Emch
Jonathan L. Anderson
JACKSON KELLY PLLC
1600 Laidley Tower
P. O. Box 553
Charleston, WV 25322
(304) 340-1000

Stuart W. Gold
Julie A. North
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Ronald S. Rolfe, Esq.
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

*Attorneys for Defendants James B. Crawford,
E. Gordon Gee, Robert H. Foglesong,
Richard M. Gabrys, Lady Barbara Thomas
Judge, Dan R. Moore, Stanley C. Suboleski
and Massey Energy Company (now known as
Alpha Appalachia Holdings, Inc.)*

Thomas V. Flaherty
Tammy R. Harvey
FLAHERTY SENSABAUGH BONASSO PLLC
P. O. Box 3843
Charleston, WV 25338-3843

*Attorneys for Defendants Don L. Blankenship,
Baxter F. Phillips, Jr.,Eric B. Tolbert,
and Christopher Adkins*

18

A.L. Emch
Jonathan L. Anderson
JACKSON KELLY PLLC
1600 Laidley Tower
P. O. Box 553
Charleston, WV 25322
(304) 340-1000

Stuart W. Gold
Julie A. North
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Ronald S. Rolfe, Esq.
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

*Attorneys for Defendants James B. Crawford,
E. Gordon Gee, Robert H. Foglesong,
Richard M. Gabrys, Lady Barbara Thomas
Judge, Dan R. Moore, Stanley C. Suboleski
and Massey Energy Company (now known as
Alpha Appalachia Holdings, Inc.)*

Thomas V. Flaherty
Tammy R. Harvey
FLAHERTY SENSABAUGH BONASSO PLLC
P. O. Box 3843
Charleston, WV 25338-3843

*Attorneys for Defendants Don L. Blankenship,
Baxter F. Phillips, Jr., Eric B. Tolbert,
and Christopher Adkins*

18

Joel H. Bernstein
Christopher J. Keller
Ira A. Schochet
Irina Vasilchenko
Felicia Y. Mann
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

*Counsel for Lead Plaintiff Commonwealth
of Massachusetts Pension Reserves Investment
Trust and Co-Lead Counsel for the Class*

Paul J. Geller
Jack Reise
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432

Dennis J. Herman
Christopher M. Wood
ROBBINS GELLER RUDMAN & DOWD LLP
Post Montgomery Center
Post Montgomery Street, Suite 1800
San Francisco, California 94104

*Counsel for David Wagner and
Co-Lead Counsel for the Class*

John F. Dascoli
JOHN F. DASCOLI, PLLC
2442 Kanawha Boulevard East
Charleston, WV 25311

*Local Counsel for Plaintiffs*

Samuel D. Elswick
James A. McKowen
JAMES F. HUMPHREYS & ASSOCIATES L.C.
United Center, Suite 800
500 Virginia Street, East
Charleston, WV 25301

*Liaison Counsel for Lead Plaintiff
Massachusetts Pension Reserves Investment Trust*

19

IT IS SO ORDERED.

Dated: December __, 2011

                                           _____

                                               Hon. Irene C. Berger
                                               UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

In re MASSEY ENERGY CO.      )
SECURITIES LITIGATION,       )
                                  )     **Civil Action No. 5:10-cv-00689-ICB**
                                  )

**DECLARATION OF _____ UNDER**
**STIPULATION AND ORDER GOVERNING THE PRODUCTION,**
**EXCHANGE AND FILING OF CONFIDENTIAL MATERIAL**

I, _____ being duly sworn, declare as follows:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____.

    4.    I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

    5.    I will comply with all of the provisions of the Protective Order. I will hold all Confidential or Highly Confidential Discovery Materials disclosed to me, including the substance and any copy or summary abstract, in confidence, and will not disclose such material to anyone not qualified under the Protective Order. I will not use Confidential or Highly Confidential Discovery Materials for any purposes other than this case, including after the conclusion of this case.

    6.    I will return all Confidential or Highly Confidential Discovery Materials that come into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

    7.    I hereby submit to the jurisdiction of the United States District Court for the Southern District of West Virginia for the purpose of enforcement of the Protective Order in this case.

    I declare under the penalty of perjury that the foregoing is true and correct.

_____