USDC/ATTY-003 (Rev. 2/07) | LR 16.1 Report of Parties Planning Meeting

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT
☒ **Beckley** ☐ **Bluefield** ☐ **Charleston** ☐ **Huntington** ☐ **Parkersburg\**

In re MASSEY ENERGY CO. SECURITIES LITIGATION

This Document Relates To:

    ALL ACTIONS.

**REPORT OF PARTIES' PLANNING MEETING**

**CASE NUMBER** 5:10-CV-00689-ICB

---

*Guideline for parties and attorneys:*
The parties are advised to use the *Worksheet for Report of Parties Planning Meeting* (Form USDC/ATTY-004 located on the Court's website at www.wvsd.uscourts.gov) and the suggested guidelines contained in the form's comments.

---

1. Pursuant to Fed.R.Civ.P. 26(f), several meetings among counsel for the parties were held, including a meeting on May 18, 2012, in which Joel Bernstein represented the plaintiffs, and Boaz Morag and Victor Hou represented the defendants, and June 28, 2012, in which Ira Schochet represented the plaintiffs, and Victor Hou and Boaz Morag represented the defendants.

2. Pre-Discovery Disclosures. As the Court is aware from the Joint Motion To Modify Amended Order And Notice Issued on March 30, 2012 Regarding Discovery Planning Schedule (the "Joint Motion"), there is currently in place a stay of all discovery, pursuant to a stipulation with the United States Government (the "Government") that was so-ordered by the Court on September 28, 2011. The parties have been exploring an agreement with the Government regarding the stay. Pursuant to the Court's directive in its June 12, 2012 Order on the Joint Motion, the parties' negotiations and respective positions are detailed in the Joint Statement (the "Joint Statement") filed concurrently herewith. While the parties have not been able to reach agreement, consistent with the Court's June 12, 2012 Order, the parties are proposing herewith a schedule for discovery keyed off of the resolution of the positions expressed in the Joint Statement. Given the complexities this case presents, the parties agree that <u>7 weeks from the date that the Court issues an order addressing the positions, set forth by the Government and the Parties in the Joint Report with respect to when further discovery should commence, the parties will exchange</u> the information required by Fed.R.Civ.P. 26(a)(1).

3. Plaintiff(s) should be allowed until <u>30 days from the scheduling conference</u> to join additional parties and to amend the pleadings. Defendant(s) should be allowed until <u>30 days from the scheduling conference</u> to join additional parties and to amend the pleadings.

4. Discovery Plan.

1

The parties state their respective positions regarding the modification of the discovery stay and their proposed discovery plans, and all of the reasons they seek these modifications, in detail in the parties' Joint Statement.

Plaintiffs' Position:

- As to party documentary and written discovery, the stay should be lifted one week after the July 12, 2012 scheduling conference.

- The parties must serve the Government with a copy of all subpoenas, deposition notices, and discovery requests (collectively, "discovery requests").

- The parties and the Government are required to serve any objections and responses to party documentary and written discovery requests as provided in the Federal Rules of Civil Procedure.

- The stay on depositions and non-party discovery will continue until November 1, 2012 (when "full discovery" will commence), although the parties will be permitted to serve such discovery requests before that date, on a date after the scheduling conference to be determined by Court order.

- The Government is not be obligated to serve objections to the stayed depositions and non-party discovery requests until December 1, 2012, though it will, in good faith, notify the parties before then if it has no objections to particular or all requests.

- After the Government's objection to any discovery request, counsel for the Government and counsel for the party serving the discovery request will be obligated to meet and attempt in good faith to resolve the Government's objection. If the party serving the discovery request and the Government are unable to resolve their dispute, then the requesting party may move the Court to rule on the dispute.

- No depositions will take place until after either notification from the Government that it has no objections to particular depositions or resolution of such objections.

- No party will seek any discovery from the Government in connection with its ongoing criminal investigation arising from the same facts which gave rise to this action (the "Criminal Investigation," which includes all directly related criminal and grand jury proceedings and all grand jury materials, proceedings, subpoenas, requests, and other information encompassed by Fed.R.Crim.P. 6).

- No party will engage in discovery designed to discover, nor will any recipient of any discovery request produce or disclose, information that would reveal any aspect of the Criminal Investigation, including, but not limited to, the identity of any person involved in the Criminal Investigation, which documents are involved in the Criminal Investigation, communications with the Criminal Investigation, or the fact that any evidence has been sought or obtained in the Criminal Investigation. No party will inquire about or request any documents or materials by referring to any aspect of the Criminal Investigation. If documents or materials produced in or otherwise relating to the Criminal Investigation are responsive to a discovery request in the within action, they must be produced, but only in a manner that provides no indication that they were produced in or otherwise relate to the Criminal Investigation.

2

- Copies of all discovery responses will be served on the Government.  Any transcript or audio or video recording of any deposition, and any exhibits used in any deposition, will be provided to the Government by the party that gave notice of the deposition or, upon request from the Government, by any other party.

- The opening brief on class certification issues will be due 4 months after the commencement of full discovery, with each side then having 30 days to file a response and reply brief.  A hearing should be scheduled soon after briefing is completed at the Court's convenience.

In the alternative, Plaintiffs propose the provisions agreed to with the Government, which are set forth in the Conditional Stipulation Concerning Modification of the Discovery Stay, which is attached to the Joint Statement as Exhibit A.

Defendants' Position:

- For the reasons expressed in the Joint Statement by the Government and the Defendants, the discovery stay in place in this case should remain in place until the earlier of either the completion of the Government's Criminal Investigation or January 15, 2013.

- The proceedings should be bifurcated so that, initially, discovery will first address class certification, during which the parties will conduct discovery on whether this action may be certified as a class action, the appropriateness of the class representatives and the scope of the putative class and class period, followed, if appropriate, by non-class certification fact discovery.  The parties will complete class certification discovery within three months and, following briefing, a hearing on class certification should he held two months after the close of class certification discovery or at the Court's convenience.  Non-class certification fact discovery should commence only after the Court rules on the issue of class certification and only to the extent appropriate under such ruling.

The parties jointly propose to the court the following discovery plan (Defendants contend that the following plan applies only to non-class certification discovery, if necessary.  Plaintiffs oppose bifurcation and contend (1) that discovery into the following list of subjects should also include whether this action may be certified as a class action and the scope of the putative class, and (2) all such discovery should be conducted at the same time in accordance with the time periods contained in the proposal to modify the existing stay that they offer.): [Use separate paragraphs or subparagraphs as necessary if parties disagree.]

Discovery will be needed on the following subjects:  The parties intend to conduct discovery on all issues relevant to the merits of Plaintiffs' claims, Defendants' defenses, and alleged damages, including but not limited to the following (without waiver of any position that any party may take as to the required elements of the following claims or defenses):

- Whether Defendants made false and misleading statements or omissions regarding Massey's mine safety record and compliance, its commitment to and focus on safety, its Non-Fatal Days Lost rates, its "risk factors" disclosures in Massey's SEC filings as to regulatory violations risk, and other safety-related subjects.
- Whether these alleged false and misleading statements or omissions were material.
- Whether the "fraud on the market" assumption of reliance is available to Plaintiffs and the putative class.

3

- Whether the truth about Massey's mine safety record and compliance was sufficiently publicly available for purposes of the "truth on the market" defense.
- Whether the subject of Massey's mine safety record and compliance was a matter of robust debate in public media and discussion such that any Massey statement concerning these issues must be seen in the context of the public debate and thus not false and misleading.
- Whether Defendants acted with scienter.
- Whether the alleged false and misleading statements or omissions caused an economic loss to Plaintiffs, and the extent of alleged damages.
- Whether those Defendants named as "controlling persons" in the operative Complaint had the requisite "control" of Massey.
- Whether the alleged misstatements or omissions prompted Plaintiffs to purchase Massey stock.
- Whether Plaintiffs' alleged injuries were proximately caused by any alleged misrepresentation or omission.
- Whether Plaintiffs knew or should have known of the allegedly misstated or omitted information or knew or should have known the truth notwithstanding any alleged misrepresentations or omissions.
- Whether Plaintiffs attempted to mitigate their alleged damages.

The parties expressly request the right to amend and/or supplement the preceding categories.

Disclosure of electronically stored information should be handled as follows: <u>The parties have confirmed that each has taken steps to help ensure the preservation of potentially discoverable materials, including electronically stored information ("ESI"). All producing parties will make a good faith effort to search for and produce ESI. The parties will also meet and confer at a later date (after the discovery stay issue is resolved) regarding additional terms with respect to the disclosure and discovery of ESI, including the form(s) in which it should be produced, pursuant to the Federal Rules of Civil Procedure.</u>

The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: <u>At this time, the parties do not anticipate the need to deviate from the Federal Rules of Civil Procedure and Federal Rules of Evidence regarding claims of privilege or protections as trial preparation materials. The parties will continue to discuss the issue and reserve their rights to request an order if circumstances later warrant. Additionally, the parties have previously stipulated to a protective order governing the production and use of confidential discovery material – the Stipulation and Order Governing the Production, Exchange and Filing of Confidential Material (the "Confidentiality Agreement"), which was filed with the Court on December 2, 2011 [Dkt. No. 129]. The Confidentiality Agreement also provided the procedure for handling privileged discovery material inadvertently produced during discovery.</u>

This action ☒ is ☐ is not suitable for designation as a complex case requiring special case management procedures and additional pretrial conferences. If the parties and attorneys believe that the case is complex, the basis for that belief is: <u>This action is suitable for designation as a complex case because it is a securities class action involving numerous, difficult legal and factual issues that will likely be time-consuming to resolve and require the management of a substantial</u>

amount of documentary evidence, a large number of witnesses, and other substantial fact and expert discovery.

The last date to serve discovery requests is <u>45 days before the last date to take a discovery deposition, as discussed below</u>. The last date on which to take a discovery deposition is 45 days after the last date to serve discovery requests. The last date on which to take a discovery deposition is known as the "discovery completion date."

Plaintiffs' position is that discovery on all issues is to be completed 9 months after full discovery commences.

Defendants' position is that discovery is to be completed within 12 months after non-class certification discovery commences.

The parties expressly reserve the right to seek leave to amend this discovery completion date and other proposed dates herein should discovery require additional time and for good cause shown.

The parties <u>do not</u> adopt the discovery limits set forth in the Federal Rules of Civil Procedure. If the parties and attorneys believe that more discovery is needed, the basis for that belief is: <u>As discussed above, this action is a highly complex securities class action involving numerous, difficult legal and factual issues that will require a substantial amount of documentary evidence, a large number of witnesses, and other substantial fact and expert discovery to resolve. The parties will meet and confer on the number of depositions and other changes from the Federal Rules of Civil Procedure at a later date after the resolution of the discovery stay issue in this case.</u>

Reports from retained experts under Rule 26(a)(2) due:

By the party with the burden of proof on an issue: <u>70 days before the discovery completion date above</u>;

By the party not bearing the burden of proof on an issue: <u>40 days before the discovery completion date above</u>; and

Expert witness disclosures intended solely to contradict or rebut evidence on the same issue identified by another party: <u>25 days before the discovery completion date above</u>.

5. Magistrate judges will resolve discovery disputes. The parties ☒do not consent ☐do consent to have a United States magistrate judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment.

6. Mediation shall take place on or before <u>30 days after the discovery completion date above</u>.

7. Potential dispositive motions shall be filed by <u>30 days after the discovery completion date above</u>, with responses and replies filed according to the Local Rules, unless otherwise agreed to by the parties or permitted by the Court.

8. The parties request a pretrial conference <u>2 weeks before trial date below</u>.

5

USDC/ATTY-003 (Rev. 2/07) | LR 16.1 Report of Parties Planning Meeting

> The plaintiff(s) shall submit a proposed pretrial order to defendant(s) on or before <u>2 weeks before pretrial conference above</u>.
>
> The defendant(s) shall compile a proposed integrated pretrial order and submit it to chambers of the presiding judicial officer on or before <u>7 business days before pretrial conference above</u>.

9. Where applicable, proposed jury instruction shall be exchanged and transmitted to chambers of the presiding judicial officer in WordPerfect format on or before <u>7 business days before trial date below</u>.

10. Where applicable, proposed findings of fact and conclusions of law shall be exchanged and transmitted to chambers of the presiding judicial officer in WordPerfect format on or before <u>            </u>.

11. A final settlement conference will take place on <u>1 day before trial date below.</u>

12. The case should be ready for trial by:

    <u>Plaintiffs' position: 13 months after the commencement of full discovery;</u>

    <u>Defendants' position: 17 months after commencement of discovery,</u>

    and at this time is expected to take <u>an unknown number of</u> days.

    The parties state that it would be premature to make a determination as to the length of trial at this early stage.

    The parties ☒request ☐do not request a conference with the court before entry of the scheduling order.

DATED:  July 3, 2012                        LABATON SUCHAROW LLP
                                            JOEL H. BERNSTEIN


                                             <u>/s/ Joel H. Bernstein</u>
                                            JOEL H. BERNSTEIN

                                            JOEL H. BERNSTEIN
                                            IRA A. SCHOCHET
                                            IRINA VASILCHENKO
                                            FELICIA Y. MANN
                                            140 Broadway, 34th Floor
                                            New York, NY  10005
                                            Telephone:  212/907-0700
                                            212/818-0477 (fax)

*Counsel for Lead Plaintiff Commonwealth of Massachusetts Pension Reserves Investment Trust and Co-Lead Counsel for the Class*

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
JACK REISE
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DENNIS J. HERMAN
CHRISTOPHER M. WOOD
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94101
Telephone:  415/288-4545
415/288-4534 (fax)

*Counsel for Plaintiff David Wagner and Co-Lead Counsel for the Class*

JAMES F. HUMPHREYS
  & ASSOCIATES L.C.
JAMES A. MCKOWEN
United Center, Suite 800
500 Virginia Street East
Charleston, WV  25301
Telephone: 304/347-5050
304/347-5055 (fax)

*Liaison Counsel for Lead Plaintiff Commonwealth of Massachusetts Pension Reserves Investment Trust and the Class*

          JOHN F. DASCOLI, PLLC
          JOHN F. DASCOLI (SBID #6303)
          2442 Kanawha Boulevard, East
          Charleston, WV 25311
          Telephone: 304/720-8684
          304/342-3651 (fax)

*Attorneys for Plaintiffs*

    /s/ Ricklin Brown
Ricklin Brown
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV  25301
(304) 414-3641

Mitchell A. Lowenthal
Victor L. Hou
Boaz S. Morag
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000

*Attorneys for Defendant Massey Energy Company (now known as Alpha Appalachia Holdings, Inc.)*


    /s/ A.L. Emch
A.L. Emch
Jonathan L. Anderson
JACKSON KELLY PLLC
1600 Laidley Tower
P. O. Box 553
Charleston, WV 25322
(304) 340-1000


    /s/ Stuart W. Gold
Stuart W. Gold
Julie A. North
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Ronald S. Rolfe, Esq.
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

*Attorneys for Defendants James B. Crawford, E. Gordon Gee, Robert H. Foglesong, Richard M. Gabrys, Lady Barbara Thomas Judge, Dan R. Moore, and Stanley C. Suboleski*

9

    */s/ Thomas V. Flaherty*
Thomas V. Flaherty
Tammy R. Harvey
FLAHERTY SENSABAUGH BONASSO PLLC
P. O. Box 3843
Charleston, WV 25338-3843

*Attorneys for Defendants Don L. Blankenship,
Baxter F. Phillips, Jr., Eric B. Tolbert,
and Christopher Adkins*