# Exhibit A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | |
|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | Civil Action No. 5:10-cv-00689-ICB |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | The Honorable Irene C. Berger |
| ALL ACTIONS. | CONDITIONAL STIPULATION CONCERNING MODIFICATION OF THE DISCOVERY STAY |

Lead Plaintiff Commonwealth of Massachusetts Pension Reserves Investment Trust and Plaintiff David Wagner (collectively, "Plaintiffs"), on behalf of the Class, and the United States of America (the "Government") by their representative undersigned counsel, hereby respectfully submit this conditional stipulation concerning modification of the discovery stay in this action previously agreed to by Plaintiffs and the Government and imposed pursuant to the Court's Order Granting Plaintiffs' Motion to Partially Lift the PSLRA Discovery Stay (the "PSLRA Order") dated September 28, 2011 [Dkt. No. 128]. This stipulation is effective only in the event the Court denies the request of the Government and the defendants in the within action to extend the discovery stay until January 15, 2013, and the request by Plaintiffs for, among things outlined in their part of the joint submission, an earlier lifting of the stay on party documentary and written discovery. Accordingly, in the event the Court denies these separate requests, the Plaintiffs and the Government respectfully move the Court for an Order modifying the discovery stay as described herein.

In support thereof, the Parties state as follows:

**WHEREAS,** on February 16, 2011, Plaintiffs filed their Motion to Partially Lift the PSLRA Discovery Stay [Dkt. Nos. 76-78];

**WHEREAS,** on March 3, 2011, the Government filed its Combined Motion to Intervene and to Stay Discovery (the "Combined Motion") [Dkt. No. 79] seeking an order under Rule 26(c) of the Federal Rules of Civil Procedure staying all discovery in this action until the completion of its ongoing criminal investigation arising from the same facts which gave rise to this action and all directly related criminal and grand jury proceedings that arise from that investigation (the "Criminal Investigation");

**WHEREAS,** the term "Criminal Investigation" as used herein shall include all directly related criminal and grand jury proceedings and all grand jury materials, proceedings, subpoenas, requests, and other information encompassed by Fed.R.Crim.P. 6.

**WHEREAS,** on April 15, 2011, the Government filed its Reply Memorandum in Support of Its Combined Motions [Dkt. No. 92] stating that Plaintiffs and the Government had reached an agreement regarding the Government's Combined Motion in the event the Court allowed a partial lifting of the PSLRA discovery stay, the terms of which were embodied in a proposed order attached as Exhibit A to the Government's reply [Dkt. No. 92-1];

**WHEREAS,** on September 28, 2011, the Court issued a Memorandum Opinion and Order [Dkt. No. 127] and the PSLRA Order [Dkt. No. 128], which was identical to the proposed order submitted by the Government and agreed to by Plaintiffs;

**WHEREAS**, the PSLRA Order provided that the Government's Combined Motion was granted to the extent that intervention was granted and its motion to stay discovery was granted except as otherwise provided in the PSLRA Order;

**WHEREAS,** the PSLRA Order further provided that in the event that the Court denied Defendants' Motions to Dismiss, Plaintiffs may move to modify or terminate the stay of discovery granted to the Government;

**WHEREAS,** on March 28, 2012, the Court issued a Memorandum Opinion and Order [Dkt. No. 137] denying Defendants' Motions to Dismiss in their entirety;

**WHEREAS,** on March 30, 2012, the Court issued an Amended Order and Notice (the "Scheduling Order") [Dkt. No. 138] pursuant to Local Rule of Civil Procedure 16.1 providing a schedule for the parties to commence discovery planning in accordance with Rule 26(f) of the Federal Rules of Civil Procedure, including a June 7, 2012 deadline for a Rule 26(f) conference among the parties, a June 14, 2011 deadline to file the parties' Rule 26(f) conference report and scheduling order worksheet, and a scheduling conference before the Court on June 28, 2012.

**WHEREAS,** on May 25, 2012, the parties filed a Joint Motion to Modify Amended Order and Notice Issued on March 30, 2012 Regarding Discovery Planning Schedule (the "Joint Motion") [Dkt. No. 143] wherein the parties requested that the discovery planning schedule dates set forth in the Scheduling Order be adjourned until after the remaining discovery stay imposed pursuant to the PSLRA Order is vacated or modified;

**WHEREAS**, on June 12, 2012, the Court issued the Order [Dkt. No. 144] partially granting the Joint Motion, wherein the Court, *inter alia*, adjourned the deadline to file the parties' joint Rule 26(f) meeting report until July 3, 2012, rescheduled the Scheduling Conference before the Court to July 12, 2012, and directed the parties "to continue to work toward resolution" of the discovery stay issue, and if no such resolution is reached, to file a joint status report to the Court detailing their efforts by July 3, 2012;

**WHEREAS**, on June 15, 2012, the Court in the related Massey derivative litigation in Delaware, *In re Massey Energy Company Derivative Litigation*, No. 5430-CS (Del. Ch.), (the

"Delaware Action") ordered a stay of all discovery in that action until January 15, 2013, based on the Government's continuing Criminal Investigation;

**WHEREAS**, the Government respectfully requests that a discovery stay in this action continue until January 15, 2013, as ordered in the Delaware Action, because it believes such a stay also is appropriate here, but nonetheless has sought to reach an alternative agreement with Plaintiffs on conditions for discovery in the event the Court denies that request;

**WHEREAS**, Plaintiffs believe that there are sufficient, material differences between the Delaware Action and this action, including their respective procedural postures, such that an earlier lifting of the stay is justified in this action, and, based on a proper balancing of the interests of the Government and Plaintiffs, respectfully seek to have the Court lift the stay on party documentary and written discovery on a date earlier than that set forth below, but offers the following terms with the Government as an alternative;

**WHEREAS**, Plaintiffs and the Government have conferred and reached an agreement that the discovery stay imposed pursuant to the PSLRA Order should now be modified, and that in its place the following order containing provisions designed to protect the Government's continuing Criminal Investigation should be entered:

**IT IS HEREBY STIPULATED AND AGREED**, by and between undersigned counsel, subject to the approval of the Court, that:

1. Subject to certain exceptions below, the discovery stay imposed pursuant to the PSLRA Order will remain in place until November 1, 2012, and thereafter will be lifted in its entirety.

2. The parties may serve discovery requests beginning on a date after the Scheduling Conference (which is currently scheduled for July 12, 2012), to be determined by Court order. The parties shall serve the Government with a copy of all subpoenas, deposition notices, and

discovery requests (collectively, "discovery requests"). The parties shall serve any objections to the discovery requests at a time determined by the Federal Rules of Civil Procedure (or, otherwise, by Court order) and then timely attempt to resolve any disputes resulting from these objections, or otherwise move the Court for relief if they cannot resolve such disputes. The responding parties shall diligently collect for production all documents responsive to document requests served upon them, and otherwise prepare responses to other discovery requests, as if there were no stay in place, but shall not produce such documents or serve such responses until after either notification from the Government that it has no objections to particular requests, or resolution of such objections. No depositions shall take place until after either notification from the Government that it has no objections to particular depositions or resolution of such objections.

3. The Government shall have 30 days from November 1, 2012, until and including December 1, 2012 (or 30 days from date of service of the discovery requests, if served after November 1, 2012) within which to object to any discovery requests, though it will, in good faith, notify the parties some time before those deadlines if it has no objections to particular or all requests. After the Government's objection to any discovery request, counsel for the Government and counsel for the party serving the discovery request shall meet and attempt in good faith to resolve the Government's objection. If the party serving the discovery request and the Government are unable to resolve their dispute, then the requesting party may move the Court to rule on the dispute.

4. No party in the within action shall seek any discovery from the Government in connection with its Criminal Investigation.

5. No party in the within action shall engage in discovery designed to discover, nor shall any recipient of any discovery request produce or disclose, information that would reveal

any aspect of the Criminal Investigation, including, but not limited to, the identity of any person involved in the Criminal Investigation, which documents are involved in the Criminal Investigation, communications with the Criminal Investigation, or the fact that any evidence has been sought or obtained in the Criminal Investigation.  No party in the within action shall inquire about or request any documents or materials by referring to any aspect of the Criminal Investigation.  If documents or materials produced in or otherwise relating to the Criminal Investigation are responsive to a discovery request in the within action, they shall be produced, but only in a manner that provides no indication that they were produced in or otherwise relate to the Criminal Investigation.

6. Copies of all discovery responses shall be served on the Government.  Any transcript or audio or video recording of any deposition, and any exhibits used in any deposition, shall be provided to the Government by the party that gave notice of the deposition or, upon request from the Government, by any other party.

7. The parties to this Stipulation reserve their right to move to modify the terms herein at any time. The Government specifically reserves the right to seek a further stay of discovery in whole or in part.

DATED: June 28, 2012

| | |
|---|---|
| */s/ Joel H. Bernstein* | */s/ Fred B. Westfall, Jr.* |
| JOEL H. BERNSTEIN | FRED B. WESTFALL, JR. |
| | Assistant United States Attorney |
| **LABATON SUCHAROW LLP** | **U. S. ATTORNEY'S OFFICE** |
| JOEL H. BERNSTEIN | P.O. Box 1713 |
| IRA A. SCHOCHET | Charleston, WV 25326 |
| IRINA VASILCHENKO | Telephone:  304/345-2200 |
| FELICIA Y. MANN | Fax:  304/347-5104 |
| 140 Broadway, 34th Floor | E-mail: |
| New York, NY  10005 | |
| Telephone:  212/907-0700 | *Attorney for the Unites States of America* |

212/818-0477 (fax)

*Counsel for Lead Plaintiff Commonwealth of Massachusetts Pension Reserves Investment Trust and Co-Lead Counsel for the Class*

**ROBBINS GELLER RUDMAN &  
 DOWD LLP**
PAUL J. GELLER
JACK REISE
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

**ROBBINS GELLER RUDMAN &  
DOWD LLP**
DENNIS J. HERMAN
CHRISTOPHER M. WOOD
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94101
Telephone: 415/288-4545
415/288-4534 (fax)

*Attorneys for Plaintiff David Wagner and Co-Lead Counsel for the Class*

**JAMES F. HUMPHREYS &  
 ASSOCIATES L.C.**
JAMES A. MCKOWEN
United Center, Suite 800
500 Virginia Street East
Charleston, WV 25301
Telephone: 304/347-5050
304/347-5055 (fax)

*Liaison Counsel for Lead Plaintiff Commonwealth of Massachusetts Pension Reserves Investment Trust and the Class*

**JOHN F. DASCOLI, PLLC**
JOHN F. DASCOLI (SBID #6303)
2442 Kanawha Boulevard, East
Charleston, WV 25311
Telephone: 304/720-8684
304/342-3651 (fax)

*Local Counsel for Plaintiffs*

IT IS SO ORDERED.

DATED: _____     _____
HONORABLE IRENE C. BERGER
UNITED STATES DISTRICT JUDGE