IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

| | |
|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION ) ) ) ) This Document Relates To: ) ) ALL ACTIONS. ) ) ) | Civil Action No. 5:10-cv-00689<br><br>CLASS ACTION<br><br>The Honorable Irene C. Berger |

**MOTION OF THE UNITED STATES TO CONTINUE STAY OF
DISCOVERY AND FOR IN CAMERA EX PARTE HEARING**

Pursuant to Rule 26(c) of the Federal Rules of Criminal Procedure and the inherent power of this Court, the United States moves this Court for an order continuing the stay of discovery in this civil action until January 15, 2014. The United States makes this request to protect the integrity of its criminal investigation of conduct at the former Massey Energy Company (the "Criminal Investigation").

The United States further moves the Court to schedule an *in camera*, *ex parte* hearing so that the United States may provide the Court a detailed explanation of facts that have arisen since the United States' last motion in this matter and that justify the requested continuance. The United States seeks to provide this information *in camera* because disclosing it publicly would jeopardize the Criminal Investigation, as further explained below.

The United States has consulted with the parties to this civil action and is authorized to represent their positions as follows: 1) defendant Blankenship takes no position; 2) the other defendants do not oppose the continued stay; 2) the lead plaintiff does not oppose the continued

stay if the Court conducts the hearing requested by the United States and determines that the continued stay is warranted.

## Factual and Procedural Background

This civil action was instituted against Massey Energy Company ("Massey") and certain of its officers and directors in April 2010, after an explosion at Massey's Upper Big Branch coal mine ("UBB") killed 29 miners. The Complaint alleges, in essence, that Massey shareholders were misled by false statements about Massey's safety records. The Complaint contends that these false statements were brought to light by the UBB explosion.

The explosion at UBB also gave rise to the Criminal Investigation, which initially focused on events at UBB but has expanded to address broader possible misconduct at Massey. The Criminal Investigation has resulted in significant prosecutions and convictions. On October 26, 2011, Hughie Elbert Stover, the former security chief at UBB, was convicted by a jury of making false statements and obstructing an investigation. On March 29, 2012, former UBB mine superintendent Gary May pleaded guilty to conspiring to impede the Mine Safety and Health Administration (MSHA). On February 28, 2013, David Hughart, the former president of a group of Massey subsidiaries, pleaded guilty to conspiring to impede MSHA and to conspiring to violate federal mine safety and health laws. May and Hughart have entered into plea agreements that require them to cooperate with the Criminal Investigation. The Criminal Investigation remains ongoing, and its subject matter continues to overlap heavily with the subject matter of this civil action.

In this civil action, on July 9, 2012, the Court granted the United States' motion to stay discovery, entering a stay until January 15, 2013. On January 17, 2013, the Court granted in part the United States' motion to continue the discovery stay, entering a stay until April 15, 2013. On

April 19, 2013, the Court entered an order granting the United States' motion to continue the discovery stay until July 15, 2013.

In a related civil action pending in the Delaware Court of Chancery, *In re Massey Energy Company Derivative Litigation*, No. 5430-CS (Del. Ch.) (the "Delaware Action"), discovery has been stayed until July 15, 2013, in order to protect the integrity of the Criminal Investigation. The United States anticipates that the defendants in the Delaware Action will, not later than July 15, 2013, move to continue the stay in that action until January 15, 2014.

### Statement of Grounds for the Motion

#### A. *Grounds to continue the stay until January 15, 2014*

Individual defendants in this civil action may be, or may become, subjects or targets in the Criminal Investigation. At present, these individual defendants have no access to the vast majority of the evidence material to the Criminal Investigation. They do not know, in other words, what information might be in the government's possession.

If civil discovery goes forward, that will change. The individual defendants will be able to use the civil discovery process to obtain much of the evidence that is at the heart of both this matter and the Criminal Investigation. With that evidence, they will be able to draw informed conclusions about key details of the government's case—to learn what the government knows. That information could, in the worst case, allow the individual civil defendants to shape their own statements to the Criminal Investigation or to influence the testimony of other witnesses, thus obstructing the Criminal Investigation.

In light of this serious risk, the balance of interests favors continuing the stay. *See Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527, 530 (S.D. W.Va. 2005) (discussing interests to be balanced where government seeks civil stay to protect criminal matter; "The United States'

interest in an unimpeded criminal investigation favors a stay"). The public interest requires careful measures to ensure the integrity of the Criminal Investigation. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("Administrative policy gives priority to the public interest in law enforcement."), *cert. denied*, 371 U.S. 955 (1963); *In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the *public interest* in the criminal case is entitled to precedence over the civil litigant") (emphasis in original)). The parties' interests are consistent with a continued stay, as evidenced by the parties' own positions: no party opposes a continued stay should the Court find it warranted. A continued stay also would advance the interests of judicial administration and economy: criminal investigations and prosecutions frequently help resolve factual issues in related civil cases, speeding civil resolutions. *See United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976).

### B. Grounds for the requested hearing

The United States recognizes that the Court, in considering this motion, may benefit from an explanation of the specific aspects of the Criminal Investigation that would be jeopardized if discovery proceeds now in this civil action. Public disclosure of details of the Criminal Investigation, however, would be inappropriate; if individuals learn that they are subjects or targets of the investigation and discover the evidence against them, they would be in a position to undermine the investigation by, for example, influencing witnesses. It is well established that preserving the integrity of criminal investigations may require non-public judicial proceedings: grand jury secrecy and the sealing of search warrant affidavits are two commonplace examples. *See* Fed. R. Crim. P. 6(e) (grand jury secrecy requirements); *Franks v. Delaware*, 438 U.S. 154, 169, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) (to protect integrity of criminal investigations, search warrant proceedings are "necessarily *ex parte*"). In keeping with this principle, the United States

seeks the opportunity to fully advise the Court in a manner that will not compromise the public's interest in an unimpeded Criminal Investigation.

## Conclusion

The requested continuance of the discovery stay in this action would protect the overriding public interest in the Criminal Investigation's integrity. None of the parties take a position opposing a continued stay if the Court concludes it is warranted. A continued stay would be consistent with precedent. The United States thus respectfully requests that the discovery stay be continued until January 15, 2014, and that the Court conduct an *in camera*, *ex parte* hearing on this motion.

Respectfully submitted,

**R. BOOTH GOODWIN II**
**United States Attorney**

**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
P.O. Box 1713
Charleston, WV  25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov

**CERTIFICATE OF SERVICE**

      I, Fred B. Westfall, Jr., Assistant United States Attorney for the Southern District of West Virginia, hereby certify that on July 15, 2013, I electronically filed the foregoing **MOTION OF THE UNITED STATES TO CONTINUE STAY OF DISCOVERY AND FOR IN CAMERA EX PARTE HEARING** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

LABATON SUCHAROW LLP
JOEL H. BERNSTEIN
IRA A. SCHOCHET
IRINA VASILCHENKO
FELICIA Y. MANN
140 Broadway, 34th Floor
New York, NY 10005
*Counsel for Lead Plaintiff Commonwealth of Massachusetts*
*Pension Reserves Investment Trust*
*and Co-Lead Counsel for the Class*

PAUL J. GELLER
JACK REISE
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road,
Suite 500  Boca Raton, FL 33432

DENNIS J. HERMAN
CHRISTOPHER M. WOOD
ROBBINS GELLER RUDMAN & DOWD LLP
Post Montgomery Center
One Montgomery Street,
Suite 1800
San Francisco, CA 94101
*Attorneys for Plaintiff David Wagner and Co-Lead Counsel for the Class*

JAMES A. MCKOWEN
JAMES F. HUMPHREYS & ASSOCIATES L.C.
United Center, Suite 800
500 Virginia Street East
Charleston, WV 25301
*Liaison Counsel for Lead Plaintiff Commonwealth of Massachusetts Pension Reserves*
*Investment Trust and the Class*

JOHN F. DASCOLI
JOHN F. DASCOLI, PLLC
2442 Kanawha Boulevard, East
Charleston, WV 25311

*Local Counsel for Plaintiffs*

Ricklin Brown
BAILEY & GLASSER, LLP
209 Capitol Street  Charleston, WV 25301

Mitchell A. Lowenthal
Victor L. Hou
Boaz S. Morag
CLEARY GOTTLIEB STEEN & HAMILTON  LLP
One Liberty Plaza  New York, NY 10006
*Attorneys for Defendant Massey Energy Company (now known as Alpha Appalachia  Holdings, Inc.)*

A.L. Emch
Jonathan L. Anderson
JACKSON KELLY PLLC
1600 Laidley Tower
P. O. Box 553  Charleston, WV 25322

Stuart W. Gold
Julie A. North
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza  825 Eighth Avenue
New York, NY 10019

Ronald S. Rolfe, Esq.
Worldwide Plaza 825 Eighth Avenue
New York, NY 10019-7475
*Attorneys for Defendants James B. Crawford, E.  Gordon Gee, Robert H. Foglesong, Richard M. Gabrys, Lady Barbara Thomas Judge, Dan R.  Moore, and Stanley C. Suboleski*

Thomas V. Flaherty
Tammy R. Harvey
FLAHERTY SENSABAUGH BONASSO PLLC
P. O. Box 3843
Charleston, WV 25338-3843
*Attorneys for Defendants Don L. Blankenship,  Baxter F. Phillips, Jr., Eric B. Tolbert, and Christopher Adkins*

**R. BOOTH GOODWIN II**
**United States Attorney**


**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
P.O. Box 1713
Charleston, WV  25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov