UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | |
|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION ) ) ) | Civil Action No. 5:10-cv-00689-ICB |
| | CLASS ACTION |
| This Document Relates To: ) ) | The Honorable Irene C. Berger |
| ALL ACTIONS. ) ) ) | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, as of February 5, 2014, Lead Plaintiff, the Commonwealth of Massachusetts Pension Reserves Investment Trust ("Lead Plaintiff") and named plaintiff David Wagner (collectively "Plaintiffs"), on behalf of themselves and the proposed Settlement Class (as defined below), on the one hand, and Massey Energy Company (n/k/a Alpha Appalachia Holdings, Inc.) ("Massey" or the "Company"), Donald L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert, J. Christopher Adkins, Dan R. Moore, E. Gordon Gee, Richard M. Gabrys, James B. Crawford, Robert H. Foglesong, Stanley C. Suboleski and Lady Barbara Thomas Judge (collectively, the "Defendants"), and Alpha Natural Resources, Inc. ("ANR"), on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and

which, together with the exhibits thereto, sets forth the terms and conditions of the proposed

settlement of the claims alleged in the Consolidated Amended Class Action Complaint for

Violations of the Federal Securities Laws, filed on March 11, 2011, on the merits and with

prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation and the

accompanying exhibits; and

WHEREAS, the Settling Parties to the Stipulation have consented to the entry of this

order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein

have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____,

_____ that:

1.      The Court has reviewed the Stipulation and preliminarily finds the Settlement set

forth therein to be fair, reasonable and adequate, subject to further consideration at the

Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the

Court hereby certifies, for the purposes of the Settlement only, the Settlement Class of: all

Persons who purchased or otherwise acquired shares of the common stock of Massey Energy

Company between February 1, 2008 and July 27, 2010, inclusive, and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants; (ii) ANR; (iii) the officers and directors

of Massey during the Class Period; (iv) all of Massey's subsidiaries during the Class Period;

(v) members of the immediate families of any excluded Person; (vi) the legal representatives,

heirs, successors or assigns of any excluded Person; (vii) any entity in which any Defendant or

2

ANR has or had a controlling interest; and (viii) any Person who would otherwise be a Settlement Class Member but who properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

3.      The Court finds and concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      the claims of Lead Plaintiff and Plaintiff Wagner are typical of the Settlement Class's claims;

(d)      Lead Plaintiff, Plaintiff Wagner, and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant

interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff and Plaintiff David Wagner are certified as Class Representatives for the Settlement Class.  The law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP are appointed Class Counsel for the Settlement Class and James F. Humphreys & Associates L.C. is appointed Liaison Counsel for the Settlement Class.

5.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2014, at __:____ _.m. for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Judgment as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Defendant Released Parties;

(c)      to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff and Plaintiff Wagner should be finally certified as Class Representatives for the Settlement Class; whether the law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP should be finally appointed as Class Counsel for the Settlement Class; and whether James F. Humphreys & Associates L.C. should be finally appointed as Liaison Counsel for the Settlement Class;

4

      (d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

      (e)     to consider Co-Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representations of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

      (f)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

7.     The Court approves the form, substance and requirements of the Notice and the Proof of Claim, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8.     The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Massey and ANR, to the extent they have not already done so, shall use their best efforts to obtain and provide to Co-Lead Counsel, or the Claims Administrator, no later than five (5) business days after entry of this

Preliminary Approval Order, transfer records in electronic searchable form containing the names and addresses of purchasers of the common stock of Massey during the Class Period.

9.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons who purchased or otherwise acquired the common stock of Massey during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either (i) provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners by first-class mail, or (ii) request additional copies of the Notice and Proof of Claim from the Claims Administrator, and within seven (7) calendar days of receipt of such copies send them by first-class mail directly to the beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice and Proof of Claim shall be made available by the Claims Administrator to any record holder requesting them for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Notices and Proofs of Claim to beneficial owners.

10.     Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

11.     The Court approves the form of the Summary Notice substantially in the form annexed hereto as Exhibit 3, and directs that Co-Lead Counsel cause the Summary Notice to be

6

published in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

13. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, and postmarked no later than 120 calendar days after the Notice Date. Such deadline may be further extended by Court order or by Lead Plaintiff in its discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid) provided such Proof of Claim is actually received prior to the filing of a motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Settlement Class Member who does not submit a Proof of Claim within the time

provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)   The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Co-Lead Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of that Person's current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletion or modification of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)   As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.   Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Co-Lead Counsel.

15.   Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless

such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re Massey Energy Co. Sec. Litig.*, No. 5:10-cv-00689 (S.D. W.V.)" and must be signed by such Person.  Such Persons requesting exclusion are also required to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Massey common stock during the Class Period, and the amount of holdings of these securities.  The request for exclusion shall not be effective unless it provides all of the required information in the manner set forth above, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Co-Lead Counsel's designee: Joel H. Bernstein, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants'

Counsel's designee: Mitchell A. Lowenthal, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, and has filed said objections and supporting papers with the Clerk of the United States District Court for the Southern District of West Virginia, Robert C. Byrd U. S. Courthouse, 110 North Heber Street, Room 119, Beckley, WV 25801.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the Settlement Hearing is not necessary; however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

18.    Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Released Claims against the Defendant Released Parties.

19.     As provided in the Stipulation, prior to the Effective Date, Co-Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from Defendants or ANR and without further order of the Court.

20.     All papers in support of the Settlement, Plan of Allocation, and Co-Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

21.     The passage of title and ownership of the Settlement Fund to the Escrow Agents in accordance with the terms and obligations of the Stipulation is approved.  No Person who is not a Settlement Class Member or Co-Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

23.     Neither Defendants, ANR, nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Co-Lead Counsel or Lead Plaintiff, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

24.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties, and the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action as of December 4, 2013.

25.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____, _____     _____
                                                                    Honorable Irene C. Berger
                                                                    UNITED STATES DISTRICT JUDGE

# Exhibit 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | |
|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION <br><br> This Document Relates To: <br><br> ALL ACTIONS. | Civil Action No. 5:10-cv-00689-ICB <br><br> **NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

**IF YOU PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE COMMON STOCK OF MASSEY ENERGY COMPANY ("MASSEY" OR THE "COMPANY") DURING THE PERIOD BETWEEN FEBRUARY 1, 2008 AND JULY 27, 2010, INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY, YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

The purpose of this Notice is to inform you of (a) the pendency of this class action (the "Action"); (b) the proposed settlement of the Action; and (c) the hearing to be held by the Court to consider (i) whether the settlement should be approved; (ii) the application of plaintiffs' counsel for attorneys' fees and expenses; and (iii) certain other matters (the "Settlement Hearing").  This Notice describes important rights you may have and what steps you must take if you wish to participate in the settlement or wish to be excluded from the Settlement Class (defined below).

- If approved by the Court, the settlement will provide a $265 million cash settlement fund

1

for the benefit of eligible investors (the "Settlement").[1]

- The Settlement resolves claims by the Commonwealth of Massachusetts Pension Reserves Investment Trust ("Lead Plaintiff") and named plaintiff David Wagner (collectively "Plaintiffs"), asserted on behalf of the Settlement Class (defined below) that Defendants (defined below) misled investors about Massey's health and safety practices, policies, and results; avoids the costs and risks of continuing the litigation; pays money to investors like you; and releases the Defendant Released Parties (defined below) from liability.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

- The Court will review the Settlement at the Settlement Hearing to be held on _____, 2014.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2014** | The only way to get a payment. *See* Section D for details. |
| **EXCLUDE YOURSELF BY _____, 2014** | Get no payment. This is the only option that, assuming your claim is timely brought, might enable you to ever bring or be part of any <u>other</u> lawsuit about the Released Claims (defined below) against Defendants and the other Defendant Released Parties. *See* Section E for details. |
| **OBJECT BY _____, 2014** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a member of the Settlement Class (defined below). *See* Section G for details. |
| **GO TO A HEARING ON _____, 2014** | Ask to speak in Court about the Settlement at the Settlement Hearing. |
| **DO NOTHING** | Get no payment. Give up rights. |

---

[1] All capitalized terms used in this Notice are defined in the Stipulation and Agreement of Settlement (the "Stipulation"), dated as of February 5, 2014.

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement and whether to finally certify this as a class action.  Payments will be made if the Court approves the Settlement and after appeals, if any, are resolved.  Please be patient.

### SUMMARY OF THIS NOTICE

**(a)**      **Statement of Plaintiffs' Recovery**

Pursuant to this proposed Settlement, a Settlement Fund consisting of $265 million in cash, plus any accrued interest, has been established.  Based on Plaintiffs' consulting expert's estimate of the number of shares of common stock entitled to participate in the Settlement, and assuming that all such shares entitled to participate do so, Plaintiffs' consulting expert estimates that the average recovery per allegedly damaged share of Massey common stock would be approximately $3.34 per share, before deduction of Court-approved expenses, such as attorneys' fees and expenses and administrative costs.[2]  A Settlement Class Member's actual recovery will be a portion of the Net Settlement Fund, determined by comparing his, her, or its "Recognized Loss" to the total Recognized Losses of all Settlement Class Members who submit acceptable Proofs of Claim.  An individual Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) when the Settlement Class Member purchased or acquired the common stock of Massey during the Class Period; (iii) the purchase price paid; and (iv) whether the Massey common stock was held at the end of the Class Period or sold (and, if sold, when they were sold and the amount received).  *See* the Plan of Allocation beginning on page [_____] for information on your Recognized Loss.

---

[2] An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery is calculated based on the damage allegedly incurred for each purchase of such share.

**(b)        Statement of Potential Outcome if the Action Continued to Be Litigated**

The Settling Parties disagree on both liability and damages and do not agree on the

amount of damages, if any, that would be recoverable if Plaintiffs were to prevail on each claim

alleged.  The issues on which the Settling Parties disagree include, but are not limited to:

(i) whether Defendants made any material misstatement or omission; (ii) whether any Defendant

acted with the required state of mind; (iii) whether this Action is maintainable as a class action;

(iv) the amount by which Massey common stock was allegedly artificially inflated (if at all)

during the Class Period; (v) the extent to which the various matters that Plaintiffs alleged were

false and misleading influenced (if at all) the trading price of Massey common stock at various

times during the Class Period; (vi) whether any purchaser or acquirer of Massey common stock

has suffered damages as a result of the alleged misstatements and omissions in Massey's public

statements; (vii) the extent of such damages, assuming they exist; (viii) the appropriate economic

model for measuring damages; and (ix) the extent to which external factors, such as general

market and industry conditions, influenced the trading price of Massey common stock at various

times during the Class Period.

Defendants have denied and continue to deny any wrongdoing, deny that they have

committed any act or omission giving rise to any liability or violation of law, and deny that

Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions.

While Plaintiffs believe that they have meritorious claims, they recognize that there are

significant obstacles in the way to recovery.

**(c)        Statement of Attorneys' Fees and Litigation Expenses Sought**

Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP ("Co-Lead Counsel")

intend to make a motion asking the Court to award attorneys' fees not to exceed 12.2% of the

Settlement Fund and approve payment of litigation expenses incurred to date in prosecuting this

Action in an amount not to exceed $950,000, plus any interest on such amounts at the same rate

and for the same periods as earned by the Settlement Fund ("Fee and Expense Application").

Co-Lead Counsel's Fee and Expense Application may include a request for an award to Plaintiffs

for reimbursement of their reasonable costs and expenses, including lost wages, directly related to their representation of the Settlement Class in an amount not to exceed $100,000.

If the Court approves the Fee and Expense Application, the average cost per allegedly damaged share of Massey common stock for such fees and expenses would be approximately $0.42 per share.  The average cost per damaged share will vary depending on the number of acceptable claims submitted.  Co-Lead Counsel have expended considerable time and effort in the prosecution of this litigation without receiving any payment, and have advanced the expenses of the litigation, such as the cost of experts, in the expectation that if they were successful in obtaining a recovery for the Settlement Class they would be paid from such recovery.  In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovered as attorneys' fees.

**(d)     Further Information**

Further information regarding this Action and this Notice may be obtained by contacting the Claims Administrator:  *In re Massey Energy Co. Securities Litigation*, c/o _____, ___-___-____, www.___; or Co-Lead Counsel: Labaton Sucharow LLP, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com; Robbins Geller Rudman & Dowd LLP, (___) _____, www.rgrdlaw.com.

**DO NOT CALL THE COURT WITH QUESTIONS ABOUT THE SETTLEMENT**

**(e)     Reasons for the Settlement**

For Plaintiffs, the principal reason for the Settlement is the immediate benefit to the Settlement Class.  This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

For ANR and Defendants, who deny and continue to deny all allegations of wrongdoing or liability whatsoever, the principal reason for the Settlement is to eliminate the burden, expense, uncertainty, and distraction of further litigation.

[END OF PSLRA COVER PAGE]

## A.    BASIC INFORMATION

| 1.    Why did I get this notice package? |
|---|

You or someone in your family may have purchased or acquired common stock of Massey during the period between February 1, 2008 and July 27, 2010, inclusive.

The Court in charge of the case is the United States District Court for the Southern District of West Virginia.  The lawsuit is known as *In re Massey Energy Co. Securities Litigation,* No. 5:10-cv-00689-ICB (S.D. W. Va.) and is assigned to the Honorable Irene C. Berger.  The people who sued are called plaintiffs, and the companies and persons they sued are called defendants.

Lead Plaintiff in the Action, the Commonwealth of Massachusetts Pension Reserves Investment Trust, and named plaintiff David Wagner represent the Settlement Class.  Defendants are Massey and Donald L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert, J. Christopher Adkins, Dan R. Moore, E. Gordon Gee, Richard M. Gabrys, James B. Crawford, Robert H. Foglesong, Stanley C. Suboleski, and Lady Barbara Thomas Judge (the "Individual Defendants" and together with Massey, the "Defendants").

The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.  The Court will review the Settlement at a Settlement Hearing on _____, **2014,** at the United States District Court for the Southern District of West Virginia in the Robert C. Byrd U.S. Courthouse, 110 North Heber Street, Courtroom ____, Beckley, WV 25801 at __:___ ___.m.  If the Court approves the Settlement, and after any objections and appeals are resolved, a claims administrator appointed by the Court will make the payments that the Settlement allows.

This Notice and Proof of Claim and Release explain the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. | What is this lawsuit about and what has happened so far? |
|---|---|

This Action was commenced in April of 2010 by the filing of two complaints alleging that Defendants violated the federal securities laws.   Both of those separate actions  were consolidated into this Action by Order dated January 10, 2011.  By the same Order, the Court appointed Lead Plaintiff and named plaintiff Wagner and approved Lead Plaintiff's selection of Co-Lead Counsel to represent the putative class.

Following a detailed investigation that included, among other things, the interviews of numerous former Massey employees, review of Massey's public statements, and consultation with experts, Plaintiffs filed the operative Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws on March 11, 2011 (the "Complaint").  The Complaint alleges, among other things, that Defendants violated of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by making alleged misstatements and omissions during the Class Period regarding Massey's health and safety practices, policies, and results.  The Complaint further alleges that Plaintiffs and other Settlement Class Members purchased or acquired Massey common stock during the Class Period at artificially inflated prices and were damaged thereby.

On February 16, 2011, Plaintiffs moved for partial lifting of the stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA").  On March 3, 2011, the United States of America ("United States") filed a combined motion to intervene and to stay discovery.   On September 28, 2011, Magistrate Judge R. Clarke VanDervort issued an Order granting Plaintiffs' motion pursuant to terms previously agreed to between Plaintiffs and the United States.  Other fact and expert discovery was stayed.  Defendants thereafter produced all documents concerning the safety of all Massey mines that Defendants had previously produced to other litigants and governmental agencies, excluding documents produced to investigators or prosecutors involved

in the United States government's criminal investigation related to the April 5, 2010 explosion at Massey's Upper Big Branch mine ("UBB").

On April 25, 2011, Defendants filed motions to dismiss the Complaint, which Plaintiffs opposed on June 9, 2011.  On March 28, 2012, the Court denied Defendants' motions to dismiss in their entirety.

Between December 2011 and July 2013, Plaintiffs and Defendants engaged in various efforts to settle the Action, which were not successful.  In October 7 and 8, 2013, Plaintiffs and Defendants engaged in a mediation with the assistance of an experienced mediator, Professor Eric D. Green. Following arm's-length negotiations, the Settling Parties reached a tentative understanding to settle the claims in the Action but left for further negotiation certain material terms, including the form of consideration.  Following extensive discussions, on December 4, 2013, the Settling Parties again met with Professor Green to come to a final resolution of the Action.  The Settling Parties reached an agreement in principle resulting in the Term Sheet to Settlement Class Action entered into on December 4, 2013.

Before agreeing to the Settlement, Co-Lead Counsel conducted a thorough investigation into the events and transactions underlying the claims alleged in the Complaint and also conducted extensive discovery.  Co-Lead Counsel analyzed the evidence adduced during its investigation and through discovery, which included reviewing and analyzing publicly available information concerning Massey, including, among other things, testimony concerning Massey before the U.S. Senate Committee on Health, Education, Labor and Pensions (the "Senate HELP Committee"), the U.S. Senate Committee on Appropriations (the "Senate Appropriations Committee"), and the U.S. House of Representatives Committee on Education and Labor (the "House Labor Committee"); testimony given to the U.S. Mine Safety and Health Administration ("MSHA") and the West Virginia Office of Miners Health, Safety and Training ("WVOMHST") in the context of said entities' investigations regarding Massey and the UBB;  information concerning

investigations conducted by MSHA and WVOMHST, the West Virginia Governor's Independent Investigation Panel, and Massey; and pleadings and materials, including a criminal indictment, filed in other pending actions that name Massey, other Defendants in the Action, or certain other Massey employees as defendants or nominal defendants;  as well as  review and analysis of documents produced by Massey pursuant to the September 28, 2011 Order; and consulting with experts on damages and causation issues.  Co-Lead Counsel also researched the applicable law with respect to the claims of Plaintiffs against Defendants and their potential defenses.   Thus, at the time the agreement to settle was reached, Co-Lead Counsel had a thorough understanding of the strengths and weaknesses of the Settling Parties' positions.

On _____ __, 2014, the Court entered the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which preliminarily approved the Settlement, authorized that this Notice be sent to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called class representatives (in this case Lead Plaintiff and named plaintiff Wagner) sue on behalf of people who have similar claims.  They are known as class members.  Here, the Court preliminarily certified the Settlement Class for purposes of the Settlement only.  Bringing a case as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring individually.   One court resolves the issues for all class members, except for those who exclude themselves from the class.  The Court will decide whether to finally certify the Settlement Class at the Settlement Hearing.

| **4.** | **What are the reasons for the Settlement?** |
|---|---|

The Court did not finally decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a settlement.

Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit. Plaintiffs and Co-Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims in the Action through trial and appeals, as well as the difficulties in establishing liability.  Plaintiffs and Co-Lead Counsel have considered the uncertain outcome and the risk of any litigation, especially in complex lawsuits like this one, as well as the difficulties and delays inherent in such litigation.  For example, Defendants have raised a number of arguments and defenses (which they would raise at summary judgment and trial) that the alleged misstatements and omissions were not material, and that Plaintiffs would not be able to establish that Defendants acted with the requisite fraudulent intent.  Even assuming Plaintiffs could establish liability, Defendants maintained that any potential investment loss suffered by Plaintiffs and Settlement Class Members was caused by external, independent factors, and not caused by Defendants' alleged conduct.  In the absence of a Settlement, the Settling Parties would present factual and expert testimony on each of these issues, and there is considerable risk that the Court or jury would resolve the inevitable "battle of the experts" against Plaintiffs and the Settlement Class.

In light of the amount of the Settlement and the immediate recovery to the Settlement Class, Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  The Settlement, which totals $265 million in cash (less the various deductions described in this Notice), provides substantial benefits now as

compared to the risk that a similar or smaller recovery would be achieved after trial and appeal, possibly years in the future, or that no recovery would be achieved at all.

Defendants and ANR deny and continue to deny each and every one of the claims alleged by Plaintiffs in the Action.  Defendants expressly have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants and ANR also have taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation, and have concluded that it is desirable that the Action be fully and finally settled upon the terms and conditions set forth in the Stipulation.

## B.      WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

### 5.      How do I know if I am part of the Settlement?

The Court directed, for the purpose of the proposed Settlement, that everyone who fits this description is a Settlement Class Member, unless they are an excluded person or they take steps to exclude themselves (*see* Question 13 below): all Persons who purchased or otherwise acquired shares of the common stock of Massey during the period between February 1, 2008 and July 27, 2010, inclusive, and were damaged thereby.

### 6.      Are there exceptions to being included in the Settlement Class?

Excluded from the Settlement Class are: (i) Defendants; (ii) ANR, (iii) the officers and directors of Massey; (iv) all of Massey's subsidiaries during the Class Period; (v) members of the immediate families of any excluded person; (vi) the legal representatives, heirs, successors or

assigns of any excluded person; (vii) any entity in which any Defendant or ANR has or had a controlling interest; and (viii) any Person who would otherwise be a Settlement Class Member but who properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements explained in Question 13 below.

If one of your mutual funds purchased or owned Massey common stock during the Class Period, that alone does not make *you* a Settlement Class Member, although your mutual fund may be. You are eligible to be a Settlement Class Member if you individually purchased or acquired Massey common stock during the Class Period.  Check your investment records or contact your broker to see if you have any eligible purchase or acquisition.

If you only sold Massey common stock during the Class Period, your sale alone does not make you a Settlement Class Member.  You are eligible to be a Settlement Class Member only if you **purchased or acquired** Massey common stock during the Class Period.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help.  You can call **\_\_\_-\_\_\_-\_\_\_\_** or visit **www.\_\_\_** for more information.  Or you can fill out and return the Proof of Claim and Release form ("Proof of Claim"), described in Question 10, to see if you qualify.

### C.     THE SETTLEMENT BENEFITS—WHAT YOU GET

| 8. | What does the Settlement provide? |
|---|---|

In exchange for the Settlement and the release of the Released Claims (defined below) against the Defendant Released Parties (defined below), Defendants and ANR have agreed to create a $265 million cash fund, which will earn interest, to be divided, after deduction of Court-awarded attorneys' fees and expenses, settlement administration costs, and any applicable taxes (the "Net Settlement Fund"), among all Settlement Class Members who send in valid and timely Proofs of Claim.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on several things, including: (i) the total amount of Recognized Losses of other Settlement Class Members; (ii) how much Massey common stock you purchased or acquired; (iii) how much you paid for your shares; (iv) when you bought your shares; and (v) whether or when you sold your shares, and, if so, for how much.

Your Recognized Loss will be calculated according to the formula shown below in the Plan of Allocation.  It is unlikely that you will get a payment for your entire Recognized Loss, given the number of potential Settlement Class Members.  After all Settlement Class Members have sent in their Proofs of Claim, the payment you get will be a portion of the Net Settlement Fund based on your Recognized Loss divided by the total of everyone's Recognized Losses.  *See* the Plan of Allocation in Question 25 for more information on your Recognized Loss.

## D. HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM

| 10. | How can I get a payment? |
|---|---|

To qualify for a payment, you must submit a completed Proof of Claim.  A Proof of Claim is being circulated with this Notice.  You may also get a Proof of Claim on the Internet at the websites for the Claims Administrator or Co-Lead Counsel: www.___.com, **www.labaton.com**, or www.rgrdlaw.com.  The Claims Administrator can also help you if you have questions about the form.  Please read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and submit it so that it is **postmarked or received no later than _____, 2014.**

| 11. | When will I get my payment? |
|---|---|

The Court will hold a Settlement Hearing on _____, **2014**, to decide whether to approve the Settlement.  Even if the Court approves the Settlement, there may still be appeals,

which can take time to resolve, perhaps more than a year.  It also takes time for all the Proofs of Claim to be processed.  All Proofs of Claim need to be submitted by_____, **2014**.

Once all the Proofs of Claim are processed and claims are calculated, Co-Lead Counsel, without further notice to the Settlement Class, will apply to the Court for an order distributing the Net Settlement Fund to the members of the Settlement Class.  Co-Lead Counsel will also ask the Court to approve payment of the Claims Administrator's fees and expenses incurred in connection with giving notice and administering the Settlement.  Please be patient.

| 12.   What am I giving up to get a payment and by staying in the Settlement Class? |
| --- |

Unless you exclude yourself, you will stay in the Settlement Class, which means that upon the "Effective Date" you will release all "Released Claims" (as defined below) against the "Defendant Released Parties" (as defined below).

"Released Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below),  whether arising under federal, state, common or foreign law, whether class or individual in nature, that Plaintiffs or any other Settlement Class Member: (i) asserted in the Action; or (ii) could have asserted in the Action or any other action or in any forum, that arise from both (a) the purchase or acquisition of Massey common stock by a member of the Settlement Class and (b) the facts, matters, allegations, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act which were alleged or that could have been alleged or asserted in the Action.  Released Claims do not include any claim relating to the enforcement of the Settlement.

"Unknown Claims" means any and all Released Claims that any Plaintiff or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Defendant Released Parties, and all Defendants' Released Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiff

Released Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Defendants' Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs, and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Defendants' Released Claims, but Plaintiffs, and Defendants and ANR shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Defendants' Released Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Defendants' Released Claims was separately bargained for and was a material element of the Settlement.

"Defendant Released Parties" means Defendants, ANR, Defendants' Counsel and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, insurers; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of the Defendants.

The "Effective Date" will occur when an Order by the Court approving the Settlement becomes Final and is not subject to appeal as set out more fully in the Stipulation on file with the Court and available at www._____ , www.labaton.com, or www.rgrdlaw.com.

If you remain a member of the Settlement Class, all of the Court's orders about the Settlement will apply to you and legally bind you.

### E.     EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants and other Defendant Released Parties, on your own, about the Released Claims, then you must take steps to exclude yourself.  This is called "opting out" of the Settlement Class.  **Please note:** if you decide to exclude yourself, there is a risk that any lawsuit you may thereafter file to pursue claims alleged in the Action may be dismissed, including if such suit is not filed within the applicable time periods required for filing suit.  Also, ANR may withdraw from and terminate the Settlement if putative Settlement Class Members who have in excess of a certain number of shares exclude themselves from the Settlement Class.

| 13. | How do I get out of the proposed Settlement? |
|---|---|

To exclude yourself from the Settlement Class, you must send a signed letter by mail stating that you request to be "excluded from the Class in *In re Massey Energy Co. Securities Litigation*, No. 5:10-cv-00689-ICB (S.D.W. Va.)."  Your letter must state the date(s), price(s), and number(s) of shares of all your purchases, acquisitions, and sales of Massey common stock during the Class Period.  In addition, you must include your name, address, telephone number and your signature. You must mail your exclusion request so that it is **received no later than _____, 2014**, to:

*In re Massey Energy Co. Securities Litigation*

*Claims Administrator*

*c/o* _____

_____

_____

You cannot exclude yourself by telephone or by email.  Your exclusion request must comply with these requirements in order to be valid.  If you request to be excluded in accordance with these requirements, you will not get any settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in connection with this Settlement, and you may be able to sue (or continue to sue) Defendants and the other Defendant Released Parties in the future.  However, as set forth above, if you decide to exclude yourself from the Settlement Class, you may not be able to assert all claims alleged in the Action.

| 14. | If I do not exclude myself, can I sue the Defendants or the other Defendant Released Parties for the same thing later? |
|---|---|

No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the other Defendant Released Parties for any and all Released Claims.  If you have a pending lawsuit speak to your lawyer in that case **immediately**.  **You must exclude yourself from *this***

17

**Settlement Class to continue your own lawsuit.**   Remember, the exclusion deadline is

_____, **2014**.

| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No.  If you exclude yourself, do not send in a Proof of Claim to ask for any money.  But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Defendant Released Parties.

## F.    THE LAWYERS REPRESENTING YOU

| 16. | **Do I have a lawyer in this case?** |
|---|---|

The Court appointed the law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP to represent all Settlement Class Members.   These lawyers are called Co-Lead Counsel.  You will not be separately charged for these lawyers.  The Court will determine the amount of Co-Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | **How will the lawyers be paid?** |
|---|---|

Co-Lead Counsel have not received any payment for their services in pursuing the claims in the Action on behalf of the Settlement Class, nor have they been paid for their litigation expenses. At the Settlement Hearing, or at such other time as the Court may order, Co-Lead Counsel will ask the Court to award them, from the Settlement Fund, attorneys' fees of no more than 12.2% of the Settlement Fund, plus any interest on such amount at the same rate and for the same periods as earned by the Settlement Fund, and litigation expenses (such as the cost of experts) that have been incurred in pursuing the Action.   The request for litigation expenses will not exceed $950,000, plus interest on the expenses at the same rate as may be earned by the Settlement Fund.

## G.      OBJECTING TO THE SETTLEMENT

| **18.      How do I tell the Court that I do not like the proposed Settlement?** |
| --- |

If you are a Settlement Class Member you can object to the Settlement or any of its terms, the certification of the Settlement Class, the proposed Plan of Allocation, and/or the application by Co-Lead Counsel for an award of fees and expenses.  You may write to the Court setting out your objection.  You may give reasons why you think the Court should not approve any part or all of the Settlement terms or arrangements.  The Court will only consider your views if you file a proper written objection within the deadline and according to the following procedures.  To object, you must send a signed letter stating that you object to the proposed settlement in *In re Massey Energy Co. Securities Litigation*, No. 5:10-cv-006891-ICB (S.D.W. Va.)."  You must include your name, address, telephone number, and your signature, identify the date(s), price(s) and number(s) of shares of all purchases, acquisitions, and sales of Massey common stock you made during the Class Period, and state the reasons why you object to the Settlement.  **Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described herein will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed settlement and the application for attorneys' fees and expenses.**

Your objection must be filed with the Court and mailed or delivered to all the following so that it is **received on or before _____, 2014**:

**COURT:**

Clerk of the Court
United States District Court of the Southern District of West Virginia
Robert C. Byrd U.S. Courthouse
110 North Heber Street
Beckley, WV 25801

**CO-LEAD COUNSEL DESIGNEE:**

Joel H. Bernstein
Ira A. Schocharow
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

**DEFENDANTS' COUNSEL DESIGNEE:**

Mitchell A. Lowenthal
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006

| 19. | What is the difference between objecting and seeking exclusion? |
|-----|-----|

Objecting is simply telling the Court that you do not like something about the proposed Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

### H.   THE COURT'S SETTLEMENT HEARING

| 20. | When and where will the Court decide whether to approve the proposed Settlement? |
|-----|-----|

The Court will hold a Settlement Hearing at _____ __.m. on _____, **2014**, at the Robert C. Byrd U.S. Courthouse, 110 North Heber Street, Courtroom ___, Beckley, WV 25801 at __:___ ___.m.

At this hearing, the Honorable Irene C. Berger will consider whether the Settlement is fair, reasonable, and adequate.  The Court also will consider the proposed Plan of Allocation for the Net Settlement Fund and the application of Co-Lead Counsel for attorneys' fees and reimbursement of expenses.  The Court will take into consideration any written objections filed in accordance with the instructions set out in Question 18 above.  The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the Settlement Hearing, but decisions regarding the conduct of the Settlement Hearing will be made by the Court.  *See* Question 22 for more information about speaking at the Settlement Hearing.  At or after the Settlement Hearing, the Court will decide whether to approve the

Settlement, and, if the Settlement is approved, how much attorneys' fees and expenses should be awarded. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent. If you want to come to the hearing, you should check with Co-Lead Counsel before coming to be sure that the date and/or time has not changed.

| 21. Do I have to come to the Settlement Hearing? |
| --- |

No. Co-Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval. If you submit an objection, you do not have to come to Court to talk about it. As long as you filed and sent your written objection on time, and in the manner set forth in Question 18 above, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 22. May I speak at the Settlement Hearing? |
| --- |

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* Question 18 above) a statement stating that it is your "Notice of Intention to Appear in *In re Massey Energy Co. Securities Litigation,* No. 5:10-cv-00689-ICB (S.D.W. Va.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application and desire to present evidence at the Settlement Hearing must also include in their written objections the identity of any witness they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the Settlement Hearing if you excluded yourself from the Settlement Class or if you have not provided written notice of your objection and intention to speak at the Settlement Hearing in accordance with the procedures described in Questions 18 and 22.

## I.      IF YOU DO NOTHING

| |
|---|
| **23.     What happens if I do nothing at all?** |

If you do nothing and the Settlement is approved and you are a member of the Settlement Class, you will get no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Defendant Released Parties about the Released Claims, ever again.   To share in the Net Settlement Fund you must submit a Proof of Claim (*see* Question 10).  To start, continue or be a part of any *other* lawsuit against the Defendants and the other Defendant Released Parties about the Released Claims in this case you *must* exclude yourself from this Settlement Class (*see* Question 13).

## J.      GETTING MORE INFORMATION

| |
|---|
| **24.     Are there more details about the proposed Settlement?** |

This Notice summarizes the proposed Settlement.  More details are in the Stipulation, dated as of February 5, 2014.  You may review the Stipulation filed with the Court or documents filed in the case during business hours at the Office of the Clerk of the United States District Court for the Southern District of West Virginia, Robert C. Byrd U.S. Courthouse, 110 North Heber Street, Beckley, WV 25801.

You also can call the Claims Administrator toll free at ___-___-____; write to ***In re Massey Energy Co. Securities Litigation***, **c/o _____, Claims Administrator, _____, ____, __, _____;** or visit the websites of the Claims Administrator or Co-Lead Counsel at **www.____, www.labaton.com, or www.rgrdlaw.com** where you can find answers to common questions about the Settlement, download copies of the Stipulation or Proof of Claim, and locate other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment.

**Please Do Not Call The Court With Questions About The Settlement**

### K.    PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

| 25.    How will my claim be calculated? |
| --- |

The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws as opposed to losses caused by market or industry factors or company-specific factors unrelated to the alleged violations of law.  The Plan of Allocation reflects Lead Plaintiff's damages expert's analysis undertaken to that end, including a review of publicly available information regarding Massey and statistical analysis of the price movements of Massey common stock and the price performance of relevant market and peer indices during the Class Period.  The Plan of Allocation, however, is not a formal damages analysis.

The $265 million Settlement Amount and any interest it earns is called the Settlement Fund.  The Settlement Fund, minus all taxes, costs, fees and expenses (the Net Settlement Fund), will be distributed according to the Plan of Allocation described below to members of the Settlement Class who timely submit valid Proofs of Claim that show a Recognized Loss ("Authorized Claimants").  Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Settlement proceeds, but will otherwise be bound by the terms of the Settlement. The Court may approve the Plan of Allocation, or modify it without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the settlement website at: _____ and at www.labaton.com and www.rgrdlaw.com.[3]

---

[3] Defendants and ANR had no involvement in preparing the proposed Plan of Allocation.

The calculations made pursuant to the Plan of Allocation are not intended to estimate the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to estimate the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The calculations pursuant to the Plan of Allocation will be made by the Claims Administrator in order to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.  The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Fund is distributed to Authorized Claimants.  No distribution to Authorized Claimants who would receive less than $10.00 will be made, given the administrative expenses of processing and mailing such checks.

Defendants, their respective counsel, and all other Defendant Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim.  Plaintiffs and Co-Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.  For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts from February 1, 2008, through July 27, 2010, that inflated the price of Massey Energy common stock.  It is alleged that corrective disclosures that occurred on, or after the close of the prior trading day to, April 6, 2010; April 7, 2010; April 15, 2010; April 22, 2010; April 30, 2010; May 17, 2010; and July 27, 2010, impacted the market price of Massey Energy common stock and removed the alleged artificial inflation from the stock price.

Accordingly, in order to have a compensable loss under the Plan of Allocation, shares must have been purchased during the Class Period and held through at least one of the corrective disclosure dates listed above.

Recognized Loss Amounts for Settlement Class Members' claims, which arise under Section 10(b) of the Exchange Act, are based primarily on the change in the level of the alleged artificial inflation in the price of Massey Energy common stock at the time of purchase and at the time of sale. Accordingly, in order to have a Recognized Loss Amount, a Settlement Class Member who purchased Massey Energy common stock prior to April 6, 2010 (the first corrective disclosure), must have held his, her, or its Massey Energy common stock through at least the opening of trading on April 6, 2010. With respect to shares purchased on or after April 6, 2010, through the close of trading on July 27 2010, in order to have a Recognized Loss Amount, those securities must have been held through at least one of the subsequent corrective disclosures as specified in ¶ 5 above.

## CALCULATION OF RECOGNIZED LOSS OR GAIN AMOUNTS

1.      For purposes of determining whether a Claimant has a "Recognized Claim" in the Settlement, purchases, acquisitions, and sales of shares of Massey Energy common stock will first be matched on a Last In/First Out ("LIFO") basis as set forth in ¶ 6 below.

2.      For each share of Massey Energy common stock purchased or acquired during the Class Period and sold on or before October 25, 2010, an "Out of Pocket Loss" will be calculated. The Out of Pocket Loss is defined and calculated as the purchase price (excluding all fees, taxes, and commissions) *minus* the sale price (excluding all fees, taxes, and commissions). To the extent that calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

3.      A "Recognized Loss Amount" will be calculated as set forth below for each Massey Energy common stock share purchased or acquired during the Class Period (from February 1, 2008, through and including July 27, 2010), that is listed in the Claim Form and for which adequate documentation is provided. To the extent that a calculation of a Recognized Loss Amount results in a negative number, that number shall be set to zero.

4.      For the purposes of calculating a Recognized Loss Amount, the level of artificial inflation at the time of purchase ("Purchase Inflation") or sale ("Sale Inflation") is

defined by using **Table 1** below and looking up the amount of artificial inflation on the purchase date or on the sale date using the date ranges in column 1.

5. For each share of Massey Energy common stock purchased or acquired during the Class Period, and

 A. Sold before the opening of trading on April 6, 2010, the Recognized Loss Amount for each share shall be zero.

 B. Sold after the opening of trading on April 6, 2010, and before the close of trading on July 27, 2010, the Recognized Loss Amount for each share shall be **the lesser of**:

  (i) the Purchase Inflation on **Table 1** *minus* the Sale Inflation on **Table 1**; or

  (ii) the Out of Pocket Loss *plus* .25 *multiplied* by the amount by which B(i) exceeds the Out of Pocket Loss.[4]

 C. Sold after the close of trading on July 27, 2010, and before the close of trading on October 25, 2010, the Recognized Loss Amount for each share shall be **the lesser of**:

  (i) the Purchase Inflation on **Table 1**;

  (ii) the purchase price of each such share (excluding all fees, taxes and commissions) *minus* the average closing price for the days following the last corrective disclosure date (July 27, 2010), up to the date of sale as set forth in **Table 2** below; or

  (iii) the Out of Pocket Loss *plus* .25 *multiplied* by the amount by which the lesser of C(i) or C(ii) exceeds the Out of Pocket Loss.[5]

---

[4] For instance, if an investor had Purchase Inflation of $19.70 per share according to Table 1, and Sale Inflation of $9.60 per share according to Table 1, and therefore the calculation of B(i) yields $10.10 ($19.70 - $9.60), but the investor only suffered an Out of Pocket Loss of $8.00 per share, the Recognized Loss calculation of B(ii) would be $8.00 plus 25% of the amount by which $10.10 exceeds $8.00, or :

$8.00 + (.25 x ($10.10 - $8.00)) = $8.00 + $0.525 = $8.525

[5] For instance, if an investor had Purchase Inflation of $19.70 per share according to Table 1 under C(i), and the calculation of C(ii) yields $9.00 per share, then the Recognized Loss calculation of C(iii) would be the Out of Pocket Loss of $8.00 per share, plus 25% of the amount by which the lesser of $19.70 or $9.00 (*i.e.*, $9.00) exceeds $8.00, or:

$8.00 + (.25 x ($9.00 - $8.00)) = $8.00 + $0.25 = $8.25.

26

D.     Held as of the close of trading on October 25, 2010, the Recognized Loss Amount for each share is **the lesser of**:

(i)     the Purchase Inflation on **Table 1**; or

(ii)    the purchase/acquisition price *minus* $32.41, the average closing price of Massey Energy common stock between July 27, 2010, and October 25, 2010, as shown on the last line of **Table 2** below.

## ADDITIONAL PROVISIONS

6.      If a Settlement Class Member has more than one purchase/acquisition or sale of Massey Energy common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a LIFO basis.  Class Period sales will be matched first against the latest purchase before sale, and then against purchases/acquisitions (or the Settlement Class Member's opening share balance) in reverse chronological order.

7.      Purchases or acquisitions and sales of Massey Energy common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Massey Energy common stock during the Class Period shall not be deemed a purchase, acquisition or sale of these shares of Massey Energy common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of Massey Energy common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of Massey Energy common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Massey Energy common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

8.      The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Massey Energy shares.  The date of a "short sale" is deemed to be the date of sale of Massey Energy common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in Massey Energy common stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

9.      The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

10.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the

Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

11.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

12.     Payment in this manner will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero.

13.     Distributions to eligible Authorized Claimants will be made after all claims have been processed and after the Court has approved the Claims Administrator's determinations. After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund after at least six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Co-Lead Counsel shall, if feasible and economical, reallocate such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. When it is no longer feasible or economical to redistribute the Net Settlement Fund, any balance that still remains after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to non-sectarian, not-for-profit charitable organizations serving the public interest, designated by Lead Plaintiff and approved by the Court.

14.     Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of West Virginia with respect to his, her, or its Proof of Claim.

### TABLE 1

**Massey Energy Common Stock Artificial Inflation**
**For Purposes of Calculating Purchase and Sale Inflation**

| Purchase or Sale Date | Artificial Inflation |
|---|---|
| February 1, 2008 - April 5, 2010 | $19.70 |
| April 6, 2010 | $12.57 |
| April 7, 2010 - April 14, 2010 | $9.60 |
| April 15, 2010 - April 21, 2010 | $8.15[6] |
| April 22, 2010 - April 29, 2010 | $6.96 |

---

[6] For shares purchased or acquired on April 15, 2010, if the purchase price was equal to or greater than $45.19 per share (excluding all fees, taxes, and commissions) or a Claimant can establish the purchase occurred prior to 10:39 a.m., the Purchase Inflation shall be $9.60 per share as opposed to $8.15 per share.

| April 30, 2010 - May 14, 2010 | $3.64[7] |
| May 17, 2010 - July 26, 2010 | $1.33 |
| July 27, 2010 | $0.00[8] |

### L.      SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Massey common stock (CUSIP: 576206106) during the period from February 1, 2008 to and through July 27, 2010 inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, **WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased Massey common stock during such time period, or; (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) calendar days of receipt of such copies mail the Notice and Proof of Claim form directly to the beneficial owners of those Massey shares.

If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you shall send a statement to the Claims Administrator confirming that the mailing was made as directed.   You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage and the cost of ascertaining the names and addresses of beneficial owners.   Those expenses will be paid upon request and submission of appropriate supporting documentation.   All communications concerning the foregoing should be addressed to the Claims Administrator:

---

[7] For shares purchased or acquired on April 30, 2010, if the purchase price was equal to or greater than $40.72 per share (excluding all fees, taxes, and commissions) or a Claimant can establish the purchase occurred prior to 10:08 am, the Purchase Inflation shall be $6.96 as opposed to $3.64.

[8] For shares purchased or acquired on July 27, 2010, the Purchase Inflation shall be the lesser of  (1) $1.33; or (2) the purchase price minus the closing price of $29.65 per share

*In re Massey Energy Co. Securities Litigation*

Claims Administrator

c/o _____

_____

_____

Phone: ____-____-____; Fax: ____-____-_____

[e-mail]

www._____

Dated: _____, 2014

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

[INSERT TABLE 2 of POA]

# Exhibit 2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | | |
|---|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | ) ) ) | Civil Action No. 5:10-cv-00689-ICB |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | The Honorable Irene C. Berger |
| ALL ACTIONS. | ) ) ) | |

**PROOF OF CLAIM AND RELEASE**

## I.  GENERAL INSTRUCTIONS

1.      To be eligible to receive a recovery from the Net Settlement Fund as a Member of the Settlement Class in the class action lawsuit entitled *In re Massey Energy Co. Securities Litigation,* No. 5:10-cv-00689-ICB, pending in the United States District Court for the Southern District of West Virginia, you must complete and, on page ___ below, sign this Proof of Claim and Release form.  If you fail to submit a timely, properly completed and addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the Settlement of the Action.

2.      Submission of this Proof of Claim, however, does not ensure that you will share in the Net Settlement Fund, even if you are a Settlement Class Member.

- 1 -

3.      **YOU MUST SUBMIT YOUR COMPLETED AND SIGNED PROOF OF CLAIM SUCH THAT IT IS POSTMARKED OR RECEIVED ON OR BEFORE _____, 2014, ADDRESSED AS FOLLOWS**:

*In re Massey Energy Co. Securities Litigation*

Claims Administrator

c/o _____

_____

_____

Phone:  ____-____-____; Fax:  ____-____-_____

If you are NOT a Member of the Settlement Class (as defined below and in the Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses ("Notice")) DO NOT submit this Proof of Claim form.  You are not entitled to a recovery.

4.      If you are a Member of the Settlement Class and you have not timely and validly requested to be excluded from the Settlement Class, you will be bound by the terms of the Final Order and Judgment entered by the Court, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II. DEFINITIONS

1.      All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Notice that accompanies this Proof of Claim and in the Stipulation and Agreement of Settlement, dated February 5, 2014 (the "Stipulation").

## III. IDENTIFICATION OF CLAIMANT

1.      You are a Settlement Class Member if you, between February 1, 2008 and July 27, 2010, inclusive, purchased or otherwise acquired shares of the common stock of Massey

Energy Company (n/k/a Alpha Appalachian Holdings, Inc.) ("Massey" or the Company") and were damaged thereby and are not an Excluded Person.  Excluded from the Settlement Class are: (i) Defendants; (ii) ANR; (iii) the officers and directors of Massey during the Class Period; (iv) all of Massey's subsidiaries during the Class Period; (v) members of the immediate families of any excluded Person; (vi) the legal representatives, heirs, successors or assigns of any excluded Person; (vii) any entity in which any Defendant or ANR has or had a controlling interest; and (viii) any Person who would otherwise be a Settlement Class Member but who properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

2.      If you purchased or acquired the common stock of Massey during the Class Period and held the stock in your name, you are the beneficial purchaser or acquirer _as well as the record purchaser or acquirer_.  If, however, you purchased or otherwise acquired Massey common stock during the Class Period through a third party, such as a nominee or brokerage firm, and the shares were registered in the name of that third party, you are the beneficial purchaser or acquirer of these shares, _but the third party_ is the record purchaser or acquirer of these shares.

3.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of Massey common stock that forms the basis of this claim, as well as the purchaser or acquirer of record if different.  THIS CLAIM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR AUTHORIZED ACQUIRER(S) OR LEGAL REPRESENTATIVE(S) OF SUCH BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OF THE MASSEY COMMON STOCK ON WHICH THIS CLAIM IS BASED.

- 3 -

4.      All joint beneficial purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or employer identification) number and telephone number of one of the beneficial owner(s) may be used in verifying this claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of your claim.

## IV. IDENTIFICATION OF TRANSACTION(S)

1.      Use Part II of this form entitled "Schedule of Transactions in Massey Common Stock" to supply all required details of your transaction(s) in Massey common stock.  If you need more space or additional schedules, attach separate sheets providing all of the required information in substantially the same form.  Sign and print or type your name and include your Social Security or employer identification number and the full name of the account on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to: (i) *all* of your holdings of Massey common stock as of the beginning of trading on February 1, 2008; (ii) *all* of your purchases, acquisitions, and sales of Massey common stock which took place at any time beginning February 1, 2008 through, and including, [____]; and (iii) proof of your holdings in Massey common stock as of the close of trading on [____] whether such purchases, acquisitions, sales or transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.      List each purchase, acquisition, sale, and transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each such transaction you list.

- 4 -

4.      Copies of broker confirmations or other documentation of your purchases, acquisitions, sales or transactions in Massey common stock must be attached to your claim.  **DO NOT SEND ORIGINALS**.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.   The Settling Parties and the Claims Administrator do not independently have information about your investments in Massey's common stock.  The Claims Administrator may also request additional information as needed to efficiently and reliably calculate your losses.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

***In re Massey Energy Co. Securities Litigation***
**No. 5:10-cv-00689-ICB**
**PROOF OF CLAIM FORM**

Must be Postmarked or Received No Later Than:
_____, 2014

Please Type or Print

**PART I:        CLAIMANT IDENTIFICATION**

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____          _____
City                                           State              Zip Code

_____          _____
Foreign Province                        Foreign Country

_____
Social Security Number or
Employer Identification Number

Check appropriate box:

☐        Individual or Sole Proprietor          ☐        Pension Plan  ☐        Estate
☐        Corporation          ☐        Partnership          ☐        Trust          ☐        Joint Owners
☐        IRA          ☐        Other

_____          _____ (work)
Area Code                              Telephone Number

_____          _____ (home)
Area Code                              Telephone Number

_____          _____
E-mail address                          Facsimile Number

- 6 -

Were your shares held in "street name" (i.e., in the name of a stock broker or other nominee)?  If so, that broker or nominee is the Record Owner and you are required to fill in the following line.

_____

Record Owner's Name (if different from beneficial owner listed above); e.g., brokerage firm, bank, nominee, etc.

**PART II:          SCHEDULE OF TRANSACTIONS IN MASSEY COMMON STOCK**

A.     Number of shares of Massey common stock held at the beginning of trading on February 1, 2008: _____

B.     Purchases or other acquisitions, including by way of exchange, conversion or otherwise (on or after February 1, 2008 through and including July 27, 2010) of Massey common stock:

| Trade Date Month/Day/Year | Number of Shares Purchased or Acquired | Price Per Share | Total Purchase Price* |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

C.     Sales or other deliveries, including by way of exchange or otherwise (on or after February 1, 2008 through and including [_____]) of Massey common stock:

| Trade Date Month/Day/Year | Number of Shares Sold | Price Per Share | Total Sale Price* |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

* Excluding taxes, fees and commissions.

D.     Number of shares of Massey common stock held at the close of trading on [_____]: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name and include your Social Security or employer identification number and full account name on each additional page.

**YOU ARE NOT FINISHED, PLEASE READ THE RELEASE AND SIGN ON PAGE ____ BELOW.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## III. SUBMISSION TO THE JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation and Agreement of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of West Virginia with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of any Final Order and Judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales or holdings of Massey common stock during the Class Period and know of no other Person having done so on my (our) behalf.

## IV.  RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Defendant Released Parties as those terms and terms related thereto are defined in the accompanying Notice.

2.      This release shall be of no force or effect unless and until the Court approves the Stipulation and the Effective Date (as defined in the Stipulation) has occurred.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales and other transactions in Massey common stock which occurred during the Class Period and the number of shares and/or notes held by me (us) at the beginning of trading on February 1, 2008, and at the close of trading on [date].

5.      I (We) hereby warrant and represent that I am (we are) not excluded from the Settlement Class as defined herein and in the Notice.

## CERTIFICATION

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.      The number(s) shown on this form is (are) my (our) correct SSN, TIN or EIN;

2.      I am/we are not subject to backup tax withholding. (If you have been notified by the IRS that you are subject to backup tax withholding, strike out the previous sentence); and

3.      The foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.

        (Month / Year)              (City)              (State / Country)


        _____
        (Sign your name here)


        _____
        (Type or print your name here)

- 9 -

(Capacity of person(s) signing, *e.g.*, Beneficial
Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign the above release and certification.  If this claim is being made on behalf of joint claimants, both must sign.

2.  Remember to attach supporting documentation.  Do not highlight the Proof of Claim form or supporting documentation.

3.  Do not send original stock certificates or other original documentation; please send only copies.  These items cannot be returned to you by the Claims Administrator.

4.  Keep a copy of your Proof of Claim form for your records.

5.  The Claims Administrator will acknowledge receipt of your Proof of Claim by mail, within 60 days.  **Your claim is not deemed by the Claims Administrator to be submitted unless you receive an acknowledgement postcard.**  If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator.  Also, you can submit your claim using a service that provides you with proof of mailing, such as: registered or certified mail, return receipt requested; express mail that does not waive signature; or courier service.

6.  If you move and/or change your name, please inform the Claims Administrator of your new address and/or name.

**THIS PROOF OF CLAIM FORM MUST BE POSTMARKED NO LATER THAN _____,
2014, AND MUST BE MAILED TO:**

**IN RE MASSEY ENERGY CO. SECURITIES LITIGATION
c/o [Claims Administrator]
_____
_____**

# Exhibit 3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | | |
|---|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | ) ) ) | Civil Action No. 5:10-cv-00689-ICB |
| | ) ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | The Honorable Irene C. Berger |
| ALL ACTIONS. | ) ) ) | |

**TO:    ALL PERSONS OR ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE COMMON STOCK OF MASSEY ENERGY COMPANY (n/k/a ALPHA APPALACHIA HOLDINGS, INC.) ("MASSEY") DURING THE PERIOD BETWEEN FEBRUARY 1, 2008 AND JULY 27, 2010, INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY (THE "SETTLEMENT CLASS").**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an order of the Court, that the Settlement Class in the above-captioned litigation

("Action") has been preliminarily certified for the purposes of settlement only and that a

settlement between the Commonwealth of Massachusetts Pension Reserves Investment Trust

("Lead Plaintiff") and named plaintiff David Wagner (collectively "Plaintiffs") and Massey,

Donald L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert, J. Christopher Adkins, Dan R.

Moore, E. Gordon Gee, Richard M. Gabrys, James B. Crawford, Robert H. Foglesong, Stanley

C. Suboleski, Lady Barbara Thomas Judge ("Defendants"), and Alpha Natural Resources, Inc.

("ANR") in the amount of $265,000,000 in cash, has been proposed by the Settling Parties.

A hearing will be held before the Honorable Irene C. Berger of the United States District

Court for the Southern District of West Virginia in the Robert C. Byrd U.S. Courthouse, 110

North Heber Street, Courtroom _____, Beckley, WV 25801 at __:___ ___.m., on

_____, 2014 to, among other things: determine whether the proposed Settlement

should be approved by the Court as fair, reasonable, and adequate; determine whether, thereafter,

this Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of

Settlement, dated as of February 5, 2014; determine whether the proposed Plan of Allocation for

distribution of the settlement proceeds should be approved as fair and reasonable; and consider

the application of Co-Lead Counsel for an award of attorneys' fees and reimbursement of

litigation expenses.  The Court may change the date of the hearing without providing another

notice.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS**

**WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE**

**ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.**  If you have not yet received

the full printed Notice of Pendency of Class Action and Proposed Settlement and Motion for

Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of

Claim"), you may obtain copies of these documents by contacting the Claims Administrator:

*In re Massey Energy Co. Securities Litigation*
Claims Administrator
c/o _____
_____
Phone:  ____-____-____; Fax: ____-____-_____
[e-mail]
www._____

Inquiries, other than requests for information about the status of a claim, may also be

made to Co-Lead Counsel:

**LABATON SUCHAROW LLP**
Joel H. Bernstein, Esq.
Ira A. Schochet, Esq.
140 Broadway
New York, NY 10005
Tel: (888) 219-6877
www.labaton.com

**ROBBINS GELLER RUDMAN &
DOWD LLP**
Paul J. Geller, Esq.
Jack Reise, Esq.
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (888) 262-3131
www.rgrdlaw.com

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim ***postmarked or received no later than _____, 2014***.

To exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is ***received no later than _____, 2014***. If you are a putative Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by the Final Order and Judgment.

Any objections to the proposed Settlement, Plan of Allocation, and/or application for attorneys' fees and reimbursement of expenses must be filed with the Court and served on counsel for the Settling Parties in accordance with the instructions set forth in the Notice, so that they are ***received no later than _____, 2014***.

If you are a Settlement Class Member and do not timely submit a valid Proof of Claim, you will not be eligible to share in the Net Settlement Fund, but you nevertheless will be bound by the Final Order and Judgment.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact Co-Lead Counsel at the addresses listed above.

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA