# Exhibit 1

EXECUTION COPY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | |
|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION ) ) ) | Civil Action No. 5:10-cv-00689-ICB |
| ) | CLASS ACTION |
| This Document Relates To: ) ) | The Honorable Irene C. Berger |
| ALL ACTIONS. ) ) ) | |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This stipulation and agreement of settlement (the "Stipulation") is made and entered into

by and between Lead Plaintiff, the Commonwealth of Massachusetts Pension Reserves

Investment Trust ("Lead Plaintiff") and named plaintiff David Wagner (collectively "Plaintiffs"),

on behalf of themselves and the proposed Settlement Class (defined below), on the one hand, and

Massey Energy Company (n/k/a Alpha Appalachia Holdings, Inc.) ("Massey" or the

"Company"), Donald L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert, J. Christopher

Adkins, Dan R. Moore, E. Gordon Gee, Richard M. Gabrys, James B. Crawford, Robert H.

Foglesong, Stanley C. Suboleski and Lady Barbara Thomas Judge (collectively, the

"Defendants"), and Alpha Natural Resources, Inc. ("ANR"), on the other hand.

**WHEREAS:**

A.      All words or terms used herein that are capitalized shall have the meaning

ascribed to those words or terms as set forth herein and in ¶ 1 hereof entitled "Definitions."

B.      Beginning in April of 2010, two securities class action complaints were filed in the U.S. District Court for the Southern District of West Virginia (the "Court") on behalf of purchasers and acquirers of Massey stock:

•       *Macomb County Employees' Retirement System v. Massey Energy Company, et al.*, No. 10-CV-00689; and

•       *Firefighters Retirement System of Louisiana v. Massey Energy Company, et al.*, No. 10-CV-00776.

C.      On January 10, 2011, the Court issued an Order (i) consolidating the Massey related securities actions (the "Action"); (ii) appointing the Commonwealth of Massachusetts Pension Reserves Investment Trust ("Massachusetts PRIT") as Lead Plaintiff and Wagner as a named plaintiff; and (iii) appointing Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP as co-lead counsel ("Co-Lead Counsel") and James F. Humphreys & Associates L.C. as liaison counsel ("Liaison Counsel") to represent the putative class.

D.      The operative complaint in the Action is the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws filed on March 11, 2011 (the "Complaint").  The Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5, on behalf of a class of all persons or entities who, between February 1, 2008 and July 27, 2010, inclusive, purchased or otherwise acquired the publicly traded common stock of Massey and were damaged thereby.  The allegations relate to Defendants' representations to the investing public as to Massey's health and safety practices, policies and results, which Plaintiffs claim were false and misleading and resulted in investors suffering losses on their Massey stock

purchases following a massive explosion on April 5, 2010 at Massey's Upper Big Branch ("UBB") mine.

      E.      On February 16, 2011, Plaintiffs moved for partial lifting of the Private Securities Litigation Reform Act of 1995 ("PSLRA") stay of discovery, which Defendants opposed on March 7, 2011.  On March 3, 2011, the United States of America ("United States") filed a combined motion to intervene and to stay discovery.  On April 1, 2011, Plaintiffs filed a reply brief in further support of their motion for partial lifting of the PSLRA stay of discovery and responding to the United States' combined motion.  On April 15, 2011, the United States filed a reply relating to its combined motion, one referring to and incorporating an agreement between the United States and Plaintiffs that provided for a partial lifting of the PSLRA discovery stay. Defendants objected to this agreement on April 20, 2011.  On September 28, 2011, Magistrate Judge R. Clarke VanDervort issued an Order granting Plaintiffs' motion for partial lifting of the PSLRA discovery stay, pursuant to the terms agreed to between Plaintiffs and the United States, but otherwise stayed discovery (the "September 28, 2011 Order").  Under the terms of the September 28, 2011 Order, the Defendants were required to produce, and did produce starting on November 23, 2011, all documents concerning the safety of all Massey mines that they had produced to other litigants and government agencies, excluding documents produced to investigators or prosecutors involved in the United States government's criminal investigation related to the UBB explosion or the government's work product.

      F.      On July 9, 2012, January 17, 2013, April 19, 2013, July 16, 2013, and July 18, 2013, pursuant to various motions made by the United States, the Court ordered that discovery remain stayed.  As a result of the July 18, 2013 order, further discovery is stayed through January 15, 2014.

G.      On April 25, 2011, Defendants filed motions to dismiss the Complaint as follows: (1) Massey Energy Company, James B. Crawford, Robert H. Fogelsong, Richard M. Gabrys, E. Gordon Gee, Lady Barbara Thomas Judge, Dan R. Moore and Stanley C. Suboleski (the "Massey Defendants"), and (2) Don L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert and J. Christopher Adkins, filed separate motions.    In summary, Defendants argued that the alleged misrepresentations regarding Massey's safety and compliance record were non-actionable because the alleged misrepresentations were not material to investors, and Plaintiffs failed to adequately plead an intent to defraud, the basis for a presumption of reliance by all class members, and a coherent theory of loss causation.  On June 9, 2011, Plaintiffs filed an opposition to Defendants' motions to dismiss and also filed a motion to strike certain exhibits that the Massey Defendants had attached to their motion in support of their argument that the market was aware of the truth as to the facts that Plaintiffs alleged Defendants had misrepresented relating to Massey's health and safety policies and practices and its compliance with relevant regulatory requirements.   Defendants opposed Plaintiffs' motion to strike on June 27, 2011.  On July 7, 2011, Plaintiffs filed a reply brief in further support of their motion to strike.  On July 18, 2011, Defendants filed reply briefs in further support of their respective motions to dismiss.  On March 28, 2012, the Court denied Defendants' motions to dismiss in their entirety and granted Plaintiffs' motion to strike.

H.      Between December 2011 and July 2013, the Settling Parties engaged in various efforts to settle the Action, including face-to-face meetings and numerous other communications among counsel.

I.      On July 16, 2013, Plaintiffs and Defendants filed a stipulation concerning formal mediation, which the Court construed as a motion to mediate and granted on July 18, 2013.

J.     Defendants and Plaintiffs thereafter engaged Professor Eric D. Green ("Prof. Green"), a well-respected and highly experienced mediator and a professor of law at Boston University School of Law, to assist them in exploring a potential negotiated resolution of the claims against the Defendants.  On October 7-8, 2013, Lead Plaintiff and representatives of the Defendants met with Prof. Green in an attempt to reach a settlement.  The mediation involved an extended effort to settle the claims and was preceded by the exchange of mediation statements. Following lengthy, arm's-length, and mediated negotiations under the auspices of Prof. Green, the parties reached a tentative understanding to settle the Action for $265 million, but left for further negotiation other material terms, including the form of consideration, a term on which the parties had previously expressed disagreement.  On December 4, 2013, after discussions between the parties as to certain proposals, representatives of the Defendants and Plaintiffs again met with Prof. Green to build on the progress made in the prior mediation session and come to a final resolution of the Action.  As a result of the arm's-length and mediated negotiations presided over by Prof. Green, the parties reached an agreement in principle to settle the claims against the Defendants, resulting in the Term Sheet to Settle Class Action ("Term Sheet"), entered into on December 4, 2013.

K.     Prior to agreeing to settle the Action, Plaintiffs, through Co-Lead Counsel, conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action.  This investigation included, among other things: (i) review and analysis of documents filed publicly by Massey with the Securities and Exchange Commission (the "SEC"); (ii) review and analysis of press releases issued by or concerning Massey and the other Defendants; (iii) review and analysis of research reports issued by financial analysts concerning Massey's securities; (iv) review and analysis of news articles and media

reports concerning Massey's operations; (v) review and analysis of testimony concerning Massey before the U.S. Senate Committee on Health, Education, Labor and Pensions (the "Senate HELP Committee"), the U.S. Senate Committee on Appropriations (the "Senate Appropriations Committee"), and the U.S. House of Representatives Committee on Education and Labor (the "House Labor Committee"); (vi) review and analysis of information and data published by the U.S. Mine Safety and Health Administration ("MSHA"); (vii) review and analysis of testimony given to MSHA and the West Virginia Office of Miners Health, Safety and Training ("WVOMHST") in the context of said entities' investigations regarding Massey and the UBB; (viii) review and analysis of final investigatory reports issued by MSHA, WVOMHST, the West Virginia Governor's Independent Investigation Panel ("GIIP"), and Massey regarding the UBB explosion; (ix) Co-Lead Counsel's internal investigation, which involved the identification of more than 100 potential witnesses, contact of approximately 50 witnesses, and interviews with approximately two dozen former Massey employees and other persons with relevant knowledge; (x) review and analysis of documents produced by Massey, pursuant to the September 28, 2011 Order; (xi) review and analysis of the applicable law governing the claims and potential defenses; (xii) consultations with experts on mine safety, valuation, damages, and causation issues; and (xiii) review and analysis of pleadings and materials, including a criminal indictment, filed in other pending actions that name Massey, other Defendants in the Action, or certain other Massey employees as defendants or nominal defendants.

L.      Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Defendants have denied and continue to deny each and every one of the claims

alleged by Plaintiffs in the Action on behalf of the Settlement Class, including all claims in the Complaint.

M.      This Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, ANR, or any of them, with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted.  Defendants and ANR are entering into this Settlement solely to eliminate the burden, expense, uncertainty, and distraction of further litigation.

N.      Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted.  However, Plaintiffs and Co-Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals.  Plaintiffs and Co-Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.  Co-Lead Counsel also are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action.  Based on their evaluation, Plaintiffs and Co-Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best interests of Plaintiffs and the Settlement Class.

**NOW THEREFORE**, without any concession by Plaintiffs that the Action lacks merit, and without any concession by the Defendants or ANR of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties

to this Stipulation ("Settling Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Settling Parties hereto, all Released Claims and all Defendants' Released Claims as against all Released Parties shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, as set forth below:

## DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)     "Action" means the civil action captioned *In re Massey Energy Co. Securities Litigation,* No. 5:10-cv-00689-ICB, now pending in the United States District Court for the Southern District of West Virginia before the Honorable Irene C. Berger.

(b)     "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Settling Parties hereto elects to terminate this Settlement by reason of such variance.

(c)     "ANR" means Alpha Natural Resources, Inc.

(d)     "Authorized Claimant" means a Settlement Class Member who timely submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment by the Court.

(e)     "Claims Administrator" means the firm to be retained by Co-Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Settlement Class Members, to process proofs of claim and to administer the Settlement.

(f)      "Class Period" means the period between February 1, 2008 and July 27, 2010, inclusive.

(g)      "Co-Lead Counsel" means the law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP.

(h)      "Court" means the United States District Court for the Southern District of West Virginia.

(i)      "Defendant Released Parties" means Defendants, ANR, Defendants' Counsel and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, insurers; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of the Defendants.

(j)      "Defendants" means Massey and the Individual Defendants.

(k)      "Defendants' Counsel" means the law firms of Cleary Gottlieb Steen & Hamilton LLP, Cravath, Swaine & Moore LLP, Bailey & Glasser LLP, Ronald S. Rolfe, Esq., Zuckerman Spaeder LLP, Flaherty Sensabaugh & Bonasso PLLC, and Tiffey Law Practice, PLLC.

(l)      "Defendants' Released Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, that Defendants and ANR

could have asserted against any of the Plaintiff Released Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action against the Defendants. Defendants' Released Claims do not include any claim relating to the enforcement of the Settlement.

(m)    "Distribution Order" means an order of the Court approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted and approving any fees and expenses not previously paid, including the fees and expenses of the Claims Administrator and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

(n)    "Effective Date" means the date upon which the conditions subsequent to the Settlement shall have occurred, as set forth in ¶ 41 below.

(o)    "Escrow Account" means the separate escrow account designated and controlled by Co-Lead Counsel at one or more national banking institutions into which the Settlement Amount will be deposited for the benefit of the Settlement Class prior to the hearing date for final approval of the Settlement scheduled by the Court, in the manner and at the time set forth herein.

(p)    "Escrow Accounts" means the Escrow Account and the Second Escrow Account.

(q)    "Final," with respect to a court order, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final

dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought).  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment, or otherwise preclude the Judgment or Alternative Judgment, from becoming Final.

      (r)     "First Escrow Agent" means Co-Lead Counsel.

      (s)     "Individual Defendants" means Donald L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert, J. Christopher Adkins, Dan R. Moore, E. Gordon Gee, Richard M. Gabrys, James B. Crawford, Robert H. Foglesong, Stanley C. Suboleski and Lady Barbara Thomas Judge.

      (t)     "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

      (u)     "Lead Plaintiff" means the Commonwealth of Massachusetts Pension Reserves Investment Trust.

      (v)     "Liaison Counsel" means the law firm of James F. Humphreys & Associates L.C.

      (w)     "Mediator" means Eric D. Green.

(x)      "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(y)      "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Accounts and investment of the Settlement Fund.

(z)      "Notice" means the Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1 to Exhibit A hereto.

(aa)      "Person" or "Persons" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(bb)      "Plaintiff Released Parties" means each and every Settlement Class Member, Plaintiffs, Co-Lead Counsel, Liaison Counsel and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, parents, subsidiaries, general or limited partners or

partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Plaintiff Released Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(cc)    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which shall be substantially in the form attached hereto as Exhibit A.

(dd)    "Proof of Claim" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-2 to Exhibit A hereto.

(ee)    "Released Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), whether arising under federal, state, common or foreign law, whether class or individual in nature, that Plaintiffs or any other Settlement Class Member: (i) asserted in the Action; or (ii) could have asserted in the Action or any other action or in any forum, that arise from both (a) the purchase or acquisition of Massey common stock by a member of the Settlement Class and (b) the facts, matters, allegations, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act which were alleged or that could have been alleged or asserted in the Action.  Released Claims do not include any claim relating to the enforcement of the Settlement.

(ff)    "Released Parties" means the Defendant Released Parties and the Plaintiff Released Parties.

(gg)    "Second Escrow Account" means the separate escrow account controlled by a national banking institution designated by the Lead Plaintiff, and acceptable to ANR (which acceptance shall not be unreasonably withheld), into which the Settlement Amount in the Escrow Account, less notice and administrative expenses already paid, will be transferred immediately following the entry of the Judgment or Alternative Judgment and which shall be fully vested in and for the benefit of the Settlement Class.

(hh)    "Second Escrow Agent" means Citibank, N.A.

(ii)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(jj)    "Settlement Amount" means the total principal amount of two hundred sixty-five million dollars ($265,000,000) in cash.

(kk)    "Settlement Class" or "Settlement Class Member" means all Persons who purchased or otherwise acquired shares of the common stock of Massey Energy Company between February 1, 2008 and July 27, 2010, inclusive, and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) ANR; (iii) the officers and directors of Massey during the Class Period; (iv) all of Massey's subsidiaries during the Class Period; (v) members of the immediate families of any excluded person; (iv) the legal representatives, heirs, successors or assigns of any excluded person; (vii) any entity in which any Defendant or ANR has or had a controlling interest; and (viii) any Person who would otherwise be a Settlement Class Member but who properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

- 14 -

(ll)    "Settlement Fund" means the Settlement Amount and any interest earned thereon.

(mm)   "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(nn)    "Settling Party" or "Settling Parties" means Defendants, ANR, Plaintiffs, and other Settlement Class Members.

(oo)    "Stipulation" means this Stipulation and Agreement of Settlement.

(pp)    "Summary Notice" means the Summary Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-3 to Exhibit A hereto.

(qq)    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and reasonable expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(rr)    "Unknown Claims" means any and all Released Claims that any Plaintiff or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Defendant Released Parties, and all Defendants' Released Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiff Released Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With

- 15 -

respect to any and all Released Claims and Defendants' Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs, and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Defendants' Released Claims, but Plaintiffs, and Defendants and ANR shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Defendants' Released Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Defendants' Released Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.      The obligations incurred pursuant to this Stipulation are in full and final disposition of the claims in the Action with respect to the Released Parties and any and all Released Claims and Defendants' Released Claims, and are subject to the following conditions subsequent: (i) approval by the Court and entry of the Judgment reflecting such approval becoming Final; and (ii) payment of the Settlement Amount.

3.      For purposes of this Settlement only, the Settling Parties agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶ 1(kk); (ii) the appointment of Lead Plaintiff and Plaintiff Wagner as Class Representatives for the Settlement Class; and (iii) the appointment of Co-Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

4.      By operation of the Judgment or Alternative Judgment, Plaintiffs and each and every other Settlement Class Member on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Defendant Released Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Defendant Released Parties, subject only to the occurrence of the Effective Date.

5.      By operation of the Judgment or Alternative Judgment, Defendants and ANR, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Defendants' Released Claims

- 17 -

against each and every one of the Plaintiff Released Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Defendants' Released Claims against any and all of the Plaintiff Released Parties, subject only to the occurrence of the Effective Date.

## THE SETTLEMENT CONSIDERATION

6.      In full settlement of the claims asserted in the Action against the Defendants and in consideration of the releases specified in ¶¶ 4-5, above, all of which the Settling Parties agree are good and valuable consideration, ANR shall cause: (a) thirty million dollars ($30,000,000) of the Settlement Amount to be deposited into the Escrow Account within five (5) business days of entry of the Preliminary Approval Order, and (b) the remainder of the Settlement Amount to be deposited into the Escrow Account no later than one (1) business day prior to the date of the Settlement Hearing.  As of the time that the Settlement Amount is deposited into the Escrow Account, the Defendants and ANR shall no longer have any interest in the Escrow Account except for a contingent interest in the event that the condition subsequent of the occurrence of the Effective Date of the Settlement does not occur.

7.      Upon the entry of the Judgment or Alternative Judgment and the payment of the balance of the Settlement Amount by ANR in accordance with ¶ 6 above, all material obligations of the Lead Plaintiff, on the one hand, and the Defendants and ANR, on the other hand, shall be deemed performed.  Any further effort or responsibility pursuant to the Settlement to defend against any appeal or proceeding seeking judicial review of the Judgment or Alternative Judgment shall not render this Settlement executory as that term is interpreted to mean under 11 U.S.C. § 365.  Immediately following the entry of the Judgment or Alternative Judgment, the Settlement Fund in the Escrow Account shall vest in the Settlement Class and Co-Lead Counsel promptly shall cause the Settlement Fund to be transferred to a second escrow account (the

"Second Escrow Account") controlled by an institution to be designated by Lead Plaintiff (that is acceptable to ANR which acceptance shall not be unreasonably withheld) for the benefit of the Settlement Class.  The Settlement Fund in the Second Escrow Account:  a) shall not be further depleted or transferred pending the condition subsequent of the occurrence of the Effective Date, except as provided herein to pay Notice and Administration Expenses, Taxes, and Court ordered attorneys' fees and expenses; and b) shall only be subject to return to ANR if the condition subsequent of the Effective Date occurring does not occur.  The Defendants and ANR shall have no other interest in the Second Escrow Account except for the reversionary interest described above in the event that the Effective Date does not subsequently occur.

8.      Co-Lead Counsel shall promptly establish the Escrow Account after execution of this Stipulation and, as soon as practicable after the filing with the Court of the application for entry of the Preliminary Approval Order, provide to Mitchell A. Lowenthal and Victor L. Hou of Clearly Gottlieb Steen & Hamilton LLP all information necessary to effectuate a transfer of funds to the Escrow Account, including but not limited to, wiring instructions, payment address, and a complete and signed W-9 form for the Settlement Fund that reflects a valid employer identification number.

9.      With the sole exception of ANR's obligation to cause payment of the Settlement Amount into the Escrow Account as provided for in ¶ 6, ANR, the Defendants, and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Co-Lead Counsel, the First Escrow Agent, the Second Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the

determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Accounts, or the filing of any federal, state, or local returns..

10.     Other than the obligation of ANR to cause the payment of the Settlement Amount pursuant to ¶ 6, ANR and the Defendants shall have no obligation to make any other payments into the Escrow Accounts or to any Settlement Class Member or any other person or entity pursuant to this Stipulation.  For the avoidance of doubt, under no circumstances shall the total to be paid by ANR or the Defendants to the Settlement Class pursuant to this Stipulation exceed the Settlement Amount.

<u>**USE AND TAX TREATMENT OF SETTLEMENT FUND**</u>

11.     The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv) to pay any costs and expenses allowed by the PSLRA and awarded to Plaintiffs by the Court; (v) to pay any other fees and expenses awarded by the Court; and (vi) to pay the claims of Authorized Claimants.

12.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 24-37 hereof.  The Net Settlement Fund shall remain in either the Escrow Account or the Second Escrow Account, as the case may be, prior to the Effective Date.  All funds held in the Escrow Accounts, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court. The First Escrow Agent and the Second Escrow Agent shall invest funds in the Escrow Accounts

in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  ANR, Defendants, and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the First Escrow Agent or the Second Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

13.     The Settling Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, Co-Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 13, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in Treas. Reg. § 1.468B-1.  It shall be the sole responsibility of Co-Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, including ANR and the Company, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur.  Co-Lead Counsel shall provide the Company with a copy of the election statement to effect the "relation-back election," and shall reasonably cooperate with the Company in making such election.  Consistent with the foregoing:

(a)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Co-Lead Counsel or its successors, who shall timely and properly file, or cause to be filed, all

federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Accounts (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)), and distributions and payments from the Escrow Accounts, and any applicable withholding taxes.  Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Accounts shall be paid out of such funds as provided in subparagraph (c) of this paragraph 13.  Co-Lead Counsel shall ensure compliance with any backup withholding requirement with respect to the earnings on funds deposited with, and distributions and payments from, the Escrow Accounts.

       (b)     All Taxes shall be paid by Co-Lead Counsel solely out of the Settlement Fund.  In all events, ANR, Defendants, and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any tax return or other document with the Internal Revenue Service or any other state or local taxing authority.  In the event any Taxes of any kind whatsoever, including but not limited to any Taxes payable by reason of indemnification, are owed by any of the Defendants or ANR on any earnings on the funds on deposit in the Escrow Accounts, such amounts shall also be paid out of the Settlement Fund. Any Taxes or Tax expenses owed on any earnings on the Settlement Amount prior to its transfer to the Escrow Accounts shall be the sole responsibility of the entities that make the deposit.

       (c)     Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Co-Lead Counsel out of the Settlement Fund without prior order from the Court or approval by ANR or the Defendants, and Co-Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to

- 22 -

withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Settling Parties agree to cooperate with Co-Lead Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph 13.

(d)     Upon establishment of the "qualified settlement fund," Co-Lead Counsel shall apply for an employer identification number for the qualified settlement fund pursuant to Internal Revenue Service Form SS-4, and in accordance with Treas. Reg. § 1.468B-2(k)(4).

(e)     It is intended that all transfers by ANR to the Escrow Account will satisfy the "all events test" and the "economic performance" requirement of Section 461(h)(1) of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.461-1(a)(2).

14.     This is not a claims-made settlement.  As of the Effective Date, ANR, Defendants, their insurance carriers, and/or any other such other persons or entities funding the Settlement, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

## ATTORNEYS' FEES AND EXPENSES

15.     Co-Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of litigation expenses incurred in prosecuting the Action, plus any earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund ("Fee and Expense Application").  Defendants shall take no position with respect to the Fee and Expense Application.

16.     The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Co-Lead Counsel immediately after entry of the Order

awarding such attorneys' fees and expenses by the Court, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.

17.     Any payment of attorneys' fees and litigation expenses pursuant to ¶¶ 15-16 above shall be subject to Co-Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or litigation expenses is reduced or reversed by Final non-appealable court order.  Co-Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) calendar days after receiving notice from a court of appropriate jurisdiction of the termination of the Settlement or notice of any reduction or reversal of the award of attorneys' fees and/or litigation expenses by Final non-appealable court order.

18.     With the sole exception of ANR's obligation to pay the Settlement Amount into the Escrow Account as provided for in ¶ 6, ANR or Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Co-Lead Counsel in the Action that may occur at any time.

19.     ANR or Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Co-Lead Counsel in the Action, or any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

20.     ANR or Defendants shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of the Settlement Class Members, whether or not paid from the Escrow Accounts.

21.     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Co-Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Defendant Released Parties, or any other orders entered pursuant to the Stipulation.  Plaintiffs and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 42 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

## ADMINISTRATION EXPENSES

22.     Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account or the Second Escrow Account, as the case may be, until the Effective Date.

23.     Prior to the Effective Date, without further approval from ANR or the Defendants or further order of the Court, Co-Lead Counsel may pay Notice and Administration Expenses actually incurred.  Taxes and fees related to the Escrow Accounts and investment of the Settlement Fund may be paid as incurred, without further approval of ANR or Defendants or

further order of the Court.  After the Effective Date, without approval of ANR or Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

24.      Co-Lead Counsel will apply to the Court for a Distribution Order, on notice to Defendants' Counsel, approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted herein, and, if the Effective Date has occurred, directing the payment of the Net Settlement Fund to Authorized Claimants.

25.      The Claims Administrator shall administer the Settlement under Co-Lead Counsel's supervision in accordance with the terms of this Stipulation and subject to the jurisdiction of the Court.  Except as stated in ¶¶ 6 and 39, hereof, Defendants and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Settlement Class in connection with such administration.

26.      The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss, as defined in the Plan of Allocation of Net Settlement Fund (the "Plan of Allocation") included in the Notice, or in such other plan of allocation as the Court may approve.

27.      Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation.  The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Plaintiffs and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 42 or otherwise based on the

Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action.  Defendants and ANR and their counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

28.     If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Co-Lead Counsel shall, if feasible and economical, reallocate such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Any balance that still remains in the Net Settlement Fund, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be contributed to non-sectarian, not-for-profit charitable organization(s) serving the public interest, designated by Lead Plaintiff and approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

29.     Any Settlement Class Member who fails timely to submit a valid Proof of Claim (substantially in the form of Exhibit A-2 to Exhibit A hereto) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be barred from bringing any action against the Defendant Released Parties concerning the Released Claims.

30.     Upon receiving any request for exclusion pursuant to the Notice, Co-Lead Counsel shall promptly, and certainly no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is

earlier, notify counsel for Defendants of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email.

31.    Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Co-Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Co-Lead Counsel deems to be *de minimis* or formal or technical defects in any Proof of Claim submitted.  Defendants and their counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims of Settlement Class Members.  Co-Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

32.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Settlement Class Member shall be required to submit a Proof of Claim, substantially in the form attached hereto as Exhibit A-2 to Exhibit A, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

(b)    All Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Co-Lead Counsel in their discretion, or by Order of the Court.  Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Co-Lead Counsel, late-filed Proofs of Claim are accepted), but shall in all other

- 28 -

respects be bound by all of the terms of this Stipulation and the Settlement, including the terms

of the Judgment or Alternative Judgment and all releases provided for herein, and will be

permanently barred and enjoined from bringing any action, claim or other proceeding of any

kind against any Defendant Released Parties.  Provided that it is received before the motion for

the Distribution Order is filed, a Proof of Claim shall be deemed to be submitted when mailed, if

received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and

addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall

be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims

Administrator, under the supervision of Co-Lead Counsel, who shall determine in accordance

with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by

the Court;

(d)     Proofs of Claim that do not meet the submission requirements may be

rejected.  Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall

communicate with the claimant in writing to give the claimant the chance to remedy any curable

deficiencies in the Proof of Claim submitted.  The Claims Administrator, under supervision of

Co-Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the

Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth

the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be

rejected has the right to a review by the Court if the claimant so desires and complies with the

requirements of subparagraph (e) below;

(e)     If any claimant whose claim has been rejected in whole or in part for

curable deficiency desires to contest such rejection, the claimant must, within twenty (20)

- 29 -

calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court; and

     (f) The determinations of the Claims Administrator accepting or rejecting disputed claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Distribution Order.

   33. Each claimant who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and  the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

   34. Payment pursuant to the Distribution Order shall be deemed final and conclusive against any and all Settlement Class Members.  All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Defendant Released Parties concerning the Released Claims.

35.     All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

36.     No Person shall have any claim of any kind against the Defendant Released Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶ 24-37) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

37.     No Person shall have any claim against Plaintiffs, Co-Lead Counsel, Liaison Counsel, or the Claims Administrator, or other agent designated by Co-Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

38.     Concurrently with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, and no later than thirty (30) calendar days after the execution of the Stipulation, Co-Lead Counsel and Defendants' Counsel shall jointly apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

39.     Defendants or ANR shall provide, at no cost to Plaintiffs or the Settlement Class, or cause to be provided, to Co-Lead Counsel or the Claims Administrator, within five (5) business days of entry of the Preliminary Approval Order, transfer records in electronic

searchable form, such as Excel, containing the names and addresses of purchasers of the common stock of Massey during the Class Period.

## TERMS OF THE JUDGMENT

40.     If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

41.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)     payment of the Settlement Amount into the Escrow Account;

(c)     transfer of the Settlement Fund into the Second Escrow Account as provided in ¶ 7 hereof;

(d)     approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(e)     a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, will have been entered by the Court and will have become Final; or in the event that an Alternative Judgment will have been entered and none of the Settling Parties elects to terminate the Settlement by reason of such variance, the Alternative Judgment will have become Final.

## <u>WAIVER OR TERMINATION</u>

42.     The Company, ANR and Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Settling Parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter the Judgment in any material respect or an Alternative Judgment; or (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States.  For the avoidance of doubt, Lead Plaintiff shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting an application for attorneys' fees or litigation expenses or any plan of allocation.

43.     In addition to the foregoing, ANR shall also have, in its sole and absolute discretion, the option to terminate the Settlement and this Stipulation, and render them null and void as to all Settling Parties, in the event that Settlement Class Members who in total purchased or acquired Massey common stock during the Class Period equal to or greater than a certain agreed-upon amount (the "Termination Threshold") timely and validly request exclusion from the Settlement Class in accordance with the provisions of the Notice and Preliminary Approval Order.

(a)     The Settling Parties agree to maintain the confidentiality of the Termination Threshold, which is set forth in the Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") that is set forth in the Letter dated December 4, 2013 from Mitchell A. Lowenthal to Joel H. Bernstein.  The Supplemental Agreement, unless otherwise ordered by the Court, shall be kept confidential and shall not be filed with the Court,

but it may be examined *in camera* by the Court, if so requested (unless otherwise required by court rule). Notwithstanding this provision, following the Effective Date, the Settling Parties may, at the option of each, disclose the terms of the Supplemental Agreement.

(b)    To be valid for purposes of this paragraph 43, a request for exclusion from the Settlement Class must comply with the Notice and Preliminary Approval Order.

(c)    The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing. No later than fifteen (15) calendar days prior to the Settlement Hearing, Co-Lead Counsel or the Claims Administrator shall provide Defendants' Counsel with copies of any requests for exclusion from the Settlement Class, and any documentation accompanying them.

(d)    ANR shall be entitled to exercise the option in this paragraph 43 to terminate the Settlement and this Stipulation null and void only if it provides Co-Lead Counsel with written notice of its withdrawal from the Settlement and files that notice with the Court no later than seven (7) calendar days prior to the Settlement Hearing.

(e)    Co-Lead Counsel may attempt to cause the retraction of any request for exclusion by Members of the Settlement Class. If ANR has exercised the option to terminate the Settlement pursuant to this paragraph 43 and if Co-Lead Counsel succeed in causing the retraction of sufficient requests for exclusion such that the remaining requests for exclusion do not satisfy the requirements of the Termination Threshold, then the notice of termination automatically shall be deemed a nullity. To retract a request for exclusion, a putative Settlement Class Member must file a written notice with the Court stating his, her, or its desire to retract the request for exclusion from the Settlement Class and that person or entity's desire to be bound by

any judgment or settlement of the Action, provided, however, that the filing of such written notice may be effected by Co-Lead Counsel.

(f)     Any dispute among the Settling Parties concerning the interpretation or application of this paragraph 43 shall be presented to the Court for resolution upon the application of any party hereto.

(g)     In the event of a termination of this Settlement pursuant to this paragraph 43, this Stipulation shall become null and void and of no further force and effect as to all Settling Parties, with the exception of the provisions of ¶¶ 47-49, which shall continue to apply.

44.     In addition to all of the rights and remedies that Lead Plaintiff has under the terms of this Stipulation, Lead Plaintiff shall also have the right to terminate the Settlement in the event that ANR does not pay the Settlement Amount in the time period provided for in ¶ 6 above, by providing written notice of the election to terminate to all other Settling Parties and, thereafter, others fail to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

45.     If, before the Settlement becomes Final, a trustee, receiver, conservator, assignee in an assignment for benefit of creditors, or other fiduciary is appointed under Title 11 of the United States Code (the "Bankruptcy Code"), or any similar state or federal law involving ANR or any other party to the extent any such party has or is deemed to have actually contributed, directly or indirectly, to the payment of the Settlement Amount and a Final order of a court of competent jurisdiction determines that the transfer of all or any portion of the Settlement Amount by or on behalf of ANR or any other such party is a preference, avoidable transfer, fraudulent transfer, or similar transaction and all or any portion of the Settlement Amount is required to be returned, and such amount is not deposited into the Settlement Fund within thirty (30) days from

another source, then,  Lead Plaintiff may but is not required to move the Court to vacate and set

aside the Stipulation and the Judgment or Alternative Judgment entered,  and, subject to Section

362 of the Bankruptcy Code to the extent it is relevant and/or applicable, the Defendants and

ANR shall not oppose such a motion.  Upon the vacation or set aside of the Judgment or

Alternative Judgment, the Settling Parties shall be restored to their litigation positions

immediately prior to the execution of the Term Sheet on December 4, 2013, and, as applicable to

the extent permitted by law, may continue the Action and/or assert one or more claims for the

entire amount claimed in the Action against the Defendants.  ANR and the Defendants agree to

notify Lead Plaintiff and Lead Counsel whether and to what extent any portion of the Settlement

Amount is funded by insurance immediately upon becoming aware of any such payment by any

insurance carrier, whether directly or indirectly.

46.     If an option to withdraw from and terminate this Stipulation and Settlement arises

under any of ¶¶ 42-45 above: (i) neither the Company, ANR nor Lead Plaintiff (as the case may

be) will be required for any reason or under any circumstance to exercise that option; and (ii) any

exercise of that option shall be made in good faith, but in the sole and unfettered discretion of the

Company, ANR or Lead Plaintiff, as applicable.

47.     In the event the Settlement is terminated or fails to become effective for any

reason, then: the Settlement shall be without prejudice, and none of its terms, including, but not

limited to, the certification of the Settlement Class, appointment of Class Representative, and

appointment of Class Counsel, shall be effective or enforceable except as specifically provided

herein; the parties shall be deemed to have reverted to their respective litigation positions in the

Action immediately prior to their execution of the Term Sheet on December 4, 2013; and the

parties in the Action shall proceed in all respects as if this Stipulation and any related order had

not been entered.  In such event, the Term Sheet, this Stipulation, or any aspect of the discussions or negotiations leading to this Stipulation, shall not be admissible in this Action and shall not be used by Plaintiffs against or to the prejudice of Defendants or ANR, or by Defendants or ANR against or to the prejudice of Plaintiffs in any court filing, deposition, at trial, or otherwise.

48.     In the event the Settlement is terminated or fails to become effective for any reason, unless otherwise agreed in writing signed by all affected Settling Parties, any portion of the Settlement Amount previously paid, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount shall be returned to ANR within thirty (30) calendar days after written notification of such event.  At the request of ANR, the First Escrow Agent or the Second Escrow Agent, as the case may be, or their designees shall apply for any tax refund owed on the amounts in the Escrow Accounts and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), for refund to the applicable funder or as otherwise directed.

## <u>NO ADMISSION</u>

49.     Except as set forth in ¶ 50 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties or their respective  counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any

presumption, concession, or admission by the Defendants with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendants, or against or to the prejudice of Plaintiffs or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of the Defendants, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)     do not constitute, and shall not be construed against the Defendants, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

50.     The Settling Parties, and their respective counsel, may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment. All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

51.     All of the exhibits to the Stipulation, except any plan of allocation, are material and integral parts hereof and are fully incorporated herein by this reference.

52.     The Settling Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Settling Parties with respect to the Released Claims and Defendants' Released Claims.  Accordingly, the Settling Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis.  The Settling Parties and their counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any

application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action.  The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Settling Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

53.     This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties hereto or their successors.

54.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

55.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

56.     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

57.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Settling Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Settling Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

58.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

59.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

60.     All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

61.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

62.     This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

63.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

64.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of West Virginia without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

65.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length

negotiations among the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

66.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

67.     The Settling Parties and their counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Co-Lead Counsel's application for an award of attorneys' fees and expenses, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

68.     If any disputes arise out of the finalization of the settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in ¶ 38 above, those disputes will be resolved by the Mediator first by way of expedited telephonic mediation and, if unsuccessful, then by way of final, binding, non-appealable resolution.

69.     Except as otherwise provided herein, each Settling Party shall bear its own costs.

**IN WITNESS WHEREOF**, the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of February 5, 2014.

By: _____

Joel H. Bernstein
Christopher J. Keller
Ira A. Schochet

- 42 -

Irina Vasilchenko
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
(212) 907-0700
(212) 818-0477 (facsimile)

*Counsel for Lead Plaintiff Commonwealth of
Massachusetts Pension Reserves Investment Trust and
Co-Lead Counsel for the Settlement Class*

Paul J. Geller
Jack Reise
Dennis J. Herman
**ROBBINS GELLER RUDMAN & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
(561) 750-3000
(561) 750-3364 (facsimile)

*Counsel for Plaintiff David Wagner and Co-Lead
Counsel for the Settlement Class*

By: _____

Mitchell A. Lowenthal
Victor L. Hou
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
(212) 225-2000
(212) 225-3999 (facsimile)

By: _____

Ricklin Brown
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV
(304) 345-6555
(304) 342-1110 (facsimile)

*Attorneys for Massey Energy Company (n/k/a Alpha
Appalachia Holdings, Inc.) and Alpha Natural
Resources, Inc.*

By: _Ronald S. Rolfe by sc_____

    Ronald S. Rolfe, Esq.
    Worldwide Plaza
    825 Eighth Avenue
    New York, NY  10019
    (212) 474-1714
    (212) 474-3700 (facsimile)


By: _Stuart W. Gold by sc_____

    Stuart W. Gold
    Julie A. North
    **CRAVATH, SWAINE & MOORE LLP**
    Worldwide Plaza
    825 Eighth Avenue
    New York, NY  10019
    (212) 474-1000
    (212) 474-3700 (facsimile)

    *Counsel for Defendants Lady Barbara Thomas Judge,*
    *Dan R. Moore, Dan R. Moore, James B. Crawford,*
    *Richard J. Gabrys, Robert H. Foglesong, Stanley C.*
    *Suboleski and E. Gordon Gee*


By: _Steven N. Herman by sc_____

    Steven N. Herman
    William W. Taylor, III
    **ZUCKERMAN SPAEDER LLP**
    Suite 1000
    1800 M Street, NW
    Washington, DC  20036
    (202) 778-1800
    (202) 822-8106 (facsimile)

    *Counsel for Defendant Donald L. Blankenship*

By: _Thomas V. Flaherty by SC_

Thomas V. Flaherty
Tammy R. Harvey
**FLAHERTY SENSABAUGH & BONASSO PLLC**
P.O. Box 3843
Charleston, WV  25338
(304) 907-0700
(212) 818-0477 (facsimile)

*Counsel for Defendants Baxter F. Phillips, Jr., and Eric B. Tolbert*

By: _Edward P. Tiffey by SC_

Edward P. Tiffey
**TIFFEY LAW PRACTICE, PLLC**
205 Capitol Street, 4th Floor
P.O. Box 3785
Charleston, WV 25337-3785

(304) 344-3200
(304) 344-9919 (facsimile)

*Counsel for Defendant J. Christopher Adkins*

- 45 -

**Exhibit A**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | | |
|---|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | ) ) ) | Civil Action No. 5:10-cv-00689-ICB |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | The Honorable Irene C. Berger |
| ALL ACTIONS. | ) ) ) | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, as of February 5, 2014, Lead Plaintiff, the Commonwealth of Massachusetts Pension Reserves Investment Trust ("Lead Plaintiff") and named plaintiff David Wagner (collectively "Plaintiffs"), on behalf of themselves and the proposed Settlement Class (as defined below), on the one hand, and Massey Energy Company (n/k/a Alpha Appalachia Holdings, Inc.) ("Massey" or the "Company"), Donald L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert, J. Christopher Adkins, Dan R. Moore, E. Gordon Gee, Richard M. Gabrys, James B. Crawford, Robert H. Foglesong, Stanley C. Suboleski and Lady Barbara Thomas Judge (collectively, the "Defendants"), and Alpha Natural Resources, Inc. ("ANR"), on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and

which, together with the exhibits thereto, sets forth the terms and conditions of the proposed

settlement of the claims alleged in the Consolidated Amended Class Action Complaint for

Violations of the Federal Securities Laws, filed on March 11, 2011, on the merits and with

prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation and the

accompanying exhibits; and

WHEREAS, the Settling Parties to the Stipulation have consented to the entry of this

order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein

have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____,

_____ that:

1.      The Court has reviewed the Stipulation and preliminarily finds the Settlement set

forth therein to be fair, reasonable and adequate, subject to further consideration at the

Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the

Court hereby certifies, for the purposes of the Settlement only, the Settlement Class of: all

Persons who purchased or otherwise acquired shares of the common stock of Massey Energy

Company between February 1, 2008 and July 27, 2010, inclusive, and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants; (ii) ANR; (iii) the officers and directors

of Massey during the Class Period; (iv) all of Massey's subsidiaries during the Class Period;

(v) members of the immediate families of any excluded Person; (vi) the legal representatives,

heirs, successors or assigns of any excluded Person; (vii) any entity in which any Defendant or

2

ANR has or had a controlling interest; and (viii) any Person who would otherwise be a Settlement Class Member but who properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

3.    The Court finds and concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)    the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)    there are questions of law and fact common to the Settlement Class Members;

(c)    the claims of Lead Plaintiff and Plaintiff Wagner are typical of the Settlement Class's claims;

(d)    Lead Plaintiff, Plaintiff Wagner, and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)    the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant

3

interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff and Plaintiff David Wagner are certified as Class Representatives for the Settlement Class.  The law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP are appointed Class Counsel for the Settlement Class and James F. Humphreys & Associates L.C. is appointed Liaison Counsel for the Settlement Class.

5.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2014, at __:____ _.m. for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Judgment as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Defendant Released Parties;

(c)      to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff and Plaintiff Wagner should be finally certified as Class Representatives for the Settlement Class; whether the law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP should be finally appointed as Class Counsel for the Settlement Class; and whether James F. Humphreys & Associates L.C. should be finally appointed as Liaison Counsel for the Settlement Class;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider Co-Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representations of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

7.     The Court approves the form, substance and requirements of the Notice and the Proof of Claim, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8.     The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Massey and ANR, to the extent they have not already done so, shall use their best efforts to obtain and provide to Co-Lead Counsel, or the Claims Administrator, no later than five (5) business days after entry of this

5

Preliminary Approval Order, transfer records in electronic searchable form containing the names and addresses of purchasers of the common stock of Massey during the Class Period.

9.      The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons who purchased or otherwise acquired the common stock of Massey during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either (i) provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners by first-class mail, or (ii) request additional copies of the Notice and Proof of Claim from the Claims Administrator, and within seven (7) calendar days of receipt of such copies send them by first-class mail directly to the beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice and Proof of Claim shall be made available by the Claims Administrator to any record holder requesting them for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Notices and Proofs of Claim to beneficial owners.

10.      Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

11.      The Court approves the form of the Summary Notice substantially in the form annexed hereto as Exhibit 3, and directs that Co-Lead Counsel cause the Summary Notice to be

published in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen

(14) calendar days of the Notice Date.  Co-Lead Counsel shall, at or before the Settlement

Hearing, file with the Court proof of publication of the Summary Notice.

12.     The form and content of the notice program described herein, and the methods set

forth herein of notifying the Settlement Class of the Settlement and its terms and conditions,

meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of

the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and

due process, constitute the best notice practicable under the circumstances, and shall constitute

due and sufficient notice to all Persons entitled thereto.

13.     In order to be eligible to receive a distribution from the Net Settlement Fund, in

the event the Settlement is effected in accordance with the terms and conditions set forth in the

Stipulation, each Settlement Class Member shall take the following actions and be subject to the

following conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed

hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in

the Notice, and postmarked no later than 120 calendar days after the Notice Date.  Such

deadline may be further extended by Court order or by Lead Plaintiff in its discretion.  Each

Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed

and mailed by first-class or overnight mail, postage prepaid) provided such Proof of Claim is

actually received prior to the filing of a motion for an order of the Court approving distribution

of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be

deemed to have been submitted when it was actually received at the address designated in the

Notice.  Any Settlement Class Member who does not submit a Proof of Claim within the time

provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Co-Lead Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of that Person's current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletion or modification of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

14. Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Co-Lead Counsel.

15. Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless

8

such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re Massey Energy Co. Sec. Litig.*, No. 5:10-cv-00689 (S.D. W.V.)" and must be signed by such Person.  Such Persons requesting exclusion are also required to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Massey common stock during the Class Period, and the amount of holdings of these securities.  The request for exclusion shall not be effective unless it provides all of the required information in the manner set forth above, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Co-Lead Counsel's designee: Joel H. Bernstein, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants'

Counsel's designee: Mitchell A. Lowenthal, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, and has filed said objections and supporting papers with the Clerk of the United States District Court for the Southern District of West Virginia, Robert C. Byrd U. S. Courthouse, 110 North Heber Street, Room 119, Beckley, WV 25801.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the Settlement Hearing is not necessary; however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

18.    Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Released Claims against the Defendant Released Parties.

19.     As provided in the Stipulation, prior to the Effective Date, Co-Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from Defendants or ANR and without further order of the Court.

20.     All papers in support of the Settlement, Plan of Allocation, and Co-Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

21.     The passage of title and ownership of the Settlement Fund to the Escrow Agents in accordance with the terms and obligations of the Stipulation is approved.  No Person who is not a Settlement Class Member or Co-Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

23.     Neither Defendants, ANR, nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Co-Lead Counsel or Lead Plaintiff, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

11

24.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties, and the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action as of December 4, 2013.

25.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____, _____     _____
                                      Honorable Irene C. Berger
                                      UNITED STATES DISTRICT JUDGE

# Exhibit A-1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | |
|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | ) ) ) ) |
| This Document Relates To: | ) ) ) ) |
| ALL ACTIONS. | ) ) ) ) |

Civil Action No. 5:10-cv-00689-ICB

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**IF YOU PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE COMMON STOCK OF MASSEY ENERGY COMPANY ("MASSEY" OR THE "COMPANY") DURING THE PERIOD BETWEEN FEBRUARY 1, 2008 AND JULY 27, 2010, INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY, YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

The purpose of this Notice is to inform you of (a) the pendency of this class action (the "Action"); (b) the proposed settlement of the Action; and (c) the hearing to be held by the Court to consider (i) whether the settlement should be approved; (ii) the application of plaintiffs' counsel for attorneys' fees and expenses; and (iii) certain other matters (the "Settlement Hearing"). This Notice describes important rights you may have and what steps you must take if you wish to participate in the settlement or wish to be excluded from the Settlement Class (defined below).

- If approved by the Court, the settlement will provide a $265 million cash settlement fund

for the benefit of eligible investors (the "Settlement").[1]

- The Settlement resolves claims by the Commonwealth of Massachusetts Pension Reserves Investment Trust ("Lead Plaintiff") and named plaintiff David Wagner (collectively "Plaintiffs"), asserted on behalf of the Settlement Class (defined below) that Defendants (defined below) misled investors about Massey's health and safety practices, policies, and results; avoids the costs and risks of continuing the litigation; pays money to investors like you; and releases the Defendant Released Parties (defined below) from liability.

- Your legal rights are affected whether you act or do not act.  Read this Notice carefully.

- The Court will review the Settlement at the Settlement Hearing to be held on _____, 2014.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2014** | The only way to get a payment. *See* Section D for details. |
| **EXCLUDE YOURSELF BY _____, 2014** | Get no payment.  This is the only option that, assuming your claim is timely brought, might enable you to ever bring or be part of any <u>other</u> lawsuit about the Released Claims (defined below) against Defendants and the other Defendant Released Parties.  *See* Section E for details. |
| **OBJECT BY _____, 2014** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a member of the Settlement Class (defined below).  *See* Section G for details. |
| **GO TO A HEARING ON _____, 2014** | Ask to speak in Court about the Settlement at the Settlement Hearing. |
| **DO NOTHING** | Get no payment.  Give up rights. |

---

[1]  All capitalized terms used in this Notice are defined in the Stipulation and Agreement of Settlement (the "Stipulation"), dated as of February 5, 2014.

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement and whether to finally certify this as a class action.  Payments will be made if the Court approves the Settlement and after appeals, if any, are resolved.  Please be patient.

## SUMMARY OF THIS NOTICE

**(a)     Statement of Plaintiffs' Recovery**

Pursuant to this proposed Settlement, a Settlement Fund consisting of $265 million in cash, plus any accrued interest, has been established.  Based on Plaintiffs' consulting expert's estimate of the number of shares of common stock entitled to participate in the Settlement, and assuming that all such shares entitled to participate do so, Plaintiffs' consulting expert estimates that the average recovery per allegedly damaged share of Massey common stock would be approximately $3.34 per share, before deduction of Court-approved expenses, such as attorneys' fees and expenses and administrative costs.[2]  A Settlement Class Member's actual recovery will be a portion of the Net Settlement Fund, determined by comparing his, her, or its "Recognized Loss" to the total Recognized Losses of all Settlement Class Members who submit acceptable Proofs of Claim.  An individual Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) when the Settlement Class Member purchased or acquired the common stock of Massey during the Class Period; (iii) the purchase price paid; and (iv) whether the Massey common stock was held at the end of the Class Period or sold (and, if sold, when they were sold and the amount received).  *See* the Plan of Allocation beginning on page [____] for information on your Recognized Loss.

---

[2] An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery is calculated based on the damage allegedly incurred for each purchase of such share.

**(b)      Statement of Potential Outcome if the Action Continued to Be Litigated**

The Settling Parties disagree on both liability and damages and do not agree on the

amount of damages, if any, that would be recoverable if Plaintiffs were to prevail on each claim

alleged.  The issues on which the Settling Parties disagree include, but are not limited to:

(i) whether Defendants made any material misstatement or omission; (ii) whether any Defendant

acted with the required state of mind; (iii) whether this Action is maintainable as a class action;

(iv) the amount by which Massey common stock was allegedly artificially inflated (if at all)

during the Class Period; (v) the extent to which the various matters that Plaintiffs alleged were

false and misleading influenced (if at all) the trading price of Massey common stock at various

times during the Class Period; (vi) whether any purchaser or acquirer of Massey common stock

has suffered damages as a result of the alleged misstatements and omissions in Massey's public

statements; (vii) the extent of such damages, assuming they exist; (viii) the appropriate economic

model for measuring damages; and (ix) the extent to which external factors, such as general

market and industry conditions, influenced the trading price of Massey common stock at various

times during the Class Period.

Defendants have denied and continue to deny any wrongdoing, deny that they have

committed any act or omission giving rise to any liability or violation of law, and deny that

Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions.

While Plaintiffs believe that they have meritorious claims, they recognize that there are

significant obstacles in the way to recovery.

**(c)      Statement of Attorneys' Fees and Litigation Expenses Sought**

Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP ("Co-Lead Counsel")

intend to make a motion asking the Court to award attorneys' fees not to exceed 12.2% of the

Settlement Fund and approve payment of litigation expenses incurred to date in prosecuting this

Action in an amount not to exceed $950,000, plus any interest on such amounts at the same rate

and for the same periods as earned by the Settlement Fund ("Fee and Expense Application").

Co-Lead Counsel's Fee and Expense Application may include a request for an award to Plaintiffs

for reimbursement of their reasonable costs and expenses, including lost wages, directly related to their representation of the Settlement Class in an amount not to exceed $100,000.

If the Court approves the Fee and Expense Application, the average cost per allegedly damaged share of Massey common stock for such fees and expenses would be approximately $0.42 per share.  The average cost per damaged share will vary depending on the number of acceptable claims submitted.  Co-Lead Counsel have expended considerable time and effort in the prosecution of this litigation without receiving any payment, and have advanced the expenses of the litigation, such as the cost of experts, in the expectation that if they were successful in obtaining a recovery for the Settlement Class they would be paid from such recovery.  In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovered as attorneys' fees.

**(d)    Further Information**

Further information regarding this Action and this Notice may be obtained by contacting the Claims Administrator:  *In re Massey Energy Co. Securities Litigation*, c/o _____, ___-___-____, www.___; or Co-Lead Counsel: Labaton Sucharow LLP, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com; Robbins Geller Rudman & Dowd LLP, (___) _____, www.rgrdlaw.com.

**DO NOT CALL THE COURT WITH QUESTIONS ABOUT THE SETTLEMENT**

**(e)    Reasons for the Settlement**

For Plaintiffs, the principal reason for the Settlement is the immediate benefit to the Settlement Class.  This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

For ANR and Defendants, who deny and continue to deny all allegations of wrongdoing or liability whatsoever, the principal reason for the Settlement is to eliminate the burden, expense, uncertainty, and distraction of further litigation.

[END OF PSLRA COVER PAGE]

## A.     BASIC INFORMATION

| 1.     Why did I get this notice package? |
| --- |

You or someone in your family may have purchased or acquired common stock of Massey during the period between February 1, 2008 and July 27, 2010, inclusive.

The Court in charge of the case is the United States District Court for the Southern District of West Virginia.  The lawsuit is known as *In re Massey Energy Co. Securities Litigation,* No. 5:10-cv-00689-ICB (S.D. W. Va.) and is assigned to the Honorable Irene C. Berger.  The people who sued are called plaintiffs, and the companies and persons they sued are called defendants.

Lead Plaintiff in the Action, the Commonwealth of Massachusetts Pension Reserves Investment Trust, and named plaintiff David Wagner represent the Settlement Class.  Defendants are Massey and Donald L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert, J. Christopher Adkins, Dan R. Moore, E. Gordon Gee, Richard M. Gabrys, James B. Crawford, Robert H. Foglesong, Stanley C. Suboleski, and Lady Barbara Thomas Judge (the "Individual Defendants" and together with Massey, the "Defendants").

The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.  The Court will review the Settlement at a Settlement Hearing on _____, **2014,** at the United States District Court for the Southern District of West Virginia in the Robert C. Byrd U.S. Courthouse, 110 North Heber Street, Courtroom _____, Beckley, WV 25801 at __:___ ___.m.  If the Court approves the Settlement, and after any objections and appeals are resolved, a claims administrator appointed by the Court will make the payments that the Settlement allows.

This Notice and Proof of Claim and Release explain the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. | What is this lawsuit about and what has happened so far? |
|---|---|

This Action was commenced in April of 2010 by the filing of two complaints alleging that Defendants violated the federal securities laws. Both of those separate actions were consolidated into this Action by Order dated January 10, 2011. By the same Order, the Court appointed Lead Plaintiff and named plaintiff Wagner and approved Lead Plaintiff's selection of Co-Lead Counsel to represent the putative class.

Following a detailed investigation that included, among other things, the interviews of numerous former Massey employees, review of Massey's public statements, and consultation with experts, Plaintiffs filed the operative Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws on March 11, 2011 (the "Complaint"). The Complaint alleges, among other things, that Defendants violated of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by making alleged misstatements and omissions during the Class Period regarding Massey's health and safety practices, policies, and results. The Complaint further alleges that Plaintiffs and other Settlement Class Members purchased or acquired Massey common stock during the Class Period at artificially inflated prices and were damaged thereby.

On February 16, 2011, Plaintiffs moved for partial lifting of the stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). On March 3, 2011, the United States of America ("United States") filed a combined motion to intervene and to stay discovery. On September 28, 2011, Magistrate Judge R. Clarke VanDervort issued an Order granting Plaintiffs' motion pursuant to terms previously agreed to between Plaintiffs and the United States. Other fact and expert discovery was stayed. Defendants thereafter produced all documents concerning the safety of all Massey mines that Defendants had previously produced to other litigants and governmental agencies, excluding documents produced to investigators or prosecutors involved

in the United States government's criminal investigation related to the April 5, 2010 explosion at Massey's Upper Big Branch mine ("UBB").

On April 25, 2011, Defendants filed motions to dismiss the Complaint, which Plaintiffs opposed on June 9, 2011.  On March 28, 2012, the Court denied Defendants' motions to dismiss in their entirety.

Between December 2011 and July 2013, Plaintiffs and Defendants engaged in various efforts to settle the Action, which were not successful.  In October 7 and 8, 2013, Plaintiffs and Defendants engaged in a mediation with the assistance of an experienced mediator, Professor Eric D. Green. Following arm's-length negotiations, the Settling Parties reached a tentative understanding to settle the claims in the Action but left for further negotiation certain material terms, including the form of consideration.  Following extensive discussions, on December 4, 2013, the Settling Parties again met with Professor Green to come to a final resolution of the Action.  The Settling Parties reached an agreement in principle resulting in the Term Sheet to Settlement Class Action entered into on December 4, 2013.

Before agreeing to the Settlement, Co-Lead Counsel conducted a thorough investigation into the events and transactions underlying the claims alleged in the Complaint and also conducted extensive discovery.  Co-Lead Counsel analyzed the evidence adduced during its investigation and through discovery, which included reviewing and analyzing publicly available information concerning Massey, including, among other things, testimony concerning Massey before the U.S. Senate Committee on Health, Education, Labor and Pensions (the "Senate HELP Committee"), the U.S. Senate Committee on Appropriations (the "Senate Appropriations Committee"), and the U.S. House of Representatives Committee on Education and Labor (the "House Labor Committee"); testimony given to the U.S. Mine Safety and Health Administration ("MSHA") and the West Virginia Office of Miners Health, Safety and Training ("WVOMHST") in the context of said entities' investigations regarding Massey and the UBB;  information concerning

investigations conducted by MSHA and WVOMHST, the West Virginia Governor's Independent Investigation Panel, and Massey; and pleadings and materials, including a criminal indictment, filed in other pending actions that name Massey, other Defendants in the Action, or certain other Massey employees as defendants or nominal defendants;  as well as  review and analysis of documents produced by Massey pursuant to the September 28, 2011 Order; and consulting with experts on damages and causation issues.  Co-Lead Counsel also researched the applicable law with respect to the claims of Plaintiffs against Defendants and their potential defenses.   Thus, at the time the agreement to settle was reached, Co-Lead Counsel had a thorough understanding of the strengths and weaknesses of the Settling Parties' positions.

On _____ __, 2014, the Court entered the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which preliminarily approved the Settlement, authorized that this Notice be sent to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called class representatives (in this case Lead Plaintiff and named plaintiff Wagner) sue on behalf of people who have similar claims.  They are known as class members.  Here, the Court preliminarily certified the Settlement Class for purposes of the Settlement only.  Bringing a case as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring individually.   One court resolves the issues for all class members, except for those who exclude themselves from the class.  The Court will decide whether to finally certify the Settlement Class at the Settlement Hearing.

| 4. What are the reasons for the Settlement? |
|---|

The Court did not finally decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a settlement.

Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit. Plaintiffs and Co-Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims in the Action through trial and appeals, as well as the difficulties in establishing liability.  Plaintiffs and Co-Lead Counsel have considered the uncertain outcome and the risk of any litigation, especially in complex lawsuits like this one, as well as the difficulties and delays inherent in such litigation.  For example, Defendants have raised a number of arguments and defenses (which they would raise at summary judgment and trial) that the alleged misstatements and omissions were not material, and that Plaintiffs would not be able to establish that Defendants acted with the requisite fraudulent intent.  Even assuming Plaintiffs could establish liability, Defendants maintained that any potential investment loss suffered by Plaintiffs and Settlement Class Members was caused by external, independent factors, and not caused by Defendants' alleged conduct.  In the absence of a Settlement, the Settling Parties would present factual and expert testimony on each of these issues, and there is considerable risk that the Court or jury would resolve the inevitable "battle of the experts" against Plaintiffs and the Settlement Class.

In light of the amount of the Settlement and the immediate recovery to the Settlement Class, Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  The Settlement, which totals $265 million in cash (less the various deductions described in this Notice), provides substantial benefits now as

compared to the risk that a similar or smaller recovery would be achieved after trial and appeal, possibly years in the future, or that no recovery would be achieved at all.

Defendants and ANR deny and continue to deny each and every one of the claims alleged by Plaintiffs in the Action.  Defendants expressly have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants and ANR also have taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation, and have concluded that it is desirable that the Action be fully and finally settled upon the terms and conditions set forth in the Stipulation.

## B.      WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

| 5.      How do I know if I am part of the Settlement? |
| --- |

The Court directed, for the purpose of the proposed Settlement, that everyone who fits this description is a Settlement Class Member, unless they are an excluded person or they take steps to exclude themselves (*see* Question 13 below): all Persons who purchased or otherwise acquired shares of the common stock of Massey during the period between February 1, 2008 and July 27, 2010, inclusive, and were damaged thereby.

| 6.      Are there exceptions to being included in the Settlement Class? |
| --- |

Excluded from the Settlement Class are: (i) Defendants; (ii) ANR, (iii) the officers and directors of Massey; (iv) all of Massey's subsidiaries during the Class Period; (v) members of the immediate families of any excluded person; (vi) the legal representatives, heirs, successors or

assigns of any excluded person; (vii) any entity in which any Defendant or ANR has or had a controlling interest; and (viii) any Person who would otherwise be a Settlement Class Member but who properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements explained in Question 13 below.

If one of your mutual funds purchased or owned Massey common stock during the Class Period, that alone does not make *you* a Settlement Class Member, although your mutual fund may be. You are eligible to be a Settlement Class Member if you individually purchased or acquired Massey common stock during the Class Period.  Check your investment records or contact your broker to see if you have any eligible purchase or acquisition.

If you only sold Massey common stock during the Class Period, your sale alone does not make you a Settlement Class Member.  You are eligible to be a Settlement Class Member only if you **purchased or acquired** Massey common stock during the Class Period.

| 7. | What if I am still not sure if I am included? |
| --- | --- |

If you are still not sure whether you are included, you can ask for free help.  You can call ___-___-____ or visit **www.___** for more information.  Or you can fill out and return the Proof of Claim and Release form ("Proof of Claim"), described in Question 10, to see if you qualify.

## C.    THE SETTLEMENT BENEFITS—WHAT YOU GET

| 8. | What does the Settlement provide? |
| --- | --- |

In exchange for the Settlement and the release of the Released Claims (defined below) against the Defendant Released Parties (defined below), Defendants and ANR have agreed to create a $265 million cash fund, which will earn interest, to be divided, after deduction of Court-awarded attorneys' fees and expenses, settlement administration costs, and any applicable taxes (the "Net Settlement Fund"), among all Settlement Class Members who send in valid and timely Proofs of Claim.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on several things, including: (i) the total amount of Recognized Losses of other Settlement Class Members; (ii) how much Massey common stock you purchased or acquired; (iii) how much you paid for your shares; (iv) when you bought your shares; and (v) whether or when you sold your shares, and, if so, for how much.

Your Recognized Loss will be calculated according to the formula shown below in the Plan of Allocation.  It is unlikely that you will get a payment for your entire Recognized Loss, given the number of potential Settlement Class Members.  After all Settlement Class Members have sent in their Proofs of Claim, the payment you get will be a portion of the Net Settlement Fund based on your Recognized Loss divided by the total of everyone's Recognized Losses.  *See* the Plan of Allocation in Question 25 for more information on your Recognized Loss.

### D.      HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM

| 10. | How can I get a payment? |
|---|---|

To qualify for a payment, you must submit a completed Proof of Claim.  A Proof of Claim is being circulated with this Notice.  You may also get a Proof of Claim on the Internet at the websites for the Claims Administrator or Co-Lead Counsel: www.___.com, **www.labaton.com**, or www.rgrdlaw.com.  The Claims Administrator can also help you if you have questions about the form.  Please read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and submit it so that it is **postmarked or received no later than _____, 2014.**

| 11. | When will I get my payment? |
|---|---|

The Court will hold a Settlement Hearing on _____, **2014**, to decide whether to approve the Settlement.  Even if the Court approves the Settlement, there may still be appeals,

which can take time to resolve, perhaps more than a year.  It also takes time for all the Proofs of Claim to be processed.  All Proofs of Claim need to be submitted by_____, **2014**.

Once all the Proofs of Claim are processed and claims are calculated, Co-Lead Counsel, without further notice to the Settlement Class, will apply to the Court for an order distributing the Net Settlement Fund to the members of the Settlement Class.  Co-Lead Counsel will also ask the Court to approve payment of the Claims Administrator's fees and expenses incurred in connection with giving notice and administering the Settlement.  Please be patient.

| 12. | What am I giving up to get a payment and by staying in the Settlement Class? |

Unless you exclude yourself, you will stay in the Settlement Class, which means that upon the "Effective Date" you will release all "Released Claims" (as defined below) against the "Defendant Released Parties" (as defined below).

"Released Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below),  whether arising under federal, state, common or foreign law, whether class or individual in nature, that Plaintiffs or any other Settlement Class Member: (i) asserted in the Action; or (ii) could have asserted in the Action or any other action or in any forum, that arise from both (a) the purchase or acquisition of Massey common stock by a member of the Settlement Class and (b) the facts, matters, allegations, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act which were alleged or that could have been alleged or asserted in the Action.  Released Claims do not include any claim relating to the enforcement of the Settlement.

"Unknown Claims" means any and all Released Claims that any Plaintiff or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Defendant Released Parties, and all Defendants' Released Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiff

Released Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Defendants' Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs, and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Defendants' Released Claims, but Plaintiffs, and Defendants and ANR shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Defendants' Released Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Defendants' Released Claims was separately bargained for and was a material element of the Settlement.

"Defendant Released Parties" means Defendants, ANR, Defendants' Counsel and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, insurers; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of the Defendants.

The "Effective Date" will occur when an Order by the Court approving the Settlement becomes Final and is not subject to appeal as set out more fully in the Stipulation on file with the Court and available at www._____ , www.labaton.com, or www.rgrdlaw.com.

If you remain a member of the Settlement Class, all of the Court's orders about the Settlement will apply to you and legally bind you.

### E.  EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants and other Defendant Released Parties, on your own, about the Released Claims, then you must take steps to exclude yourself.  This is called "opting out" of the Settlement Class.  **Please note:** if you decide to exclude yourself, there is a risk that any lawsuit you may thereafter file to pursue claims alleged in the Action may be dismissed, including if such suit is not filed within the applicable time periods required for filing suit.  Also, ANR may withdraw from and terminate the Settlement if putative Settlement Class Members who have in excess of a certain number of shares exclude themselves from the Settlement Class.

| 13. | How do I get out of the proposed Settlement? |
|---|---|

To exclude yourself from the Settlement Class, you must send a signed letter by mail stating that you request to be "excluded from the Class in *In re Massey Energy Co. Securities Litigation*, No. 5:10-cv-00689-ICB (S.D.W. Va.)."  Your letter must state the date(s), price(s), and number(s) of shares of all your purchases, acquisitions, and sales of Massey common stock during the Class Period.  In addition, you must include your name, address, telephone number and your signature. You must mail your exclusion request so that it is **received no later than _____, 2014**, to:

*In re Massey Energy Co. Securities Litigation*

*Claims Administrator*

*c/o _____*

_____

_____

You cannot exclude yourself by telephone or by email.  Your exclusion request must comply with these requirements in order to be valid.  If you request to be excluded in accordance with these requirements, you will not get any settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in connection with this Settlement, and you may be able to sue (or continue to sue) Defendants and the other Defendant Released Parties in the future.  However, as set forth above, if you decide to exclude yourself from the Settlement Class, you may not be able to assert all claims alleged in the Action.

| 14. | If I do not exclude myself, can I sue the Defendants or the other Defendant Released Parties for the same thing later? |
|---|---|

No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the other Defendant Released Parties for any and all Released Claims.  If you have a pending lawsuit speak to your lawyer in that case **immediately**.  **You must exclude yourself from *this***

**Settlement Class to continue your own lawsuit.**   Remember, the exclusion deadline is _____, **2014**.

| **15.     If I exclude myself, can I get money from the proposed Settlement?** |
| --- |

No.  If you exclude yourself, do not send in a Proof of Claim to ask for any money.  But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Defendant Released Parties.

## F.     THE LAWYERS REPRESENTING YOU

| **16.     Do I have a lawyer in this case?** |
| --- |

The Court appointed the law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP to represent all Settlement Class Members.   These lawyers are called Co-Lead Counsel.  You will not be separately charged for these lawyers.  The Court will determine the amount of Co-Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **17.     How will the lawyers be paid?** |
| --- |

Co-Lead Counsel have not received any payment for their services in pursuing the claims in the Action on behalf of the Settlement Class, nor have they been paid for their litigation expenses. At the Settlement Hearing, or at such other time as the Court may order, Co-Lead Counsel will ask the Court to award them, from the Settlement Fund, attorneys' fees of no more than 12.2% of the Settlement Fund, plus any interest on such amount at the same rate and for the same periods as earned by the Settlement Fund, and litigation expenses (such as the cost of experts) that have been incurred in pursuing the Action.   The request for litigation expenses will not exceed $950,000, plus interest on the expenses at the same rate as may be earned by the Settlement Fund.

## G.      OBJECTING TO THE SETTLEMENT

**18.      How do I tell the Court that I do not like the proposed Settlement?**

If you are a Settlement Class Member you can object to the Settlement or any of its terms, the certification of the Settlement Class, the proposed Plan of Allocation, and/or the application by Co-Lead Counsel for an award of fees and expenses.  You may write to the Court setting out your objection.  You may give reasons why you think the Court should not approve any part or all of the Settlement terms or arrangements.  The Court will only consider your views if you file a proper written objection within the deadline and according to the following procedures.  To object, you must send a signed letter stating that you object to the proposed settlement in *In re Massey Energy Co. Securities Litigation*, No. 5:10-cv-006891-ICB (S.D.W. Va.)."  You must include your name, address, telephone number, and your signature, identify the date(s), price(s) and number(s) of shares of all purchases, acquisitions, and sales of Massey common stock you made during the Class Period, and state the reasons why you object to the Settlement.  **Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described herein will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed settlement and the application for attorneys' fees and expenses.**

Your objection must be filed with the Court and mailed or delivered to all the following so that it is **received on or before _____, 2014**:

  **COURT:**

  Clerk of the Court
  United States District Court of the Southern District of West Virginia
  Robert C. Byrd U.S. Courthouse
  110 North Heber Street
  Beckley, WV 25801

19

**CO-LEAD COUNSEL DESIGNEE:**

Joel H. Bernstein
Ira A. Schocharow
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

**DEFENDANTS' COUNSEL DESIGNEE:**

Mitchell A. Lowenthal
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006

| 19. | What is the difference between objecting and seeking exclusion? |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## H.    THE COURT'S SETTLEMENT HEARING

| 20. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at _____ __.m. on _____, **2014**, at the Robert C. Byrd U.S. Courthouse, 110 North Heber Street, Courtroom ___, Beckley, WV 25801 at __:___ ___.m.

At this hearing, the Honorable Irene C. Berger will consider whether the Settlement is fair, reasonable, and adequate.  The Court also will consider the proposed Plan of Allocation for the Net Settlement Fund and the application of Co-Lead Counsel for attorneys' fees and reimbursement of expenses.  The Court will take into consideration any written objections filed in accordance with the instructions set out in Question 18 above.  The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the Settlement Hearing, but decisions regarding the conduct of the Settlement Hearing will be made by the Court.  *See* Question 22 for more information about speaking at the Settlement Hearing.  At or after the Settlement Hearing, the Court will decide whether to approve the

Settlement, and, if the Settlement is approved, how much attorneys' fees and expenses should be awarded.  We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent.  If you want to come to the hearing, you should check with Co-Lead Counsel before coming to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the Settlement Hearing? |
| --- | --- |

No.  Co-Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval. If you submit an objection, you do not have to come to Court to talk about it.  As long as you filed and sent your written objection on time, and in the manner set forth in Question 18 above, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

| 22. | May I speak at the Settlement Hearing? |
| --- | --- |

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 18 above) a statement stating that it is your "Notice of Intention to Appear in *In re Massey Energy Co. Securities Litigation,* No. 5:10-cv-00689-ICB (S.D.W. Va.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application and desire to present evidence at the Settlement Hearing must also include in their written objections the identity of any witness they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  You cannot speak at the Settlement Hearing if you excluded yourself from the Settlement Class or if you have not provided written notice of your objection and intention to speak at the Settlement Hearing in accordance with the procedures described in Questions 18 and 22.

## I.     IF YOU DO NOTHING

| **23.     What happens if I do nothing at all?** |
|---|

If you do nothing and the Settlement is approved and you are a member of the Settlement Class, you will get no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Defendant Released Parties about the Released Claims, ever again.  To share in the Net Settlement Fund you must submit a Proof of Claim (*see* Question 10).  To start, continue or be a part of any *other* lawsuit against the Defendants and the other Defendant Released Parties about the Released Claims in this case you *must* exclude yourself from this Settlement Class (*see* Question 13).

## J.     GETTING MORE INFORMATION

| **24.     Are there more details about the proposed Settlement?** |
|---|

This Notice summarizes the proposed Settlement.  More details are in the Stipulation, dated as of February 5, 2014.  You may review the Stipulation filed with the Court or documents filed in the case during business hours at the Office of the Clerk of the United States District Court for the Southern District of West Virginia, Robert C. Byrd U.S. Courthouse, 110 North Heber Street, Beckley, WV 25801.

You also can call the Claims Administrator toll free at ___-___-____; write to ***In re Massey Energy Co. Securities Litigation***, **c/o _____, Claims Administrator, _____, ____, __, _____;** or visit the websites of the Claims Administrator or Co-Lead Counsel at **www.____, www.labaton.com**, **or www.rgrdlaw.com** where you can find answers to common questions about the Settlement, download copies of the Stipulation or Proof of Claim, and locate other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment.

**Please Do Not Call The Court With Questions About The Settlement**

K.      PLAN OF ALLOCATION OF NET SETTLEMENT FUND
        AMONG SETTLEMENT CLASS MEMBERS

| 25.      How will my claim be calculated? |
| --- |

The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those
Settlement Class Members who suffered economic losses as a result of the alleged violations of
the federal securities laws as opposed to losses caused by market or industry factors or company-
specific factors unrelated to the alleged violations of law.  The Plan of Allocation reflects Lead
Plaintiff's damages expert's analysis undertaken to that end, including a review of publicly
available information regarding Massey and statistical analysis of the price movements of
Massey common stock and the price performance of relevant market and peer indices during the
Class Period.  The Plan of Allocation, however, is not a formal damages analysis.

The $265 million Settlement Amount and any interest it earns is called the Settlement Fund.  The
Settlement Fund, minus all taxes, costs, fees and expenses (the Net Settlement Fund), will be
distributed according to the Plan of Allocation described below to members of the Settlement
Class who timely submit valid Proofs of Claim that show a Recognized Loss ("Authorized
Claimants").  Settlement Class Members who do not timely submit valid Proofs of Claim will
not share in the Settlement proceeds, but will otherwise be bound by the terms of the Settlement.
The Court may approve the Plan of Allocation, or modify it without additional notice to the
Class.  Any order modifying the Plan of Allocation will be posted on the settlement website at:
_____ and at www.labaton.com and www.rgrdlaw.com.[3]

---

[3] Defendants and ANR had no involvement in preparing the proposed Plan of Allocation.

The calculations made pursuant to the Plan of Allocation are not intended to estimate the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to estimate the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The calculations pursuant to the Plan of Allocation will be made by the Claims Administrator in order to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Fund is distributed to Authorized Claimants. No distribution to Authorized Claimants who would receive less than $10.00 will be made, given the administrative expenses of processing and mailing such checks.

Defendants, their respective counsel, and all other Defendant Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Plaintiffs and Co-Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts from February 1, 2008, through July 27, 2010, that inflated the price of Massey Energy common stock. It is alleged that corrective disclosures that occurred on, or after the close of the prior trading day to, April 6, 2010; April 7, 2010; April 15, 2010; April 22, 2010; April 30, 2010; May 17, 2010; and July 27, 2010, impacted the market price of Massey Energy common stock and removed the alleged artificial inflation from the stock price.

Accordingly, in order to have a compensable loss under the Plan of Allocation, shares must have been purchased during the Class Period and held through at least one of the corrective disclosure dates listed above.

Recognized Loss Amounts for Settlement Class Members' claims, which arise under Section 10(b) of the Exchange Act, are based primarily on the change in the level of the alleged artificial inflation in the price of Massey Energy common stock at the time of purchase and at the time of sale. Accordingly, in order to have a Recognized Loss Amount, a Settlement Class Member who purchased Massey Energy common stock prior to April 6, 2010 (the first corrective disclosure), must have held his, her, or its Massey Energy common stock through at least the opening of trading on April 6, 2010. With respect to shares purchased on or after April 6, 2010, through the close of trading on July 27 2010, in order to have a Recognized Loss Amount, those securities must have been held through at least one of the subsequent corrective disclosures as specified in ¶ 5 above.

### CALCULATION OF RECOGNIZED LOSS OR GAIN AMOUNTS

1.     For purposes of determining whether a Claimant has a "Recognized Claim" in the Settlement, purchases, acquisitions, and sales of shares of Massey Energy common stock will first be matched on a Last In/First Out ("LIFO") basis as set forth in ¶ 6 below.

2.     For each share of Massey Energy common stock purchased or acquired during the Class Period and sold on or before October 25, 2010, an "Out of Pocket Loss" will be calculated. The Out of Pocket Loss is defined and calculated as the purchase price (excluding all fees, taxes, and commissions) _minus_ the sale price (excluding all fees, taxes, and commissions). To the extent that calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

3.     A "Recognized Loss Amount" will be calculated as set forth below for each Massey Energy common stock share purchased or acquired during the Class Period (from February 1, 2008, through and including July 27, 2010), that is listed in the Claim Form and for which adequate documentation is provided. To the extent that a calculation of a Recognized Loss Amount results in a negative number, that number shall be set to zero.

4.     For the purposes of calculating a Recognized Loss Amount, the level of artificial inflation at the time of purchase ("Purchase Inflation") or sale ("Sale Inflation") is

defined by using **Table 1** below and looking up the amount of artificial inflation on the purchase date or on the sale date using the date ranges in column 1.

      5.      For each share of Massey Energy common stock purchased or acquired during the Class Period, and

      A.      Sold before the opening of trading on April 6, 2010, the Recognized Loss Amount for each share shall be zero.

      B.      Sold after the opening of trading on April 6, 2010, and before the close of trading on July 27, 2010, the Recognized Loss Amount for each share shall be **the lesser of**:

      (i)      the Purchase Inflation on **Table 1** _minus_ the Sale Inflation on **Table 1**; or

      (ii)      the Out of Pocket Loss _plus_ .25 _multiplied_ by the amount by which B(i) exceeds the Out of Pocket Loss.[4]

      C.      Sold after the close of trading on July 27, 2010, and before the close of trading on October 25, 2010, the Recognized Loss Amount for each share shall be **the lesser of**:

      (i)      the Purchase Inflation on **Table 1**;

      (ii)      the purchase price of each such share (excluding all fees, taxes and commissions) _minus_ the average closing price for the days following the last corrective disclosure date (July 27, 2010), up to the date of sale as set forth in **Table 2** below; or

      (iii)      the Out of Pocket Loss _plus_ .25 _multiplied_ by the amount by which the lesser of C(i) or C(ii) exceeds the Out of Pocket Loss.[5]

---

[4] For instance, if an investor had Purchase Inflation of $19.70 per share according to Table 1, and Sale Inflation of $9.60 per share according to Table 1, and therefore the calculation of B(i) yields $10.10 ($19.70 - $9.60), but the investor only suffered an Out of Pocket Loss of $8.00 per share, the Recognized Loss calculation of B(ii) would be $8.00 plus 25% of the amount by which $10.10 exceeds $8.00, or :

$8.00 + (.25 x ($10.10 - $8.00)) = $8.00 + $0.525 = $8.525

[5] For instance, if an investor had Purchase Inflation of $19.70 per share according to Table 1 under C(i), and the calculation of C(ii) yields $9.00 per share, then the Recognized Loss calculation of C(iii) would be the Out of Pocket Loss of $8.00 per share, plus 25% of the amount by which the lesser of $19.70 or $9.00 (_i.e._, $9.00) exceeds $8.00, or:

$8.00 + (.25 x ($9.00 - $8.00)) = $8.00 + $0.25 = $8.25.

D.     Held as of the close of trading on October 25, 2010, the Recognized Loss Amount for each share is **the lesser of**:

(i)     the Purchase Inflation on **Table 1**; or

(ii)     the purchase/acquisition price *minus* $32.41, the average closing price of Massey Energy common stock between July 27, 2010, and October 25, 2010, as shown on the last line of **Table 2** below.

## ADDITIONAL PROVISIONS

6.     If a Settlement Class Member has more than one purchase/acquisition or sale of Massey Energy common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a LIFO basis. Class Period sales will be matched first against the latest purchase before sale, and then against purchases/acquisitions (or the Settlement Class Member's opening share balance) in reverse chronological order.

7.     Purchases or acquisitions and sales of Massey Energy common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Massey Energy common stock during the Class Period shall not be deemed a purchase, acquisition or sale of these shares of Massey Energy common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of Massey Energy common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of Massey Energy common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Massey Energy common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

8.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Massey Energy shares. The date of a "short sale" is deemed to be the date of sale of Massey Energy common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Massey Energy common stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

9.     The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

10.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the

Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

11.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

12.     Payment in this manner will be deemed conclusive against all Authorized Claimants.  A Recognized Loss will be calculated as defined herein and cannot be less than zero.

13.     Distributions to eligible Authorized Claimants will be made after all claims have been processed and after the Court has approved the Claims Administrator's determinations.  After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund after at least six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Co-Lead Counsel shall, if feasible and economical, reallocate such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  When it is no longer feasible or economical to redistribute the Net Settlement Fund, any balance that still remains after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to non-sectarian, not-for-profit charitable organizations serving the public interest, designated by Lead Plaintiff and approved by the Court.

14.     Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of West Virginia with respect to his, her, or its Proof of Claim.

## TABLE 1

### Massey Energy Common Stock Artificial Inflation
### For Purposes of Calculating Purchase and Sale Inflation

| Purchase or Sale Date | Artificial Inflation |
|---|---|
| February 1, 2008 - April 5, 2010 | $19.70 |
| April 6, 2010 | $12.57 |
| April 7, 2010 - April 14, 2010 | $9.60 |
| April 15, 2010 - April 21, 2010 | $8.15[6] |
| April 22, 2010 - April 29, 2010 | $6.96 |

---

[6] For shares purchased or acquired on April 15, 2010, if the purchase price was equal to or greater than $45.19 per share (excluding all fees, taxes, and commissions) or a Claimant can establish the purchase occurred  prior to 10:39 a.m., the  Purchase Inflation shall be  $9.60 per share as opposed to $8.15 per share.

| April 30, 2010 - May 14, 2010 | $3.64[7] |
|---|---|
| May 17, 2010 - July 26, 2010 | $1.33 |
| July 27, 2010 | $0.00[8] |

### L.    SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Massey common stock (CUSIP: 576206106) during the period from February 1, 2008 to and through July 27, 2010 inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, **WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased Massey common stock during such time period, or; (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) calendar days of receipt of such copies mail the Notice and Proof of Claim form directly to the beneficial owners of those Massey shares.

If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you shall send a statement to the Claims Administrator confirming that the mailing was made as directed.   You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage and the cost of ascertaining the names and addresses of beneficial owners.   Those expenses will be paid upon request and submission of appropriate supporting documentation.    All communications concerning the foregoing should be addressed to the Claims Administrator:

---

[7] For shares purchased or acquired on April 30, 2010, if the purchase price was equal to or greater than $40.72 per share (excluding all fees, taxes, and commissions) or a Claimant can establish the purchase occurred prior to 10:08 am, the Purchase Inflation shall be $6.96 as opposed to $3.64.

[8] For shares purchased or acquired on July 27, 2010, the Purchase Inflation shall be the lesser of  (1) $1.33; or (2) the purchase price minus the closing price of $29.65 per share

*In re Massey Energy Co. Securities Litigation*

Claims Administrator

c/o _____

_____

_____

Phone:  ____-____-____; Fax: ____-____-_____

[e-mail]

www._____

Dated: _____, 2014

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

[INSERT TABLE 2 of POA]

**Exhibit A-2**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | | |
|---|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | ) ) ) | Civil Action No. 5:10-cv-00689-ICB |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | The Honorable Irene C. Berger |
| ALL ACTIONS. | ) ) ) | |

**PROOF OF CLAIM AND RELEASE**

**I.  GENERAL INSTRUCTIONS**

1.      To be eligible to receive a recovery from the Net Settlement Fund as a Member of the Settlement Class in the class action lawsuit entitled *In re Massey Energy Co. Securities Litigation,* No. 5:10-cv-00689-ICB, pending in the United States District Court for the Southern District of West Virginia, you must complete and, on page ___ below, sign this Proof of Claim and Release form.  If you fail to submit a timely, properly completed and addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the Settlement of the Action.

2.      Submission of this Proof of Claim, however, does not ensure that you will share in the Net Settlement Fund, even if you are a Settlement Class Member.

- 1 -

3.     **YOU MUST SUBMIT YOUR COMPLETED AND SIGNED PROOF OF CLAIM SUCH THAT IT IS POSTMARKED OR RECEIVED ON OR BEFORE _____, 2014, ADDRESSED AS FOLLOWS**:

*In re Massey Energy Co. Securities Litigation*

Claims Administrator

c/o _____

_____

_____

Phone:  \_\_\_\_-\_\_\_\_-\_\_\_\_; Fax: \_\_\_\_-\_\_\_\_-\_\_\_\_\_

If you are NOT a Member of the Settlement Class (as defined below and in the Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses ("Notice")) DO NOT submit this Proof of Claim form.  You are not entitled to a recovery.

4.     If you are a Member of the Settlement Class and you have not timely and validly requested to be excluded from the Settlement Class, you will be bound by the terms of the Final Order and Judgment entered by the Court, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II. DEFINITIONS

1.     All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Notice that accompanies this Proof of Claim and in the Stipulation and Agreement of Settlement, dated February 5, 2014 (the "Stipulation").

## III. IDENTIFICATION OF CLAIMANT

1.     You are a Settlement Class Member if you, between February 1, 2008 and July 27, 2010, inclusive, purchased or otherwise acquired shares of the common stock of Massey

Energy Company (n/k/a Alpha Appalachian Holdings, Inc.) ("Massey" or the Company") and were damaged thereby and are not an Excluded Person.  Excluded from the Settlement Class are: (i) Defendants; (ii) ANR; (iii) the officers and directors of Massey during the Class Period; (iv) all of Massey's subsidiaries during the Class Period; (v) members of the immediate families of any excluded Person; (vi) the legal representatives, heirs, successors or assigns of any excluded Person; (vii) any entity in which any Defendant or ANR has or had a controlling interest; and (viii) any Person who would otherwise be a Settlement Class Member but who properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

2.      If you purchased or acquired the common stock of Massey during the Class Period and held the stock in your name, you are the beneficial purchaser or acquirer *as well as the record purchaser or acquirer*.  If, however, you purchased or otherwise acquired Massey common stock during the Class Period through a third party, such as a nominee or brokerage firm, and the shares were registered in the name of that third party, you are the beneficial purchaser or acquirer of these shares, *but the third party* is the record purchaser or acquirer of these shares.

3.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of Massey common stock that forms the basis of this claim, as well as the purchaser or acquirer of record if different.  THIS CLAIM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR AUTHORIZED ACQUIRER(S) OR LEGAL REPRESENTATIVE(S) OF SUCH BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OF THE MASSEY COMMON STOCK ON WHICH THIS CLAIM IS BASED.

- 3 -

4.      All joint beneficial purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.    The Social Security (or employer identification) number and telephone number of one of the beneficial owner(s) may be used in verifying this claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of your claim.

## IV. IDENTIFICATION OF TRANSACTION(S)

1.      Use Part II of this form entitled "Schedule of Transactions in Massey Common Stock" to supply all required details of your transaction(s) in Massey common stock.  If you need more space or additional schedules, attach separate sheets providing all of the required information in substantially the same form.  Sign and print or type your name and include your Social Security or employer identification number and the full name of the account on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to: (i) *all* of your holdings of Massey common stock as of the beginning of trading on February 1, 2008; (ii) *all* of your purchases, acquisitions, and sales of Massey common stock which took place at any time beginning February 1, 2008 through, and including, [_____]; and (iii) proof of your holdings in Massey common stock as of the close of trading on [_____] whether such purchases, acquisitions, sales or transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.      List each purchase, acquisition, sale, and transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each such transaction you list.

- 4 -

4.      Copies of broker confirmations or other documentation of your purchases, acquisitions, sales or transactions in Massey common stock must be attached to your claim.  **DO NOT SEND ORIGINALS**.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.   The Settling Parties and the Claims Administrator do not independently have information about your investments in Massey's common stock.  The Claims Administrator may also request additional information as needed to efficiently and reliably calculate your losses.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

***In re Massey Energy Co. Securities Litigation***
**No. 5:10-cv-00689-ICB**
**PROOF OF CLAIM FORM**

Must be Postmarked or Received No Later Than:
_____, 2014

Please Type or Print

**PART I:**      **CLAIMANT IDENTIFICATION**

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                                              State              Zip Code

_____        _____
Foreign Province                          Foreign Country

_____
Social Security Number or
Employer Identification Number

Check appropriate box:
☐      Individual or Sole Proprietor          ☐      Pension Plan  ☐      Estate
☐      Corporation          ☐      Partnership          ☐      Trust          ☐      Joint Owners
☐      IRA          ☐      Other

_____        _____ (work)
Area Code                                   Telephone Number

_____        _____ (home)
Area Code                                   Telephone Number

_____        _____
E-mail address                                      Facsimile Number

- 6 -

Were your shares held in "street name" (i.e., in the name of a stock broker or other nominee)?  If so, that broker or nominee is the Record Owner and you are required to fill in the following line.

_____

Record Owner's Name (if different from beneficial owner listed above); e.g., brokerage firm, bank, nominee, etc.

**PART II:**          **SCHEDULE OF TRANSACTIONS IN MASSEY COMMON STOCK**

> A.    Number of shares of Massey common stock held at the beginning of trading on February 1, 2008: _____

> B.    Purchases or other acquisitions, including by way of exchange, conversion or otherwise (on or after February 1, 2008 through and including July 27, 2010) of Massey common stock:

| Trade Date<br>Month/Day/Year | Number of Shares<br>Purchased or<br>Acquired | Price<br>Per Share | Total<br>Purchase Price* |
|---|---|---|---|
| 1. _____ | _____ | _____ | _____ |
| 2. _____ | _____ | _____ | _____ |
| 3. _____ | _____ | _____ | _____ |
| 4. _____ | _____ | _____ | _____ |
| 5. _____ | _____ | _____ | _____ |

> C.    Sales or other deliveries, including by way of exchange or otherwise (on or after February 1, 2008 through and including [_____]) of Massey common stock:

| Trade Date<br>Month/Day/Year | Number of<br>Shares Sold | Price<br>Per Share | Total<br>Sale Price* |
|---|---|---|---|
| 1. _____ | _____ | _____ | _____ |
| 2. _____ | _____ | _____ | _____ |
| 3. _____ | _____ | _____ | _____ |
| 4. _____ | _____ | _____ | _____ |
| 5. _____ | _____ | _____ | _____ |

* Excluding taxes, fees and commissions.

> D.    Number of shares of Massey common stock held at the close of trading on [_____]:
> _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name and include your Social Security or employer identification number and full account name on each additional page.

**YOU ARE NOT FINISHED, PLEASE READ THE RELEASE AND SIGN ON PAGE \_\_\_\_ BELOW.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**III. SUBMISSION TO THE JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation and Agreement of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of West Virginia with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of any Final Order and Judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales or holdings of Massey common stock during the Class Period and know of no other Person having done so on my (our) behalf.

**IV.  RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Defendant Released Parties as those terms and terms related thereto are defined in the accompanying Notice.

2.      This release shall be of no force or effect unless and until the Court approves the Stipulation and the Effective Date (as defined in the Stipulation) has occurred.

- 8 -

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales and other transactions in Massey common stock which occurred during the Class Period and the number of shares and/or notes held by me (us) at the beginning of trading on February 1, 2008, and at the close of trading on [date].

5.      I (We) hereby warrant and represent that I am (we are) not excluded from the Settlement Class as defined herein and in the Notice.

## CERTIFICATION

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.      The number(s) shown on this form is (are) my (our) correct SSN, TIN or EIN;

2.      I am/we are not subject to backup tax withholding. (If you have been notified by the IRS that you are subject to backup tax withholding, strike out the previous sentence); and

3.      The foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.

                        (Month / Year)              (City)              (State / Country)


_____
(Sign your name here)


_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial
Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and certification. If this claim is being made on behalf of joint claimants, both must sign.

2. Remember to attach supporting documentation. Do not highlight the Proof of Claim form or supporting documentation.

3. Do not send original stock certificates or other original documentation; please send only copies. These items cannot be returned to you by the Claims Administrator.

4. Keep a copy of your Proof of Claim form for your records.

5. The Claims Administrator will acknowledge receipt of your Proof of Claim by mail, within 60 days. **Your claim is not deemed by the Claims Administrator to be submitted unless you receive an acknowledgement postcard.** If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator. Also, you can submit your claim using a service that provides you with proof of mailing, such as: registered or certified mail, return receipt requested; express mail that does not waive signature; or courier service.

6. If you move and/or change your name, please inform the Claims Administrator of your new address and/or name.

**THIS PROOF OF CLAIM FORM MUST BE POSTMARKED NO LATER THAN _____,
2014, AND MUST BE MAILED TO:**

**IN RE MASSEY ENERGY CO. SECURITIES LITIGATION
c/o [Claims Administrator]**

_____

_____

- 11 -

**Exhibit A-3**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | | |
|---|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | ) ) ) | Civil Action No. 5:10-cv-00689-ICB |
| | ) | <u>CLASS ACTION</u> |
| | ) | |
| This Document Relates To: | ) | The Honorable Irene C. Berger |
| | ) | |
| ALL ACTIONS. | ) | |
| | ) | |

**TO:     ALL PERSONS OR ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE COMMON STOCK OF MASSEY ENERGY COMPANY (n/k/a ALPHA APPALACHIA HOLDINGS, INC.) ("MASSEY") DURING THE PERIOD BETWEEN FEBRUARY 1, 2008 AND JULY 27, 2010, INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY (THE "SETTLEMENT CLASS").**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an order of the Court, that the Settlement Class in the above-captioned litigation

("Action") has been preliminarily certified for the purposes of settlement only and that a

settlement between the Commonwealth of Massachusetts Pension Reserves Investment Trust

("Lead Plaintiff") and named plaintiff David Wagner (collectively "Plaintiffs") and Massey,

Donald L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert, J. Christopher Adkins, Dan R.

Moore, E. Gordon Gee, Richard M. Gabrys, James B. Crawford, Robert H. Foglesong, Stanley

C. Suboleski, Lady Barbara Thomas Judge ("Defendants"), and Alpha Natural Resources, Inc.

("ANR") in the amount of $265,000,000 in cash, has been proposed by the Settling Parties.

A hearing will be held before the Honorable Irene C. Berger of the United States District

Court for the Southern District of West Virginia in the Robert C. Byrd U.S. Courthouse, 110

North Heber Street, Courtroom _____, Beckley, WV 25801 at __:___ ___.m., on

_____, 2014 to, among other things: determine whether the proposed Settlement

should be approved by the Court as fair, reasonable, and adequate; determine whether, thereafter,

this Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of

Settlement, dated as of February 5, 2014; determine whether the proposed Plan of Allocation for

distribution of the settlement proceeds should be approved as fair and reasonable; and consider

the application of Co-Lead Counsel for an award of attorneys' fees and reimbursement of

litigation expenses.  The Court may change the date of the hearing without providing another

notice.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS**

**WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE**

**ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.**  If you have not yet received

the full printed Notice of Pendency of Class Action and Proposed Settlement and Motion for

Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of

Claim"), you may obtain copies of these documents by contacting the Claims Administrator:

*In re Massey Energy Co. Securities Litigation*
Claims Administrator
c/o _____
_____
Phone:  _____-_____-_____; Fax: _____-_____-_____
[e-mail]
www._____

Inquiries, other than requests for information about the status of a claim, may also be

made to Co-Lead Counsel:

2

**LABATON SUCHAROW LLP**
Joel H. Bernstein, Esq.
Ira A. Schochet, Esq.
140 Broadway
New York, NY 10005
Tel: (888) 219-6877
www.labaton.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Paul J. Geller, Esq.
Jack Reise, Esq.
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (888) 262-3131
www.rgrdlaw.com

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim *postmarked or received no later than* _____, *2014*.

To exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is *received no later than* _____, *2014*. If you are a putative Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by the Final Order and Judgment.

Any objections to the proposed Settlement, Plan of Allocation, and/or application for attorneys' fees and reimbursement of expenses must be filed with the Court and served on counsel for the Settling Parties in accordance with the instructions set forth in the Notice, so that they are *received no later than* _____, *2014*.

If you are a Settlement Class Member and do not timely submit a valid Proof of Claim, you will not be eligible to share in the Net Settlement Fund, but you nevertheless will be bound by the Final Order and Judgment.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact Co-Lead Counsel at the addresses listed above.

DATED: _____        BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF WEST VIRGINIA

**Exhibit B**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | | |
|---|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | ) ) ) | Civil Action No. 5:10-cv-00689-ICB |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) ) | The Honorable Irene C. Berger |
| ALL ACTIONS. | ) ) ) | |

**[PROPOSED] FINAL ORDER AND JUDGMENT**

WHEREAS:

As of February 5, 2014, Lead Plaintiff, the Commonwealth of Massachusetts Pension Reserves Investment Trust ("Lead Plaintiff") and named plaintiff David Wagner (collectively "Plaintiffs"), on behalf of themselves and the proposed Settlement Class, on the one hand, and Massey Energy Company (n/k/a Alpha Appalachia Holdings, Inc.) ("Massey" or the "Company"), Donald L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert, J. Christopher Adkins, Dan R. Moore, E. Gordon Gee, Richard M. Gabrys, James B. Crawford, Robert H. Foglesong, Stanley C. Suboleski and Lady Barbara Thomas Judge (collectively, the "Defendants"), and Alpha Natural Resources, Inc. ("ANR"), on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action").

A. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered _____, _____ (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 2014, at ____:_____ ____.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered.

B. The Court ordered that the Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.

C. The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objection to the Settlement was required to be filed with the Court and served on counsel for the Settling Parties such that it would be received by _____, 2014.

2

D.      The provisions of the Preliminary Approval Order as to notice were complied with.

E.      On _____, 2014, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on _____, 2014, at which time all interested Persons were afforded the opportunity to be heard.

F.      This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation and all capitalized terms used in this Judgment that are not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all Settling Parties and all members of the Settlement Class.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all Persons who purchased or otherwise acquired shares of the common stock of Massey Energy Company between February 1, 2008 and July 27, 2010, inclusive, and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) ANR; (iii) the officers and directors of Massey during the Class Period; (iv) all of Massey's subsidiaries during the Class Period; (v) members of the immediate

3

families of any excluded Person; (vi) the legal representatives, heirs, successors or assigns of any excluded Person; (vii) any entity in which any Defendant or ANR has or had a controlling interest; and (viii) any Person who would otherwise be a Settlement Class Member but who properly excluded himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice. A list of all valid and timely requests for exclusion allowed by the Court is annexed hereto as Exhibit A.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiff the Commonwealth of Massachusetts Pension Reserves Investment Trust and Plaintiff David Wagner as Class Representatives for the Settlement Class; and finally appoints Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP as Class Counsel for the Settlement Class and James F. Humphreys & Associates L.C. as Liaison Counsel for the Settlement Class.

5. The notification provided for and given to the Settlement Class: (i) was in compliance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Co-Lead Counsel's request for an award of attorney's fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's request for an award of attorney's fees and payment of litigation expenses, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of

4

the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and all other applicable law and rules.

6.    The Court has considered any objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.  The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.

7.    In light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation of the Action, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects fair, reasonable and adequate, and in the best interests of Plaintiffs, the Settlement Class, and the Settlement Class Members.  This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.  The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

8.    The Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws, filed on March 11, 2011, is hereby dismissed in its entirety, with prejudice, and without costs to any Settling Party, except as otherwise provided in the Stipulation.

9.    The Court further finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.     Upon the Effective Date, Plaintiffs and each and every other Settlement Class Member on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims as against each and every one of the Defendant Released Parties and shall forever be BARRED, ENJOINED AND RESTRAINED from commencing, instituting, prosecuting or maintaining any and all of the Released Claims against any and all of the Defendant Released Parties.

11.     Upon the Effective Date, Defendants and ANR, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Defendants' Released Claims as against each and every one of the Plaintiff Released Parties and shall forever be BARRED, ENJOINED AND RESTRAINED from commencing, instituting, prosecuting or maintaining any and all of the Defendants' Released Claims against any and all of the Plaintiff Released Parties.

12.     Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth above.

13.     This Judgment and the Stipulation, whether or not consummated, and any discussions, negotiations, proceedings or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties, or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any Person whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendants, or against or to the prejudice of Plaintiffs or any other members of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement;

(d)     do not constitute, and shall not be construed against Defendants, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the

consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any other members of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.     The Settling Parties are hereby directed to consummate the Stipulation and to perform its terms.

18.     A separate order shall be entered regarding Co-Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

19.      Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Stipulation and Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Settling Parties for the purpose of construing, enforcing and administering the Stipulation, Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: _____, 2014

_____
Honorable Irene C. Berger
UNITED STATES DISTRICT JUDGE

9