# Exhibit 5

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

|  |  |  |
|---|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 5:10-cv-00689-ICB |
| This Document Relates To: | ) ) ) | |
| ALL ACTIONS. | ) ) | |

## DECLARATION OF ADAM D. WALTER ON BEHALF OF A.B. DATA, LTD. REGARDING MAILING OF NOTICE TO POTENTIAL SETTLEMENT CLASS MEMBERS AND PUBLICATION OF SUMMARY NOTICE

I, Adam D. Walter, declare as follows:

1.      I am a Senior Project Manager of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin.  Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, dated February 19, 2014 (the "Preliminary Approval Order"), A.B. Data was authorized to act as the Claims Administrator in connection with the Settlement in the above-captioned action. I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

## MAILING OF THE NOTICE AND PROOF OF CLAIM

2.      Pursuant to the Preliminary Approval Order, A.B. Data mailed the Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and

Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim" and collectively with the Notice, the "Notice Packet") to potential Settlement Class Members.  A copy of the Notice Packet is attached hereto as Exhibit A.

3.     On February 24, 2014, A.B. Data received 4,657 names and addresses of record holders from Co-Lead Counsel, which were provided by Defendants' Counsel.  Once received, the data was electronically processed by A.B. Data to ensure adequate address formatting and the elimination of duplicate names and addresses, of which zero were identified, and resulted in 4,657 distinct records for mailing.  A.B. Data also standardized and updated the mailing list addresses using NCOALink$^®$, a national database of address changes that is compiled by the United States Postal Service.

4.     As in most class actions of this nature, the majority of potential class members are beneficial purchasers whose securities are held in "street name" –*i.e.*, the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees.   On March 5, 2014, A.B. Data caused Notice Packets to be mailed to the 5,406 mailing records contained in the A.B. Data record holder mailing database.

5.     In total, 10,063 Notice Packets were mailed to potential Settlement Class Members and their nominees by first-class mail on March 5, 2014.

6.     On March 13, 2014, A.B. Data also submitted the Notice to the Depository Trust Company to post on their Legal Notice System, which offers DTC member banks and brokers access to a comprehensive library of notices concerning DTC-eligible securities.

7.     With respect to AB Data's outreach to brokers and nominees, the Notice requested that those who purchased or otherwise acquired Massey common stock during the Class Period for the beneficial interest of a person or organization other than themselves either (i) request from A.B. Data copies of the Notice Packet for the beneficial owners, or (ii) provide to A.B. Data the names and addresses of such beneficial owners no later than ten days after such nominees' receipt of the Notice Packet.  *See* Notice at section L.

8.     As of the date of this Declaration, A.B. Data has received an additional 180,432 names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions and other nominees.  A.B. Data has also received requests from brokers and other nominee holders for 24,103 Notice Packets, which the brokers and nominees are required to mail to their customers.  All such mailing requests have been, and will continue to be, complied with and addressed by A.B. Data in a timely manner.

9.     As of the date of this Declaration, 6,994 Notice Packets were returned by the United States Postal Service to A.B. Data as undeliverable as addressed ("UAA").  Of those returned UAA, 832 had forwarding addresses and were promptly re-mailed to the updated address.  The remaining 6,162 UAAs were processed through LexisNexis to obtain an updated address.  Of these, 2,016 new addresses were obtained and A.B. Data promptly re-mailed to these potential Settlement Class Members.

10.     As of the date of this Declaration, a total of 217,446 Notice Packets have been mailed to potential Settlement Class Members and their nominees.

## PUBLICATION OF THE SUMMARY NOTICE

11.     In accordance with Paragraph 11 of the Preliminary Approval Order, on March 19, 2014, A.B. Data caused the Summary Notice to be published in *The Wall Street Journal* and

the release of the Summary Notice via *PR Newswire*.  Proof of this publication is attached hereto as Exhibits B and C, respectively.

## TELEPHONE HOTLINE

12.     On or about March 5, 2014, a case-specific toll-free number, 888-220-6258, was established with an Interactive Voice Response system and live operators.  An automated attendant answers all calls initially and presents callers with a series of choices to respond to basic questions.  If callers need further help, they have the option to be transferred to a live operator during business hours.

13.     From March 5, 2014 through the date of this Declaration, A.B. Data received 489 telephone calls.

## WEBSITE

14.     On or about March 5, 2014, A.B. Data established a case-specific website, www.MasseySecuritiesLitigation.com, which includes general information regarding the case and its current status, downloadable copies of the Notice, Proof of Claim and Release form, Summary Notice, and downloadable copies of other court documents, including the Stipulation of Settlement.  In addition, the website includes options for potential Settlement Class Members to complete and submit their Proof of Claim and Release online or to check the status of a submitted claim.  The settlement website is accessible 24 hours a day, 7 days a week.

## REPORT ON EXCLUSIONS

15.     The Notice informed potential Settlement Class Members that requests for exclusion are to be sent to the Claims Administrator, such that they are received no later than May 14, 2014.  The Notice also sets forth the information that must be included in each request

for exclusion.  As of the date of this Declaration, A.B. Data has received three requests for exclusion.  Copies of the requests are attached hereto as Exhibit D.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of April, 2014.

_____
Adam D. Walter

# EXHIBIT A

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | |
|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | ) Civil Action No. 5:10-cv-00689-ICB ) ) |
| This Document Relates To: | ) **NOTICE OF PENDENCY OF CLASS ACTION** ) **AND PROPOSED SETTLEMENT AND MOTION** ) **FOR ATTORNEYS' FEES AND EXPENSES** |
| ALL ACTIONS. | ) ) |
| | ) |

**If you purchased or otherwise acquired shares of the common stock of Massey Energy Company ("Massey" or the "Company") during the period between February 1, 2008 and July 27, 2010, inclusive (the "Class Period"), and were damaged thereby, you may be entitled to a payment from a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

The purpose of this Notice is to inform you of (a) the pendency of this class action (the "Action"); (b) the proposed settlement of the Action; and (c) the hearing to be held by the Court to consider (i) whether the settlement should be approved; (ii) the application of plaintiffs' counsel for attorneys' fees and expenses; and (iii) certain other matters (the "Settlement Hearing"). This Notice describes important rights you may have and what steps you must take if you wish to participate in the settlement or wish to be excluded from the Settlement Class (defined below).

- If approved by the Court, the settlement will provide a $265 million cash settlement fund for the benefit of eligible investors (the "Settlement").[1]

- The Settlement resolves claims by the Commonwealth of Massachusetts Pension Reserves Investment Trust ("Lead Plaintiff") and named plaintiff David Wagner (collectively "Plaintiffs"), asserted on behalf of the Settlement Class (defined below) that Defendants (defined below) misled investors about Massey's health and safety practices, policies, and results; avoids the costs and risks of continuing the litigation; pays money to investors like you; and releases the Defendant Released Parties (defined below) from liability.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

- The Court will review the Settlement at the Settlement Hearing to be held on June 4, 2014.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY JULY 3, 2014** | The only way to get a payment. *See* Section D for details. |
| **EXCLUDE YOURSELF BY MAY 14, 2014** | Get no payment. This is the only option that, assuming your claim is timely brought, might enable you to ever bring or be part of any <u>other</u> lawsuit about the Released Claims (defined below) against Defendants and the other Defendant Released Parties. *See* Section E for details. |
| **OBJECT BY MAY 14, 2014** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a member of the Settlement Class (defined below). *See* Section G for details. |
| **GO TO A HEARING ON JUNE 4, 2014** | Ask to speak in Court about the Settlement at the Settlement Hearing. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement and whether to certify this as a class action. Payments will be made if the Court approves the Settlement and after appeals, if any, are resolved. Please be patient.

**SUMMARY OF THIS NOTICE**

**(a) Statement of Plaintiffs' Recovery**

Pursuant to this proposed Settlement, a Settlement Fund consisting of $265 million in cash, plus any accrued interest, has been established. Based on Plaintiffs' consulting expert's estimate of the number of shares of common stock entitled to participate in the Settlement, and assuming that all such shares entitled to participate do so, Plaintiffs' consulting expert estimates that the average recovery per allegedly damaged share of Massey common stock would be approximately $3.34 per share, before deduction of Court-approved expenses, such as attorneys' fees and expenses and administrative costs.[2] A Settlement Class Member's actual recovery will be a portion of the Net Settlement Fund, determined by comparing his, her, or its "Recognized Loss" to the total Recognized Losses of all Settlement Class Members who submit acceptable Proofs of Claim. An individual Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) when the Settlement Class Member purchased or acquired the common stock of Massey during the Class Period; (iii) the purchase price paid; and (iv) whether the Massey common stock was held at the end of the Class Period or sold (and, if sold, when they were sold and the amount received). *See* the Plan of Allocation beginning on Page 8 for information on your Recognized Loss.

---

[1] All capitalized terms used in this Notice are defined in the Stipulation and Agreement of Settlement (the "Stipulation"), dated as of February 5, 2014.

[2] An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery is calculated based on the damage allegedly incurred for each purchase of such share.

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages, if any, that would be recoverable if Plaintiffs were to prevail on each claim alleged.  The issues on which the Settling Parties disagree include, but are not limited to: (i) whether Defendants made any material misstatements or omissions; (ii) whether any Defendant acted with the required state of mind; (iii) whether this Action is maintainable as a class action; (iv) the amount by which Massey common stock was allegedly artificially inflated (if at all) during the Class Period; (v) the extent to which the various matters that Plaintiffs alleged were false and misleading influenced (if at all) the trading price of Massey common stock at various times during the Class Period; (vi) whether any purchaser or acquirer of Massey common stock has suffered damages as a result of the alleged misstatements and omissions in Massey's public statements; (vii) the extent of such damages, assuming they exist; (viii) the appropriate economic model for measuring damages; and (ix) the extent to which external factors, such as general market and industry conditions, influenced the trading price of Massey common stock at various times during the Class Period.

Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions.  While Plaintiffs believe that they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

**(c)    Statement of Attorneys' Fees and Litigation Expenses Sought**

Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP ("Co-Lead Counsel") intend to make a motion asking the Court to award attorneys' fees not to exceed 12.2% of the Settlement Fund and approve payment of litigation expenses incurred to date in prosecuting this Action in an amount not to exceed $950,000, plus any interest on such amounts at the same rate and for the same periods as earned by the Settlement Fund ("Fee and Expense Application").  Co-Lead Counsel's Fee and Expense Application may include a request for an award to Plaintiffs for reimbursement of their reasonable costs and expenses, including lost wages, directly related to their representation of the Settlement Class in an amount not to exceed $100,000.

If the Court approves the Fee and Expense Application, the average cost per allegedly damaged share of Massey common stock for such fees and expenses would be approximately $0.42 per share.  The average cost per damaged share will vary depending on the number of acceptable claims submitted.  Co-Lead Counsel have expended considerable time and effort in the prosecution of this litigation without receiving any payment, and have advanced the expenses of the litigation, such as the cost of experts, in the expectation that if they were successful in obtaining a recovery for the Settlement Class they would be paid from such recovery.  In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovered as attorneys' fees.

**(d)    Further Information**

Further information regarding this Action and this Notice may be obtained by contacting the Claims Administrator:  *Massey Securities Settlement*, c/o A.B. Data, Ltd., PO Box 170600, Milwaukee, WI, 53217, 888-220-6258, www.MasseySecuritiesSettlement.com; or Co-Lead Counsel: Labaton Sucharow LLP, 888-219-6877, www.labaton.com, settlementquestions@labaton.com; Robbins Geller Rudman & Dowd LLP, 800-449-4900, www.rgrdlaw.com.

**DO NOT CALL THE COURT WITH QUESTIONS ABOUT THE SETTLEMENT**

**(e)    Reasons for the Settlement**

For Plaintiffs, the principal reason for the Settlement is the immediate benefit to the Settlement Class.  This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

For ANR and Defendants, who deny and continue to deny all allegations of wrongdoing or liability whatsoever, the principal reason for the Settlement is to eliminate the burden, expense, uncertainty, and distraction of further litigation.

[END OF PSLRA COVER PAGE]

## A.    BASIC INFORMATION

| 1.    Why did I get this Notice? |
|---|

You or someone in your family may have purchased or acquired common stock of Massey during the period between February 1, 2008 and July 27, 2010, inclusive.

The Court in charge of the case is the United States District Court for the Southern District of West Virginia.  The lawsuit is known as *In re Massey Energy Co. Securities Litigation*, No. 5:10-cv-00689-ICB (S.D. W. Va.) and is assigned to the Honorable Irene C. Berger.  The people who sued are called plaintiffs, and the companies and persons they sued are called defendants.

Lead Plaintiff in the Action, the Commonwealth of Massachusetts Pension Reserves Investment Trust, and named plaintiff David Wagner represent the Settlement Class.  Defendants are Massey and Donald L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert, J. Christopher Adkins, Dan R. Moore, E. Gordon Gee, Richard M. Gabrys, James B. Crawford, Robert H. Foglesong, Stanley C. Suboleski, and Lady Barbara Thomas Judge (the "Individual Defendants" and together with Massey, the "Defendants").

The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.  The Court will review the Settlement at a Settlement Hearing on **June 4, 2014**, at the United States District Court for the Southern District of West Virginia in the Robert C. Byrd U.S. Courthouse, 110 North Heber Street, 3rd Floor Courtroom, Beckley, WV 25801 at 9:00 a.m.  If the Court approves the Settlement, and after any objections and appeals are resolved, a claims administrator appointed by the Court will make the payments that the Settlement allows.

This Notice and Proof of Claim explain the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

## 2. What is this lawsuit about and what has happened so far?

This Action was commenced in April of 2010 by the filing of two complaints alleging that Defendants violated the federal securities laws. Both of those separate actions were consolidated into this Action by Order dated January 10, 2011. By the same Order, the Court appointed Lead Plaintiff and named plaintiff Wagner and approved Lead Plaintiff's selection of Co-Lead Counsel to represent the putative class.

Following a detailed investigation that included, among other things, the interviews of numerous former Massey employees, review of Massey's public statements, and consultation with experts, Plaintiffs filed the operative Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws on March 11, 2011 (the "Complaint"). The Complaint alleges, among other things, that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by making alleged misstatements and omissions during the Class Period regarding Massey's health and safety practices, policies, and results. The Complaint further alleges that Plaintiffs and other Settlement Class Members purchased or acquired Massey common stock during the Class Period at artificially inflated prices and were damaged thereby.

On February 16, 2011, Plaintiffs moved for partial lifting of the stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). On March 3, 2011, the United States of America ("United States") filed a combined motion to intervene and to stay discovery. On September 28, 2011, Magistrate Judge R. Clarke VanDervort issued an Order granting Plaintiffs' motion pursuant to terms previously agreed to between Plaintiffs and the United States. Other fact and expert discovery was stayed. Defendants thereafter produced all documents concerning the safety of all Massey mines that Defendants had previously produced to other litigants and governmental agencies, excluding documents produced to investigators or prosecutors involved in the United States government's criminal investigation related to the April 5, 2010 explosion at Massey's Upper Big Branch mine ("UBB").

On April 25, 2011, Defendants filed motions to dismiss the Complaint, which Plaintiffs opposed on June 9, 2011. On March 28, 2012, the Court denied Defendants' motions to dismiss in their entirety.

Between December 2011 and July 2013, Plaintiffs and Defendants engaged in various efforts to settle the Action, which were not successful. On October 7 and 8, 2013, Plaintiffs and Defendants engaged in a mediation with the assistance of an experienced mediator, Professor Eric D. Green. Following arm's-length negotiations, the Settling Parties reached a tentative understanding to settle the claims in the Action but left for further negotiation certain material terms, including the form of consideration. Following extensive discussions, on December 4, 2013, the Settling Parties again met with Professor Green to come to a final resolution of the Action. The Settling Parties reached an agreement in principle resulting in the Term Sheet to Settle the Class Action entered into on December 4, 2013.

Before agreeing to the Settlement, Co-Lead Counsel conducted a thorough investigation into the events and transactions underlying the claims alleged in the Complaint and also conducted extensive discovery. Co-Lead Counsel analyzed the evidence adduced during its investigation and through discovery, which included reviewing and analyzing publicly available information concerning Massey, including, among other things, testimony concerning Massey before the U.S. Senate Committee on Health, Education, Labor and Pensions, the U.S. Senate Committee on Appropriations, and the U.S. House of Representatives Committee on Education and Labor; testimony given to the U.S. Mine Safety and Health Administration ("MSHA") and the West Virginia Office of Miners Health, Safety and Training ("WVOMHST") in the context of said entities' investigations regarding Massey and the UBB; information concerning investigations conducted by MSHA and WVOMHST, the West Virginia Governor's Independent Investigation Panel, and Massey; and pleadings and materials, including a criminal indictment, filed in other pending actions that name Massey, other Defendants in the Action, or certain other Massey employees as defendants or nominal defendants; as well as review and analysis of documents produced by Massey pursuant to the September 28, 2011 Order. Co-Lead Counsel also consulted with experts on damages and causation issues. Co-Lead Counsel also researched the applicable law with respect to the claims of Plaintiffs against Defendants and their potential defenses. Thus, at the time the agreement to settle was reached, Co-Lead Counsel had a thorough understanding of the strengths and weaknesses of the Settling Parties' positions.

On February 19, 2014, the Court entered the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which preliminarily approved the Settlement, authorized that this Notice be sent to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## 3. Why is this a class action?

In a class action, one or more people called class representatives (in this case Lead Plaintiff and named plaintiff Wagner) sue on behalf of people who have similar claims. They are known as class members. Here, the Court preliminarily certified the Settlement Class for purposes of the Settlement only. Bringing a case as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring individually. One court resolves the issues for all class members, except for those who exclude themselves from the class. The Court will decide whether to finally certify the Settlement Class at the Settlement Hearing.

## 4. What are the reasons for the Settlement?

The Court did not finally decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement.

Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit. Plaintiffs and Co-Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims in the Action through trial and appeals, as well as the difficulties in establishing liability. Plaintiffs and Co-Lead Counsel have considered the uncertain outcome and the risk of any litigation, especially in complex lawsuits like this one, as well as the difficulties and delays inherent in such litigation. For example, Defendants have raised a number of arguments and defenses (which they would raise at summary judgment and trial) that the alleged misstatements and omissions were not material, and that Plaintiffs would not be able to establish that Defendants acted with the requisite fraudulent intent. Even assuming Plaintiffs could establish liability, Defendants maintained that any potential investment loss suffered by Plaintiffs and Settlement Class Members was caused by external, independent factors, and not caused by Defendants' alleged conduct. In the absence of a settlement, the Settling Parties would present factual and expert testimony on each of these issues, and there is considerable risk that the Court or jury would resolve the inevitable "battle of the experts" against Plaintiffs and the Settlement Class.

In light of these developments and the substantial recovery that the Settlement provides, Plaintiffs and Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. The Settlement, which totals $265 million in cash (less the various deductions described in this Notice), provides substantial benefits now as compared to the risk that a similar or smaller recovery could be achieved after trial and appeal, possibly years in the future, or that no recovery would be achieved at all.

Defendants and ANR deny and continue to deny each and every one of the claims alleged by Plaintiffs in the Action. Defendants expressly have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants and ANR also have taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation, and have concluded that it is desirable that the Action be fully and finally settled upon the terms and conditions set forth in the Stipulation.

## B. WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

### 5. How do I know if I am part of the Settlement?

The Court directed, for the purpose of the proposed Settlement, that everyone who fits this description is a Settlement Class Member, unless they are an excluded person or they take steps to exclude themselves (*see* Question 13 below): all Persons who purchased or otherwise acquired shares of the common stock of Massey during the period between February 1, 2008 and July 27, 2010, inclusive, and were damaged thereby.

### 6. Are there exceptions to being included in the Settlement Class?

Excluded from the Settlement Class are: (i) Defendants; (ii) ANR; (iii) the officers and directors of Massey during the Class Period; (iv) all of Massey's subsidiaries during the Class Period; (v) members of the immediate families of any excluded person; (vi) the legal representatives, heirs, successors or assigns of any excluded person; (vii) any entity in which any Defendant or ANR has or had a controlling interest; and (viii) any Person who would otherwise be a Settlement Class Member but who properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements explained in Question 13 below.

If one of your mutual funds purchased or owned Massey common stock during the Class Period, that alone does not make *you* a Settlement Class Member, although your mutual fund may be. You are eligible to be a Settlement Class Member if you individually purchased or acquired Massey common stock during the Class Period. Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.

If you only sold Massey common stock during the Class Period, your sale alone does not make you a Settlement Class Member. You are eligible to be a Settlement Class Member only if you **purchased or acquired** Massey common stock during the Class Period.

### 7. What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can call 888-220-6258 or visit www.MasseySecuritiesSettlement.com for more information. Or you can fill out and return the Proof of Claim and Release form ("Proof of Claim"), described in Question 10, to see if you qualify.

## C. THE SETTLEMENT BENEFITS—WHAT YOU GET

### 8. What does the Settlement provide?

In exchange for the Settlement and the release of the Released Claims (defined below) against the Defendant Released Parties (defined below), Defendants and ANR have agreed to create a $265 million cash fund, which will earn interest, to be divided, after deduction of Court-awarded attorneys' fees and expenses, settlement administration costs, and any applicable taxes (the "Net Settlement Fund"), among all Settlement Class Members who send in valid and timely Proofs of Claim.

### 9. How much will my payment be?

Your share of the Net Settlement Fund will depend on several things, including: (i) the total amount of Recognized Losses of other Settlement Class Members; (ii) how much Massey common stock you purchased or acquired; (iii) how much you paid for your shares; (iv) when you bought your shares; and (v) whether or when you sold your shares, and, if so, for how much.

Your Recognized Loss will be calculated according to the formula shown below in the Plan of Allocation. It is unlikely that you will get a payment for your entire Recognized Loss, given the number of potential Settlement Class Members. After all Settlement Class Members have sent in their Proofs of Claim, the payment you get will be a portion of the Net Settlement Fund based on your Recognized Loss divided by the total of everyone's Recognized Losses. See the Plan of Allocation in Question 25 for more information on your Recognized Loss.

## D. HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM

### 10. How can I get a payment?

To qualify for a payment, you must submit a completed Proof of Claim. A Proof of Claim is being circulated with this Notice. You can visit www.MasseySecuritiesSettlement.com to obtain, complete, and file a Proof of Claim form online. You may also get a Proof of Claim on the Internet at the websites for Co-Lead Counsel: www.labaton.com or www.rgrdlaw.com. The Claims Administrator can also help you if you have questions about the Proof of Claim form. Please read the instructions carefully, fill out the Proof of Claim form, include all the documents the Proof of Claim form asks for, sign it, submit it so that it is **postmarked or received no later than July 3, 2014**, or file it online by midnight on July 3, 2014.

### 11. When will I get my payment?

The Court will hold a Settlement Hearing on June 4, 2014, to decide whether to approve the Settlement. Even if the Court approves the Settlement, there may still be appeals, which can take time to resolve, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. All Proofs of Claim need to be postmarked or received no later than **July 3, 2014**.

Once all the issues concerning the proposed distribution are finalized, Co-Lead Counsel, again on behalf of the Settlement Class, will apply to the Court for an order distributing the Net Settlement Fund to the Members of the Settlement Class.  Co-Lead Counsel will also ask the Court to approve payment of the Claims Administrator's fees and expenses incurred in connection with giving notice and administering the Settlement.  Please be patient.

## 12.  What am I giving up to get a payment and by staying in the Settlement Class?

Unless you exclude yourself, you will stay in the Settlement Class, which means that upon the "Effective Date" you will release all "Released Claims" (as defined below) against the "Defendant Released Parties" (as defined below).

"Released Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), whether arising under federal, state, common or foreign law, whether class or individual in nature, that Plaintiffs or any other Settlement Class Member: (i) asserted in the Action; or (ii) could have asserted in the Action or any other action or in any forum, that arise from both (a) the purchase or acquisition of Massey common stock by a member of the Settlement Class and (b) the facts, matters, allegations, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act which were alleged or that could have been alleged or asserted in the Action.  Released Claims do not include any claim relating to the enforcement of the Settlement.

"Unknown Claims" means any and all Released Claims that any Plaintiff or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Defendant Released Parties, and all Defendants' Released Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiff Released Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Defendants' Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs, and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Defendants' Released Claims, but Plaintiffs, and Defendants and ANR shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Defendants' Released Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Defendants' Released Claims was separately bargained for and was a material element of the Settlement.

"Defendant Released Parties" means Defendants, ANR, Defendants' Counsel and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, insurers; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of the Defendants.

The "Effective Date" will occur when an Order by the Court approving the Settlement becomes Final and is not subject to appeal as set out more fully in the Stipulation on file with the Court and available at www.MasseySecuritiesSettlement.com, www.labaton.com, or www.rgrdlaw.com.

If you remain a member of the Settlement Class, all of the Court's orders about the Settlement will apply to you and legally bind you.

## E.     EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants and other Defendant Released Parties, on your own, about the Released Claims, then you must take steps to exclude yourself.  This is called "opting out" of the Settlement Class.  **Please note:**  if you decide to exclude yourself, there is a risk that any lawsuit you may thereafter file to pursue claims alleged in the Action may be dismissed, including if such suit is not filed within the applicable time periods required for filing suit.  Also, ANR may withdraw from and terminate the Settlement if putative Settlement Class Members who have in excess of a certain number of shares exclude themselves from the Settlement Class.

## 13.  How do I get out of the proposed Settlement?

To exclude yourself from the Settlement Class, you must send a signed letter by mail stating that you request to be "excluded from the Class in *Massey Securities Settlement*, No. 5:10-cv-00689-ICB (S.D.W. Va.)."  Your letter must state the date(s), price(s), and number(s) of shares of all your purchases, acquisitions, and sales of Massey common stock during the Class Period.  In addition, you must include your name, address, telephone number, email address, and your signature.  You must mail your exclusion request so that it is **received no later than May 14, 2014**, to:

<div align="center">

*MASSEY SECURITIES SETTLEMENT*
EXCLUSIONS
c/o A.B. DATA, LTD.
3410 WEST HOPKINS STREET
MILWAUKEE, WI 53216

</div>

You cannot exclude yourself by telephone or email. Your exclusion request must comply with these requirements to be valid. If you request to be excluded in accordance with these requirements, you will not get any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in connection with this Settlement, and you may be able to sue (or continue to sue) Defendants and the other Defendant Released Parties in the future. However, as set forth above, if you decide to exclude yourself from the Settlement Class, you may not be able to assert all claims alleged in the Action.

### 14. If I do not exclude myself, can I sue the Defendants or the other Defendant Released Parties for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Defendant Released Parties for any and all Released Claims. If you have a pending lawsuit, speak to your lawyer in that case **immediately**. **You must exclude yourself from** *this* **Settlement Class to continue your own lawsuit.** Remember, the exclusion deadline is **May 14, 2014**.

### 15. If I exclude myself, can I get money from the proposed Settlement?

No. If you exclude yourself, do not send in a Proof of Claim to ask for any money. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Defendant Released Parties.

## F.  THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

The Court appointed the law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP to represent all Settlement Class Members. These lawyers are called Co-Lead Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Co-Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

Co-Lead Counsel have not received any payment for their services in pursuing the claims in the Action on behalf of the Settlement Class, nor have they been paid for their litigation expenses. At the Settlement Hearing, or at such other time as the Court may order, Co-Lead Counsel will ask the Court to award them, from the Settlement Fund, attorneys' fees of no more than 12.2% of the Settlement Fund, plus any interest on such amount at the same rate and for the same periods as earned by the Settlement Fund, and litigation expenses (such as the cost of experts) that have been incurred in pursuing the Action. The request for litigation expenses will not exceed $950,000, plus interest on the expenses at the same rate as may be earned by the Settlement Fund.

## G.  OBJECTING TO THE SETTLEMENT

### 18. How do I tell the Court that I do not like the proposed Settlement?

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the certification of the Settlement Class, the proposed Plan of Allocation, and/or the Fee and Expense Application by Co-Lead Counsel. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any part or all of the Settlement terms or arrangements. The Court will only consider your views if you file a proper written objection within the deadline and according to the following procedures. To object, you must send a signed letter stating that you object to the proposed Settlement in *In re Massey Energy Co. Securities Litigation*, No. 5:10-cv-00689-ICB (S.D.W. Va.)." You must include your name, address, telephone number, and your signature, identify the date(s), price(s) and number(s) of shares of all purchases, acquisitions, and sales of Massey common stock you made during the Class Period, and state the reasons why you object to the Settlement. **Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described herein will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement and the application for attorneys' fees and expenses.**

Your objection must be filed with the Court and mailed or delivered to all the following so that it is **received on or before May 14, 2014**:

| COURT: | CO-LEAD COUNSEL DESIGNEE: | DEFENDANTS' COUNSEL DESIGNEE: |
|---|---|---|
| Clerk of the Court<br>United States District Court of the<br>  Southern District of West Virginia<br>Robert C. Byrd U.S. Courthouse<br>110 North Heber Street<br>Beckley, WV 25801 | Joel H. Bernstein<br>Ira A. Schochet<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, NY 10005 | Mitchell A. Lowenthal<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006 |

### 19. What is the difference between objecting and seeking exclusion?

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## H.  THE COURT'S SETTLEMENT HEARING

### 20. When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a Settlement Hearing at **9:00 a.m.** on **June 4, 2014**, at the Robert C. Byrd U.S. Courthouse, 110 North Heber Street, 3rd Floor Courtroom, Beckley, WV 25801.

At this hearing, the Honorable Irene C. Berger will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the proposed Plan of Allocation for the Net Settlement Fund and Co-Lead Counsel's Fee and Expense Application. The Court will take into consideration any written objections filed in accordance with the instructions set out in Question 18 above. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the Settlement Hearing, but decisions

regarding the Settlement or the Litigation. Finally, there may be some Persons who may be speaking at the Settlement Hearing. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement, and, if the Settlement is approved, how much attorneys' fees and expenses should be awarded. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent. If you want to come to the hearing, you should check with Co-Lead Counsel before coming to be sure that the date and/or time has not changed.

## 21. Do I have to come to the Settlement Hearing?

No. Co-Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval. If you submit an objection, you do not have to come to Court to talk about it. As long as you filed and sent your written objection on time, and in the manner set forth in Question 18 above, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 22. May I speak at the Settlement Hearing?

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* Question 18 above) a statement that it is your "Notice of Intention to Appear in *In re Massey Energy Co. Securities Litigation*, No. 5:10-cv-00689-ICB (S.D. W. Va.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application and desire to present evidence at the Settlement Hearing must also include in their written objections the identity of any witness they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the Settlement Hearing if you excluded yourself from the Settlement Class or if you have not provided written notice of your objection and intention to speak at the Settlement Hearing in accordance with the procedures described in Questions 18 and 22.

## I.      IF YOU DO NOTHING

## 23. What happens if I do nothing at all?

If you do nothing and the Settlement is approved and you are a member of the Settlement Class, you will get no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Defendant Released Parties about the Released Claims, ever again. To share in the Net Settlement Fund you must submit a Proof of Claim (*see* Question 10). To start, continue, or be a part of any *other* lawsuit against Defendants and the other Defendant Released Parties about the Released Claims in this case you *must* exclude yourself from the Settlement Class (*see* Question 13).

## J.      GETTING MORE INFORMATION

## 24. Are there more details about the proposed Settlement?

This Notice summarizes the proposed Settlement. More details are in the Stipulation, dated as of February 5, 2014. You may review the Stipulation filed with the Court or documents filed in the case during business hours at the Office of the Clerk of the United States District Court for the Southern District of West Virginia, Robert C. Byrd U.S. Courthouse, 110 North Heber Street, Beckley, WV 25801.

You also can call the Claims Administrator toll free at 888-220-6258; write to *Massey Securities Settlement*, c/o A.B. Data, Ltd. PO Box 170600, Milwaukee, WI, 53217; or visit the websites of the Claims Administrator or Co-Lead Counsel at www.MasseySecuritiesSettlement.com, www.labaton.com, or www.rgrdlaw.com where you can find answers to common questions about the Settlement, download copies of the Stipulation or Proof of Claim, and locate other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment.

### Please Do Not Call The Court With Questions About The Settlement

## K.      PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

## 25. How will my claim be calculated?

The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws, as opposed to losses caused by market or industry factors or company-specific factors unrelated to the alleged violations of law. The Plan of Allocation reflects Lead Plaintiff's damages expert's analysis undertaken to that end, including a review of publicly available information regarding Massey and statistical analysis of the price movements of Massey common stock and the price performance of relevant market and peer indices during the Class Period. The Plan of Allocation, however, is not a formal damages analysis.

The $265 million Settlement Amount and any interest it earns is called the Settlement Fund. The Settlement Fund, minus all taxes, costs, fees and expenses (the Net Settlement Fund), will be distributed according to the Plan of Allocation described below to Members of the Settlement Class who timely submit valid Proofs of Claim that show a Recognized Loss ("Authorized Claimants"). Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Settlement proceeds, but will otherwise be bound by the terms of the Settlement. The Court may approve the Plan of Allocation, or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.MasseySecuritiesSettlement.com and at www.labaton.com and www.rgrdlaw.com.[3]

The calculations made pursuant to the Plan of Allocation are not intended to estimate the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to estimate the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The calculations pursuant to the Plan of Allocation will be made by the Claims Administrator in order to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Fund is distributed to Authorized Claimants. No distribution to Authorized Claimants who would receive less than $10.00 will be made, given the administrative expenses of processing and mailing such checks.

---

[3] Defendants and ANR had no involvement in preparing the proposed Plan of Allocation.

Defendants, their respective counsel, and each other Defendant Released Party shall have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Co-Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. In this case, Plaintiffs allege that Defendants made false statements and omitted material facts from February 1, 2008, through July 27, 2010, that inflated the price of Massey common stock. It is alleged that corrective disclosures that occurred on, or after the close of the prior trading day to, April 6, 2010; April 7, 2010; April 15, 2010; April 22, 2010; April 30, 2010; May 17, 2010; and July 27, 2010, impacted the market price of Massey common stock and removed the alleged artificial inflation from the stock price. Accordingly, in order to have a compensable loss under the Plan of Allocation, shares must have been purchased during the Class Period and held through at least one of the corrective disclosure dates listed above.

Recognized Loss Amounts for Settlement Class Members' claims, which arise under Section 10(b) of the Exchange Act, are based primarily on the change in the level of the alleged artificial inflation in the price of Massey common stock at the time of purchase and at the time of sale. Accordingly, in order to have a Recognized Loss Amount, a Settlement Class Member who purchased Massey common stock prior to April 6, 2010 (the first corrective disclosure), must have held his, her, or its Massey common stock through at least the opening of trading on April 6, 2010. With respect to shares purchased on or after April 6, 2010, through the close of trading on July 27, 2010, in order to have a Recognized Loss Amount, those securities must have been held through at least one of the subsequent corrective disclosures as specified above.

## CALCULATION OF RECOGNIZED LOSS OR GAIN AMOUNTS

1. For purposes of determining whether a claimant has a "Recognized Claim" in the Settlement, purchases, acquisitions, and sales of shares of Massey common stock will first be matched on a Last In/First Out ("LIFO") basis as set forth in Paragraph 6 below.

2. For each share of Massey common stock purchased or acquired during the Class Period and sold on or before October 25, 2010, an "Out of Pocket Loss" will be calculated. The Out of Pocket Loss is defined and calculated as the purchase price (excluding all fees, taxes, and commissions) *minus* the sale price (excluding all fees, taxes, and commissions). To the extent that calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

3. A "Recognized Loss Amount" will be calculated as set forth below for each Massey common stock share purchased or acquired during the Class Period (from February 1, 2008, through and including July 27, 2010), that is listed in the Proof of Claim form and for which adequate documentation is provided. To the extent that a calculation of a Recognized Loss Amount results in a negative number, that number shall be set to zero.

4. For the purposes of calculating a Recognized Loss Amount, the level of artificial inflation at the time of purchase ("Purchase Inflation") or sale ("Sale Inflation") is defined by using **Table 1** below and looking up the amount of artificial inflation on the purchase date or on the sale date using the date ranges in the left column.

5. For each share of Massey common stock purchased or acquired during the Class Period, and

   A. Sold before the opening of trading on April 6, 2010, the Recognized Loss Amount for each share shall be zero.

   B. Sold after the opening of trading on April 6, 2010, and before the close of trading on July 27, 2010, the Recognized Loss Amount for each share shall be **the lesser of**:

      (i) the Purchase Inflation in **Table 1** *minus* the Sale Inflation in **Table 1**; or

      (ii) the Out of Pocket Loss *plus* .25 *multiplied* by the amount by which B(i) exceeds the Out of Pocket Loss.[4]

   C. Sold after the close of trading on July 27, 2010, and before the close of trading on October 25, 2010, the Recognized Loss Amount for each share shall be **the lesser of**:

      (i) the Purchase Inflation in **Table 1**;

      (ii) the purchase price of each such share (excluding all fees, taxes and commissions) *minus* the average closing price for the days following the last corrective disclosure date (July 27, 2010), up to the date of sale as set forth in **Table 2** below; or

      (iii) the Out of Pocket Loss *plus* .25 *multiplied* by the amount by which the lesser of C(i) or C(ii) exceeds the Out of Pocket Loss.[5]

   D. Held as of the close of trading on October 25, 2010, the Recognized Loss Amount for each share is **the lesser of**:

      (i) the Purchase Inflation in **Table 1**; or

      (ii) the purchase/acquisition price *minus* $32.41, the average closing price of Massey common stock between July 27, 2010, and October 25, 2010, as shown on the last line of **Table 2** below.

## ADDITIONAL PROVISIONS

6. If a Settlement Class Member has more than one purchase/acquisition or sale of Massey common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a LIFO basis. Class Period sales will be matched first against the latest purchase before sale, and then against purchases/acquisitions (or the Settlement Class Member's opening share balance) in reverse chronological order.

---

[4] For instance, if an investor had Purchase Inflation of $19.70 per share according to Table 1, and Sale Inflation of $9.60 per share according to Table 1, and therefore the calculation of B(i) yields $10.10 ($19.70 - $9.60), but the investor only suffered an Out of Pocket Loss of $8.00 per share, the Recognized Loss calculation of B(ii) would be $8.00 plus 25% of the amount by which $10.10 exceeds $8.00, or:

$8.00 + (0.25 x ($10.10 - $8.00)) = $8.00 + $0.525 = $8.525

[5] For instance, if an investor had Purchase Inflation of $19.70 per share according to Table 1 under C(i), and the calculation of C(ii) yields $9.00 per share, then the Recognized Loss calculation of C(iii) would be the Out of Pocket Loss of $8.00 per share, plus 25% of the amount by which the lesser of $19.70 or $9.00 (*i.e.*, $9.00) exceeds $8.00, or:

$8.00 + (0.25 x ($9.00 - $8.00)) = $8.00 + $0.25 = $8.25

7. Purchases or acquisitions of Massey common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Massey common stock during the Class Period shall not be deemed a purchase, acquisition or sale of these shares of Massey common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of Massey common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of Massey common stock during the Class Period; (ii) no Proof of Claim form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Massey common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

8. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Massey shares. The date of a "short sale" is deemed to be the date of sale of the Massey common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Massey common stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

9. The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

10. An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

11. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

12. Payment in this manner will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero.

13. Distributions to eligible Authorized Claimants will be made after all claims have been processed and after the Court has approved the Claims Administrator's determinations. After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund after at least six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Co-Lead Counsel shall, if feasible and economical, reallocate such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. When it is no longer feasible or economical to redistribute the Net Settlement Fund, any balance that still remains after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to non-sectarian, not-for-profit charitable organizations serving the public interest, designated by Lead Plaintiff and approved by the Court.

14. Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of West Virginia with respect to his, her, or its Proof of Claim.

### TABLE 1: MASSEY COMMON STOCK ARTIFICIAL INFLATION FOR PURPOSES OF CALCULATING PURCHASE AND SALE INFLATION

| PURCHASE OR SALE DATE | ARTIFICIAL INFLATION |
|---|---|
| February 1, 2008 – April 5, 2010 | $19.70 |
| April 6, 2010 | $12.57 |
| April 7, 2010 – April 14, 2010 | $9.60 |
| April 15, 2010 – April 21, 2010 | $8.15[6] |
| April 22, 2010 – April 29, 2010 | $6.96 |
| April 30, 2010 – May 14, 2010 | $3.64[7] |
| May 17, 2010 – July 26, 2010 | $1.33 |
| July 27, 2010 | $0.00[8] |

### L.  SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Massey common stock (CUSIP: 576206106) during the period from February 1, 2008 to and through July 27, 2010, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, **WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, you either:  (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased Massey common stock during such time period; or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) calendar days of receipt of such copies, mail the Notice and Proof of Claim form directly to the beneficial owners of those Massey shares.

If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

---

[6] For shares purchased or acquired on April 15, 2010, if the purchase price was equal to or greater than $45.19 per share (excluding all fees, taxes, and commissions) or a claimant can establish the purchase occurred prior to 10:39 a.m., the Purchase Inflation shall be $9.60 per share as opposed to $8.15 per share.

[7] For shares purchased or acquired on April 30, 2010, if the purchase price was equal to or greater than $40.72 per share (excluding all fees, taxes, and commissions) or a claimant can establish the purchase occurred prior to 10:08 a.m., the Purchase Inflation shall be $6.96 as opposed to $3.64.

[8] For shares purchased or acquired on July 27, 2010, the Purchase Inflation shall be the lesser of (1) $1.33; or (2) the purchase price minus the closing price of $29.65 per share.

ATTN: FULFILLMENT DEPARTMENT
c/o A.B. DATA, LTD.
3410 WEST HOPKINS STREET
PO BOX 170500
MILWAUKEE, WI 53217
Phone:  866-561-6065
fulfillment@abdata.com
www.MasseySecuritiesSettlement.com

DATED:  MARCH 5, 2014

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

**TABLE 2:  MASSEY AVERAGE 90 DAY LOOK-BACK PRICE (JULY 28, 2010--OCTOBER 25, 2010)**

| DATE | AVERAGE 90 DAY LOOK-BACK PRICE | DATE | AVERAGE 90 DAY LOOK-BACK PRICE |
|------|-------------------------------|------|-------------------------------|
| 7/28/2010 | $30.05 | 9/13/2010 | $31.31 |
| 7/29/2010 | $30.23 | 9/14/2010 | $31.32 |
| 7/30/2010 | $30.34 | 9/15/2010 | $31.33 |
| 8/2/2010 | $30.76 | 9/16/2010 | $31.36 |
| 8/3/2010 | $31.03 | 9/17/2010 | $31.32 |
| 8/4/2010 | $31.33 | 9/20/2010 | $31.29 |
| 8/5/2010 | $31.49 | 9/21/2010 | $31.25 |
| 8/6/2010 | $31.82 | 9/22/2010 | $31.23 |
| 8/9/2010 | $32.03 | 9/23/2010 | $31.20 |
| 8/10/2010 | $32.14 | 9/24/2010 | $31.20 |
| 8/11/2010 | $32.03 | 9/27/2010 | $31.21 |
| 8/12/2010 | $31.99 | 9/28/2010 | $31.20 |
| 8/13/2010 | $31.95 | 9/29/2010 | $31.19 |
| 8/16/2010 | $31.91 | 9/30/2010 | $31.19 |
| 8/17/2010 | $31.97 | 10/1/2010 | $31.20 |
| 8/18/2010 | $32.04 | 10/4/2010 | $31.20 |
| 8/19/2010 | $32.07 | 10/5/2010 | $31.21 |
| 8/20/2010 | $32.07 | 10/6/2010 | $31.26 |
| 8/23/2010 | $32.04 | 10/7/2010 | $31.30 |
| 8/24/2010 | $31.95 | 10/8/2010 | $31.37 |
| 8/25/2010 | $31.81 | 10/11/2010 | $31.45 |
| 8/26/2010 | $31.64 | 10/12/2010 | $31.53 |
| 8/27/2010 | $31.52 | 10/13/2010 | $31.61 |
| 8/30/2010 | $31.38 | 10/14/2010 | $31.68 |
| 8/31/2010 | $31.27 | 10/15/2010 | $31.75 |
| 9/1/2010 | $31.25 | 10/18/2010 | $31.81 |
| 9/2/2010 | $31.24 | 10/19/2010 | $31.91 |
| 9/3/2010 | $31.26 | 10/20/2010 | $32.03 |
| 9/7/2010 | $31.25 | 10/21/2010 | $32.15 |
| 9/8/2010 | $31.26 | 10/22/2010 | $32.27 |
| 9/9/2010 | $31.25 | 10/25/2010 | $32.41 |
| 9/10/2010 | $31.27 | | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | |
|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | ) Civil Action No. 5:10-cv-00689-ICB |
| | ) |
| | ) |
| This Document Relates To: | ) |
| | ) |
| ALL ACTIONS. | ) |
| | ) |

**PROOF OF CLAIM AND RELEASE**

**I.      GENERAL INSTRUCTIONS**

1.   To be eligible to receive a recovery from the Net Settlement Fund as a Member of the Settlement Class in the class action lawsuit entitled *In re Massey Energy Co. Securities Litigation,* No. 5:10-cv-00689-ICB, pending in the United States District Court for the Southern District of West Virginia, you must complete and on Page 7 below, sign this Proof of Claim and Release form.  If you fail to submit a timely, properly completed and addressed (as set forth in Paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the Settlement of the Action.

2.   Submission of this Proof of Claim, however, does not ensure that you will share in the Net Settlement Fund, even if you are a Settlement Class Member.

3.   **YOU   MUST   COMPLETE   AND   SIGN   THIS   PROOF   OF   CLAIM   FORM   AND   EITHER   FILE   IT   ONLINE   AT WWW.MASSEYSECURITIESSETTLEMENT.COM NO LATER THAN MIDNIGHT ON JULY 3, 2014, OR YOU MUST SUBMIT YOUR COMPLETED AND SIGNED PROOF OF CLAIM SUCH THAT IT IS POSTMARKED OR RECEIVED ON OR BEFORE JULY 3, 2014, ADDRESSED AS FOLLOWS**:

*MASSEY SECURITIES SETTLEMENT*
c/o A. B. DATA, LTD.
PO BOX 170600
MILWAUKEE, WI  53217

4.   If you are NOT a Member of the Settlement Class (as defined below and in the Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses ("Notice")) DO NOT submit this Proof of Claim form.  You are not entitled to a recovery.

5.  If you are a Member of the Settlement Class and you have not timely and validly requested to be excluded from the Settlement Class, you will be bound by the terms of the Final Order and Judgment entered by the Court, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.    DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Notice that accompanies this Proof of Claim and in the Stipulation and Agreement of Settlement, dated February 5, 2014 (the "Stipulation").

## III.    IDENTIFICATION OF CLAIMANT

1.  You are a Settlement Class Member if you, between February 1, 2008 and July 27, 2010, inclusive, purchased or otherwise acquired shares of the common stock of Massey Energy Company (n/k/a Alpha Appalachia Holdings, Inc.) ("Massey" or the "Company") and were damaged thereby and are not an excluded Person.  Excluded from the Settlement Class are: (i) Defendants; (ii) ANR; (iii) the officers and directors of Massey during the Class Period; (iv) all of Massey's subsidiaries during the Class Period; (v) members of the immediate families of any excluded Person; (vi) the legal representatives, heirs, successors or assigns of any excluded Person; (vii) any entity in which any Defendant or ANR has or had a controlling interest; and (viii) any Person who would otherwise be a Settlement Class Member but who properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

2.  If you purchased or acquired the common stock of Massey during the Class Period and held the stock in your name, you are the beneficial purchaser or acquirer *as well as the record purchaser or acquirer*.  If, however, you purchased or otherwise acquired Massey common stock during the Class Period through a third party, such as a nominee or brokerage firm, and the shares were registered in the name of that third party, you are the beneficial purchaser or acquirer of these shares, *but the third party is the record purchaser or acquirer of these shares*.

3.  Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of Massey common stock that forms the basis of this claim, as well as the purchaser or acquirer of record, if different.  THIS CLAIM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR AUTHORIZED ACQUIRER(S) OR LEGAL REPRESENTATIVE(S) OF SUCH BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OF THE MASSEY COMMON STOCK ON WHICH THIS CLAIM IS BASED.

4.  All joint beneficial purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or employer identification) number and telephone number of one of the beneficial owner(s) may be used in verifying this claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of your claim.

### IV.     <u>IDENTIFICATION OF TRANSACTION(S)</u>

1.  Use Part II of this form entitled "Schedule of Transactions in Massey Common Stock" to supply all required details of your transaction(s) in Massey common stock.  If you need more space or additional schedules, attach separate sheets providing all of the required information in substantially the same form.  Sign and print or type your name and include your Social Security or employer identification number and the full name of the account on each additional sheet.

2.  On the schedules, provide all of the requested information with respect to: (i) *all* of your holdings of Massey common stock as of the beginning of trading on February 1, 2008; (ii) *all* of your purchases, acquisitions, and sales of Massey common stock which took place at any time beginning February 1, 2008 through, and including, October 25, 2010; and (iii) *all* of your holdings in Massey common stock as of the close of trading on October 25, 2010, whether such purchases, acquisitions, sales or transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.  List each purchase, acquisition, sale, and transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each such transaction you list.

4.  Copies of broker confirmations or other documentation of your purchases, acquisitions, sales or transactions in Massey common stock must be attached to your claim.  **DO NOT SEND ORIGINALS**.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  The Settling Parties and the Claims Administrator do not independently have information about your investments in Massey's common stock.  The Claims Administrator may also request additional information as needed to efficiently and reliably calculate your losses.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY
*In re Massey Energy Co. Securities Litigation*
NO. 5:10-CV-00689-ICB

| For Official Use Only |
|---|

| **MUST BE POSTMARKED OR** |
| **RECEIVED BY** |
| **JULY 3, 2014** |

## PROOF OF CLAIM AND RELEASE FORM

PLEASE TYPE OR PRINT

### PART I:   CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

Joint Beneficial Owner's Name (First, Middle, Last)

Address Line 1

Address Line 2 (If Applicable)

City                                          State          Zip Code

Foreign Province                    Foreign Postal Code                    Foreign Country

Social Security Number                    Taxpayer Identification Number
                                    OR

Check Appropriate box:

☐   Individual or Sole Proprietor          ☐   Partnership                    ☐   Estate
☐   Corporation                                  ☐   Pension Plan                    ☐   Other  (please specify)
☐   IRA                                            ☐   Trust

Telephone Number (Daytime)                              Telephone Number (Evening)

(              )              —                              (              )              —

Email Address

Facsimile Number

(              )              —

**WERE YOUR SHARES HELD IN "STREET NAME" (I.E., IN THE NAME OF A STOCK BROKER OR OTHER NOMINEE)?
IF SO, THAT BROKER OR NOMINEE IS THE RECORD OWNER.  PLEASE FILL IN THE FOLLOWING LINE.**

Record Owner's Name (if different from beneficial owner listed above); *e.g.*, brokerage firm, bank, nominee, etc.

**PART II: SCHEDULE OF TRANSACTIONS IN MASSEY COMMON STOCK**

| A. Number of shares of Massey common stock held at the beginning of trading on February 1, 2008: | Proof enclosed |
|---|---|
| | ○ Y ○ N |

**B. Purchases or other acquisitions, including by way of exchange, conversion or otherwise (on or after February 1, 2008 through and including October 25, 2010) of Massey common stock:**

| Trade Date(s) (List Chronologically) MM DD YY | Number of Shares Purchased or Acquired | Purchase Price Per Share | Total Amount Paid* | Proof enclosed |
|---|---|---|---|---|
| 1. / / | | | | ○ Y ○ N |
| 2. / / | | | | ○ Y ○ N |
| 3. / / | | | | ○ Y ○ N |
| 4. / / | | | | ○ Y ○ N |

For shares purchased or acquired on April 15, 2010, if the purchase occurred prior to 10:39 a.m., please indicate the time:  :  a.m.

For shares purchased or acquired on April 30, 2010, if the purchase occurred prior to 10:08 a.m., please indicate the time:  :  a.m.

**C. Sales or other deliveries, including by way of exchange or otherwise (on or after February 1, 2008 through and including October 25, 2010) of Massey common stock:**

| Trade Date(s) (List Chronologically) MM DD YY | Number of Shares Sold | Sale Price Per Share | Total Amount Received* | Proof enclosed |
|---|---|---|---|---|
| 1. / / | | | | ○ Y ○ N |
| 2. / / | | | | ○ Y ○ N |
| 3. / / | | | | ○ Y ○ N |
| 4. / / | | | | ○ Y ○ N |

| D. Number of shares of Massey common stock held at the close of trading on October 25, 2010: | Proof enclosed |
|---|---|
| | ○ Y ○ N |

* Excluding taxes, fees and commissions.

IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT AS ABOVE. SIGN AND PRINT YOUR NAME ON EACH ADDITIONAL PAGE.

**YOU ARE NOT FINISHED, PLEASE READ THE RELEASE AND SIGN ON THE NEXT PAGE.**

**FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## PART III.  SUBMISSION TO THE JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of West Virginia with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of any Final Order and Judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales or holdings of Massey common stock during the Class Period and know of no other Person having done so on my (our) behalf.

## PART IV.  RELEASE

1.  I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Defendant Released Parties as those terms and terms related thereto are defined in the accompanying Notice.

2.  This release shall be of no force or effect unless and until the Court approves the Stipulation and the Effective Date (as defined in the Stipulation) has occurred.

3.  I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.  I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales and other transactions in Massey common stock which occurred during the Class Period and the number of shares held by me (us) at the beginning of trading on February 1, 2008, and at the close of trading on October 25, 2010.

5.  I (We) hereby warrant and represent that I am (we are) not excluded from the Settlement Class as defined herein and in the Notice.

**PART V.  CERTIFICATION**

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.   The number(s) shown on this form is (are) my (our) correct SSN, TIN or EIN;

2.   I am/we are not subject to backup tax withholding. (If you have been notified by the IRS that you are subject to backup tax withholding, strike out the previous sentence); and

3.   The foregoing information supplied by the undersigned is true and correct.


Executed this _____ day of _____, in _____, _____.

   　　　　　　　(Month / Year)　　　　　　(City)　　　　　(State / Country)

_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)


<div align="center">

**THIS PROOF OF CLAIM FORM MUST BE COMPLETED, SIGNED, AND POSTMARKED OR RECEIVED**

**NO LATER THAN JULY 3, 2014, AND MUST BE MAILED TO:**


*MASSEY SECURITIES SETTLEMENT*
**c/o A.B. DATA, LTD.**
**PO BOX 170600**
**MILWAUKEE, WI  53217**

</div>

**Reminder Checklist:**

1.  Please sign the above release and certification.  If this claim is being made on behalf of joint claimants, both must sign.

2.  Remember to attach supporting documentation.  Do not highlight the Proof of Claim form or supporting documentation.

3.  Do not send original stock certificates or other original documentation; please send only copies.  These items cannot be returned to you by the Claims Administrator.

4.  Keep a copy of your Proof of Claim form for your records.

5.  The Claims Administrator will acknowledge receipt of your Proof of Claim by mail, within 60 days.  **Your claim is not deemed by the Claims Administrator to be submitted unless you receive an acknowledgement postcard.**  If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator. Also, you can submit your claim using a service that provides you with proof of mailing, such as: registered or certified mail, return receipt requested; express mail that does not waive signature; or courier service.

6.  You can check the status of your Proof of Claim by logging into the website www.MasseySecuritiesSettlement.com and following the instructions on the page "Check the Status of Your Claim."  In order to check the status of your claim online, you must provide a phone number on your claim form.

7.  If you move and/or change your name, please inform the Claims Administrator of your new address and/or name.

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.**

# EXHIBIT B

# NEW HIGHS AND LOWS

WSJ.com/newhighs

The following explanations apply to the New York Stock Exchange, NYSE Arca, NYSE MKT and Nasdaq Stock Market stocks that hit a new 52-week intraday high or low in the latest session.
**% CHG**-Daily percentage change from the previous trading session.

**Tuesday, March 18, 2014**

## NYSE highs - 143

| Stock | Sym | 52-Wk Hi/Lo | % Chg |
|---|---|---|---|
| AGL Res | GAS | 49.84 | 0.4 |
| AdSemEg ADS | ASX | 5.40 | 1.3 |
| AlaskaAir | ALK | 93.78 | 0.7 |
| Allergan | AGN | 131.36 | 1.0 |
| AnteroResources | AR | 64.71 | 3.8 |
| AshfdHsptyTr pfD | AHTpD | 25.68 | 0.2 |
| AssrdGrny | AGO | 26.76 | 4.6 |
| Autoliv | ALV | 98.54 | 0.7 |
| Avista | AVA | 30.34 | 0.2 |
| BasicEnergySvcs | BAS | 25.84 | 1.7 |
| BectonDksn | BDX | 116.86 | 1.0 |
| BlackHills | BKH | 59.05 | 0.6 |
| BrFormn B | BF/B | 88.98 | 0.6 |
| C&JEnergyServices | CJES | 28.14 | 3.4 |
| CVS Caremark | CVS | 74.45 | -0.9 |
| Cabot | CBT | 56.20 | 1.6 |
| CallwyGlf | ELY | 9.53 | 5.7 |
| CedarFair | FUN | 54.70 | -1.1 |
| CharlesRiverLabs | CRL | 62.50 | 1.2 |
| Chemed | CHE | 88.34 | 3.4 |
| ChesapkLdgTr | CHSP | 26.68 | 0.4 |
| ChespkeUtil | CPK | 63.15 | 0.4 |
| ChicagoB&I | CBI | 87.08 | 4.8 |
| CLECO | CNL | 50.56 | 0.3 |
| CocaColaEnt | CCE | 47.98 | -0.4 |
| ChnStrsGlbInc | INB | 12.47 | 3.7 |
| ChnStrInfra | UTF | 22.20 | 1.0 |
| ColumbiaPropertyTr | CXP | 27.08 | 0.8 |
| CoreLab | CLB | 202.53 | 2.1 |
| Crawfrd A | CRD/A | 9.10 | 3.9 |
| DST Sys | DST | 98.58 | 1.4 |
| Dominos | DPZ | 80.61 | ... |
| DouglasDyn | PLOW | 18.30 | 1.1 |
| EMC | EMC | 27.91 | 0.9 |
| EQT | EQT | 104.72 | 1.3 |
| EtnVncEqtyInco | EOI | 13.28 | 0.5 |
| EtnVncEqtyInco II | EOS | 13.57 | 1.0 |
| EmergeEnergySvcs | EMES | 57.29 | 3.2 |
| EmpDistElec | EDE | 24.45 | 0.2 |
| Encana | ECA | 20.70 | 0.6 |
| EngyTrnsfrEqty | ETE | 47.16 | 0.2 |
| EntPdtsPtnr | EPD | 69.28 | 0.2 |
| EnzoBiochm | ENZ | 4.38 | 3.1 |
| Equifax | EFX | 72.85 | 1.8 |
| EverBankFin | EVER | 20.00 | 0.4 |
| Ferro | FOE | 14.55 | 3.3 |
| FirstRepublicBank | FRC | 53.82 | 0.8 |
| FutureFuel | FF | 21.24 | 17.6 |
| Gartner | IT | 73.52 | 1.2 |
| GasLog | GLOG | 24.41 | 0.9 |
| GenCorp | GY | 19.60 | 2.0 |
| GlobusMedical | GMED | 26.76 | 2.0 |
| GranitCnstr | GVA | 39.49 | 1.0 |
| GrtPlnsEngy | GXP | 27.02 | 0.2 |
| Hanesbrands | HBI | 76.12 | 2.2 |
| HeliosMulSecHiInc | HMH | 6.91 | -0.8 |
| HelmPayne | HP | 102.87 | 1.4 |
| HiCrushPartners | HCLP | 41.26 | 2.2 |
| Hillenbrnd | HI | 32.48 | 1.3 |
| HyattHotels | H | 54.65 | 0.5 |
| INGU.S. | VOYA | 37.75 | 2.0 |
| IntegrysEnNts2073 | IEH | 25.00 | 0.2 |
| JustEnergy | JE | 8.25 | 0.4 |
| KateSpade | KATE | 40.45 | 3.1 |
| Kindred | KND | 22.98 | 3.5 |
| Knowles | KN | 33.66 | 4.7 |
| L 3Comm | LLL | 118.80 | 0.5 |
| LaSalleHtl | LHO | 33.36 | 1.5 |
| LexmarkInt | LXK | 44.57 | 3.3 |
| MagelnPtnrs | MMP | 71.25 | 0.4 |
| MaidenHldgsNts2043 | MHNC | 24.94 | 1.2 |
| Manitowoc | MTW | 32.60 | 1.8 |
| Markel | MKL | 591.74 | 0.4 |
| MarshMcL | MMC | 50.33 | 0.3 |
| MrtnMarMat | MLM | 126.42 | 2.7 |
| Medifast | MED | 29.82 | 6.3 |
| Mednax | MD | 63.22 | 1.3 |
| MolsonCoors A | TAP/A | 58.25 | 0.5 |
| MS India | IIF | 18.55 | 0.9 |
| NaturalGrocers | NGVC | 43.95 | 2.6 |
| NJ Res | NJR | 48.76 | 0.4 |
| NewMarket | NEU | 390.19 | 0.8 |
| NextEraEngy | NEE | 95.28 | -0.4 |
| NextEraEnEquityUn | NEEpP | 53.83 | -0.3 |
| NAmerEngyPtnr | NOA | 6.80 | 1.8 |
| NuSTAREnergy | NS | 55.15 | 1.3 |
| ONEGas | OGS | 36.77 | 0.7 |
| OiltankingPartners | OILT | 74.94 | 1.6 |
| OmnovaSol | OMN | 10.77 | 3.2 |
| OnAssign | ASGN | 37.58 | 7.2 |
| OrmatTch | ORA | 29.64 | 2.8 |
| PNC FnlSvcs Wt | PNC/WS | 22.47 | 0.5 |
| PNC FnlSvcs | PNC | 84.70 | 0.5 |
| PNM Res | PNM | 27.25 | -0.1 |
| Pall | PLL | 88.19 | 0.6 |
| PaloAltoNetworks | PANW | 80.84 | 1.7 |
| PebblbrkHtlTr | PEB | 35.10 | 1.3 |
| PennVirginia | PVA | 16.00 | 15.6 |
| PetrqstEngy | PQ | 5.85 | 4.3 |
| PharMerica | PMC | 27.14 | 1.4 |
| Phillips66Partners | PSXP | 50.31 | ... |
| PidmntNG | PNY | 35.69 | 0.8 |
| PioneerEnergySvcs | PES | 12.45 | 3.6 |
| PPlus CZN-1 | PIY | 27.38 | 2.2 |
| Primerica | PRI | 48.72 | 0.3 |
| RCSCapital | RCAP | 34.11 | 5.4 |
| RLJLodging | RLJ | 27.06 | 1.3 |
| RPC | RES | 19.98 | 2.2 |
| RensHldg | RNR | 98.00 | 0.4 |
| RiceEnergy | RICE | 26.44 | 3.5 |
| SCETrIIIPfd | SCEpH | 25.21 | ... |
| Sasol | SSL | 54.52 | 0.7 |
| SeaspanPfd.SeriesE | SSWpE | 25.39 | 0.4 |
| SensataTech | ST | 42.51 | 1.2 |
| SignetJeweler | SIG | 102.44 | 1.0 |
| SixFlagsEnt | SIX | 42.94 | 0.6 |
| SourceCap | SOR | 70.48 | 1.2 |
| SowestAir | LUV | 24.17 | -0.3 |
| SowestEngy | SWN | 45.36 | 3.6 |
| Spansion Cl A | CODE | 17.85 | 1.8 |
| SpectrumBrndsHldgs | SPB | 80.00 | 1.1 |
| SunocoLgst | SXL | 85.81 | -0.2 |
| SusserHldgs | SUSS | 68.71 | 0.8 |
| TallgrassEnergy | TEP | 35.00 | 5.0 |
| Teleflex | TFX | 104.46 | 0.1 |
| TX Ind | TXI | 88.07 | 2.5 |
| Total ADS | TOT | 66.23 | 1.6 |
| TysonFood A | TSN | 42.38 | 1.6 |
| UGI | UGI | 45.49 | 0.3 |
| UNITIL | UTL | 32.86 | 0.1 |
| U.S.SilicaHoldings | SLCA | 37.25 | 2.7 |
| UnderArmour A | UA | 124.50 | 4.0 |
| UnPacific | UNP | 190.00 | 1.1 |
| ValeroEngy | VLO | 55.38 | 1.4 |
| VectorGrp | VGR | 21.75 | 3.7 |
| Vectren | VVC | 38.82 | 0.4 |
| VerifoneSyst | PAY | 34.53 | 3.8 |
| VirtusTotalRetFd | DCA | 4.38 | 1.9 |
| VMware | VMW | 110.67 | 0.4 |
| Wellpoint | WLP | 97.95 | 2.7 |
| WesternGasEqtyPtrs | WGP | 47.09 | -1.4 |
| WillbrosGp | WG | 11.35 | 2.3 |
| WI Engy | WEC | 45.92 | -0.1 |

## NYSE lows - 11

| Stock | Sym | 52-Wk Hi/Lo | % Chg |
|---|---|---|---|
| Advantest ADS | ATE | 9.87 | -1.8 |
| VolarisADS | VLRS | 8.65 | -3.1 |
| EnLinkMidstream | ENLC | 35.65 | -0.9 |
| GlobalGeophysPfd | GGSpA | 3.70 | -75.7 |
| GlblGeoPhsSrv | GGS | 0.45 | -60.7 |
| HSBC ADS | HSBC | 49.71 | -0.2 |
| HondaMtr ADS | HMC | 35.10 | -1.5 |
| PtrlBras ADS A | PBR/A | 10.66 | 3.1 |
| ResoluteEnrg | REN | 7.33 | -2.4 |
| ResolEnrgWt | REN/WS | 0.06 | -20.0 |
| SeaDrill | SDRL | 32.83 | 0.2 |

## NYSE Arca highs - 61

| Stock | Sym | 52-Wk Hi/Lo | % Chg |
|---|---|---|---|
| ALPSGSMomMltAst | GSMA | 27.46 | 2.7 |
| ALPSSectorDivDogs | SDOG | 34.65 | 0.7 |
| BkAm MITTS S&P500 | SCT | 15.68 | 0.1 |
| MITTS for DJIA | DFF | 16.60 | 4.2 |
| CambriaGlbValue | GVAL | 25.14 | 1.1 |
| CambriaShareholder | SYLD | 30.33 | 0.9 |
| DirexionZacksMLPHi | ZMLP | 40.92 | 0.7 |
| DJ 2xSelect Div | DVYL | 42.93 | 1.1 |
| FidelityMSCIUtils | FUTY | 26.93 | ... |
| FstTrMngstrDiv | FDL | 22.31 | 0.5 |
| FstTrUtilAlpDX | FXU | 21.85 | 0.6 |
| FstTrValDivFd | FVD | 21.86 | 0.5 |
| GlbXGuruSmallCap | GURX | 15.15 | 1.7 |
| GlbIXJrMLPETF | MLPJ | 16.50 | 0.1 |
| GuggenheimS&P500 | RHS | 93.39 | 0.4 |
| GuggenheimS&P500 | RPV | 50.79 | 0.7 |
| GuggInsdr | NFO | 48.37 | 1.1 |
| iPathUBSCocoa | NIB | 40.20 | ... |
| iPathLvstckETN | COW | 32.70 | 1.0 |
| iShSelectDividend | DVY | 73.15 | 0.5 |
| iShU.S.Utilities | IDU | 103.77 | -0.1 |
| iShMSCIFrontier100 | FM | 35.19 | 0.8 |
| iShMSCIIsraelCap | EIS | 51.85 | 0.2 |
| iShMSCIItalyCapped | EWI | 17.38 | 0.8 |
| iShMSCINZCapped | ENZL | 42.83 | 1.6 |
| iShMSCIUSAMinVol | USMV | 36.30 | 0.4 |
| iShMornMCValue | JKI | 117.82 | 0.9 |
| iShMornSCValue | JKL | 124.55 | 0.9 |
| iShGlobalUtilities | JXI | 47.49 | 0.4 |
| iSharesGlobalInfra | IGF | 41.14 | 0.3 |
| MktVectorsIsrael | ISRA | 32.55 | 0.9 |
| PwrShr DBAgriShort | ADZ | 30.00 | 18.8 |
| PwrShrMtlShrt | BOS | 24.53 | ... |
| JGBETNs | JGBL | 21.24 | -0.3 |
| PwrShsDynEngySec | PXI | 56.89 | 1.9 |
| PwrshsDyFdBev | PBJ | 27.54 | 0.8 |
| PwrshsDynSemi | PSI | 20.68 | 1.8 |
| PwrShsDivAch | PFM | 19.97 | 0.4 |
| PwrShsDynMkt | PWC | 71.17 | 1.1 |
| PwrShsDynEngy | PXE | 35.04 | 1.6 |
| PwrShsDynUtil | PUI | 21.74 | 0.3 |
| PowerShFdPureLgGrw | PXLG | 29.21 | 0.9 |
| PwrShsFndmSmGr | PXSG | 25.02 | 1.0 |
| PwrShsHiYld | PEY | 12.10 | 0.6 |
| PS SP500LoVoltlPrt | SPLV | 33.76 | 0.3 |
| S&P600LowVol | XSLV | 32.04 | 0.5 |
| PwrShrsSP500 | PBP | 21.34 | 0.3 |
| ProShrUlSmC600 | SAA | 111.50 | 3.1 |
| ProShrUltraUtil | UPW | 80.21 | 0.2 |
| RevenueShUltraDiv | RDIV | 26.74 | 0.5 |
| SPDRRuss1000LowVol | LGLV | 70.29 | 1.0 |
| SPDR S&P400MidVl | MDYV | 82.25 | 0.8 |
| SPDRS&PGlbInfr | GII | 47.40 | 0.3 |
| SPDR S&P IntUtil | IPU | 19.24 | 0.8 |
| SPDR S&P Semi | XSD | 68.99 | 2.0 |
| TeucriumSoybeanFd | SOYB | 26.51 | 1.3 |
| VangdUtil | VPU | 90.29 | ... |
| VangdHiDivYld | VYM | 62.64 | 0.7 |
| WisdmTrDiv | DTN | 69.50 | 0.6 |
| WisdmTrEqty | DHS | 55.80 | 0.7 |
| WisdmTrTotDiv | DTD | 67.71 | 0.7 |

## NYSE Arca lows - 12

| Stock | Sym | 52-Wk Hi/Lo | % Chg |
|---|---|---|---|
| DrxSmcdBear 3x | SOXS | 28.52 | -4.2 |
| DrxTechMktBear 3x | TECS | 19.04 | -3.8 |
| GlbXNigeriaIndex | NGE | 13.55 | -0.7 |
| iPathS&P500DynVIX | XVZ | 31.21 | -0.4 |
| MktVecBrazilSm | BRF | 25.84 | 3.0 |
| ProShsShrtInvGr | IGS | 30.34 | -0.8 |
| ProShShrtRg Bk | KRS | 27.97 | -0.7 |
| ProShrUSCnsmrGd | SZK | 34.30 | -2.1 |
| ProShrUSSemi | SSG | 17.74 | -2.3 |
| SPDRBarclayAggreg | LAG | 55.44 | ... |
| UBLongShortVIX | XVIX | 16.49 | 0.2 |
| WisTreeChineseYuan | CYB | 25.03 | -0.2 |

## NYSE MKT highs - 7

| Stock | Sym | 52-Wk Hi/Lo | % Chg |
|---|---|---|---|
| CAMAC Engy | CAK | 0.91 | ... |
| Daxor | DXR | 8.90 | ... |
| IGI Lab | IG | 5.87 | 10.0 |
| IntelliChckM | IDN | 1.13 | 2.0 |
| SW GAFnl | SGB | 13.47 | 1.7 |
| US Geothermal | HTM | 0.89 | 20.5 |
| VantageSouthBcshs | VSB | 7.00 | 1.6 |

## NYSE MKT lows - 1

| Stock | Sym | 52-Wk Hi/Lo | % Chg |
|---|---|---|---|
| GeneralMoly | GMO | 0.98 | 10.0 |

## Nasdaq highs - 122

| Stock | Sym | 52-Wk Hi/Lo | % Chg |
|---|---|---|---|
| A-MarkPrecMetals | AMRK | 14.90 | 7.1 |
| Achaogen | AKAO | 17.30 | 6.5 |
| AdeptTch | ADEP | 20.27 | 15.7 |
| AirT | AIRT | 12.99 | 0.4 |
| AlbanyMolRsch | AMRI | 19.55 | 3.8 |
| AllscrptsHlthcrSol | MDRX | 19.50 | 1.6 |
| Amdocs | DOX | 46.22 | 1.3 |
| AmerisBcp | ABCB | 24.22 | 0.3 |
| AmServFncl | ASRV | 3.92 | 1.6 |
| Amgen | AMGN | 127.48 | 2.9 |
| AmkorTch | AMKR | 6.44 | 4.0 |
| AuspexPharma | ASPX | 35.78 | 6.0 |
| BkOzark | OZRK | 69.89 | 0.6 |
| BiogenIdec | BIIB | 354.07 | 1.8 |
| BioSpTech | BSTC | 27.86 | 2.1 |
| Brooks Auto | BRKS | 11.35 | 4.8 |
| Bruker | BRKR | 24.40 | -0.8 |
| BuffWildWngs | BWLD | 155.25 | 1.0 |
| CUI Global | CUI | 11.09 | 7.9 |
| CalavoGrowers | CVGW | 35.17 | 1.4 |
| CentAlu | CENX | 13.12 | 3.7 |
| CentCsno | CNTY | 7.51 | 2.0 |
| Cherokee | CHKE | 15.00 | -0.7 |
| ClckSftwr | CKSW | 10.90 | 3.2 |
| CoffeeHldg | JVA | 8.58 | 7.7 |
| CorVel | CRVL | 53.00 | 2.1 |
| DelFriscosRest | DFRG | 28.07 | 0.2 |
| DurataTherapeutics | DRTX | 15.03 | 5.4 |
| E Trade | ETFC | 24.43 | 2.8 |
| ElbitSys | ESLT | 62.00 | 0.8 |
| FmsDaves | DAVE | 31.05 | 4.5 |
| FederatedNatlHldg | FNHC | 17.03 | 1.2 |
| FfthThrd | FITB | 22.84 | 0.8 |
| FstFnlOH | FFBC | 17.81 | 0.4 |
| FTRBAQualityIncm | QINC | 20.22 | 1.0 |
| FstSvcCp | FSRV | 50.10 | 0.8 |
| FivePrimeTherap | FPRX | 23.33 | -1.0 |
| FlamlTch ADS | FLML | 13.29 | 18.4 |
| FormulaSys | FORTY | 29.39 | 1.8 |
| FrontierComms | FTR | 5.20 | 2.7 |
| GTAdvTechs | GTAT | 18.51 | 6.4 |
| GenFin | GFN | 9.10 | 2.2 |
| GIIIApparel | GIII | 77.22 | 1.5 |
| GlobeSpecMet | GSM | 21.43 | 2.3 |
| GldnEnt | GLDC | 4.57 | 3.7 |
| Gulf Resources | GURE | 3.20 | 4.4 |
| HarvardApparatus | HART | 11.89 | -9.0 |
| HawaiinHldgs | HA | 14.75 | 6.7 |
| HeartIndExp | HTLD | 22.42 | 0.4 |
| HelenTroy | HELE | 69.95 | 2.4 |
| HeronTherapeutics | HRTX | 15.53 | 1.1 |
| HorizonPharma | HZNP | 14.75 | 5.7 |
| IderaPharm | IDRA | 6.87 | 8.7 |
| IntgtDvc | IDTI | 13.22 | 3.6 |
| IntgtSilSol | ISSI | 14.09 | 2.0 |
| IntersilClA | ISIL | 13.26 | 1.9 |
| InvestrsBncp | ISBC | 27.82 | 1.1 |
| iShIntlTreasuryBd | IGOV | 104.20 | 0.4 |
| JackInTheBx | JACK | 62.90 | 1.4 |
| KLA Tencor | KLAC | 68.64 | 1.1 |
| KandiTechsGrp | KNDI | 22.40 | -1.2 |
| KearnyFnl | KRNY | 15.49 | 1.7 |
| KonaGrill | KONA | 21.88 | -1.0 |
| LancastrCol | LANC | 97.64 | 1.9 |
| LogMein | LOGM | 47.57 | 2.3 |
| MFRI | MFRI | 16.83 | 4.6 |
| M G P Ingred | MGPI | 6.34 | 1.8 |
| magicJackVocalTec | CALL | 24.05 | 8.9 |
| MagyarBcp | MGYR | 8.10 | 0.6 |
| MaxwelTch | MXWL | 16.15 | 9.0 |
| MsrmtSpec | MEAS | 65.97 | 1.8 |
| MercurySystems | MRCY | 13.18 | 19.2 |
| MicrochpTch | MCHP | 47.40 | 1.5 |
| Microsoft | MSFT | 39.90 | 3.9 |
| NtlWstLf | NWLI | 254.96 | 2.7 |
| NY MtgTr | NYMT | 8.05 | 1.1 |
| Nortek | NTK | 78.73 | 2.6 |
| Omnicell | OMCL | 30.24 | 3.1 |
| PFSweb | PFSW | 10.16 | 2.6 |
| PHI | PHII | 42.25 | 0.7 |
| Paccar | PCAR | 67.41 | 1.1 |
| PcfPremBcp | PPBI | 17.48 | 1.7 |
| PapaJohns | PZZA | 54.99 | 0.2 |
| Parexel | PRXL | 57.25 | 1.1 |
| PttrsnUtiEngy | PTEN | 30.72 | 1.9 |
| PilgrimPride | PPC | 19.83 | 1.9 |
| PnclFnlPtnrs | PNFP | 38.19 | 1.9 |
| PwrIntgrtns | POWI | 67.08 | 4.6 |
| PwrShSP ConsSt | PSCC | 50.34 | 0.5 |
| QAD Cl A | QADA | 21.65 | -0.3 |
| Qualcomm | QCOM | 77.75 | 0.6 |
| Qumu | QUMU | 17.98 | 2.5 |
| RF MicroDvc | RFMD | 7.77 | 2.1 |
| Receptos | RCPT | 54.41 | 3.1 |
| ReconCapNASDAQ100 | QYLD | 25.95 | 0.8 |
| RegadoBiosciences | RGDO | 13.60 | 12.4 |
| Relypsa | RLYP | 52.74 | 4.9 |
| SVB Fin | SIVB | 128.69 | ... |
| SandFarm | SAFM | 79.28 | 1.6 |
| SanDisk | SNDK | 78.27 | 4.1 |
| SciQuest | SQI | 32.69 | 6.8 |
| ShndhTlcm | SHEN | 33.75 | 3.8 |
| SimulatnsPls | SLP | 6.35 | 0.7 |
| Sonic | SONC | 22.36 | 1.1 |
| Spectranet | SPNC | 31.91 | 0.8 |
| SpiritAirlines | SAVE | 63.53 | 3.6 |
| Take2Sftwr | TTWO | 22.41 | 1.4 |
| 21VianetADS | VNET | 31.90 | 10.7 |
| USA Mobility | USMO | 17.33 | -0.2 |
| US AutoPtNtwk | PRTS | 3.36 | 0.9 |
| USEngy | USEG | 4.65 | 0.2 |
| UbiquitiNetworks | UBNT | 55.55 | 0.9 |
| UltraClean | UCTT | 15.00 | 1.0 |
| UtdCmtyBks | UCBI | 19.42 | 0.6 |
| VandaPharm | VNDA | 18.80 | 3.5 |
| Viacom A | VIA | 89.30 | ... |
| VitesseSemi | VTSS | 4.60 | 1.8 |
| WestburyBancorp | WBB | 14.77 | 2.4 |
| WstmrInd pf | WLBPZ | 44.82 | 13.0 |
| WstmrIndCoal | WLB | 26.25 | 3.2 |
| WillisLease | WLFC | 20.45 | 0.4 |
| YadkinFin | YDKN | 21.75 | 1.7 |

## Nasdaq lows - 18

| Stock | Sym | 52-Wk Hi/Lo | % Chg |
|---|---|---|---|
| Ambient | AMBT | 1.50 | -7.2 |
| BodyCentral | BODY | 1.87 | -11.5 |
| CH Robinson | CHRW | 50.90 | -0.2 |
| ColonialFinSvcs | COBK | 10.11 | -2.8 |
| DipexiumPharma | DPRX | 12.50 | -3.1 |
| Intersectns | INTX | 5.56 | -8.7 |
| KiOR | KIOR | 0.60 | -39.2 |
| LevyAcquisitionWt | LEVYW | 0.48 | -16.7 |
| MajescoEntn | COOL | 0.45 | -8.1 |
| NtelosHldgs | NTLS | 12.40 | -6.0 |
| NatureSunshine | NATR | 13.59 | -8.1 |
| NephroGenex | NRX | 8.52 | -2.4 |
| NewLeadHldg | NEWL | 2.52 | -10.0 |
| NovaWrlss | NVTL | 1.83 | 0.5 |
| Potbelly | PBPB | 19.07 | -1.9 |
| SolarSeniorCapital | SUNS | 17.25 | -0.1 |
| WetSealClA | WTSL | 1.68 | -7.1 |
| WorldAcpt | WRLD | 73.85 | -2.2 |

**Online»** During the trading day, 52-week highs and lows are updated hourly at **WSJMarkets.com**. Lists for each market are available free, along with easy access to charts and headlines.

# Mutual Funds | WSJ.com/fundresearch

## Explanatory Notes

Data provided by LIPPER

Top 250 mutual-funds listings for Nasdaq-published share classes with net assets of at least $500 million each. **NAV** is net asset value. Percentage performance figures are total returns, assuming reinvestment of all distributions and after subtracting annual expenses. Figures don't reflect sales charges ("loads") or redemption fees. **NET CHG** is change in NAV from previous trading day. **YTD%RET** is year-to-date return. **3-YR%RET** is trailing three-year return annualized.

**e**-Ex-distribution. **f**-Previous day's quotation. **g**-Footnotes x and s apply. **j**-Footnotes e and s apply. **k**-Recalculated by Lipper, using updated data. **p**-Distribution costs apply, 12b-1. **r**-Redemption charge may apply. **s**-Stock split or dividend. **t**-Footnotes p and r apply. **v**-Footnotes x and e apply. **x**-Ex-dividend. **z**-Footnote x, e and s apply. **NA**-Not available due to incomplete price, performance or cost data. **NE**-Not released by Lipper; data under review. **NN**-Fund not tracked. **NS**-Fund didn't exist at start of period.

**Tuesday, March 18, 2014**

| Fund | NAV | Net Chg | YTD %Ret |
|---|---|---|---|
| **American Century Inv** | | | |
| Ultra | 34.88 | +0.35 | 2.1 |
| **American Funds Cl A** | | | |
| AmcpA p | 28.64 | +0.25 | 4.8 |
| AMutlA p | 35.02 | +0.21 | 1.1 |
| BalA p | 24.59 | +0.12 | 1.2 |
| BondA p | 12.59 | +0.02 | 2.1 |
| CapIBA p | 58.19 | +0.30 | 0.9 |
| CapWGrA | 45.71 | +0.34 | 1.2 |
| EupacA p | 48.85 | +0.37 | -0.4 |
| FdInvA p | 51.74 | +0.37 | 0.8 |
| GwthA p | 44.30 | +0.40 | 3.0 |
| HI TrA p | 11.47 | +0.02 | 2.3 |
| ICAA p | 37.25 | +0.34 | 1.9 |
| IncoA p | 20.89 | +0.11 | 2.0 |
| N PerA p | 37.79 | +0.26 | 0.6 |
| NEcoA p | 39.65 | +0.31 | 3.7 |
| NwWrldA | 58.43 | +0.54 | -0.5 |
| SmCpA p | 51.04 | +0.47 | 3.8 |
| WshA p | 39.95 | +0.23 | 1.3 |
| **Artisan Funds** | | | |
| Intl Inv | 29.69 | +0.18 | -2.6 |
| IntlVal Inv | 36.62 | +0.16 | -0.4 |
| MidCapVal Inv | 27.20 | +0.25 | 0.7 |
| **BlackRock Funds A** | | | |
| EqtyDivd p | 24.34 | +0.14 | 0.2 |
| GlblAlloc p | 21.38 | +0.09 | 0.2 |
| **BlackRock Funds C** | | | |
| GlblAlloc t | 19.78 | +0.08 | 0.1 |
| **BlackRock Funds Inst** | | | |
| EqtyDivd | 24.40 | +0.13 | 0.3 |
| GlblAlloc | 21.49 | +0.09 | 0.3 |
| StratIncOpptyIns | NA | ... | NA |
| **Columbia Class Z** | | | |
| AcornZ | 38.18 | +0.37 | 2.3 |
| **Davis Funds A** | | | |
| NYVen A | 42.34 | +0.24 | 2.2 |
| **Dimensional Fds** | | | |
| 5GlbFxdInc | 10.95 | ... | 1.3 |
| EmgMktVa | 26.12 | +0.24 | -5.4 |
| EmMktCorEq | 18.86 | +0.16 | -3.1 |
| Fixd | 10.32 | ... | 0.1 |
| IntlCoreEq | 12.88 | +0.09 | 1.0 |
| IntSmCo | 19.91 | +0.14 | 3.6 |
| IntSmVa | 21.34 | +0.16 | 4.9 |
| US CoreEq1 | 16.87 | +0.15 | 2.3 |
| US CoreEq2 | 16.64 | +0.15 | 1.9 |
| US Small | 31.74 | +0.40 | 2.5 |
| US SmCpVal | 36.09 | +0.44 | 1.9 |
| USLgVa | 31.69 | +0.23 | 0.6 |
| **Dodge & Cox** | | | |
| Balanced | 99.83 | +0.59 | 1.6 |
| Income | 13.83 | +0.02 | 2.2 |
| Intl Stk | 43.16 | +0.50 | 0.3 |
| Stock | 171.01 | +1.39 | 1.3 |
| **DoubleLine Funds** | | | |
| TotRetBdI | NA | ... | NA |
| **Eaton Vance Class I** | | | |
| FltgRt | 9.17 | ... | 0.5 |
| **Fairholme** | 39.96 | +0.22 | 1.9 |
| **Fidelity Advisor A** | | | |
| NwInsghtA p | 27.56 | +0.26 | 5.0 |
| **Fidelity Advisor I** | | | |
| NwInsghtI | 28.03 | +0.25 | 5.0 |
| **Fidelity Freedom** | | | |
| FF2020 | 15.83 | +0.09 | 1.4 |
| FF2025 | 13.51 | +0.09 | 1.4 |
| FF2030 | 16.51 | +0.13 | 1.3 |
| FreedomK2020 | 15.10 | +0.09 | 1.5 |
| FreedomK2025 | 15.73 | +0.10 | 1.4 |
| FreedomK2030 | 16.07 | +0.12 | 1.3 |
| FreedomK2035 | 16.58 | +0.13 | 1.2 |
| FreedomK2040 | 16.68 | +0.13 | 1.3 |
| **Fidelity Invest** | | | |
| AMgr50% | 17.95 | +0.09 | 2.3 |
| Balanc | 23.34 | +0.15 | 2.6 |
| BluCh | 66.75 | +0.70 | 5.3 |
| Contra | 98.70 | +0.82 | 3.7 |
| ContraK | 98.65 | +0.82 | 3.7 |
| CpInc r | 10.06 | +0.02 | 3.0 |
| DivIntl | 36.44 | +0.19 | -1.3 |
| DivIntlK r | 36.39 | +0.19 | -1.2 |
| FltRateHi r | 9.98 | ... | 0.9 |
| GroCo | 127.03 | +1.67 | 6.6 |
| GrowCoK | 126.88 | +1.67 | 6.6 |
| IntlDisc | 39.72 | +0.24 | -1.9 |
| InvGrBd | 11.28 | +0.01 | 2.1 |
| LowP r | 50.03 | +0.36 | 1.2 |
| LowPriStkK r | 50.00 | +0.36 | 1.2 |
| MagIn | 95.92 | +0.75 | 3.8 |
| OTC | 83.91 | +1.30 | 8.4 |
| Puritn | 21.96 | +0.15 | 3.4 |
| SrsInvGrdF | 11.29 | +0.02 | 2.2 |
| StratInc | 11.01 | +0.01 | 2.3 |
| TotalBond | 10.60 | +0.01 | 2.2 |
| **Fidelity Selects** | | | |
| Biotech r | 220.09 | +6.58 | 21.1 |
| **Fidelity Spartan** | | | |
| 500IndInst | 66.63 | +0.47 | 1.7 |
| **Fidelity Spartan Adv** | | | |
| 500IdxAd | 66.63 | +0.48 | 1.7 |
| ExtMktAd r | 55.92 | +0.65 | 4.7 |
| TotMktAd r | 55.38 | +0.45 | 2.3 |
| **First Eagle Funds** | | | |
| GlbA | 54.50 | +0.26 | 1.7 |
| **FMI Funds** | | | |
| LgCap | 20.99 | +0.15 | 0.6 |
| **FPA Funds** | | | |
| FPACres | 33.38 | +0.18 | 1.3 |
| **FrankTemp/Franklin A** | | | |
| CA TF A p | 7.19 | -0.01 | 4.8 |
| Fed TF A p | 12.07 | -0.01 | 3.9 |
| IncomeA p | 2.47 | +0.01 | 3.4 |
| RisDv A p | 48.81 | +0.24 | 0.9 |
| **FrankTemp/Franklin C** | | | |
| Income C t | 2.49 | ... | 2.8 |
| **FrankTemp/Temp A** | | | |
| GlBond A p | 12.86 | ... | -1.2 |
| Growth A p | 25.31 | +0.23 | 1.4 |
| **FrankTemp/Temp Adv** | | | |
| GlBondAdv p | NA | ... | NA |
| **FrankTemp/Temp B&C** | | | |
| GlBond C p | 12.89 | ... | -1.2 |
| **GMO Trust Class IV** | | | |
| IntlEq | 26.14 | +0.22 | 2.3 |
| **Harbor Funds** | | | |
| CapApInst | 59.73 | +0.61 | 5.4 |
| IntlInst r | 70.12 | +0.53 | -1.3 |
| **Invesco Funds A** | | | |
| EqIncA | 10.87 | +0.07 | 2.0 |
| **Ivy Funds** | | | |
| AssetStrA p | 32.05 | +0.13 | 0.1 |
| AssetStrC t | 31.12 | +0.12 | -0.1 |
| AssetStr I r | 32.32 | +0.13 | 0.1 |
| **John Hancock Class 1** | | | |
| LSBalncd | 15.61 | +0.09 | 2.2 |
| LSGwth | 16.38 | +0.11 | 2.2 |
| **JPMorgan Inst Class** | | | |
| MdCpVal | 36.21 | +0.18 | 3.1 |
| **JPMorgan Select Cls** | | | |
| CoreBond | 11.64 | +0.01 | 1.9 |
| USLgCpCorPls | 28.22 | +0.24 | 1.7 |
| **Lazard Instl** | | | |
| EmgMktEq | 17.72 | +0.18 | -5.1 |
| **Longleaf Partners** | | | |
| Partners | 33.55 | +0.15 | -0.6 |
| **Loomis Sayles Fds** | | | |
| LSBondI | 15.48 | +0.03 | 2.7 |
| LSBondR p | 15.41 | +0.03 | 2.7 |
| **Lord Abbett A** | | | |
| ShtDurIncmA p | 4.56 | ... | 1.0 |
| **Lord Abbett C** | | | |
| ShtDurIncmC t | 4.59 | +0.01 | 0.9 |
| **Lord Abbett F** | | | |
| ShtDurIncm | 4.55 | ... | 0.8 |
| **MainStay Fds I** | | | |
| Marketfield | 18.34 | +0.06 | -1.0 |
| **Managers Funds** | | | |
| YacktFoc | 25.05 | +0.14 | -0.4 |
| YacktmanFd | 23.49 | +0.13 | -0.2 |
| **Manning & Napier Fds** | | | |
| WldOppA | 9.06 | +0.08 | 0.1 |
| **Metropolitan West** | | | |
| TotRetBd | 10.70 | +0.01 | 1.9 |
| TotRetBdI | 10.70 | +0.01 | 1.9 |
| **MFS Funds Class A** | | | |
| ValueA p | 33.23 | +0.16 | 0.1 |
| **MFS Funds Class I** | | | |
| ValueI | 33.41 | +0.16 | 0.1 |
| **Mutual Series** | | | |
| GlbDiscA | NA | ... | NA |
| GlbDiscz | 33.87 | +0.22 | 0.4 |
| **Oakmark Funds Cl I** | | | |
| EqtyInc | 33.06 | +0.19 | 1.3 |
| Oakmark | 64.19 | +0.41 | 0.9 |
| OakmrkInt | 26.09 | +0.21 | -0.9 |
| **Old Westbury Fds** | | | |
| LrgCpStr | 12.62 | +0.11 | 1.2 |
| **Oppenheimer A** | | | |
| DevMktA | 36.28 | +0.57 | -4.6 |
| GlobIA p | 79.12 | +0.77 | 0.4 |
| **Oppenheimer Y** | | | |
| DevMktY | 35.86 | +0.55 | -4.5 |
| **Perm Port Funds** | | | |
| Permanent | 44.82 | -0.02 | 4.1 |
| **PIMCO Fds Admin** | | | |
| TotRtAd p | 10.85 | +0.01 | 1.8 |
| **PIMCO Fds Instl** | | | |
| AllAsset | 12.21 | +0.04 | 1.1 |
| AllAssetAuth r | 9.99 | +0.02 | 0.9 |
| CommodtyRR | 5.94 | +0.03 | 8.2 |
| EmgLocBdFd | 9.18 | +0.01 | -0.6 |
| HiYld | 9.72 | +0.02 | 2.4 |
| LowDur | 10.39 | +0.01 | 0.8 |
| ShortT | 9.87 | ... | 0.4 |
| TotRt | 10.85 | +0.01 | 1.9 |
| **PIMCO Funds A** | | | |
| TotRetA | 10.85 | +0.01 | 1.8 |
| **PIMCO Funds C** | | | |
| TotRetIncC | 10.85 | +0.01 | 1.6 |
| **PIMCO Funds D** | | | |
| TRtn | 10.85 | +0.01 | 1.8 |
| **PIMCO Funds Instl** | | | |
| IncomeFd | 12.45 | ... | 2.7 |
| UnconstrndBdFd | 11.20 | +0.01 | 1.2 |
| **PIMCO Funds P** | | | |
| TotRtP | 10.85 | +0.01 | 1.9 |
| **Price Funds** | | | |
| BlChip | 66.82 | +0.62 | 3.4 |
| CapApp | 26.35 | +0.09 | 2.7 |
| EqInc | 32.87 | +0.18 | 0.1 |
| EqIndex | 50.64 | +0.36 | 1.7 |
| Growth | 54.38 | +0.52 | 3.4 |
| HelSci | 65.15 | +1.15 | 12.7 |
| HiYield | 7.24 | ... | 2.6 |
| InstlCapG | 28.52 | +0.27 | 4.6 |
| Intl G&I | 15.62 | +0.10 | 0.3 |
| IntlStk | 16.17 | +0.13 | -0.8 |
| MCapGro | 76.61 | +0.63 | 5.3 |
| MCapVal | 30.94 | +0.22 | 3.0 |
| N Horiz | 49.49 | +0.71 | 7.0 |
| N Inc | 9.43 | +0.01 | 2.0 |
| OverS SF r | 10.00 | +0.07 | -1.5 |
| R2015 | 14.55 | +0.07 | 1.6 |
| R2020 | 20.74 | +0.12 | 1.7 |
| R2025 | 15.65 | +0.10 | 1.8 |
| R2030 | 23.01 | +0.15 | 1.8 |
| R2035 | 16.58 | +0.12 | 1.8 |
| R2040 | 23.85 | +0.17 | 1.9 |
| SmCapStk | 46.50 | +0.60 | 4.4 |
| SmCapVal | 51.35 | +0.46 | 1.9 |
| Value | 34.66 | +0.22 | 2.6 |
| **Schwab Funds** | | | |
| S&P Sel | 29.35 | +0.21 | 1.7 |
| **Scout Funds** | | | |
| Intl | 36.22 | +0.27 | -2.8 |
| **Sequoia** | | | |
| SequoiaFd | 232.50 | +1.19 | 4.3 |
| **Thornburg Fds** | | | |
| IntVal I | 30.21 | +0.24 | -5.8 |
| **VANGUARD ADMIRAL** | | | |
| 500Adml | 173.34 | +1.24 | 1.7 |
| BalAdml | 28.14 | +0.16 | 2.3 |
| CapOpAdml r | 115.44 | +1.47 | 8.3 |
| EnergyAdml r | 126.97 | +1.11 | 0.5 |
| EqIncAdml | 62.72 | +0.41 | 0.5 |
| ExtndAdml | 65.63 | +0.75 | 4.6 |
| GNMAAdml | 10.60 | +0.02 | 2.3 |
| GrwthAdml | 49.17 | +0.39 | 2.7 |
| HlthCareAdml r | 87.32 | +0.93 | 10.6 |
| HYCorAdml r | 6.10 | ... | 2.4 |
| InfProAd | 26.15 | +0.04 | 2.7 |
| IntlGrAdml | 72.96 | +0.69 | -1.7 |
| ITIGradeAdml | 9.83 | +0.01 | 2.4 |
| LTGradeAdml | 10.05 | +0.03 | 5.2 |
| MidCpAdml | 141.69 | +1.22 | 4.0 |
| MuIntAdml | 14.00 | -0.01 | 2.8 |
| MuLtdAdml | 11.09 | ... | 1.0 |
| MuShtAdml | 15.88 | ... | 0.4 |
| PrmcpAdml r | 101.71 | +1.02 | 6.2 |
| REITAdml r | 100.43 | +0.38 | 9.7 |
| SmCapAdml | 55.02 | +0.66 | 4.4 |
| STIGradeAdml | 10.74 | ... | 0.8 |
| TotBdAdml | 10.71 | +0.01 | 2.0 |
| TotIntlAdmIdx r | 27.74 | +0.19 | -1.0 |
| TotStAdml | 47.80 | +0.39 | 2.4 |
| WdsrIIAdml | 66.24 | +0.48 | 1.5 |
| WellsIAdml | 61.27 | +0.23 | 1.8 |
| WelltnAdml | 66.54 | +0.30 | 1.5 |
| WndsrAdml | 70.33 | +0.59 | 2.5 |
| **VANGUARD FDS** | | | |
| DivdGro | 21.59 | +0.13 | 1.1 |
| GNMA | 10.60 | +0.02 | 2.3 |
| HlthCare r | 206.99 | +2.21 | 10.6 |
| IntlGr | 22.94 | +0.22 | -1.7 |
| IntlVal | 36.42 | +0.29 | -2.6 |
| LifeGro | 28.03 | +0.17 | 1.5 |
| LifeMod | 23.49 | +0.12 | 1.6 |
| Primcp r | 98.07 | +0.98 | 6.2 |
| SelValu r | 28.72 | +0.22 | 1.8 |
| STAR | 24.36 | +0.15 | 2.0 |
| STIGrade | 10.74 | ... | 0.8 |
| TgtRe2015 | 15.01 | +0.06 | 1.6 |
| TgtRe2020 | 27.55 | +0.14 | 1.6 |
| TgtRe2025 | 16.00 | +0.09 | 1.6 |
| TgtRe2030 | 28.06 | +0.17 | 1.5 |
| TgtRe2035 | 17.23 | +0.11 | 1.5 |
| TgtRe2040 | 28.72 | +0.20 | 1.4 |
| TgtRe2045 | 18.01 | +0.12 | 1.4 |
| TgtRetInc | 12.70 | +0.04 | 1.6 |
| TotIntBdIxInv | 10.10 | +0.01 | 2.3 |
| WellsI | 25.29 | +0.09 | 1.8 |
| Welltn | 38.52 | +0.17 | 1.5 |
| WndsrII | 37.32 | +0.27 | 1.5 |
| **VANGUARD INDEX FDS** | | | |
| 500 | 173.30 | +1.25 | 1.7 |
| ExtndIstPl | 161.96 | +1.85 | 4.6 |
| TotBd | 10.71 | +0.01 | 2.0 |
| TotIntl | 16.58 | +0.11 | -1.0 |
| TotSt | 47.77 | +0.38 | 2.4 |
| **VANGUARD INSTL FDS** | | | |
| ExtndInst | 65.63 | +0.75 | 4.6 |
| GrwthInst | 49.17 | +0.39 | 2.7 |
| InPrSeIn | 10.65 | +0.01 | 2.7 |
| InstIdx | 172.24 | +1.24 | 1.7 |
| InstPlus | 172.26 | +1.24 | 1.8 |
| InstTStPlus | 43.33 | +0.35 | 2.4 |
| MidCpInst | 31.30 | +0.27 | 4.1 |
| MidCpIstPl | 154.37 | +1.33 | 4.0 |
| SmCapInst | 55.01 | +0.65 | 4.4 |
| TotBdInst | 10.71 | +0.01 | 2.0 |
| TotBdInstPl | 10.71 | +0.01 | 2.0 |
| TotIntlInstIdx r | 110.92 | +0.73 | -1.0 |
| TotItlInstPlId r | 110.94 | +0.73 | -1.0 |
| TotStInst | 47.80 | +0.38 | 2.4 |
| **VANGUARD SIGNAL FDS** | | | |
| 500Sgl | 143.19 | +1.03 | 1.8 |
| TotBdSgl | 10.71 | +0.01 | 2.0 |
| TotStSgl | 46.13 | +0.37 | 2.4 |

# Exchange-Traded Portfolios | WSJ.com/ETFresearch

Largest 100 exchange-traded funds, latest session

**Tuesday, March 18, 2014**

| ETF | Symbol | Closing Price | Chg (%) | YTD (%) |
|---|---|---|---|---|
| AlerianMLPETF | AMLP | 17.58 | 0.46 | −1.2 |
| GuggenheimSP500EqW | RSP | 73.32 | 0.77 | 2.9 |
| iShIntermCredBd | CIU | 109.13 | 0.09 | 1.2 |
| iSh1-3YCreditBond | CSJ | 105.54 | 0.07 | 0.1 |
| iSharesTIPSBondETF | TIP | 112.79 | 0.20 | 2.6 |
| iSh3-7YTreasuryBd | IEI | 121.48 | 0.15 | 1.2 |
| iShCoreS&P500ETF | IVV | 188.84 | 0.74 | 1.7 |
| iShCoreS&PMdCp | IJH | 138.67 | 0.95 | 3.6 |
| iShCoreS&PSmCpETF | IJR | 112.34 | 1.32 | 2.9 |
| iShCoreTotlUSBdMkt | AGG | 108.00 | 0.12 | 1.5 |
| iShSelectDividend | DVY | 73.02 | 0.45 | 2.3 |
| iShU.S.RealEstate | IYR | 68.52 | 0.44 | 8.6 |
| iSharesGold | IAU | 13.14 | −0.83 | 12.5 |
| iShiBoxx$InvGrCpBd | LQD | 116.58 | 0.31 | 2.1 |
| iShiBoxx$HYCpBd | HYG | 94.21 | 0.30 | 1.4 |
| iShMBSETF | MBB | 106.42 | 0.06 | 1.8 |
| iShMSCIACWIETF | ACWI | 57.52 | 0.67 | −0.2 |
| iShMSCIBrazilCap | EWZ | 40.37 | 2.44 | −9.6 |
| iSharesMSCIEAFEETF | EFA | 66.35 | 0.62 | −1.1 |
| iShMSCIEmgMarkets | EEM | 39.41 | 1.39 | −5.7 |
| iSharesMSCIEMUETF | EZU | 41.65 | 1.14 | 0.7 |
| iShMSCIGermanyETF | EWG | 30.76 | 0.92 | −3.1 |
| iShMSCIJapanETF | EWJ | 11.15 | −0.09 | −8.1 |
| iShMSCISouthKorea | EWY | 59.90 | 0.44 | −7.4 |
| iShMSCIUK | EWU | 20.48 | 0.44 | −1.9 |
| iShNasdaqBiotech | IBB | 262.22 | 2.64 | 15.5 |
| iShRussell1000Gwth | IWF | 88.06 | 0.85 | 2.5 |
| iShRussell1000ETF | IWB | 105.36 | 0.81 | 2.1 |
| iShRussell1000Val | IWD | 95.75 | 0.66 | 1.7 |
| iShRussell2000Gwth | IWO | 142.15 | 1.70 | 4.9 |
| iShRussell2000ETF | IWM | 119.78 | 1.46 | 3.8 |
| iShRussell2000Val | IWN | 102.18 | 1.10 | 2.7 |
| iShRussell3000ETF | IWV | 113.16 | 0.84 | 2.3 |
| iShRussellMid-Cap | IWR | 156.44 | 0.84 | 4.3 |
| iShRussellMCValue | IWS | 68.56 | 0.82 | 4.3 |
| iSharesS&P100ETF | OEF | 82.83 | 0.83 | 0.6 |
| iShS&PMC400Growth | IJK | 155.28 | 1.13 | 3.4 |
| iShS&P500Growth | IVW | 101.35 | 0.87 | 2.6 |
| iShS&P500ValueETF | IVE | 86.09 | 0.65 | 0.7 |
| iSharesUSPreferred | PFF | 38.82 | 0.13 | 5.4 |
| iShrSilverTr | SLV | 20.01 | −1.57 | 6.9 |
| iSh1-3YTreasuryBd | SHY | 84.50 | 0.02 | 0.1 |
| iSh7-10YTreasuryBd | IEF | 102.31 | 0.24 | 3.1 |
| iShChinaLarge-Cap | FXI | 33.63 | 1.69 | −12.4 |
| iShRussellMCGrowth | IWP | 87.87 | 0.85 | 4.2 |
| JPMorgAlerian | AMJ | 46.42 | 0.50 | 0.2 |
| MktVectorsBkETF | RKH | 54.67 | 1.26 | −1.2 |
| MktVectorsBiotech | BBH | 100.68 | 2.60 | 13.7 |
| MktVecGold | GDX | 26.43 | −1.38 | 25.1 |
| MktVectorsOilSvcs | OIH | 48.01 | 0.67 | −0.1 |
| MktVectorsPharm | PPH | 59.29 | 0.85 | 11.6 |
| MktVectorsRetail | RTH | 60.68 | 0.13 | −0.3 |
| MktVectorsSemi | SMH | 44.66 | 1.18 | 5.3 |
| PIMCOEnhShMaturity | MINT | 101.45 | 0.01 | 0.1 |
| PIMCO0-5YrHiYdCorp | HYS | 106.69 | 0.09 | 0.3 |
| PwrShsDBComTr | DBC | 25.87 | 0.51 | 0.8 |
| PwrShrDBGoldDblLng | DGP | 31.58 | −1.57 | 25.8 |
| PwrShrDBGoldDblSht | DZZ | 5.96 | 1.88 | −22.5 |
| PwrShrs QQQ | QQQ | 90.53 | 1.21 | 2.9 |
| PowerSharesLoan | BKLN | 24.78 | ... | −0.4 |
| ProShrUltra20 | TBT | 68.94 | −0.68 | −13.0 |
| SPDRBarclaysHiYdBd | JNK | 41.16 | 0.32 | 1.5 |
| CnsDscrSel SPDR | XLY | 66.58 | 0.44 | −0.4 |
| ConStplSel SPDR | XLP | 42.92 | 0.21 | −0.1 |
| HlthcarSel SPDR | XLV | 59.64 | 1.07 | 7.6 |
| InduSelSctr SPDR | XLI | 52.26 | 0.54 | ... |
| MatrlsSel SPDR | XLB | 47.55 | 0.57 | 2.9 |
| TechSelSctr SPDR | XLK | 36.52 | 1.30 | 2.2 |
| UtilsSelSctr SPDR | XLU | 41.10 | −0.15 | 8.2 |
| SPDR DJRIEst | RWX | 41.07 | 0.54 | −0.3 |
| SPDR DJIA Tr | DIA | 163.28 | 0.56 | −1.3 |
| SPDR EngySelSct | XLE | 87.57 | 0.84 | −1.1 |
| SPDR EurSTOXX | FEZ | 41.97 | 0.96 | −0.5 |
| SPDR FnclSelSct | XLF | 22.14 | 0.50 | 1.3 |
| SPDR GldTr | GLD | 130.62 | −0.77 | 12.5 |
| SPDR S&PMdCpTr | MDY | 252.65 | 0.89 | 3.5 |
| SPDR S&P 500 | SPY | 187.66 | 0.71 | 1.6 |
| SPDR S&P Div | SDY | 73.44 | 0.38 | 1.1 |
| VangdInfoTch | VGT | 92.56 | 1.48 | 3.4 |
| VangdSmCapValue | VBR | 100.94 | 1.01 | 3.7 |
| VangdSmCapGrth | VBK | 128.56 | 1.42 | 5.1 |
| VangdDivApp | VIG | 75.42 | 0.39 | 0.2 |
| VanguardFTSEDevMk | VEA | 41.15 | 0.64 | −1.3 |
| VanguardFTSEEmgMk | VWO | 39.01 | 1.54 | −5.2 |
| VanguardFTSEEurope | VGK | 59.26 | 0.82 | 0.8 |
| VangdAllWldxUS | VEU | 49.74 | 0.69 | −2.0 |
| VangdGrowth | VUG | 95.53 | 0.86 | 2.7 |
| VangdHiDivYld | VYM | 62.56 | 0.66 | 0.4 |
| VangdLgCap | VV | 86.44 | 0.80 | 1.9 |
| VangdMdCap | VO | 114.44 | 0.92 | 4.0 |
| VangdReit | VNQ | 70.82 | 0.30 | 9.7 |
| VanguardS&P500 | VOO | 171.96 | 0.71 | 1.7 |
| VangdShrtTrm | BSV | 80.32 | 0.06 | 0.5 |
| VangShrtCorpBd | VCSH | 80.01 | −0.02 | 0.3 |
| VangdSmCap | VB | 114.84 | 1.24 | 4.4 |
| VangdTtlBndMkt | BND | 81.27 | 0.11 | 1.5 |
| VangdTtlStock | VTI | 98.18 | 0.85 | 2.4 |
| VangdValue | VTV | 77.38 | 0.70 | 1.3 |
| WisdmTrEmrgMktEqty | DEM | 47.23 | 1.59 | −7.4 |
| WisdomTreeJapanHdg | DXJ | 45.64 | −0.20 | −10.2 |

ADVERTISEMENT

# Legal Notices

To advertise: 800-366-3975 or WSJ.com/classifieds

## CLASS ACTIONS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

In re MASSEY ENERGY CO. SECURITIES LITIGATION ) Civil Action No. 5:10-cv-00689-ICB

This Document Relates To: ALL ACTIONS.

**TO: ALL PERSONS OR ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE COMMON STOCK OF MASSEY ENERGY COMPANY ("MASSEY") DURING THE PERIOD BETWEEN FEBRUARY 1, 2008 AND JULY 27, 2010, INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY (THE "SETTLEMENT CLASS").**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an order of the Court, that the Settlement Class in the above-captioned litigation ("Action") has been preliminarily certified for the purposes of settlement only and that a settlement between the Commonwealth of Massachusetts Pension Reserves Investment Trust ("Lead Plaintiff") and named plaintiff David Wagner (collectively, "Plaintiffs") and Massey, Donald L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert, J. Christopher Adkins, Dan R. Moore, E. Gordon Gee, Richard M. Gabrys, James B. Crawford, Robert H. Foglesong, Stanley C. Suboleski, Lady Barbara Thomas Judge (collectively, "Defendants"), and Alpha Natural Resources, Inc. ("ANR") in the amount of $265,000,000 in cash, has been proposed by the Settling Parties.

A hearing will be held before the Honorable Irene C. Berger of the United States District Court for the Southern District of West Virginia in the Robert C. Byrd U.S. Courthouse, 110 North Heber Street, 3rd Floor Courtroom, Beckley, WV 25801 at 9:00 a.m. on June 4, 2014 to, among other things: determine whether the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; determine whether, thereafter, this Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement, dated as of February 5, 2014; determine whether the proposed Plan of Allocation for distribution of the settlement proceeds should be approved as fair and reasonable; and consider the application of Co-Lead Counsel for an award of attorneys' fees and payment of litigation expenses. The Court may change the date of the hearing without providing another notice.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.** If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), you may obtain copies of these documents by contacting the Claims Administrator:

*Massey Securities Settlement*
c/o A.B. Data, Ltd., PO Box 170600
Milwaukee, WI 53217
888-220-6258
www.MasseySecuritiesSettlement.com, info@masseysecuritiessettlement.com

Inquiries, other than requests for information about the status of a claim, may also be made to Co-Lead Counsel: Joel H. Bernstein, Esq., Ira A. Schochet, Esq., **Labaton Sucharow LLP,** 140 Broadway, New York NY 10005, 888-219-6877, www.labaton.com, settlementquestions@labaton.com; Paul J. Geller, Esq., Jack Reise, Esq., **Robbins Geller Rudman & Dowd LLP,** 120 East Palmetto Park Road, Suite 500, Boca Raton, FL 33432, 800-449-4900, www.rgrdlaw.com.

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim **postmarked or received no later than July 3, 2014.**

To exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is **received no later than May 14, 2014.** If you are a putative Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by the Final Order and Judgment.

Any objections to the proposed Settlement, Plan of Allocation, and/or application for attorneys' fees and payment of expenses must be filed with the Court and served on counsel for the Settling Parties in accordance with the instructions set forth in the Notice, so that they are **received no later than May 14, 2014.**

If you are a Settlement Class Member and do not timely submit a valid Proof of Claim, you will not be eligible to share in the Net Settlement Fund, but you nevertheless will be bound by the Final Order and Judgment.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact Co-Lead Counsel at the addresses listed above.

DATED: MARCH 19, 2014

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

## BANKRUPTCIES

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

In re: TUSCANY INTERNATIONAL HOLDINGS (U.S.A.) LTD., et al., Debtors. ) Chapter 11 ) Case No. 14-10193 (KG) ) Jointly Administered

**NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM, INCLUDING FOR CLAIMS ASSERTED UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

**(GENERAL BAR DATE IS APRIL 7, 2014 AT 5:00 P.M. (PREVAILING PACIFIC TIME))**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 2, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On March 13, 2014, the Court entered an order [Docket No. 140] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the chapter 11 cases of the following debtors and debtors in possession (together, the "Debtors"):

| Debtor | Case Number |
|---|---|
| Tuscany International Drilling Inc. | 14-10194 |
| Tuscany International Holdings (U.S.A.) Ltd. | 14-10193 |

Pursuant to the Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust) that holds or seeks to assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date (including, without limitation, claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code), no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before 5:00 p.m. (Prevailing Pacific Time), on **April 7, 2014** (the "**General Bar Date**"), by sending an original proof of claim form to Prime Clerk LLC ("**Prime Clerk**"), or by completing the online proof of claim form available at https://cases.primeclerk.com/tuscany, so that it is **actually received** on or before the General Bar Date; provided that, solely with respect to governmental units (as defined in section 101(27) of the Bankruptcy Code), the deadline for such governmental units to file a proof of claim against the Debtors is August 1, 2014 at 5:00 p.m. (Prevailing Pacific Time) (the "**Governmental Bar Date**"). Proofs of claim must be sent by overnight mail, courier service, hand delivery, regular mail or in person, or completed electronically through Prime Clerk's website. Proofs of claim sent by facsimile, telecopy or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these Chapter 11 Cases.

ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM IN THESE CHAPTER 11 CASES WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE DEBTORS, BUT THAT FAILS TO DO SO PROPERLY BY THE APPLICABLE BAR DATE, SHALL NOT BE TREATED AS A CREDITOR FOR PURPOSES OF THESE CHAPTER 11 CASES AND SHALL NOT BE PERMITTED TO VOTE TO ACCEPT OR REJECT ANY PLAN OF REORGANIZATION OR LIQUIDATION FILED IN THE CHAPTER 11 CASES, OR PARTICIPATE IN ANY DISTRIBUTION ON ACCOUNT OF SUCH CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM, EXCEPT THAT A CLAIMANT SHALL BE ABLE TO VOTE AND RECEIVE DISTRIBUTIONS UNDER ANY PLAN OF REORGANIZATION OR LIQUIDATION IN THESE CASES TO THE EXTENT, AND IN SUCH AMOUNT, AS SET FORTH HEREIN WITH RESPECT TO ANY UNDISPUTED, NONCONTINGENT AND LIQUIDATED CLAIMS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH CLAIMANT, AND SHALL RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

A copy of the Bar Date Order and proof of claim form may be obtained by contacting the Debtors' Claims Agent, in writing, at Prime Clerk, 830 3rd Avenue, 9th Floor, New York, N.Y. 10022, or online at http://cases.primeclerk.com/tuscany. The Bar Date Order can also be viewed on the Court's website at http://www.deb.uscourts.gov. If you have questions concerning the filing or processing of claims, you may contact the Debtors' claims agent, Prime Clerk, by telephone at (855) 410-7360 from within the United States or +1 (646) 795-6965 if calling from outside the United States to ask questions or make inquiry on Prime Clerk's website at: http://cases.primeclerk.com/tuscany.

Dated: March 14, 2014

BY THE ORDER OF THE COURT, THE HONORABLE KEVIN GROSS

Attorneys For Debtors And Debtors In Possession: Michael R. Nestor (No. 3526), Kara Hammond Coyle (No. 4410), YOUNG CONAWAY STARGATT & TAYLOR, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Telephone: 302-571-6600 -and- Michael J. Seider, Keith A. Simon, David A. Hammerman, Annemarie V. Reilly, LATHAM & WATKINS LLP, 885 Third Avenue, Suite 1200, New York, New York 10022-4834, Telephone: 212-906-1200

## BANKRUPTCIES

**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK**

In re: SBARRO LLC, et al.,[1] Debtors. ) Chapter 11 • Case No. 14-10557 (MG) ) Jointly Administered

**NOTICE OF (I) COMMENCEMENT OF PREPACKAGED CHAPTER 11 BANKRUPTCY CASES, (II) COMBINED HEARING ON (A) DISCLOSURE STATEMENT AND (B) CONFIRMATION OF THE PLAN OF REORGANIZATION AND RELATED MATTERS, AND SUMMARY OF THE PLAN OF REORGANIZATION**

**PLEASE TAKE NOTICE THAT** on March 10, 2014 (the "*Petition Date*"), the above-captioned debtors and debtors in possession (collectively, the "*Debtors*") filed with the United States Bankruptcy Court for the Southern District of New York (the "*Court*") a proposed prepackaged plan of reorganization (the "*Plan*") and a proposed disclosure statement (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of title 11 of the United States Code (the "*Bankruptcy Code*"). Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004, where they are available for review between the hours of 8:00 a.m. to 4:00 p.m. (Prevailing Eastern Time). The Plan and Disclosure Statement also are available for inspection on the Court's Internet site at www.nysb.uscourts.gov or free of charge on the Debtors' restructuring website at http://cases.primeclerk.com/sbarro. Additionally, parties may contact the Debtors' Notice and Claims Agent at: (855) 388-4575.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing (the "*Confirmation Hearing*") to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, the assumption of Executory Contracts and Unexpired Leases and the proposed Cure Amounts, any objections thereto, and any other matter that may properly come before the Court shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004, on April 25, 2014 at 10:00 a.m. (Prevailing Eastern Time). The Confirmation Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Confirmation Hearing and which notice will be available on the electronic case filing docket.

**PLEASE TAKE FURTHER NOTICE THAT** any objection (an "*Objection*") to the Disclosure Statement and the Plan, including to the proposed assumption of Executory Contracts and Unexpired Leases and proposed Cure Amounts associated therewith, must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such Entity; and (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objection.

Objections must be filed with the Court and served so as to be **actually received** no later than April 17, 2014 (the "*Objection Deadline*") by: (i) the Debtors, 401 Broadhollow Road, Melville, New York, 11747, Attn: Stuart Steinberg; (ii) proposed counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Edward O. Sassower, P.C., Nicole L. Greenblatt, Esq. and David S. Meyer, Esq.; (iii) counsel to the Prepetition Agent and the DIP Lenders, Milbank, Tweed, Hadley McCloy LLP, Attn: Evan R. Fleck, 1 Chase Manhattan Plaza, New York, NY 10005; (iv) counsel to any statutory committee appointed in these chapter 11 cases; (v) the office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014, Attn: Paul K. Schwartzberg; and (vi) those parties who have filed a notice of appearance in these chapter 11 cases.

UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.

YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

New York, New York, Dated: March 14, 2014

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sbarro LLC (1939); Carmela's, LLC (8088); Carmela's of Kirkman LLC (7703); Carmela's of Kirkman Operating, LLC (1182); Corest Management, Inc. (9134); Cucinova Easton LLC (4874); Cucinova Holdings LLC (2698); Cucinova Kenwood LLC (9558); Cucinova Olentangy LLC (8264); Demefac Leasing Corp. (2379); Larkfield Equipment Corp. (7947); Las Vegas Convention Center LLC (1425); New Sbarro Finance Inc. (6440); New Sbarro Intermediate Holdings, Inc. (9105); Sbarro America, Inc. (9130); Sbarro America Properties, Inc. (9562); Sbarro Blue Bell Express LLC (1416); Sbarro Commack, Inc. (9527); Sbarro Express LLC (0253); Sbarro Holdings, Inc. (7352); Sbarro New Hyde Park, Inc. (6185); Sbarro of Las Vegas, Inc. (2853); Sbarro of Longwood, LLC (0328); Sbarro of Virginia, Inc. (2309); Sbarro Pennsylvania, Inc. (3573); Sbarro Properties, Inc. (9541); Sbarro Venture, Inc. (3182); Sbarro's of Texas, Inc. (5139); Umberto at the Source, LLC (8024); Umberto Deer Park, LLC (8728); Umberto Hauppauge, LLC (8245); Umberto of Hicksville, LLC (0989); Umberto Huntington, LLC (8890); and Umberto White Plains, LLC (8159). The Debtors' service address is: 401 Broadhollow Road, Melville, New York 11747.

## PUBLIC NOTICES

**LEGAL NOTICE**

Notice is hereby given: To: Ramin Hashemi, with the last known home address of 36 Harold Ave., #2, San Jose, CA 95117. Re: Wells Fargo Advisors, LLC v. Ramin Hashemi; FINRA Dispute Resolution Arbitration No. 12-00605.

Take notice that: An award has been entered in connection with the matter in controversy filed by Wells Fargo Advisors, LLC (Wells Fargo) against Ramin Hashemi, as set forth in the Statement of Claim filed in accordance with the Financial Industry Regulatory Authority (FINRA) bylaws, rules, and Code of Arbitration Procedure on February 17, 2012.

Ramin Hashemi is hereby notified that in accordance with FINRA bylaws, rules and Code of Arbitration Procedure, an award has been entered against you in connection with this arbitration proceeding in the amount of $649,278.52, plus interest. Additionally, Wells Fargo may file a Petition to Confirm the arbitration award entered against you in a court of competent jurisdiction. A judgment award for money may become a lien against any real estate that you own now or may own in the future and may also be enforced by garnishment or seizure of property. You may obtain a copy of the arbitration award by contacting the following:

Christina Rovira
Case Administrator
FINRA Dispute Resolution
West Regional Office
300 South Grand Ave., Suite 900
Los Angeles, CA 90071-3135
(213) 613-2680

THE WALL STREET JOURNAL.
LEGAL NOTICES
ADVERTISE TODAY
(800) 366-3975
sales.legalnotices@wsj.com
Place an ad at: wsj.com/classifieds
© 2014 Dow Jones & Company, Inc. All Rights Reserved.
DOW JONES

# EXHIBIT C



See more news releases in Banking & Financial Services | Legal Issues

## Labaton Sucharow LLP And Robbins Geller Rudman & Dowd LLP Announce A Proposed Class Action Settlement And Motion For Attorneys' Fees And Expenses In In Re Massey Energy Co. Securities Litigation (S.D.W.V NO. 5:10-CV-00689-ICB)

Share  [Twitter] [LinkedIn] [ ]   More ▾

NEW YORK, March 19, 2014 /PRNewswire/ -- **TO:  ALL PERSONS OR ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE COMMON STOCK OF MASSEY ENERGY COMPANY ("MASSEY") DURING THE PERIOD BETWEEN FEBRUARY 1, 2008 AND JULY 27, 2010, INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY (THE "SETTLEMENT CLASS").**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an order of the Court, that the Settlement Class in the above-captioned litigation ("Action") has been preliminarily certified for the purposes of settlement only and that a settlement between the Commonwealth of Massachusetts Pension Reserves Investment Trust ("Lead Plaintiff") and named plaintiff David Wagner (collectively, "Plaintiffs") and Massey, Donald L. Blankenship, Baxter F. Phillips, Jr., Eric B. Tolbert, J. Christopher Adkins, Dan R. Moore, E. Gordon Gee, Richard M. Gabrys, James B. Crawford, Robert H. Foglesong, Stanley C. Suboleski, Lady Barbara Thomas Judge (collectively, "Defendants"), and Alpha Natural Resources, Inc. ("ANR") in the amount of $265,000,000 in cash, has been proposed by the Settling Parties.

A hearing will be held before the Honorable Irene C. Berger of the United States District Court for the Southern District of West Virginia in the Robert C. Byrd U.S. Courthouse, 110 North Heber Street, 3rd Floor Courtroom, Beckley, WV 25801 at 9:00 a.m. on June 4, 2014 to, among other things: determine whether the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; determine whether, thereafter, this Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement, dated as of February 5, 2014; determine whether the proposed Plan of Allocation for distribution of the settlement proceeds should be approved as fair and reasonable; and consider the application of Co-Lead Counsel for an award of attorneys' fees and payment of litigation expenses. The Court may change the date of the hearing without providing another notice.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.** If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), you may obtain copies of these documents by contacting the Claims Administrator:

Massey Securities Settlement
c/o A.B. Data, Ltd., PO Box 170600
Milwaukee, WI 53217
888-220-6258
www.MasseySecuritiesSettlement.com, info@masseysecuritiessettlement.com

Inquiries, other than requests for information about the status of a claim, may also be made to Co-Lead Counsel: Joel H. Bernstein, Esq., Ira A. Schochet, Esq., **Labaton Sucharow LLP**, 140 Broadway, New York NY 10005, 888-219-6877, www.labaton.com, settlementquestions@labaton.com; Paul J. Geller, Esq., Jack Reise, Esq., **Robbins Geller Rudman & Dowd LLP,** 120 East Palmetto Park Road, Suite 500, Boca Raton, FL 33432, 800-449-4900, www.rgrdlaw.com.

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim **postmarked or received no later than July 3, 2014**.

To exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is **received no later than May 14, 2014.**  If you are a putative Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by the Final Order and Judgment.

Any objections to the proposed Settlement, Plan of Allocation, and/or application for attorneys' fees and payment of expenses must be filed with the Court and served on counsel for the Settling Parties in accordance with the instructions set forth in the Notice, so that they are **received no later than May 14, 2014.**

If you are a Settlement Class Member and do not timely submit a valid Proof of Claim, you will not be eligible to share in the Net Settlement Fund, but you nevertheless will be bound by the Final Order and Judgment.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact Co-Lead Counsel at the addresses listed above.

DATED: MARCH 19, 2014      BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

SOURCE Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP

### Featured Video



Briggs & Stratton POWERflow+ Technology(TM) gets you ready for spring!

### Journalists and Bloggers



Visit **PR Newswire for Journalists** for releases, photos, ProfNet experts, and customized feeds just for Media.

View and download archived video content distributed by MultiVu on **The Digital Center.**

Share  [Twitter] [LinkedIn] [ ]

Next in Banking & Financial Services News

**Custom Packages**

Browse our custom packages or build your own to meet your unique communications needs.

**PR Newswire Membership**

Fill out a PR Newswire membership form or contact us at (888) 776-0942.

**Learn about PR Newswire services**

Request more information about PR Newswire products and services or call us at (888) 776-0942.

# EXHIBIT D

Exclusion ID: 83085423
Received Date: April 2, 2014

Angela M. Ferraina

tel.

email address: none

March 29, 2014

Massey Securities Settlement
Exclusions
c/o A.B. Data, Ltd.
3410 West Hopkins Street
Milwaukee, WI 53216

Dear Sir or Madame:

This is to officially notify you that I
want to be "excluded from the class in
Massey Securities Settlement, No. 5:10-cv-
00689-ICB (S.D.W.Va.)."

My shares were as follows:

2-27-08   $19,656.95   500 shares purchased
8-4-08    $36,470.79   500 shares sold

Thank you for your attention to this matter.

Sincerely,

Angela M. Ferraina

Massey Securities Settlement
Exclusions
c/o A. B. Data, Ltd.
3410 West Hopkins Street
Milwaukee, WI 53216

Exclusion ID: 22045425
Received Date: April 21, 2014

April 16, 2014

Massey Securities Settlement
      Exclusions
% A.B. DATA, LTD.
3410 West Hopkins Street
Milwaukee, WI 53216

Gentlemen:

Please exclude from the class in *"Massey Securities Settlement, No. 5:10 cv-00689-ICB (S.D.W.Va.)"* the undersigned.

I did not purchase or own any shares of Massey common stock during the "Class Period".

Sincerely,

Mary Esther Candee

*Candee*

16 APR 2014   PM 4 L

Justice
FOREVER

Massey Securities Settlement
Exclusions
% A.B. DATA, LTD.
3410 West Hopkins Street
Milwaukee, WI 53216

53216+1765

Exclusion ID: 22045426
Received Date: April 24, 2014

William D. Strinden


April 21, 2014                              RE:   Massey Energy Exclusion


Massey Securities Settlement
          Exclusions
x/o A.B. DATA, LTD
3410 West Hopkins St
Milwaukee, Wi    53216


Dear Sirs:


     Enclosed are the stock purchases I made during the period of time you specified.    I wish
to exclude myself from this settlement.    The amount of money suggested to be awarded to the
attorneys is outrageous.    If there have been criminal actions during the course of this unfortunate
series of accidents, enabling a pack of lawyers to become wealthy leisure class on one case would
only contribute to the wrongful actions.
     Enclosed are the printed activities from my TD Ameritrade account.
     Enclosed also are the hand-written same activities:

| 4-28-2008 | Bought MEE | 100 shares | @ 55.44 |
| 6-2-2009  | Bought MEE | 200 shares | @ 24.64 |
| 12-2-2009 | Sold MEE   | 300 shares | @ 38.35 |

Sincerely,

*William Strinden*

William Strinden

Exclusion ID: 22045426
Retrieved Date: April 24, 2014

 **Ameritrade**

| | Search results for 4/1/2009 to 4/1/2010 | Fri Apr 18 2014 7:50:25 pm EDT |
|---|---|---|

| Date | Description | Net Change | Net Cash Balance |
|---|---|---|---|
| 06/02/2009 09:30:21 | Bought 200 MEE @ 24.64 | -4,937.99 | --- |

| | | |
|---|---|---|
| Transaction ID: 4991137311 | Order Number: 5143810572 | |
| Underlying: | Strike: | |
| Put/Call: | Expiration: | |
| Session: Regular Market Hours | Routing: | |
| Date Entered: 06/01/2009 | Time Entered: 18:38:18 | |
| Commission: 9.99 | Reg Fee: | |

| Date | Description | Net Change | Net Cash Balance |
|---|---|---|---|
| 06/30/2009 02:12:02 | QUALIFIED DIVIDEND (MEE) | 18.00 | --- |

| | |
|---|---|
| Transaction ID: 5068248239 | Symbol: MEE |
| Quantity: | Underlying: |
| Put/Call: | Strike: |
| Expiration: | |

| Date | Description | Net Change | Net Cash Balance |
|---|---|---|---|
| 09/30/2009 02:16:41 | QUALIFIED DIVIDEND (MEE) | 18.00 | --- |

| | |
|---|---|
| Transaction ID: 5323847703 | Symbol: MEE |
| Quantity: | Underlying: |
| Put/Call: | Strike: |
| Expiration: | |

| Date | Description | Net Change | Net Cash Balance |
|---|---|---|---|
| 12/02/2009 09:30:34 | Sold 300 MEE @ 38.35 | 11,494.71 | --- |

| | | |
|---|---|---|
| Transaction ID: 5508010161 | Order Number: 5815144052 | |
| Underlying: | Strike: | |
| Put/Call: | Expiration: | |
| Session: Regular Market Hours | Routing: | |
| Date Entered: 12/01/2009 | Time Entered: 21:20:43 | |
| Commission: 9.99 | Reg Fee: 0.30 | |

Exclusion ID: 22045426
Retrieved Date: April 24, 2014

 **Ameritrade**

| | Search results for 4/1/2009 to 4/1/2010 | | Fri Apr 18 2014 7:50:25 pm EDT |

| Date | Description | Net Change | Net Cash Balance |
|------|-------------|-----------|-----------------|
| 06/02/2009 09:30:21 | Bought 200 MEE @ 24.64 | -4,937.99 | --- |

| Transaction ID: | 4991137311 | Order Number: | 5143810572 |
|----|----|----|----|
| Underlying: | | Strike: | |
| Put/Call: | | Expiration: | |
| Session: | Regular Market Hours | Routing: | |
| Date Entered: | 06/01/2009 | Time Entered: | 18:38:18 |
| Commission: | 9.99 | Reg Fee: | |

| Date | Description | Net Change | Net Cash Balance |
|------|-------------|-----------|-----------------|
| 06/30/2009 02:12:02 | QUALIFIED DIVIDEND (MEE) | 18.00 | --- |

| Transaction ID: | 5068248239 | Symbol: | MEE |
|----|----|----|----|
| Quantity: | | Underlying: | |
| Put/Call: | | Strike: | |
| Expiration: | | | |

| Date | Description | Net Change | Net Cash Balance |
|------|-------------|-----------|-----------------|
| 09/30/2009 02:16:41 | QUALIFIED DIVIDEND (MEE) | 18.00 | --- |

| Transaction ID: | 5323847703 | Symbol: | MEE |
|----|----|----|----|
| Quantity: | | Underlying: | |
| Put/Call: | | Strike: | |
| Expiration: | | | |

| Date | Description | Net Change | Net Cash Balance |
|------|-------------|-----------|-----------------|
| 12/02/2009 09:30:34 | Sold 300 MEE @ 38.35 | 11,494.71 | --- |

| Transaction ID: | 5508010161 | Order Number: | 5815144052 |
|----|----|----|----|
| Underlying: | | Strike: | |
| Put/Call: | | Expiration: | |
| Session: | Regular Market Hours | Routing: | |
| Date Entered: | 12/01/2009 | Time Entered: | 21:20:43 |
| Commission: | 9.99 | Reg Fee: | 0.30 |

William D. Strinden

21 APR 2014 PM 4 L



Massey Securities Settlement
Exclusions
x/o A.B. DATA, LTD
3410 West Hopkins St
Milwaukee, Wi    53216

53216176510